42

WALTER WILHELM LAW GROUP
A Professional Corporation
Riley C. Walter #91839
Matthew P. Bunting #306034
Danielle J. Bethel #315945
205 East River Park Circle, Ste. 410
Fresno, CA 93720
Telephone:    (559) 435-9800
Facsimile:    (559) 435-9868
E-mail:    rileywalter@w2lg.com

Chapter 9 Counsel

MCCORMICK BARSTOW, LLP
Timothy L. Thompson #133537
Mandy L. Jeffcoach #232313
Nikole E. Cunningham #277976
7647 N. Fresno Street
Fresno, CA 93720
Telephone:    (559) 433-1300
Facsimile:    (559) 433-2300
E-mail:    mandy.jeffcoach@mccormickbarstow.com

District Counsel

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re | CASE NO.  17-13797 |
| TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER, | Chapter 9 |
| | Adv. No.: |
| Debtor. | **EXHIBITS TO NOTICE OF REMOVAL OF LAWSUIT PENDING IN STATE COURT TO BANKRUPTCY COURT (28 U.S.C. § 1452)** |
| HEALTHCARE CONGLOMERATE ASSOCIATES, LLC, | |
| Plaintiff, | |
| v. | |
| TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER; DOES 1 through 20, | |
| Defendants. | |

| EXHIBIT | DESCRIPTION | PAGES |
|---------|-------------|-------|
| A | Copies of all process, pleadings, and minute entries and orders filed prior to removal in the matter styled *Healthcare Conglomerate Associates, LLC v. Tulare Local Health Care District, dba Tulare Regional Medical Center, Case No. BC 676133, Los Angeles County Superior Court.* | 40 |

Dated: December 28, 2017

WALTER WILHELM LAW GROUP,
a Professional Corporation

By: _____
Riley C. Walter
Attorneys for Debtor,
Tulare Local Healthcare District, dba
Tulare Regional Medical Center

| | HCCA v. TRMC<br>Los Angeles Superior Court Case No. BC676133 | | |
|---|---|---|---|
| **FILING PARTY** | **DOCUMENT TITLE** | | **FILED/DATED** |
| HEALTHCARE CONGOLOMERATE ASSOCIATES, LLC | CIVIL CASE COVER SHEET / CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION | | F: 09/15/2017 |
| HEALTHCARE CONGOLOMERATE ASSOCIATES, LLC | SUMMONS | | F: 09/15/2017 |
| HEALTHCARE CONGOLOMERATE ASSOCIATES, LLC | COMPLAINT / VOLUNTARY EFFICIENT LITIGATION STIPULATIONS INFORMATION & FORMS / ALTERNATIVE DISPUTE RESOLUTION INFORMATION PACKET` | | F: 09/15/2017 |
| HEALTHCARE CONGOLOMERATE ASSOCIATES, LLC | NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE | | F: 09/15/2017 |
| TULARE LOCAL HEALTHCARE DISTRICT DBA TULARE REGIONAL MEDICAL CENTER | NOTICE OF STAY OF PROCEEDINGS – FILED BY MAIL | | F: 09/19/2017 |
| TULARE LOCAL HEALTHCARE DISTRICT DBA TULARE REGIONAL MEDICAL CENTER | NOTICE OF STAY OF PROCEEDINGS - FAX FILED | | F: 09/25/2017 |
| LOS ANGELES SUPERIOR COURT | MINUTE ORDER | | F: 11/20/2017 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

EXHIBIT _A_
Page _1_ Of _42_

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Marshall B. Gross (SBN 35958)  Cynthia J. Larsen (SBN 123994)
Orrick, Herrington & Sutcliffe LLP
777 S. Figueroa Street, Site 3200
Los Angeles, California 90017-5855
TELEPHONE NO.: (213) 629-2020    FAX NO.: (213) 612-2499
ATTORNEY FOR *(Name):* Plaintiff Healthcare Conglomerate Associates, LLC

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Los Angeles, California 90017
BRANCH NAME: Central District

CASE NAME:
Healthcare Conglomerate Assoc.v. Tulare Local Health Care Dist., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder | | |

Filed with first appearance by defendant
(Cal. Rules of Court, rule 3.402)

FOR COURT USE ONLY

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 15 2017

Sherri R. Carter, Executive Officer/Clerk
By: _____, Deputy
Moses Soto

CASE NUMBER:
BC 676133

JUDGE:

DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☑ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* Two (2)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 09/15/2017
Marshall B. Grossman
_____    _____
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov



EXHIBIT 4
Page 2 Of 42

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

EXHIBIT *A*
Page 3 Of 42

| SHORT TITLE: Healthcare Conglomerate Assoc. v. Tulare Local Health Dist. | CASE NUMBER: BC 676133 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice – Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04
**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**
Local Rule 2.3
Page 1 of 4

EXHIBIT A
Page 4 Of 42

| SHORT TITLE: | Healthcare Conglomerate Assoc. v. Tulare Local Health Dist. | CASE NUMBER |
|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1, 2, 3<br>10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☑ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case<br>☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation     Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**



EXHIBIT     4
Page  5  Of  42

| SHORT TITLE: | Healthcare Conglomerate Assoc. v. Tulare Local Health Dist. | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

EXHIBIT _A_
Page _6_ Of _42_

| SHORT TITLE: Healthcare Conglomerate Assoc. v. Tulare Local Health Dist. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 10940 Wilshire Boulevard Suite 1600 |

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90024 |
|---|---|---|

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: __September 15, 2017__

_MB Grossman_
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

EXHIBIT ___A___
Page __9__ Of- __42__

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** TULARE LOCAL HEALTH CARE DISTRICT
*(AVISO AL DEMANDADO):* DBA TULARE REGIONAL MEDICAL CENTER;
DOES 1 through 20

