WALTER WILHELM LAW GROUP
A Professional Corporation
Riley C. Walter #91839
Kathleen D. DeVaney #156444
Danielle J. Bethel #315945
205 East River Park Circle, Ste. 410
Fresno, CA 93720
Telephone: (559) 435-9800
Facsimile: (559) 435-9868
E-mail: rileywalter@w2lg.com

Attorneys for Chapter 9 Counsel

McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Timothy L. Thompson, #133537
Mandy L. Jeffcoach, #232313
Nikole E. Cunningham, #277976
7647 North Fresno Street
Fresno, California 93720
Telephone:　(559) 433-1300
Facsimile:　(559) 433-2300

Attorneys for District Counsel

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| In re<br><br>TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,<br><br>　　　　Debtor.<br><br>Tax ID #　　94-6002897<br>Address:　　869 N. Cherry Street<br>　　　　　　Tulare, CA 93274 | Case No. 17-13797<br><br>Chapter 9<br><br>Adv. Proc. No.: 17-01095-B<br><br>**ANSWER OF TULARE LOCAL HEALTHCARE DISTRICT DBA TULARE REGIONAL MEDICAL CENTER** |
| HEALTHCARE CONGLOMERATE ASSOCIATES, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TULARE LOCAL HEALTHCARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER,<br><br>　　　　Defendant. | |

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1
ANSWER

Tulare Local Healthcare District dba Tulare Regional Medical Center ("Defendant") answers the Complaint of Plaintiff Healthcare Conglomerate Associates, LLC ("Plaintiff") by admitting, denying and alleging as follows:

1. Answering Paragraph 1, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and for such reasons, deny each and every allegation contained within that paragraph.

2. Answering Paragraph 2, Defendant admits that it is a local healthcare district in Tulare and that its Bylaws provide that the Board of Directors is to be comprised of five elected directors.

3. Answering Paragraph 3, Defendant admits it entered into a Managed Services Agreement ("MSA") with Plaintiff on or about May 29, 2014.

4. Answering Paragraph 4, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and for such reasons, deny each and every allegation contained within that paragraph.

5. Answering Paragraph 5, Defendant admits that Section 11(d) of the MSA contains the quoted language; however, Defendant denies Section 11(d) is enforceable and further denies that venue is proper in Los Angeles County.

6. Answering Paragraph 6, Defendant admits that Section 10(e)(ii) of the MSA contains the quoted language; however, Defendant denies Section 10(e)(ii) is enforceable. As to the remaining allegations contained in Paragraph 6, Defendant denies each and every remaining allegation contained therein.

7. Answering Paragraph 7, Defendant admits that under the MSA, Plaintiff was to manage and operate Defendant's acute care hospital located in Tulare, California. As to the remaining allegations contained in Paragraph 7, Defendant denies each and every remaining allegation contained therein.

8. Answering Paragraph 8, Defendant admits that the hospital was experiencing financial difficulties. As to the remaining allegations contained in Paragraph 8, Defendant denies each and every remaining allegation contained therein.

9. Answering Paragraph 9, Defendant admits that it sought voter approval in 2005 for an

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

$85 million dollar General Obligation bond. As to the remaining allegations contained in Paragraph 9, Defendant denies each and every remaining allegation contained therein.

10. Answering Paragraph 10, Defendant denies each and every allegation contained therein.

11. Answering Paragraph 11, Defendant denies each and every allegation contained therein.

12. Answering Paragraph 12, Defendant admits that the patient census decreased leading up to 2014 and continuing thereafter. As to the remaining allegations contained in Paragraph 12, Defendant denies each and every remaining allegation contained therein.

13. Answering Paragraph 13, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and for such reasons, deny each and every allegation contained within Paragraph 13.

14. Answering Paragraph 14, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and for such reasons, deny each and every allegation contained within Paragraph 14.

15. Answering Paragraph 15, Defendant admits only that it solicited bids for the management of the District's operations and that HCCA was eventually selected, leading to the execution of the MSA. As to the remaining allegations contained in Paragraph 15, Defendant denies each and every remaining allegation contained therein.

16. Answering Paragraph 16, Defendant admits only that the Center for Medicare and Medicaid Services performed a survey of the Hospital. As to the remaining allegations contained in Paragraph 16, Defendant denies each and every remaining allegation contained therein.

17. Answering Paragraph 17, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and for such reasons, deny each and every allegation contained within Paragraph 17.

18. Answering Paragraph 18, Defendant admits that Plaintiff hired most of the hospital's employees. As to the remaining allegations contained in Paragraph 18, Defendant denies each and every remaining allegation contained therein.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

3
ANSWER

19. Answering Paragraph 19, Defendant denies each and every allegation contained therein.

20. Answering Paragraph 20, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and for such reasons, deny each and every allegation contained within Paragraph 20.

