1  MARC A. LEVINSON, CSB NO. 57613
   CYNTHIA J. LARSEN, CSB NO. 123994
2  **ORRICK, HERRINGTON & SUTCLIFFE LLP**
3  400 Capitol Mall, Suite 3000
   Sacramento, California 95814-4497
4  Telephone: (916) 329-4910
   Email: malevinson@orrick.com
5         clarsen@orrick.com

6  HAGOP T. BEDOYAN, CSB NO. 131285
   LISA HOLDER, CSB NO. 217752
7  **KLEIN, DENATALE, GOLDNER,**
   **COOPER, ROSENLIEB & KIMBALL LLP**
8  5260 N. Palm Avenue, Suite 201
   Fresno, California 93704
9  Telephone: (559) 438-4374
   Facsimile: (559) 432-1847
10 E-mail: hbedoyan@kleinlaw.com
          lholder@kleinlaw.com
11
   Attorneys for HealthCare Conglomerate Associates, LLC
12

13            **UNITED STATES BANKRUPTCY COURT**

14        **EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

| | |
|---|---|
| In re:<br><br>TULARE LOCAL HEALTHCARE DISTRICT<br>dba TULARE REGIONAL MEDICAL CENTER,<br><br>Debtor. | Case No.: 17-13797-9-B<br><br>Chapter 9<br><br>ADV. PROC. NO.: 17-01095-B<br><br>DC No.: OHS-1 |
| HEALTHCARE CONGLOMERATE<br>ASSOCIATES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TULARE LOCAL HEALTHCARE DISTRICT<br>dba TULARE REGIONAL MEDICAL CENTER,<br>and DOES 1 through 20,<br><br>Defendant.<br><br>AND RELATED COUNTER-CLAIM | **HEALTHCARE CONGLOMERATE ASSOCIATES, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REMAND OF LAWSUIT TO STATE COURT PURSUANT TO 28 U.S.C. § 1452(b)**<br><br>Date:     February 28, 2018<br>Time:     1:30 p.m.<br>Dept:     Courtroom 13<br>Judge:    Hon. René Lastreto II |

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ......................................................................................... 1

II.   FACTS AND PROCEDURAL HISTORY............................................... 1

      A.    The State Court Lawsuit............................................................... 1

      B.    The Removal of the State Court Lawsuit to This Court.......................... 2

III.  ARGUMENT .............................................................................................. 4

      A.    TRMC's Removal Violated 28 U.S.C. § 1452. ............................ 5

      B.    Remand Is Required By The Parties' Contractual Selection Of Los Angeles
            Superior Court As The Proper Forum For The Lawsuit. ........................ 7

      C.    Remand Is Appropriate Because HCCA Is Entitled To A Jury Trial. ................... 8

      D.    State Law Issues Predominate Over Bankruptcy Issues. ........................ 9

      E.    Other Equitable Factors Favor Remand.......................................... 9

IV.   CONCLUSION ......................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

## **Federal Cases**

*In re Bisno*,
   433 B.R. 753 (Bankr. C.D. Cal. 2010)...................................................................6

*In re Bobroff*,
   766 F.2d 797 (3rd Cir. 1985) ...................................................................4, 7

*Browning v. Navarro*,
   743 F.2d 1069 (5th Cir. 1984) ...................................................................6

*In re Enron Corp.*,
   296 B.R. 505 (C.D. Cal. 2003)...................................................................5

*Federal Home Loan Bank of Chicago v. Bank of Am. Sec. LLC*,
   448 B.R. 517 (C.D. Cal. 2011)...................................................................4, 9

*In re Fietz*,
   852 F.2d 455 (9th Cir. 1988)...................................................................7

*Fifty Assocs. v. Prudential Ins. Co. of Am.*,
   446 F.2d 1187 (9th Cir. 1970)...................................................................10

*Fristoe v. Reynolds Metals Co.*,
   615 F.2d 1209 (9th Cir. 1980)...................................................................4