**CONFORMED COPY
ORIGINAL FILED**
Superior Court of California
County of Los Angeles

SEP 15 2017

Sherri R. Carter, Executive Officer/Clerk

By: _M. Soto_ , Deputy

Moses Soto

**YOU ARE BEING SUED BY PLAINTIFF:** HEALTHCARE CONGLOMERATE
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* ASSOCIATES, LLC

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Los Angeles<br>111 North Hill Street<br>Los Angeles, California 90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br>**BC 676133** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Marshall B. Grossman
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

ORRICK HERRINGTON & SUTCLIFFE LLP

777 S. Figueroa Street, Suite 3200, Los Angeles, CA 90017                                    213 629-2020

| DATE: | | Clerk, by | | , Deputy |
|---|---|---|---|---|
| *(Fecha)* SEP 15 2017 | SHERRI R. CARTER | *(Secretario)* M. Soto | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* TULARE LOCAL HEALTH CARE DISTRICT
   (DBA TULARE REGIONAL MEDICAL CENTER )
   under: ☐ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* CCP 416.50
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder



EXHIBIT _A_
Page _8_ Of _42_

1  MARSHALL B. GROSSMAN (STATE BAR NO. 35958)
2  mgrossman@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
3  777 South Figueroa Street, Suite 3200
   Los Angeles, CA 90017-5855
4  Telephone:  +1 213 629 2020
   Facsimile:   +1 213 612 2499
5  CYNTHIA J. LARSEN (STATE BAR NO. 123994)
6  clarsen@orrick.com
   MICHAEL C. WEED (STATE BAR NO. 199675)
7  mweed@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
8  400 Capitol Mall, Suite 3000
   Sacramento, CA 95814
9  Telephone:  +1 213 629 2020
   Facsimile:   +1 213 612 2499

10 Attorneys for Plaintiff
   *Healthcare Conglomerate Associates, LLC*
11

12

13            SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                     COUNTY OF LOS ANGELES

15

16 HEALTHCARE CONGLOMERATE          Case No.  **BC 6 7 6 1 3 3**
   ASSOCIATES, LLC,
17                                  **COMPLAINT FOR BREACH OF
               Plaintiff,          CONTRACT AND DECLARATORY
18                                  RELIEF**
        v.
19
   TULARE LOCAL HEALTH CARE
20 DISTRICT DBA TULARE REGIONAL
   MEDICAL CENTER; DOES 1 through 20,
21
               Defendants.
22

23

24

25

26

27

28

COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY RELIEF

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 15 2017

Sherri R. Carter, Executive Officer/Clerk

By: _____, Deputy
      Moses Soto

1       Plaintiff HealthCare Conglomerate Associates, LLC brings this complaint for breach of

2   contract and declaratory relief against Defendant Tulare Local Health Care District dba Tulare

3   Regional Medical Center and DOES 1 through 20 (collectively "Defendants") and alleges as

4   follows:

### First Cause of Action – Breach of Contract

### (HCCA vs all Defendants)

### PARTIES

8       1.    Plaintiff HealthCare Conglomerate Associates, LLC ("HCCA") was and now is a

9   California Limited Liability Company with its principle place of business in Los Angeles,

10  California.

11      2.    Defendant Tulare Local Health Care District dba Tulare Regional Medical Center

12  (the "District") was and now is a local healthcare district in Tulare, California and organized

13  under sections 32000 *et seq.* of the California Health and Safety Code.  The District's Bylaws

14  provide that the Board of Directors of the District (the "Board") is to be comprised of five elected

15  directors.

16      3.    On May 29, 2014, HCCA and the District entered into a written Management

17  Services Agreement ("MSA") regarding services to be rendered to the District by HCCA.

18      4.    HCCA does not know the true names or capacities of DOES 1 through 20,

19  inclusive, and therefore sues these defendants under fictitious names.  HCCA is informed and

20  believes and thereon alleges that at all times herein mentioned each of the Defendants sued herein

21  as DOES 1-20, inclusive, acted in concert as agent, employee, financier or otherwise of each of

22  the remaining Defendants and was at all times acting as such including their efforts to induce the

23  District to breach the MSA as hereafter alleged.

### JURISDICTION, VENUE, AND ARBITRATION

25      5.    Section 11(d) of the MSA provides that "the exclusive jurisdiction and venue of all

26  actions claims, or other legal proceedings arising in any manner pursuant to this Agreement, shall

27  be vested in the [Los Angeles Superior Court] and in no other."

28      6.    All or part of this dispute is subject to arbitration under California Code of Civil

COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY RELIEF

EXHIBIT _A_
Page _10_ Of _42_

Procedure section 1281.2 and section 10(e)(ii) of the MSA which reads as follows:

> If the claim of default is disputed by the party receiving such notice [of default], within ten (10) business days thereafter the party receiving the notice shall give notice to the charging party that the party receiving such notice disputes that the factual matters alleged constitute a default under this Agreement. If the parties cannot resolve such dispute…the parties shall submits such matter to binding arbitration in Los Angeles County, California, in accordance with the American Health Lawyers Associates Alternative Dispute Resolution Services Rules and Procedure for Arbitration, and applying the Law of the State.

HCCA specifically asserts the applicability of, and does not waive, the parties' agreement to arbitration. HCCA has served upon the District a formal letter notice of material breaches of the MSA and defaults pursuant to sections 10(a)(i) and 10(e)(i) of the MSA. The breaches and defaults of the MSA by the Defendants which were curable have not been cured and the balance of the breaches and defaults are not capable of being cured. Plaintiff has complied with all applicable claims procedures pertaining to presentation of claims against the District, as set forth in the MSA. The parties have yet to meet and confer to determine if they will jointly waive their right to arbitration and proceed with this civil action.