21. Answering Paragraph 21, Defendant admits what was published in the Fitch Ratings dated August 28, 2014 found at https://www.businesswire.com/news/home/20140828005950/en/Fitch-Affirms-Tulare-Local-Health-Care-District. As to the veracity of such published statements, Defendant is without knowledge or information sufficient to form a belief as to the truth of the published statements, and for that reason, deny the veracity of the same.

22. Answering Paragraph 22, Defendant admits what was published in the Fitch Ratings dated August 27, 2015 found at https://www.businesswire.com/news/home/20150827005731/en/Fitch-Upgrades-Tulare-Local-Health-Care-District. As to the veracity of such published statements, Defendant is without knowledge or information sufficient to form a belief as to the truth of the published statements, and for that reason, deny the veracity of the same.

23. Answering Paragraph 23, Defendant admits what was published in the Fitch Ratings dated August 23, 2016 found at https://www.businesswire.com/news/home/20160823006262/en/Fitch-Places-Tulare-Local-Health-Care-District. As to the veracity of such published statements, Defendant is without knowledge or information sufficient to form a belief as to the truth of the published statements, and for that reason, deny the veracity of the same.

24. Answering Paragraph 24, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and for such reasons, deny each and every allegation contained within Paragraph 24.

25. Answering Paragraph 25, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and for such reasons, deny each and

every allegation contained within Paragraph 25.

26. Answering Paragraph 26, Defendant denies each and every allegation contained therein.

27. Answering Paragraph 27, Defendant denies each and every allegation contained therein.

28. Answering Paragraph 28, Defendant admits the allegations contained therein.

29. Answering Paragraph 29, Defendant denies each and every allegation contained therein.

30. Answering Paragraph 30, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and for such reasons, deny each and every allegation contained within Paragraph 30.

31. Answering Paragraph 31, Defendant denies each and every allegation contained therein.

32. Answering Paragraph 32, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and for such reasons, deny each and every allegation contained within Paragraph 32.

33. Answering Paragraph 33, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and for such reasons, deny each and every allegation contained within Paragraph 33.

34. Answering Paragraph 34, Defendant denies each and every allegation contained therein.

35. Answering Paragraph 35, Defendant admits that Section 3(b)(iii) of the MSA includes the quoted language.

36. Answering Paragraph 36, Defendant denies each and every allegation contained therein.

37. Answering Paragraph 37, Defendant admits that Section 4(b)(iii) of the MSA includes the quoted language. As to the remaining allegations of Paragraph 37, Defendant denies each and every remaining allegations contained in Paragraph 37.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

5
ANSWER

38.　Answering Paragraph 38, Defendant admits that Section 4(b)(iii) of the MSA includes the quoted language. As to the remaining allegations of Paragraph 38, Defendant denies each and every remaining allegations contained in Paragraph 38.

39.　Answering Paragraph 39, Defendant denies each and every allegation contained in Paragraph 39 and specifically contends that Plaintiff has repeatedly breached the MSA, thereby causing Defendant significant damages.

40.　Answering Paragraph 40, Defendant admits that Section 10(a)(iii) of the MSA includes the quoted language.

41.　Answering Paragraph 41, Defendant admits it received a letter from Plaintiff dated September 15, 2017. As to the remaining allegations of Paragraph 41, Defendant denies each and every remaining allegations contained in Paragraph 41.

42.　Answering Paragraph 42, Defendant admits that Section 10(b)(ii) of the MSA includes the quoted language.

43.　Answering Paragraph 43, Defendant denies each and every allegation contained therein.

44.　Answering Paragraph 44, Defendant denies each and every allegation contained therein.

### Second Cause of Action – Declaratory Judgment[1]

45.　Answering Paragraph 45, Defendant realleges and incorporates by reference each and every response to the allegations set forth in paragraphs 1 through 44 of the Complaint as though the same are fully set forth therein.

46.　Answering Paragraph 46, Defendant admits that there is a dispute between it and Plaintiff. As to the remaining allegations contained in Paragraph 46, including the substance of the parties' dispute, Defendant denies the allegations contained in Paragraph 46.

47.　Answering Paragraph 47, Defendant is not in a position to admit or deny what

---

[1] Plaintiff's Complaint does not contain a First Cause of Action, although based on the allegations contained in the Complaint, it appears as if Plaintiff intends to pursue a claim for breach of contract.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

6
ANSWER

Plaintiff's contentions are, and based upon that, denies each and every allegation contained in Paragraph 47.

48. Answering Paragraph 48, Defendant admits that a judicial determination of the parties' rights and obligations under the MSA is necessary. As to the remaining allegations contained in Paragraph 48, including Plaintiff's contentions, Defendant denies the allegations contained in Paragraph 48.

49. Answering Paragraph 49, Defendant denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to the Complaint of Plaintiff.