*Gaus v. Miles, Inc.*,
   980 F.2d 564 (9th Cir. 1992)...................................................................4, 7

*Kamm v. ITEX Corp.*,
   568 F.3d 752 (9th Cir. 2009)...................................................................4

*In re McCarthy*,
   230 B.R. 414 (9th Cir. BAP 1999)...................................................................5

*In re Nat'l Developers, Inc.*,
   803 F.2d 616 (11th Cir. 1986)...................................................................4, 6

*Pacor, Inc. v. Higgins*,
   743 F.2d 984 (3rd Cir. 1984) ...................................................................6, 7

*Peterson v. BMI Refractories*,
   124 F.3d 1386 (11th Cir. 1997)...................................................................6

*In re Roman Catholic Bishop of San Diego*,
   374 B.R. 756 (Bankr. S.D. Cal 2007) ...................................................................5, 8, 9

ii

*Roskind v. Morgan Stanley Dean Witter & Company*,
   165 F.Supp.2d 1059 (N.D. Cal. 2001) ...................................................................4

*Shamrock Oil & Gas Corp. v. Sheets*,
   313 U.S. 100 (1941) ..............................................................................................4

*Somlyo v. J. Lu-Rob Enterprises, Inc.*,
   932 F.2d 1043 (2d Cir. 1991) ...............................................................................4

**State Cases**

*Cal-State Bus. Prods. & Servs., Inc. v. Ricoh*,
   16 Cal.Rptr.2d 417 (Ct. App. 1993), *as modified* (Feb. 4, 1993) .......................8

*CQL Original Prod., Inc. v. Nat'l Hockey League Players' Ass'n*,
   46 Cal.Rptr.2d 412 ...............................................................................................8

*De Guere v. Universal City Studios, Inc.*,
   65 Cal.Rptr.2d 438 (Ct. App. 1997) ....................................................................8

*Entin v. Superior Court*,
   146 Cal.Rptr.3d 52 (Ct. App. 2012) ....................................................................8

*Smith, Valentino & Smith, Inc. v. Superior Court*,
   551 P.2d 1206 (Cal. 1976) ...................................................................................8

*Tibbitts v. Fife*,
   328 P.2d 212 (Ct. App. 1958) ..............................................................................8

**Constitutional Provisions**

Cal. Const. art. I, § 16 ................................................................................................8

U.S. Const. amend. VII ..............................................................................................8

**Federal Statutes**

11 U.S.C. § 105(a) ...................................................................................................10

11 U.S.C. § 510(b) ...................................................................................................10

28 U.S.C. § 157 ..........................................................................................................3

28 U.S.C. § 157(e) ......................................................................................................9

28 U.S.C. § 1334 ................................................................................................*passim*

28 U.S.C. § 1334(b) ...............................................................................................3, 7

28 U.S.C. § 1441 ........................................................................................................6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

28 U.S.C. § 1452 ..........................................................................................5, 6, 7

28 U.S.C. § 1452(a) .................................................................................... *passim*

28 U.S.C. § 1452(b) .........................................................................................1, 5

28 U.S.C. § 1478(b) ...........................................................................................6

**State Statutes**

California False Claims Act ...............................................................................9

**Rules**

Bankruptcy Rule 9027.........................................................................................3

Bankruptcy Rule 9027(e)(3) ...........................................................................4, 9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MEMO OF POINTS & AUTHORITIES
ISO MOTION FOR REMAND

I. **INTRODUCTION**

Debtor Tulare Local Healthcare District dba Tulare Regional Medical Center ("TRMC") unlawfully removed to this Court a pre-bankruptcy lawsuit ("Lawsuit") filed against it in Los Angeles Superior Court by HealthCare Conglomerate Associates, LLC ("HCCA"). The Lawsuit alleges state law claims for breach of contract and associated declaratory relief. Removal of the Lawsuit to other than the federal district in which the Los Angeles Superior Court is located, i.e. the Central District of California, violates the express provisions of 28 U.S.C. § 1452(b), upon which TRMC relies for its purported authority to remove to this District. Even removal to the Central District would be permitted only if that court "has jurisdiction under section 1334 of this title [Title 28]," which it does not. 28 U.S.C. § 1452(a). Accordingly, the Lawsuit is not subject to removal.