## FACTUAL ALLEGATIONS

7.     Pursuant to the terms of the MSA, HCCA was engaged to manage and operate the District's acute care hospital located in Tulare, California (the "Hospital") together with related clinics and other facilities as defined in the MSA. Previously, on January 10, 2014, HCCA and the District entered into a written short term management agreement as an interim placeholder agreement (the "Interim MSA") pending the completion of their negotiations and execution of the MSA. This action seeks relief under the express terms of the MSA.

8.     In the years leading up to the engagement of HCCA as the Manager of the District, the management of the District and the Hospital under District stewardship was in shambles. For example, over a period of seven years the District employed six different Chief Executive Officers and at least a half dozen Chief Financial Officers. Prior to the signing of the Interim MSA, the District suffered severe and progressively worsening financial losses, namely, over $4 million in the immediately preceding six months; over $8 million in the immediately preceding

COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY RELIEF

EXHIBIT ____ A
Page __11__ Of __42__

1  fiscal year; over $16 million in the prior three fiscal years; and a combined loss of just under $5

2  million in the preceding ten year period.  The Hospital's operating margin over the preceding ten

3  years averaged a negative 0.72.

4         9.      In 1994, following the "Northridge Earthquake" which badly damaged hospital

5  facilities in Southern California, Senate Bill 1953 mandated California hospitals be rebuilt to

6  meet more stringent seismic guidelines.  The District sought voter approval in 2005 for an $85

7  million General Obligation bond offering to construct a new hospital tower which would bring

8  the existing Hospital into compliance.  The funds raised by the District from the sale of those

9  bonds were exhausted in 2014 even though the new tower was unoccupied and only two thirds

10  complete.  Today the Hospital remains out of compliance with Senate Bill 1953.

11        10.     In addition, prior to the Interim MSA, the construction project for the new tower

12  was mired in multiple lawsuits and unpaid claims with no prospects for its completion.  At that

13  time the District was in critical financial condition with the proposed new tower incomplete and

14  some three years overdue and the District lacked the funds necessary to complete the new tower.

15        11.     The financial condition of the District was so bad for the fiscal years ending 2012

16  and 2013, that its outside independent auditors refused to issue a "clean opinion" and instead

17  imposed a "going concern" condition to its audit report opinion.  Such an opinion meant that the

18  auditors had grave concern about their client's ability to avoid liquidation over the next 12

19  months.  Under the management of HCCA, the financial conditions improved greatly and this

20  condition was removed, which earned the District a clean or unqualified opinion from its auditors.

21        12.     HCCA is informed and believes and thereon alleges that in the years leading up to

22  2014, and thereafter, the volume of inpatients at the Hospital was materially reduced by nearly

23  40% of the prior volume and deliveries volume reduced by some two thirds.  HCCA is informed

24  and believes and thereon alleges that patient volume was also reduced because doctors in the

25  geographical area of the Hospital, specifically including some acting as or related to the then

26  Board and those serving in leadership roles on the Hospital's Medical Executive Committee, were

27  referring patients to other facilities.

28        13.     HCCA is informed and believes and thereon alleges that before the Interim MSA

- 3 -

COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY RELIEF

1    was signed, the financial deterioration of the District left it with less than a month's worth of cash

2    for its operations.  In addition, the District was operating under and subject to a five-year

3    Corporate Integrity Agreement it was required to enter with the Federal Office of Inspector

4    General to redress a history of its physician contracting practices.

5          14.    In December 2012, the Board of the District was reconstituted and began efforts to

6    address and correct the financial and administrative conditions it faced.

7          15.    In 2013, the District solicited and received bids from diverse parties, including

8    HCCA, to take over the management of all of the District's operations, including those of the

9    Hospital.  In December 2013, the Board unanimously selected HCCA to do so from among the

10    bidders.  The selection of HCCA was followed by the execution of the Interim MSA in January

11    2014.  The Board's unanimous selection of HCCA for the long term was in May 2014, and led to

12    the execution of the long term and now extant MSA.

13          16.    In or about January 2016, the federal Center for Medicare and Medicaid Services

14    (CMS) performed a survey of the Hospital's performance in past years and found a history of

15    gross negligence by the physician leadership at the Hospital and threatened to exclude the

16    Hospital from federal funding.  The Hospital receives approximately 80% of its funding from

17    governmental sources, so such a step by CMS would have caused the immediate closure of the

18    Hospital.  HCCA, as the manager, responded with prompt action to help secure financial stability

19    for the Hospital and improved patient care for its patients.

20          17.    In addition, because of the non-compliance of the previous physician leadership

21    and the imminent threat to the Hospital's ability to qualify for federal funding after the CMS

22    survey, the Board disaffiliated itself from its then existing medical staff and instead associated

23    itself and the District with a new medical staff organization.  After this restructuring and under

24    the new leadership of the medical staff, all doctors who previously worked at the Hospital

25    retained all of their clinical privileges.  In mid-2016, CMS found the prior deficiencies were

26    properly addressed and corrected – corrections which included the affiliation with a new medical

27    staff organization.

28          18.    Under HCCA management, virtually all Hospital employees desiring employment

COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY RELIEF

EXHIBIT _A_
Page _13_ Of _42_

1  were hired by HCCA. In addition, to date HCCA has given two across-the-board pay raises as

2  well as dozens of additional individual pay increases. Pay had been frozen for years at the

3  District prior to the MSA. HCCA employs for the Hospital nearly 500 trained medical

4  professionals and support staff.