### FIRST AFFIRMATIVE DEFENSE
(Failure To State A Cause Of Action)

Defendant alleges that the Complaint, and each cause of action stated therein, fails to allege facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE
(Statute Of Limitations)

Defendant alleges that each of the causes of action set forth in the Complaint are barred by the statute of limitations as may be applicable in this case to and including California Code of Civil Procedure Sections 337, 338, 339, 340, 343, among others.

### THIRD AFFIRMATIVE DEFENSE
(Comparative Fault)

Defendant is informed and believes, and thereon alleges, that any and all damages sustained by Plaintiff, by reason of the conduct, acts, breaches, matters, happenings or events referred to in the Complaint, were directly and proximately caused and/or contributed to by the negligence, carelessness or fault of Plaintiff, and not by any negligence, carelessness or fault on the part of Defendant.

### FOURTH AFFIRMATIVE DEFENSE
(Fault Of Third Parties)

Defendant is informed and believes, and thereon alleges that any and all damages purported to

have been sustained by Plaintiff, by reasons of the conduct, acts, breaches, matters, happenings or events referred to in the Complaint, were directly and proximately caused and/or contributed to by the negligence, conduct, carelessness or fault of third parties, other than Defendant.

### FIFTH AFFIRMATIVE DEFENSE
(Failure To Mitigate)

Plaintiff has failed to reasonably mitigate their damages, if any. As a result, Plaintiff is barred from recovery on his Complaint.

### SIXTH AFFIRMATIVE DEFENSE
(Waiver)

As to the cause of action allegedly set forth in the Complaint, Plaintiff waived its right, if any, to assert such a cause of action against Defendant.

### SEVENTH AFFIRMATIVE DEFENSE
(Estoppel)

Based on the conduct of Plaintiff, and on information and belief, Plaintiff is estopped from asserting any of the alleged causes of action as set forth in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE
(Laches)

Plaintiff is barred from maintaining the alleged causes of action by the doctrines of laches, accord and satisfaction.

### NINTH AFFIRMATIVE DEFENSE
(Lack of Consideration)

As to the causes of action allegedly set forth in the Complaint, Plaintiff is barred from any recovery against Defendant by reason that certain purported agreements, if any, were not supported by consideration.

### TENTH AFFIRMATIVE DEFENSE
(Discharge of Obligations/Performance)

By satisfying all of the terms, conditions, covenants and requirements of the agreement between Plaintiff and Defendant, Defendant has fully performed its obligations under the terms of the

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

8
ANSWER

agreement. By virtue of said performance, Defendant have discharged any and all express or implied obligations purportedly owed to Plaintiff by virtue of or pursuant to the agreement.

### ELEVENTH AFFIRMATIVE DEFENSE

(Illegal Contract)

As to the causes of action allegedly set forth in the Complaint, Plaintiff is barred from any recovery against Defendant by reason that the alleged agreement, if any, is unenforceable as contrary to an express provision of law, public policy or good morals.

### TWELFTH AFFIRMATIVE DEFENSE

(Independent, Intervening or Superseding Cause)

As to the cause of action allegedly set forth in the Complaint, Plaintiff is barred from any recovery against Defendant by reason of Plaintiff's actions and conduct which constituted an unforeseeable, independent, intervening and/or superseding cause of the damages, if any, which resulted to Plaintiff herein.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

As to the cause of action allegedly set forth in the Complaint, Plaintiff is barred from asserting such causes of action against Defendant by the equitable doctrine of unclean hands on the part of Plaintiff and its agents.

### FOURTEENTH AFFIRMATIVE DEFENSE

(No Damage to Plaintiff)

The Complaint, and the cause of action allegedly stated therein, is barred because Plaintiff has not suffered any actual damages and merely created all of the damages at issue in the Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Offset)

The amount of damages, if any, due from Defendant to Plaintiff must be reduced or offset by the amount of damages owed from Plaintiff to Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Unconscionable Contract)

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

9
ANSWER

As to the cause of action allegedly set forth in the Complaint, Plaintiff is barred from any recovery against Defendant by reason that the contracts at issue are unconscionable and void based on public policy.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Unconstitutional Clauses)

The Complaint, and the causes of action allegedly stated therein, is barred because the provisions contained in the contract violate the California Constitution.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Inadequate Consideration)

Defendant is informed and believes and thereon alleges that the consideration for the alleged agreement is inadequate and not fair and reasonable under the circumstances and by virtue thereof, Plaintiff is barred from any recovery herein.

### NINETEENTH AFFIRMATIVE DEFENSE

(Reservation of Additional Affirmative Defenses)

Defendant presently has insufficient knowledge or information upon which to form a belief whether it may have additional, yet unstated, affirmative defenses. Defendant, therefore, reserves the right to plead any additional further affirmative defenses in the future.

Dated: January 4, 2018

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

By: _____
Timothy L. Thompson
Mandy L. Jeffcoach
Nikole E. Cunningham
Attorneys for Tulare Local Healthcare District dba
Tulare Regional Medical Center

36894-00000 4873701.1

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

10
ANSWER