Under established authority in other circuits, the Court lacks subject matter jurisdiction over the entire Lawsuit, including the counterclaim ("Counterclaim") TRMC filed in response to the Lawsuit. Under any view of the matter, this Court is an improper venue requiring remand to the Los Angeles Superior Court, the exclusive litigation forum expressly selected by the parties in their Management Services Agreement ("MSA").

In addition to the applicable law requiring remand, remand also is necessary on the basis of equity given the parties' contractual choice of Los Angeles Superior Court as the exclusive venue for litigation of their disputes, the fact that the Lawsuit involves state law claims, many of which entail a right to jury trial, and the additional compelling equitable factors discussed herein.

Accordingly, for the reasons discussed in detail below, the Lawsuit should be remanded to the Los Angeles Superior Court.

II. **FACTS AND PROCEDURAL HISTORY**

A. **The State Court Lawsuit.**

On September 15, 2017, HCCA filed the Lawsuit against TRMC in Los Angeles Superior Court. HCCA's complaint ("Complaint") alleges straightforward claims for declaratory relief

/ / /

/ / /

MEMO OF POINTS & AUTHORITIES
ISO MOTION FOR REMAND

and breach of the MSA under which HCCA agreed to provide management services to TRMC.[1]

A true and correct copy of the Complaint is attached as Exhibit A to the Notice of Removal of

Lawsuit ("Notice of Removal"), Dkt. No. 4, pp.9-20.

The Complaint references § 11 (d) of the MSA, which provides "the exclusive jurisdiction

and venue of all actions, claims, or other legal proceedings arising in any manner pursuant to this

Agreement shall be vested in the [Los Angeles Superior Court] and in no other." Dkt. No. 4

(Exhibits to Notice of Removal), p. 10 (at 1:25-27).

The Complaint also alleges "All or part of this dispute is subject to arbitration under

California Code of Civil Procedure section 1281.2 and section 10(e)(ii) of the MSA." Dkt. No. 4,

pp. 10-11 (at 1:28-2:1).[2] The Complaint acknowledges the potential applicability of the MSA's

arbitration provision as follows:

> HCCA specifically asserts the applicability of, and does not waive, the parties'
> agreement to arbitration. HCCA has served upon the District [TRMC] a formal
> letter notice of material breaches of the MSA and defaults pursuant to sections
> 10(a)(i) and 10(e)(i) of the MSA. The breaches and defaults of the MSA by the
> Defendants which were curable have not been cured and the balance of the
> breaches and defaults are not capable of being cured. Plaintiff has complied with
> all applicable claims procedures pertaining to presentation of claims against the
> District [TRMC], as set forth in the MSA. The parties have yet to meet and confer
> to determine if they will jointly waive their right to arbitration and proceed with
> this civil action.[3]

Dkt. No. 4, p. 11(at 2:8-15).

**B.    The Removal of the State Court Lawsuit to This Court.**

The Lawsuit was served upon TRMC prior to the filing of this chapter 9 case. The Notice

of Stay of Proceedings in the Lawsuit was served by TRMC on October 5, 2017. On

December 28, 2017, the Lawsuit was removed by TRMC from Los Angeles Superior Court to the

---

[1] The MSA is attached as Exhibit 3 to the Counterclaim filed by the District. *See* Dkt. No. 11, Ex. 3 (pp. 14-93 of the docketed PDF)

[2] Section 10(e)(ii) of the MSA provides that: "If the claim of default is disputed by the party receiving such notice [of default], within ten (10) business days thereafter the party receiving the notice shall give notice to the charging party that the party receiving such notice disputes that the factual matters alleged constitute a default under this Agreement. If the parties cannot resolve such dispute, the parties shall submit such matter to binding arbitration in Los Angeles County, California, in accordance with the American Health Lawyers Associates Alternative Dispute Resolution Services Rules and Procedure for Arbitration, and applying the Law of the State." Dkt. No. 4, pp. 10-11 (at 1:28-2:6).