5          19.     In the three-plus years under HCCA management, the Hospital has had several

6  dozen months of positive net margins as confirmed by annual audits. In the first six months

7  HCCA was on board, the Hospital had a $1.3 million net margin, and in the first full fiscal year

8  under HCCA, the Hospital recognized a net margin exceeding $7 million. Similarly, that first full

9  fiscal year under HCCA saw a 10% operating margin.

10         20.     Fitch Ratings, a leading national credit rating firm, rates the financial stability of

11 United States hospitals. Such ratings are relied upon by financial institutions and bond investors.

12 Under HCCA, Fitch has upgraded the District's revenue bond ratings, and updated its outlook for

13 the District from "negative" to "positive."

14         21.     Just eight months after HCCA took over the management of the District's

15 operations, Fitch Ratings stated in its August 28, 2014 ratings report:

16         SIGNS OF TURNAROUND: The Stable Outlook reflects the dramatic turnaround
           in operating and financial performance since Fitch's last review in February
17         2014….Fitch believes the positive trend over the last few months indicates
           performance improvement plans taking hold and signal recovery.
18

19         22.     In its report dated August 27, 2015, Fitch's positive outlook continued. Fitch

20 reported that the District's financial condition "reflects sustained evidence of operational and

21 financial turnaround and stabilization." It also stated that "[u]nder HCCA's leadership, operating

22 and financial performance improved dramatically over the last 18 months."

23         23.     On August 23, 2016, Fitch again reported positive results for the District and

24 stated clearly its view of the reason for the success: "[The District] has sustained the trend of

25 strong operating performance since Fitch's last rating review in August 2015. Ongoing work by

26 the management team in place since January 2014 has brought a financial turnaround, and double

27 digit operating EBITDA margins are expected to continue."

28         24.     Similarly, on October 25, 2016, the national bond rating firm Moody's Investors

1   Service revised the District's outlook rating from negative to stable. Moody's emphasized the

2   "improved operating performance beginning in fiscal 2014, driven by a new management team" –

3   namely, HCCA. Moody's explained in more detail, stating:

4         Beginning in fiscal 2014, a new management team affiliated with Healthcare
5         Conglomerate Associates (HCCA) has generated significantly improved financial
          performance, growing revenues and reducing unnecessary costs. Operating
6         revenues in fiscal 2015, for example, increased by close to 16.8%, resulting in a
          good 10.5% operating margin and marking the district's first positive operating
7         margin since fiscal 2011. Previously, due largely to significant declines in patient
          volume and capital project costs, the district had three consecutive years of
8         negative operating margins from fiscal 2012 through fiscal 2014.

9        25.     Moody's also opined that the positive outlook for the District would continue, due

10   to HCCA's management:

11         The district's new financial management team [HCCA] has succeeded in reversing
12         the district's past trend of weak operating performance, with the district's liquidity
          and operating margins demonstrating notable improvement. We believe that the
13         current management team will remain in place over the intermediate term,
          maintaining a trend of stable financial operations.
14

15        26.     Under HCCA's management, the Hospital has shown a profit and the District has

16   enjoyed a far better than average net margin and financial stability it has not experienced in over a

17   decade. In 2015 alone, the Hospital's financial returns were three times the national average for

18   hospitals and were greater than it had at any time in the prior 12 years. The market value of the

19   Hospital had increased by $28 million since HCCA became its manager.

20        27.     Since in or about 2013, a group of individuals, including former Board members

21   and medical providers who were in positions of management/responsibility before HCCA was

22   selected as manager, and some aligned with those medical providers, as well as candidates who

23   recently sought and won election to the District's Board, have publicly called for the District to

24   unilaterally terminate the MSA simply because they do not like its terms. They characterize their

25   objections to the MSA and intent to terminate the MSA in these words: they want to "throw out

26   the current HCCA contract based on [undefined] illegal overreach." For example, on July 30,

27   2016, they said their intention, if elected to the Board, is to "renegotiate or throw out the current

28   HCCA contract" and to "do it 'the Tulare way'—not the Southern California divisive, secretive,

COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY RELIEF

EXHIBIT    *A*
Page   15 Of 42

and machine politics way." Simply stated, these individuals have sought to gain and now claim control of the Board with the intent to shred the MSA with no legal cause to do so.

28.     On November 8, 2016, the two candidates for Board seats, Kevin Northcraft and Michael Jamaica, were elected to the Board. Following a recall election, Senovia Gutierrez was also recently elected to the Board.

29.     Threats by these newly-elected members of the Board to dishonor the MSA, and their continued disparagement of the Hospital and HCCA, have undermined the ability of HCCA to perform its management function under the terms of the MSA and poisons the environment within which the Hospital must function to the detriment of the community. They have also caused irreparable harm to the Hospital, the District's residents who utilize the Hospital, the Hospital employees and families, and HCCA.

30.     Kevin Northcraft has reposted and published on social media a Citizens for Hospital Accountability ("CHA") post alleging that the MSA "brought our hospital to its current financial ruin, and thus, explains clearly how HCCA and Dr. Kumar are solely responsible for the substandard care offered at our hospital today...." He has made clear his desire to "amend or cancel," or in other words, "renegotiate or throw out the current HCCA contract" during his election campaign.

31.     Michael Jamaica has also stated his intent to have the MSA "amend[ed] or cancel[ed]." Inexplicably, on August 8, 2017, Michael Jamaica personally served a lawsuit filed against the District while purporting to act as a Board member of the District.