[3] Nor has the breach been cured that occurred when this Court made its order granting the District's motion for authorization to reject the MAS on November 1, 2017. Dkt. No. 174.

1   Eastern District of California, Fresno Division, purportedly pursuant to 28 U.S.C. §§ 1334(b),

2   1452(a), 157 and Bankruptcy Rule 9027.  Dkt. No. 1 (Notice of Removal), 4, 1:11-14.

3       The Notice of Removal states that the Lawsuit "asserts a substantial breach of contract

4   claim against TRMC."  Dkt. No. 1, 2:23-24.  It further asserts that TRMC disputes any and all

5   claims made by HCCA in the Lawsuit and believes it has valid counterclaims against HCCA.  *Id.*

6   2:24-25.  In support of its purported right to remove, TRMC states:  "28 U.S.C. § 1452(a) permits

7   removal of any claim or cause of action to the district court for the district where such civil action

8   is pending provided that such district court has jurisdiction of such claim or cause of action under

9   28 U.S.C. § 1334."  Dkt. No. 1, 3:1-3.  TRMC did not attempt to remove the Lawsuit to the

10  Central District of California -- the district in which the Lawsuit was pending,

11      After its violation of title 28 by removing to the wrong district, on January 4, 2018,

12  TRMC filed its answer as well as the Counterclaim.  The Counterclaim is a smorgasbord of

13  claims and theories, many of which are specious and not pled in accordance with fundamental

14  rules of pleading.  The Counterclaim includes 11 overlapping causes of action pled largely on

15  "information and belief," claims at law (e.g. allegations split up among four overlapping claims of

16  "fraud"); claims in equity (including equitable subordination, for an equitable accounting, and for

17  cancellation of trust deed); and allegations against 50 doe defendants in clear violation of federal

18  rules of pleading.  *See generally* Dkt. No. 9 (Counterclaim), p. 1.

19      The District's answer to HCCA's Complaint raises similar concerns.  Because the

20  Complaint was not verified, prior to the putative removal a simple general denial would have

21  sufficed for an answer, an effort that would have taken an hour or less.  Instead, TRMC opted for

22  10 pages covering almost every defense known and many unknown to the legal profession, many

23  of which are mere conclusions of law and thus lack the specificity to withstand a demur or motion

24  to strike (e.g. statute of limitations, comparative fault, third party fault, failure to mitigate, waiver,

25  estoppel, laches, intervening cause, unclean hands, offset, and the crown defense of violation of

26  unspecified "constitutional clauses").

27  / / /

28  / / /

3

On January 10, 2018, HCCA filed its Statement of Non-Consent Regarding Removed Action [Bankruptcy Rule 9027(e)(3)]. Dkt. No. 13. HCCA does not consent to the entry of final orders or judgment by this Court.

The improper removal to this Court places new and avoidable costs on this proceeding and burden on this Court. As now presented, both law and equity dictate the Lawsuit should be remanded to Los Angeles Superior Court.

**III.     ARGUMENT**

There is a "strong presumption" against removal jurisdiction. Such jurisdiction must be rejected "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of overcoming this strong presumption. *Id.*; *see also Federal Home Loan Bank of Chicago v. Bank of Am. Sec. LLC*, 448 B.R. 517, 523 (C.D. Cal. 2011). Removal statutes are construed strictly because removal jurisdiction raises federalism concerns. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941). "By narrowly construing removal statutes, federal courts preserve the independence of state governments." *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1045 (2d Cir. 1991).