32.     Senovia Gutierrez has stated through social media that the District needs to "get rid of HCCA."

33.     Because of the negative and destructive actions on the part of these individuals and certain other members of the community, the history of favorable Fitch ratings for the District has come up negative. On August 9, 2017, Fitch downgraded its rating on revenue bonds and the District's Issuer Default Rating from BB- to B. The Fitch report noted the downgrade was due largely to a decline in liquidity, though it "assumes improvement in TRMC's cash position associated with liquidity support in the near term." The report states Fitch expects "near term

COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY RELIEF

EXHIBIT_____ *A*
Page___16 of___42

1   improvement in TRMC's cash position from a $22 million working capital loan which is

2   expected to close the week of August 14, 2017."

3       34.     The District, purporting to act through Kevin Northcraft, Michael Jamaica, and

4   Ms. Senovia Gutierrez, has breached the terms of the MSA including section 3(d)(iii) of the

5   MSA. Such actions have caused damage, including economic loss to HCCA.

6       35.     Section 3(b)(iii) of the MSA reads as follows:

7           The District shall timely furnish Manager with sufficient funds to timely
            pay the expenses relating to the Operations, including funding of both
8           operating expenses and non-operating expenses. Subject to the more
            expedient funding requirements set forth in Section 4(b)(viii), if funds in
9           the Master Account are insufficient, Manager shall notify the District of
            the need for funds by submitting Manager's fund request to the District
10          and the District shall supply the requested funds within three (3) days of
            Manager's notice to the District of the need for same, provided that for
11          unanticipated Emergent Expense, Manager shall have the right to provide
            a shorter notice period.  Manager shall not be obliged to fund the District
12          expense hereunder or provide funds to accommodate shortfalls in revenue,
            however, Manager may, in its sole and absolute discretion, advance funds
13          as provided in Section 4(i)(i)(1).  Manager shall not be in default
            hereunder if Manager's failure to comply with the terms of this Agreement
14          is due to the lack of adequate funds provide by the District.

15      36.     In the recent past, the District has repeatedly breached and violated the provisions

16  of section 3(b)(iii) by failing to furnish sufficient funds to timely pay to HCCA the expenses

17  relating to the Hospital, clinics and other facilities as required under the MSA.  As a direct result

18  of these breaches, HCCA has now advanced over $7,000,000 in funds for the District's account,

19  as loans to the District.  To evidence these advances, HCCA has received promissory notes for

20  the amounts of these advances as provided for in section 4(j)(i)(1) of the MSA.  As provided for

21  in these notes, HCCA has made demand for payment of the principal of the loans, which is

22  approximately $7,000,000 and interest due at the contract rate set forth in section 6(e) of the

23  MSA. The District has failed to make payment of these notes in whole or in part.

24      37.     Section 4(b)(iii) of the MSA reads as follows:

25          The Leased Employees shall be employees of Manager for purposes of Manager's benefit
            programs or plans now existing or hereafter created, including compensation and payment
26          and withholding of federal, state and local income, social security, unemployment,
            Medicare, other payroll and employment taxes, Section 125 plans, Section 403(b)
27          annuities, workers' compensation and health insurance. … All expenses and charges
            incurred in connection with the Leased Employees shall be reimbursed to manager by the

28

- 8 -

COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY RELIEF

1　　　District.

2　The District has recently breached and violated this provision of the MSA by failing to reimburse

3　HCCA for expenses and charges incurred in connection with employees HCCA leases to the

4　District. The current amount owed and unpaid for such leased employees is approximately

5　$5,000,000 with interest due thereon at the contractual rate set forth in section 6(e) of the MSA.

6　HCCA has made timely demand upon the District for such payment but the District has failed and

7　refused to pay the amount due or any portion thereof.

8　　　38.　　Sections 6(a) and 6(e) of the MSA reads as follows:

9　　　(a) Management Fee. As Manager's fee for the performance of the management services
10　under this Agreement, Manager shall receive monthly (in advance on the first day of each
　　month) a fee (the "**Management Fee**") in the amount of Two Hundred Twenty Five
11　Thousand Dollars ($225,000). Effective as of each January 1st, commencing January 1,
　　2015, the Management Fee shall be increased as provided in Section 6(b).
12

13　　　(e) Late Payments. If payment of amounts due hereunder, including Management Fees,
　　Employee Lease Payments and reimbursement of other amounts, are not made on the due
14　date, then interest shall accrue on any unpaid amounts for each day beyond the due date at
　　a rate equal to the lessor of: (a) one percent (1.0%) per month or (b) the maximum non-
15　usurious interest rate allowable by Law.
16

17　The District has recently breached and violated this section of the MSA by failing to pay HCCA

18　the management fee and expense reimbursement required to be paid the amount due or any

19　portion thereof. The current amount owed and unpaid for such Management Fee is approximately

20　$500,000 and additional sums for such expense reimbursement with interest due on both sums at

21　the contractual rate set forth in section 6(e).

22　　　39.　　At all times herein mentioned, HCCA has performed all conditions required of it

23　under the terms of the MSA, except for any which may have been waived or excused by the

24　conduct of the District.