Under cases decided by other federal circuits, removal without lawful authorization does not bestow subject matter jurisdiction on the court to which the action is removed. *In re Nat'l Developers, Inc.*, 803 F.2d 616, 620 (11th Cir. 1986); *In re Bobroff*, 766 F.2d 797, 801-802 (3rd Cir. 1985). Even where subject matter jurisdiction exists, defects in removal procedure necessitate remand. *Kamm v. ITEX Corp.*, 568 F.3d 752, 755-756 (9th Cir. 2009); *Roskind v. Morgan Stanley Dean Witter & Company*, 165 F.Supp.2d 1059, 1063 (N.D. Cal. 2001). Even minor defects are considered grounds for remand. For example, an objection that a removal is untimely because it is filed just one day late nullifies the removal. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212-1213 (9th Cir. 1980) (finding that party had waived its right to object to a removal filed one day late, but noting that the removal time limit "is mandatory and a timely objection to a late petition will defeat removal").

/ / /

4

Even if a removal is authorized in the first instance, the case may be remanded to the court from which it was removed "on any equitable ground." 28 U.S.C. § 1452(b). The "any equitable ground" standard is "an unusually broad grant of authority" that "subsumes and reaches beyond all of the reasons for remand under non bankruptcy removal statutes." *In re McCarthy*, 230 B.R. 414, 417 (9th Cir. BAP 1999). The statute does not further define "equitable ground." To guide the identification of "equitable grounds," cases import the fourteen factors governing discretionary abstention to guide the remand decision. *In re Roman Catholic Bishop of San Diego*, 374 B.R. 756, 761-762 (Bankr. S.D. Cal 2007) (quoting *In re Enron Corp.*, 296 B.R. 505, 508-509 (C.D. Cal. 2003)). These factors are:

> (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention; (2) extent to which state law issues predominate over bankruptcy issues; (3) difficult or unsettled nature of applicable law; (4) presence of related proceeding commenced in state court or other non bankruptcy proceeding; (5) jurisdictional basis, if any, other than § 1334; (6) degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of non debtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action.

*In re Roman Catholic Bishop of San Diego*, 374 B.R. at 761-762. Although these factors can assist a court's remand decision, "they do not control it. The standard remains 'any equitable ground.'" *Id.*

Here, remand of the Lawsuit is required because the removal of the Lawsuit was in direct violation of federal law. Even if remand were not required, which it is, remand is strongly supported by the equitable factors discussed herein:

**A.      TRMC's Removal Violated 28 U.S.C. § 1452.**

The removal was not authorized by law. TRMC relies for its authority for removal on 28 U.S.C. 1452(a) which provides: "(a) A party may remove any claim other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such

MEMO OF POINTS & AUTHORITIES
ISO MOTION FOR REMAND

governmental units police or regulatory power, **to the district court for the district where such civil action is pending**, if such district court has jurisdiction of such claim or cause of action under Section 1334 of this title." 28 U.S.C. § 1452(a) (emphasis added). Thus, § 1452(a) allows parties to remove a civil action only to the district court "for the district where such civil action is pending" and **then** only if that district court has jurisdiction under § 1334. 28 U.S.C. § 1452(a). Because the Lawsuit was pending in Los Angeles within the Central District, the right to remove is limited to the Central District and then only if that district court would have jurisdiction under 28 U.S.C. § 1334 (which it does not).

Federal circuits addressing attempted removals under 28 U.S.C. § 1452(a) to federal districts other than the geographic district in which the state court action is pending reject such removals as statutorily improper and not establishing subject matter jurisdiction in court to which the action is removed.[4] The Eleventh Circuit has held that removal to the wrong district defeats subject matter jurisdiction requiring remand. *In re Nat'l Developers, Inc.*, 803 F.2d at 620. In *National Developers*, the Eleventh Circuit reversed the district court's denial of remand, holding that remand was required because the removal was defective and therefore subject matter jurisdiction was lacking in the court to which the case was removed. The Eleventh Circuit acknowledged that removal to the bankruptcy court conducting the bankruptcy court proceedings might be a more efficient procedure, but it "was obligated to enforce the procedures selected by the Congress." *Id.* at 620.[5]