25　　　40.　　Section 10(a)(iii) of the MSA reads as follows:

26　　　If Manager, at any time and in good faith, shall deem itself insecure and for the purposes
　　of this Agreement, Manager shall be entitled to deem itself insecure when some event
27　occurs, fails to occur or is threatened or some objective condition exists or is threatened
　　which significantly impairs the prospects that any of the obligations of the District
28　hereunder will be paid when due, or which significantly affects the financial or business

COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY RELIEF

EXHIBIT　　　A
Page　18　Of　42

1　　condition of the District. If Manager deems itself insecure, it shall have no obligation to

2　　continue performing hereunder more than thirty (30) days from and after it notifies the
District that it has deemed itself insecure, unless the District provides Manager with an

3　　unconditional, irrevocable letter of credit (the "**Letter of Credit**") from a U.S. banking
institution acceptable to Manager, insured by a federal insurance agency ("**Issuer**"). ... If

4　　the Letter of Credit is not timely provided, then Manager shall have the right to
immediately ruminate this Agreement (with no right on the part of the District to cure

5　　same) and receive the Termination Fee.

6　　　　41.　　On September 15, 2017, HCCA provided written notice to the District that it

7　　deems itself insecure given the conduct of the recently elected Board members including that

8　　alleged above and the significant amounts now owed and past due to HCCA. HCCA is informed

9　　and believes the District has no intention to respond to HCCA's notice by posting a Letter of

10　　Credit or paying the Termination Fee as provided under the terms of the MSA.

11　　　　42.　　Section 10(b)(ii) of the MSA reads as follows:

12　　The Termination Fee shall be an amount equal to Seventy Thousand Dollars ($70,000) per
month first increased by CPI ... and then multiplied by the remaining number of months

13　　in the Term (not to exceed 120 months) at the time of the termination, discounted to its
present value using the discount rate of the Federal Reserve Bank of San Francisco at the

14　　time of termination plus one percent (1%).

15　　　　43.　　HCCA has been required to retain legal counsel to represent it in these

16　　proceedings.

17　　　　44.　　The District's actions, as set forth above, constitute anticipatory and actual

18　　breaches of the MSA, including a breach of the implied covenant of good faith and fair dealing,

19　　entitling HCCA to all lawful damages flowing therefrom.

20　　　　　　　**Second Cause of Action – Declaratory Judgment**

21　　　　　　　　　**(HCCA vs all Defendants)**

22　　　　45.　　HCCA alleges and incorporates by reference the preceding paragraphs.

23　　　　46.　　An actual controversy has arisen and now exists between HCCA and the District

24　　now purportedly acting through those recently elected to the Board.

25　　　　47.　　HCCA contends and seeks a declaratory judgment that it has lawfully invoked the

26　　"deemed insecure" provision of the MSA and that there is no legal cause for the District to

27　　terminate the MSA and is informed and believes and thereon alleges that the District contends to

28　　the contrary.

- 10 -

EXHIBIT _A_
Page _19_ Of- _42_

48.     A judicial determination of the parties' rights and obligations as alleged herein is necessary to remove potential uncertainty with respect to HCCA's invocation of the "deemed insecure" provision of the MSA, and the District's corresponding obligations under the MSA.

49.     HCCA has no plain, speedy and adequate remedy available in the ordinary course of the law for relief from the matters set forth in this complaint, and HCCA therefore seeks relief on the grounds set forth herein.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff HCCA prays for judgment as follows:

1.     For a judgment for breach of contract and damages, according to proof;

2.     For a Declaratory Judgment that HCCA has lawfully invoked the "deemed insecure" provision of the MSA and that the MSA cannot lawfully be terminated by the District and, in any event, not without the prior provision of a letter of credit or payment of the Termination Fee as provided in the MSA;

3.     For reasonable attorney's fees; and

4.     For general relief.

MARSHALL B. GROSSMAN
CYNTHIA J. LARSEN
MICHAEL C. WEED
Orrick, Herrington & Sutcliffe LLP

By: *Marshall B Grossman*
    MARSHALL B. GROSSMAN
    Attorneys for Plaintiff

- 11 -

COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY RELIEF

EXHIBIT ___A___
Page __20__ Of __42__

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

❖**Los Angeles County Bar Association Litigation Section**❖

❖ **Los Angeles County Bar Association
Labor and Employment Law Section**❖

❖**Consumer Attorneys Association of Los Angeles**❖

❖**Southern California Defense Counsel**❖

❖**Association of Business Trial Lawyers**❖

❖**California Employment Lawyers Association**❖

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

EXHIBIT _____ A
Page _____ 21 Of- _____ 42

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3


EXHIBIT ____A____
Page _22_ Of- _42_

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

  It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.


EXHIBIT _____ A
Page 23 OF 42

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)


EXHIBIT _____ A
Page 24 Of 42

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):    FAX NO. (Optional) | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (Rev 02/15)<br>LASC Approved 04/11<br>For Optional Use      **STIPULATION – EARLY ORGANIZATIONAL MEETING**      Page 1 of 2



EXHIBIT _____ A
Page 25 Of 42

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
      (INSERT DATE)                       (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date: _____

_____        ➤      _____
(TYPE OR PRINT NAME)                     (ATTORNEY FOR PLAINTIFF)

Date: _____

_____        ➤      _____
(TYPE OR PRINT NAME)                     (ATTORNEY FOR DEFENDANT)

Date: _____

_____        ➤      _____
(TYPE OR PRINT NAME)                     (ATTORNEY FOR DEFENDANT)

Date: _____

_____        ➤      _____
(TYPE OR PRINT NAME)                     (ATTORNEY FOR DEFENDANT)

Date: _____

_____        ➤      _____
(TYPE OR PRINT NAME)                     (ATTORNEY FOR _____ )

Date: _____

_____        ➤      _____
(TYPE OR PRINT NAME)                     (ATTORNEY FOR _____ )

Date: _____

_____        ➤      _____
(TYPE OR PRINT NAME)                     (ATTORNEY FOR _____ )


EXHIBIT A
Page 28 of 42

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: | FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐  Request for Informal Discovery Conference
   ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

## INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:            FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.



| SHORT TITLE: | CASE NUMBER: |
|---|---|

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER



EXHIBIT _____ A
Page __29__ Of- _42_

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**
- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR** – ADR may not be suitable for every dispute.
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

- **Arbitration**

  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

- **Mandatory Settlement Conference (MSC)**

  **Settlement Conferences are appropriate in any case where settlement is an option.** Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

  The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the Judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from Independent Calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

  In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program.  Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

EXHIBIT _____ A
Page 22 Of 42

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

EXHIBIT_____ A
Page__33__ Of-__42

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)
Case Number _____

BC 6 7 6 1 3 3

<u>THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT</u>
Your case is assigned for all purposes to the judge indicated below. There is more information on the reverse side of this form.