---

[4] The Ninth Circuit has not addressed whether removal to the wrong district in the context of the bankruptcy removal statute, now 28 U.S.C. § 1452, defeats subject matter jurisdiction or simply constitutes defective venue requiring remand. The issue was discussed in *In re Bisno*, 433 B.R. 753 (Bankr. C.D. Cal. 2010). *Bisno* acknowledged the lack of Ninth Circuit authority on the issue, and remanded the adversary proceeding due to improper venue.
[5] The *National Developers* court reached its decision even though 28 U.S.C. § 1478(b) provided that an order denying a motion for remand "is not reviewable by appeal or otherwise." According to the Eleventh Circuit, non-reviewability under § 1478(b) applied only to discretionary decisions whether or not to remand. It went on to hold that remand was required because the court to which the action was removed lacked subject matter jurisdiction given the unlawful removal. The Eleventh Circuit joined both the Fifth Circuit (*see Browning v. Navarro*, 743 F.2d 1069, 1076 n. 21 (5th Cir. 1984)) and Third Circuit (*Pacor, Inc. v. Higgins*, 743 F.2d 984, 993 n. 14 (3rd Cir. 1984)), both of which had reached the same conclusion regarding reviewability of remand denials. While a later Eleventh Circuit opinion, *Peterson v. BMI Refractories*, 124 F.3d 1386 (11th Cir. 1997), found that removal to the wrong district under 28 U.S.C. § 1441, the non-bankruptcy removal statute, was a procedural defect that does not deprive the receiving court of subject matter jurisdiction, it noted that *National Developers* "remains the law of this circuit with respect to the bankruptcy removal statute." *Peterson*, 124 F.3d at 1393-1394 (citing the predecessor to § 1452(a)).

1    In addition, the Third Circuit has also determined that removal to a district other than the

2    district in which the state court proceeding is pending renders the removal void *ab initio* for lack

3    of subject matter jurisdiction. *In re Bobroff*, 766 F.2d at 801-802 (quoting *Pacor, Inc. v. Higgins*,

4    743 F.2d 984, 993 (3rd Cir. 1984)) (removal not permitted by the predecessor statute to § 1452(a)

5    was "flatly impermissible *ab initio* as a matter of law"). Although the Ninth Circuit has not ruled

6    on this specific issue, it has made clear its support for the strong presumption against removal

7    jurisdiction and that removal jurisdiction must be rejected "if there is any doubt as to the right of

8    removal in the first instance." *Gaus*, 980 F.2d at 566. Accordingly, it is likely that it would view

9    the unauthorized removal as a jurisdictional defect.

10    TRMC's Notice of Removal cites 28 U.S.C. § 1334(b) as additional authority for its

11    removal of the Lawsuit. Dkt. No. 1, p. 3:3-26. However, § 1334 provides no vehicle for removal

12    of a state court action, the matter at issue here. Removal is governed by a different statute, 28

13    U.S.C. § 1452, and removal rights are strictly construed. *See Gaus*, 980 F.2d at 566. TRMC cites

14    a single case, *In re Fietz*, 852 F.2d 455 (9th Cir. 1988), to support its argument that the Court has

15    jurisdiction over the Lawsuit. But *Fietz* merely discusses the standard for what constitutes a

16    "related" case under 28 U.S.C. § 1334(b). That provision does not establish an independent

17    jurisdictional basis for removal.

18    In sum, TRMC's removal to the Eastern District of California was improper and

19    unauthorized by statute and should not be treated as bestowing subject matter jurisdiction on this

20    Court. At a minimum, the Lawsuit is legally required to be remanded for improper venue.

21    **B.      Remand Is Required By The Parties' Contractual Selection Of Los Angeles
              Superior Court As The Proper Forum For The Lawsuit.**

22

23    Remand also is required by the forum selection clause in the MSA. *See* Dkt. No. 11, Ex. 3

24    (MSA), p. 55, § 11(d). TRMC and HCCA selected the Los Angeles Superior Court as "the

25    exclusive jurisdiction and venue" for all disputes arising under the MSA. Dkt. No. 4, p. 10 (at

26    1:25-27). TRMC and HCCA also agreed that it "shall be deemed to be made in, and in all