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|---|
| | Hon. Debre K. Weintraub | 1 | 534 | | Hon. Elizabeth Allen White | 48 | 506 | |
| | Hon. Barbara A. Meiers | 12 | 636 | | Hon. Deirdre Hill | 49 | 509 | |
| | Hon. Terry A. Green | 14 | 300 | | Hon. Teresa A. Beaudet | 50 | 508 | |
| | Hon. Richard Fruin | 15 | 307 | | Hon. Michael J. Raphael | 51 | 511 | |
| ✗ | Hon. Rita Miller | 16 | 306 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| | Hon. Richard E. Rico | 17 | 309 | | Hon. Howard L. Halm | 53 | 513 | |
| | Hon. Stephanie Bowick | 19 | 311 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| | Hon. Dalila Corral Lyons | 20 | 310 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| | Hon. Robert L. Hess | 24 | 314 | | Hon. Michael Johnson | 56 | 514 | |
| | Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. John P. Doyle | 58 | 516 | |
| | Hon. Barbara Scheper | 30 | 400 | | Hon. Gregory Keosian | 61 | 732 | |
| | Hon. Samantha Jessner | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| | Hon. Daniel S. Murphy | 32 | 406 | | Hon. Mark Mooney | 68 | 617 | |
| | Hon. Michael P. Linfield | 34 | 408 | | Hon. William F. Fahey | 69 | 621 | |
| | Hon. Gregory Alarcon | 36 | 410 | | Hon. Monica Bachner | 71 | 729 | |
| | Hon. Marc Marmaro | 37 | 413 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| | Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Rafael Ongkeko | 73 | 733 | |
| | Hon. Elizabeth Feffer | 39 | 415 | | Hon. Michelle Williams Court | 74 | 735 | |
| | Hon. David Sotelo | 40 | 414 | | Hon. Gail Ruderman Feuer | 78 | 730 | |
| | Hon. Holly E. Kendig | 42 | 416 | | | | | |
| | Hon. Mel Red Recana | 45 | 529 | | Hon. Steven J. Kleifield | 324 | CCW | |
| | Hon. Frederick C. Shaller | 46 | 500 | | *Provisionally Complex Non-class Action Cases Assignment is Pending Complex Determination | 308 | CCW | |
| | Hon. Randolph Hammock | 47 | 507 | | | | | |

<u>*Complex</u>

All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____    SHERRI R. CARTER, Executive Officer/Clerk

By _____, Deputy Clerk



EXHIBIT   A
Page 36 OF 42

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Three Rules were effective January 1, 1994.  They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

COMPLAINTS: All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

CROSS-COMPLAINTS: Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts.  These matters may be heard and resolved at this conference.  At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

EXHIBIT　A
Page　35　Of　42

CM-180

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

— Walter Wilhelm Law Group/Riley C Walter #91839/Danielle J Bethel #315945
205 E. River Park Circle, Suite 410
Fresno, CA  93720
   TELEPHONE NO.: 559-435-9800     FAX NO. *(Optional):*  559-435-9868
E-MAIL ADDRESS *(Optional):* Defendant, Tulare Local Healthcare District dba
   ATTORNEY FOR *(Name):*          Tulare Regional Medical Center

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**  LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA  90017
BRANCH NAME: Civil Unlimited / Central District

PLAINTIFF/PETITIONER:  Healthcare Conglomerate Assoc.

DEFENDANT/RESPONDENT:  Tulare Local Healthcare District, et al.

| **NOTICE OF STAY OF PROCEEDINGS** | CASE NUMBER: BC676133 |
|---|---|
| | JUDGE: |
| | DEPT.: |

**To the court and to all parties:**

1.   Declarant *(name):* Danielle J. Bethel

   a. ☑ is  ☐ the party  ☑ the attorney for the party  who requested or caused the stay.

   b. ☐ is  ☐ the plaintiff or petitioner  ☐ the attorney for the plaintiff or petitioner. The party who requested the stay has not appeared in this case or is not subject to the jurisdiction of this court.

2.   This case is stayed as follows:

   a. ☐   With regard to all parties.

   b. ☑   With regard to the following parties *(specify by name and party designation):* Tulare Local Healthcare District

3.   Reason for the stay:

   a. ☑   Automatic stay caused by a filing in another court.  *(Attach a copy of the Notice of Commencement of Case, the bankruptcy petition, or other document showing that the stay is in effect, and showing the court, case number, debtor, and petitioners.)*

   b. ☐   Order of a federal court or of a higher California court.  *(Attach a copy of the court order.)*

   c. ☐   Contractual arbitration under Code of Civil Procedure section 1281.4.  *(Attach a copy of the order directing arbitration.)*

   d. ☐   Arbitration of attorney fees and costs under Business and Professions Code section 6201. *(Attach a copy of the client's request for arbitration showing filing and service.)*

   e. ☐   Other:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: October 5, 2017