27    respects shall be interpreted, construed, and governed by and in accordance with, the Law of the

28    State," with "State" defined as "the State of California." *See* Dkt. No. 11, Ex. 3 (MSA), pp. 4

7

1  (§ 1(zz)), 40 (§ 11 (d)).  As a result, California law governs the enforceability of the forum

2  selection clause.  California supports enforcement of not only the parties' choice of law but also

3  contractual forum selection clauses.  *Cal-State Bus. Prods. & Servs., Inc. v. Ricoh*, 16 Cal.Rptr.2d

4  417, 425 (Ct. App. 1993), *as modified* (Feb. 4, 1993); *see also Smith, Valentino & Smith, Inc. v.*

5  *Superior Court*, 551 P.2d 1206, 1209 (Cal. 1976).  Mere inconvenience or additional expense in

6  litigating in the selected forum do not defeat a forum selection clause.  *CQL Original Prod., Inc.*

7  *v. Nat'l Hockey League Players' Ass'n*, 46 Cal.Rptr.2d 412, 416 (quoting *Cal-State Bus. Prods.*,

8  16 Cal.Rptr.2d at 425).  As the *Smith* court stated "No satisfying reason of public policy has been

9  suggested why enforcement should be denied a forum selection clause appearing in a contract

10 entered into freely and voluntarily by parties who have negotiated at arm's length."  *Smith,*

11 *Valentino & Smith, Inc.*, 551 P.2d at 1209.  The party challenging enforcement of the clause

12 normally bears the burden of proof.  *Id*.  The MSA also contains an arbitration clause and it is

13 possible one party or the other may seek to compel arbitration and later seek to confirm or enforce

14 an arbitration award.  The Los Angeles Superior Court would clearly be the proper forum for such

15 issues pursuant to the MSA.

16     **C.     Remand Is Appropriate Because HCCA Is Entitled To A Jury Trial.**

17       The Lawsuit also should be remanded to honor HCCA's right to a jury trial on the

18 Complaint, one of the 14 factors listed in *In re Roman Catholic Bishop of San Diego*, 374 B.R. at

19 761-762.

20       The constitutions of both the United States and California guarantee the right to a jury trial

21 of civil legal actions involving disputed issues of fact.  *See* U.S. Const. amend. VII; Cal. Const.

22 art. I, § 16.  Among the causes of action in the Lawsuit entitled to a jury trial under California law

23 are the multiple claims for breach of contract and claims of TRMC itself for fraud.  *See De Guere*

24 *v. Universal City Studios, Inc.*, 65 Cal.Rptr.2d 438, 455 (Ct. App. 1997) (breach of contract);

25 *Entin v. Superior Court*, 146 Cal.Rptr.3d 52, 60-61 (Ct. App. 2012) (declaratory relief); *Tibbitts*

26 *v. Fife*, 328 P.2d 212, 215 (Ct. App. 1958) (fraud).

27       Here, HCCA and TRMC both assert claims for breach of contract and declaratory relief

28 regarding their contractual rights.  TRMC also asserts fraud-based claims.  Under both the federal

8

1    and state constitutions, each of HCCA and TRMC has the right to a jury trial on those claims.

2    And HCCA has the right to defend against the multiple defenses at law pled by TRMC in its

3    answer.  Remand of the Lawsuit to state court would not only give respect to the parties' choice

4    of forum; it would also restore a forum where a jury trial can be provided as mandated by the two

5    constitutions.  As noted, *supra*, HCCA already has filed its Statement of Non-Consent Regarding

6    Removed Action [Bankruptcy Rule 9027(e)(3)], informing the Court and TRMC that HCCA does

7    not consent to the entry of final orders or judgment by the bankruptcy court.  Furthermore, in

8    accordance with 28 U.S.C. § 157(e), HCCA does not consent to this Court conducting a jury trial

9    even if the Court otherwise has jurisdiction to hear the merits of the Lawsuit, which HCCA

10   submits it does not.  This is a significant factor weighing in favor of remand of these non-core

11   state-law claims.  *See Federal Home Loan Bank of Chicago*, 448 B.R. at 526 ("Plaintiff's right to

12   a jury trial is in itself a reason to grant equitable remand.").