Danielle J. Bethel
_____
(TYPE OR PRINT NAME OF DECLARANT)

_____
(SIGNATURE)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
CM-180 [Rev. January 1, 2007]                    **NOTICE OF STAY OF PROCEEDINGS**                    Cal. Rules of Court, rule 3.650
www.courtinfo.ca.gov



EXHIBIT     A
Page  38  Of  42

Fill in this information to identify your case:

United States Bankruptcy Court for the:

EASTERN DISTRICT OF CALIFORNIA

Case number *(if known)* _____  Chapter __9__

☐ Check if this an amended filing

# Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy          4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).
For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **Tulare Local Healthcare District** |
| 2. | All other names debtor used in the last 8 years<br>Include any assumed names, trade names and *doing business as* names | dba  Tulare Regional Medical Center |
| 3. | Debtor's federal Employer Identification Number (EIN) | 94-6002897 |

4. Debtor's address

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **869 N. Cherry St.**<br>**Tulare, CA 93274**<br>Number, Street, City, State & ZIP Code | _____<br>P.O. Box, Number, Street, City, State & ZIP Code |
| **Tulare**<br>County | Location of principal assets, if different from principal place of business<br>_____<br>Number, Street, City, State & ZIP Code |

5. Debtor's website (URL)     **https://sites.google.com/view/tlhcd**

6. Type of debtor

☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☑ Other. Specify:     **Municipality/Government Entity**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF TULARE

I am employed in the County of Fresno, State of California. I am over the age of 18 and not a party to the within action; I am an employee of Walter & Wilhelm Law Group, 205 East River Park Circle, Suite 410, Fresno, CA 93720.

On October 5, 2017, served the foregoing document(s) described as:

1. **NOTICE OF AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§ 362(a) and 901(a)**

on the party/parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Attorneys for Plaintiff, Healthcare Conglomerate Associates, LLC:
ORRICK, HERRINGTON & SUTCLIFFE LLP
Marshall B. Grossman
777 S. Figueroa Street, Suite 3200
Los Angeles, CA 90017-5855

ORRICK, HERRINGTON & SUTCLIFFE LLP
Cynthia J. Larsen
Michael C. Weed
400 Capital Mall, Suite 3000
Sacramento, CA 95814

Defendant:
Tulare Local Healthcare District, dba
Tulare Regional Medial Center
869 N. Cherry Street
Tulare, CA 93274

COURTESY COPY:
District Counsel for Tulare Local Healthcare District, dba Tulare Regional Medical Center
MCCORMICK BARSTOW, LLP
Timothy L. Thompson
Mandy L. Jeffcoach
Niki E. Cunningham
7647 N. Fresno Street
Fresno, CA 93720

XX    **(U.S. POSTAL SERVICE)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Fresno, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

Executed on October 5, 2017, at Fresno, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*Terry L. Beck*
Terry L. Beck

00158493-BT-10.05.2017
EXHIBIT A
Page 38 Of 42

Filed 12/28/17        Case 17-01095        Doc 4

B-6
TRMC

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | | |
|---|---|---|---|
| DATE: 11/20/17 | | | **DEPT.** 16 |
| HONORABLE RITA MILLER | JUDGE | T. FREEMAN | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| C. CATERIO C.A. | Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 8:00 am | BC676133 | Plaintiff Counsel | N/A |
| | HEALTHCARE CONGLOMERATE ASSOCIA LLC | | |
| | VS | Defendant Counsel | |
| | TULARE LOCAL HEALTH CARE DISTRI DBA TULARE REGIONAL MEDICAL CEN | | |

**NATURE OF PROCEEDINGS:**

in accordance with standard court practices.

Dated:   11/20/2017

Sherri R. Carter, Executive Officer/Clerk

By: _____
                 T. Freeman


ORRICK, HERRINGTON & SUTCLIFFE LLP
Attn: Marshall B. Grossman, Esq.
777 S. Figueroa St., STe. 3200
Los Angeles, CA  90017


WALTER WILHELM LAW GROUP
205 E. River Park Circle, Ste. 410
Fresno, CA  93720


                    Page   2 of   2   DEPT.  16

| MINUTES ENTERED |
| 11/20/17 |
| COUNTY CLERK |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 11/20/17

HONORABLE RITA MILLER　　　　　　　　JUDGE

HONORABLE　　　　　　　　　　　　　JUDGE PRO TEM

　　　　　C. CATERIO C.A.　　　Deputy Sheriff

**DEPT.** 16

T. FREEMAN　　　　DEPUTY CLERK

　　　　　　　　ELECTRONIC RECORDING MONITOR

NONE　　　　　　　　　Reporter

8:00 am BC676133

HEALTHCARE CONGLOMERATE ASSOCIA
 LLC
VS
TULARE LOCAL HEALTH CARE DISTRI
DBA TULARE REGIONAL MEDICAL CEN

Plaintiff
Counsel

Defendant
Counsel

N/A

**NATURE OF PROCEEDINGS:**

FURTHER PROCEEDINGS RE: NOTICE OF STAY OF PROCEEDINGS

The Court is in receipt of a Notice of Stay of
Bankruptcy as to debtor Tulare Local Healthcare
District, Case 17-13797, filed October 19, 2017 and
October 25, 2017, respectively.

An bankrupty status conference is set for
2/7/2018, at 9:00 a.m. in Department 16.

The clerk gives notice.


　　　　　　　CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served the
minute order
upon each party or counsel named below by placing
the document for collection and mailing so as to
cause it to be deposited in the United States mail
at the courthouse in Los Angeles,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,

　　　　　　Page　1 of　2　DEPT. 16

MINUTES ENTERED
11/20/17
COUNTY CLERK