13        **D.    State Law Issues Predominate Over Bankruptcy Issues.**

14           The fourth of the fourteen factors identified in the case law favoring remand is that state

15   law issues predominate.  The causes of action in the Lawsuit pertain to the contractual

16   relationship between TRMC and HCCA under which HCCA operated the Hospital.  That

17   relationship is governed by state law.  The tort and California False Claims Act claims alleged in

18   the Counterclaim will be decided under California law. The same is true of the breach of contract

19   claims that both parties assert and all of the TRMC fraud claims.  In short, every cause of action

20   alleged in the Complaint and ten of the eleven causes of action in the Counterclaim and the

21   TRMC basket of defenses arise under, and are governed solely by, state law.  This factor, too,

22   underscores that it is equitable to remand the Lawsuit to the state court for resolution.

23        **E.    Other Equitable Factors Favor Remand.**

24           An additional five of the fourteen factors that guide remand decisions favor remand of the

25   Lawsuit.  *See In re Roman Catholic Bishop of San Diego*, 374 B.R. at 761-762.  The first is

26   whether there is a jurisdictional basis for the removed action other than 28 U.S.C. § 1334.  Here,

27   there were none when the Lawsuit was removed.  TRMC later alleged a claim for equitable

28

subordination under 11 U.S.C. §§ 105(a) and 510(b), but it did so only as one of 11 causes of action in a counterclaim filed in an unlawfully removed proceeding.

The second additional factor supporting remand is whether it is feasible to sever the state law claims from core bankruptcy matters to allow judgments to be entered in state court. Since the Lawsuit is based entirely on state law issues, there is no core bankruptcy matter from which it must be severed before remand.

The third additional factor supporting remand is the burden on the bankruptcy court's docket. Remand would reduce that burden. The Court already is overseeing a contentious and complicated chapter 9 case. Resolving discovery disputes, hearing pre-trial motions, and administering a trial on the Lawsuit would consume precious court time – all so the Court could decide 13 causes of action governed wholly by California law. This is a burden the Court should not bear.

The fourth additional factor supporting remand is the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties. There is such evidence here. In his comment to the public and the media, the now Chair of TMRC Board expressed his disdain for Los Angeles in attacking HCCA, announcing that the District should "renegotiate or throw out the current HCCA contract…. [and] do it 'the Tulare way'—not the Southern California divisive, divisive secretive, and machine politics way." Dkt. No. 4, pp. 15-16 (at 6:26-7:1).

The fifth additional factor supporting remand is the presence in the proceeding of non-debtor parties. Non-debtor parties will be present in the Lawsuit. Both HCCA's Complaint and TRMC's Counter Claim name a total of 70 fictitious parties; 50 by TRMC alone. HCCA notes that Doe defendants are disfavored in federal court. *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970).

## IV.  CONCLUSION

Remand is not only required because TRMC's removal was not authorized by law but it also would honor the parties' agreement that the exclusive litigation venue would be Los Angeles Superior Court. Remand would render unto the state court issues and claims that are the state

court's to decide.  HCCA respectfully urges the Court to remand the Lawsuit to the Los Angeles
Superior Court.

Dated:  January 24, 2018                    MARC A. LEVINSON
                                            CYNTHIA J. LARSEN
                                            ORRICK, HERRINGTON & SUTCLIFFE LLP

                                            HAGOP T. BEDOYAN
                                            LISA HOLDER
                                            KLEIN, DENATALE, GOLDNER, COOPER,
                                            ROSENLIEB & KIMBALL LLP


                                            By    /s/ Marc A. Levinson
                                                      Marc A. Levinson
                                                   Attorneys for Plaintiff
                                            HealthCare Conglomerate Associates, LLC

C:\NRPortbl\USA\WAP\767934804_9.docx