16

MARC A. LEVINSON, CSB NO. 57613
CYNTHIA J. LARSEN, CSB NO. 123994
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
400 Capitol Mall, Suite 3000
Sacramento, California 95814-4497
Telephone: (916) 329-4910
Email: malevinson@orrick.com
        clarsen@orrick.com

HAGOP T. BEDOYAN, CSB NO. 131285
LISA HOLDER, CSB NO. 217752
**KLEIN, DENATALE, GOLDNER,**
    **COOPER, ROSENLIEB & KIMBALL LLP**
5260 N. Palm Avenue, Suite 201
Fresno, California 93704
Telephone: (559) 438-4374
Facsimile:  (559) 432-1847
E-mail: hbedoyan@kleinlaw.com
        lholder@kleinlaw.com

Attorneys for HealthCare Conglomerate Associates, LLC

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>TULARE LOCAL HEALTHCARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER,<br><br>Debtor.<br><br>―――――――――――――――――――<br><br>HEALTHCARE CONGLOMERATE ASSOCIATES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TULARE LOCAL HEALTHCARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER, and DOES 1 through 20,<br><br>Defendant.<br><br>AND RELATED COUNTER-CLAIM | Case No.: 17-13797-9-B<br><br>Chapter 9<br><br>ADV. PROC. NO.: 17-01095-B<br><br>DC No.: OHS-2<br><br>**HEALTHCARE CONGLOMERATE ASSOCIATES, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM AGAINST HCCA OR IN THE ALTERNATIVE TO STRIKE PORTIONS THEREOF**<br><br>Date:     March 12, 2018<br>Time:     10:30 a.m.<br>Dept:     Courtroom 13<br>Judge:    Hon. René Lastreto II |

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ......................................................................................... 1

II.    LEGAL ANALYSIS ..................................................................................... 2

     A.    The Counterclaim Should Be Dismissed For Lack Of Subject Matter Jurisdiction Pursuant To Fed. R. Civ. P. 12(b)(1).................................... 2

     B.    The Counterclaim Should Be Dismissed For Improper Venue Pursuant To Fed. R. Civ. P. 12(b)(3).......................................................... 4

     C.    Most Of The Causes Of Action In The Counterclaim Should Be Dismissed For Failure To Plead Claims With Sufficient Particularity Pursuant To Fed. R. Civ. P. 9(b) Or For Failure To State A Claim Pursuant To Fed. R. Civ. P. 12(b)(6) Or Both. ...................................................................... 4

         1.    The Third Cause Of Action (For Fraud) Should Be Dismissed Because It Is Not Pleaded With The Required Particularity And Because It Fails To Allege An Actual Misrepresentation.......................... 4

         2.    The Fourth Cause Of Action (For Negligent Misrepresentation) Should Be Dismissed For Failure To Allege An Actual Misrepresentation And Because It Is Not Pleaded With The Required Particularity. ................................................................. 7

         3.    The Fifth Cause of Action (For Concealment) Should Be Dismissed Because It Is Not Pleaded With The Required Particularity...................... 8

         4.    The Sixth Cause Of Action (For Conversion) Should Be Dismissed Because It Is Not Pleaded With The Required Particularity...................... 8

         5.    The Seventh Cause Of Action (For Breach Of Fiduciary Duty) Should Be Dismissed Because It Is Not Pleaded With The Required Particularity And Because It Relies On Deficient Fraud Pleadings............ 9

         6.    The Eighth Cause of Action (For Violation Of The California False Claims Act) Should Be Dismissed Because It Merely Recites Statutory Language And Is Not Pleaded With The Required Particularity. ............................................................................... 9

         7.    The Eleventh Cause Of Action (For Equitable Subordination) Should Be Dismissed To The Extent It Relies On Other Invalid Claims And Causes Of Action. ................................................... 10

     D.    Portions Of The Counterclaim Pleaded On Information And Belief Without Factual Support Should Be Stricken Pursuant To Fed. R. Civ. P. 12(f) As Immaterial, Impertinent, And Scandalous. .......................................... 10

III.   CONCLUSION .......................................................................................... 12

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4

*Amfac Mortg. Corp. v. Arizona Mall of Tempe, Inc.,*
5
    583 F.2d 426 (9th Cir. 1978)..............................................................................6

6

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ........................................................................................9
7

*In re Bisno,*
8
    433 B.R. 753 (Bankr. C.D. Cal. 2010) ........................................................3, 4

9

*In re Bobroff,*
10
    766 F.2d 797 (3rd Cir. 1985) ..........................................................................3

11

*Browning v. Navarro,*
    743 F.2d 1069 (5th Cir. 1984).........................................................................3
12

*Gaus v. Miles, Inc.,*
13
    980 F.2d 564 (9th Cir. 1992)...........................................................................3

14

*Kearns v. Ford Motor Co.,*
15
    567 F.3d 1120 (9th Cir. 2009).........................................................................4

16

*Moore v. Kayport Package Exp., Inc.,*
    885 F.2d 531 (9th Cir. 1989)................................................................. *passim*
17

*In re Nat'l Developers, Inc.,*
18
    803 F.2d 616 (11th Cir. 1986).........................................................................3

19

*Neubronner v. Milken,*
20
    6 F.3d 666 (9th Cir. 1993)......................................................................1, 5, 11

21

*In re Orosco,*
    77 B.R. 246 (Bankr. N.D. Cal. 1987).............................................................5
22

*Pacor, Inc. v. Higgins,*
23
    743 F.2d 984 (3rd Cir. 1984) ..........................................................................3

24

*Peterson v. BMI Refractories,*
    124 F.3d 1386 (11th Cir. 1997).......................................................................3
25

*Shroyer v. New Cingular Wireless Servs., Inc.,*
26
    622 F.3d 1035 (9th Cir. 2010)............................................................... *passim*

27

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
28
    551 U.S. 308 (2007) ........................................................................................6

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003)....................................................................... *passim*

**Statutes**

28 U.S.C. § 1334 ...................................................................................................3

28 U.S.C. § 1441 ...................................................................................................3

28 U.S.C. § 1452 ...................................................................................................2

28 U.S.C. § 1452(a) ..............................................................................................2

28 U.S.C. § 1452(b) ..........................................................................................1, 3

28 U.S.C. § 1478(b) ..............................................................................................3

Cal. Gov't Code § 12651(a)(1) ............................................................................9

Cal. Gov't Code § 12651(a)(2) ............................................................................9

Cal. Gov't Code § 12651(a)(4) ............................................................................9

Cal. Gov't Code § 12651(a)(7) ............................................................................9

California False Claims Act ..................................................................................9

**Other Authorities**

California Civil Jury Instruction ("CACI") No. 1900..........................................7

California Civil Jury Instruction No. 1901 ..........................................................8

California Civil Jury Instruction No. 1903 ..........................................................7

Federal Rule of Bankruptcy Procedure 7009 ......................................................1

Federal Rule of Bankruptcy Procedure 7012(b) .................................................1

Federal Rule of Civil Procedure 9.......................................................................1

Federal Rule of Civil Procedure 9(b) .......................................................... *passim*

Federal Rule of Civil Procedure 12(b)(1)....................................................1, 2, 3

Federal Rule of Civil Procedure 12(b)(3) .......................................................1, 4

Federal Rule of Civil Procedure 12(b)(6) .................................................... *passim*

Federal Rule of Civil Procedure 12(f)..............................................................2, 10

1   **I.      INTRODUCTION**

2          Plaintiff HealthCare Conglomerate Associates, Inc. ("HCCA") submits this memorandum

3   of points and authorities in support of its Motion to Dismiss the Counterclaim Against HCCA

4   (Dkt. No. 9) ("Counterclaim") filed by Tulare Local Healthcare District dba Tulare Regional

5   Medical Center ("TRMC").  The Counterclaim, which amounts to a rant of bare accusations,

6   omitting only the kitchen sink, should be dismissed in its entirety on two alternate grounds.  First,

7   because the Court lacks subject matter jurisdiction under Federal Rule of Civil Procedure

8   12(b)(1).[1] Second, because the suit is improperly venued pursuant to Federal Rule of Civil

9   Procedure 12(b)(3).  As HCCA detailed in its Motion For Remand Of Lawsuit To State Court

10  Pursuant To 28 U.S.C. § 1452(b) (Dkt. No. 17) (the "Remand Motion"), filed on January 24,

11  2018, and in its supporting documents, TRMC's improper removal of this litigation either leaves

12  the Court without subject matter jurisdiction or constitutes defective venue.[2]

13         If the Counterclaim is not dismissed in its entirety, many of its individual putative causes

14  of action still should be dismissed on one of two primary grounds.  The third, fourth, fifth, sixth,

15  seventh, eighth, and eleventh causes of action, all fraud-based, should be dismissed because they

16  are not pleaded with the requisite particularity required by Federal Rule of Civil Procedure 9(b).[3]

17  Allegations of fraud must be stated with "particularity," including the time, place, speaker, and

18  specific content of purportedly fraudulent representations, and cannot be supported by

19  "conclusory allegations."  Fed R. Civ. P. 9(b); *Moore v. Kayport Package Exp., Inc.*, 885 F.2d

20  531, 540-41 (9th Cir. 1989).  The Counterclaim fails to provide these required details; instead,

21  TRMC repeatedly relies on pleading its allegations on "information and belief" as cover for its

22  lack of particularity (and then, in turn, fails to offer any factual allegations explaining the basis

23  for its information and belief).  *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)

24  (allegations of fraud made on information and belief "must state the factual basis for the belief.").

25  _____

[1] Federal Rule of Civil Procedure 12(b)-(i) is made applicable to adversary proceedings pursuant to Federal Rule of
26  Bankruptcy Procedure 7012(b).
[2] HCCA reiterates its arguments as to subject matter jurisdiction and improper venue in sections II.A and II.B of this
27  Motion. Should the Remand Motion be granted, this motion to dismiss will be rendered moot, which is why HCCA
has set this Motion for hearing two weeks after the hearing on the Remand Motion.
[3] Federal Rule of Civil Procedure 9 is applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy
28  Procedure 7009.

MPA ISO MTN TO DISMISS COUNTERCLAIM AGAINST HCCA
OR IN THE ALTERNATIVE TO STRIKE PORTIONS THEREOF

1   The heightened particularity requirements of Rule 9(b) apply to all of the causes of action

2   that are *based on* TRMC's allegations of fraud, not just those labeled as actions for fraud.  Where

3   a party "allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of

4   conduct as the basis of a claim . . . the claim is said to be 'grounded in fraud' or to 'sound in

5   fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule

6   9(b)."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003).  Thus, all of the

7   causes of action in the Counterclaim that sound in fraud (the third, fourth, fifth, sixth, seventh,

8   eighth, and eleventh) and fail to plead the required level of particularity should be dismissed.

9   In addition, the third, fourth, and eighth causes of action also should be dismissed for

10  failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  The third and fourth

11  causes of action rest on the same alleged misrepresentations.  However, upon inspection, it is

12  clear that even if the alleged statements were made, they could not have been "false", and thus do

13  not support a claim of fraud or negligent misrepresentation.  The eighth cause of action is nothing

14  more than a recitation of statutory elements, which is plainly insufficient to support a claim.

15  Finally, to the extent any claims remain, HCCA moves pursuant to Federal Rule of Civil

16  Procedure 12(f) to strike certain portions of the Counterclaim that are improperly based on

17  information and belief.

18  **II.**    **LEGAL ANALYSIS**

19     **A.**    **The Counterclaim Should Be Dismissed For Lack Of Subject Matter Jurisdiction Pursuant To Fed. R. Civ. P. 12(b)(1).**

20

21  TRMC's unauthorized removal of this action to this Court does not vest the Court with

22  subject matter jurisdiction.  Thus, dismissal of the Counterclaim is required pursuant to Federal

23  Rule of Civil Procedure 12(b)(1).

24  That is the precedent established by multiple federal circuits faced with unauthorized

25  removals under 28 U.S.C. § 1452(a) to a district other than the geographic district in which the

26  state court action is pending.[4]  For instance, the Eleventh Circuit has held that removal to the

27

28  [4] The Ninth Circuit has not addressed whether removal to the wrong district in the context of the bankruptcy removal statute, now 28 U.S.C. § 1452, defeats subject matter jurisdiction or simply constitutes defective venue requiring

1   wrong district defeats subject matter jurisdiction. *In re Nat'l Developers, Inc.*, 803 F.2d 616, 620

2   (11th Cir. 1986) (holding that remand was required because the removal was defective and

3   therefore subject matter jurisdiction was lacking in the court to which the case was removed).[5]

4   The Third Circuit reached the same conclusion, holding the removal void *ab initio* for lack of

5   subject matter jurisdiction. *In re Bobroff*, 766 F.2d 797, 801-802 (3rd Cir. 1985) (quoting *Pacor,*

6   *Inc. v. Higgins*, 743 F.2d 984, 993 (3rd Cir. 1984)). Although the Ninth Circuit has not ruled on

7   this specific issue, it has made clear its strong support for the presumption against removal

8   jurisdiction and potentially unauthorized removals must be rejected " . . . if there is any doubt as

9   to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.

10   1992). Accordingly, it is likely that the Ninth Circuit would view unauthorized removal as a

11   jurisdictional defect that does not create subject-matter jurisdiction.

12         TRMC's removal was not authorized by statute. Because the lawsuit was pending in the

13   Superior Court for Los Angeles County, the right to remove is limited to the Central District and

14   then only if that district court would have jurisdiction over the Complaint under 28 U.S.C. § 1334

15   (which it does not). There was thus no statutory authority for TRMC to remove this action to this

16   court. HCCA respectfully submits that this Court lacks subject matter jurisdiction over the

17   Counterclaim, and it should be dismissed under Rule 12(b)(1).

18

19

20

21

22   remand. The issue was discussed in *In re Bisno*, 433 B.R. 753 (Bankr. C.D. Cal. 2010), which acknowledged the
     lack of Ninth Circuit authority on the issue, and remanded the adversary proceeding due to improper venue.

23   [5] The *National Developers* court reached its decision even though 28 U.S.C. § 1478(b), the predecessor to § 1452(b),
     provided that an order denying a motion for remand "is not reviewable by appeal or otherwise." According to the

24   Eleventh Circuit, non-reviewability under § 1478(b) applied only to discretionary decisions whether or not to
     remand. It went on to hold that remand was required because the court to which the action was removed lacked

25   subject matter jurisdiction given the unlawful removal. The Eleventh Circuit joined both the Fifth Circuit (*see*
     *Browning v. Navarro*, 743 F.2d 1069, 1076 n. 21 (5th Cir. 1984)) and Third Circuit (*Pacor, Inc. v. Higgins*, 743 F.2d

26   984, 993 n. 14 (3rd Cir. 1984)), both of which had reached the same conclusion regarding reviewability of remand
     denials. While a later Eleventh Circuit opinion, *Peterson v. BMI Refractories*, 124 F.3d 1386 (11th Cir. 1997), found

27   that removal to the wrong district under 28 U.S.C. § 1441, the removal statute for non-bankruptcy cases, was a
     procedural defect that does not deprive the receiving court of subject matter jurisdiction, it noted that *National*

28   *Developers* "remains the law of this circuit with respect to the bankruptcy removal statute." *Peterson*, 124 F.3d at
     1393-1394 (citing the predecessor to § 1452(a)).

**B.  The Counterclaim Should Be Dismissed For Improper Venue Pursuant To Fed. R. Civ. P. 12(b)(3).**

As shown in the Remand Motion, removal to the wrong district court is typically treated as resulting in a lack of subject matter jurisdiction, although in at least one case has been treated as a matter of improper venue. *See In re Bisno*, 433 B.R. 753, 758 (Bankr. C.D. Cal. 2010). Thus, the Counterclaim should be dismissed for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).

**C.  Most Of The Causes Of Action In The Counterclaim Should Be Dismissed For Failure To Plead Claims With Sufficient Particularity Pursuant To Fed. R. Civ. P. 9(b) Or For Failure To State A Claim Pursuant To Fed. R. Civ. P. 12(b)(6) Or Both.**

Should the Court see fit not to dismiss the Counterclaim in its entirety, HCCA requests that the Court dismiss the third, fourth, fifth, sixth, seventh, eighth, and eleventh causes of action on the following grounds:

**1.  The Third Cause Of Action (For Fraud) Should Be Dismissed Because It Is Not Pleaded With The Required Particularity And Because It Fails To Allege An Actual Misrepresentation.**

Federal Rule of Civil Procedure 9(b) "requires that the pleader state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Moore*, 885 F.2d at 540-41; *see also Shroyer v. New Cingular Wireless Servs., Inc.,* 622 F.3d 1035, 1042 (9th Cir. 2010). "[M]ere conclusory allegations of fraud are insufficient." *Moore*, 885 F.2d at 540. This requirement serves to provide defendants with adequate notice of a fraud cause of action, prevent the filing of fraud claims as a pretext for discovery, protect the reputation of parties who are subject to accusations of fraud, and prohibit claimants from unilaterally imposing significant costs on the court and other parties absent a factual basis for their fraud allegations. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). Any averment of fraud that fails to meet the particularity requirement should therefore be disregarded and stripped from the claim. *Vess*, 317 F.3d at 1105. Whatever allegations remain, if any, are then analyzed to see if a claim has been sufficiently stated. *Id.*

1    TRMC's allegations of fraud are not pleaded with the required particularity.  In

2    paragraphs 34-40 of the Counterclaim, TRMC accuses HCCA of a number of alleged

3    misrepresentations, but offers no specifics as to the time (other than "beginning in 2016"), place,

4    or individual who made the alleged statements.  Instead, TRMC's cause of action rests on the

5    type of conclusory accusations that *Moore* held insufficient.

6        Moreover, these accusations are further muddied by the Counterclaim's systemic

7    overreliance on pleading on "information and belief".  As made clear in paragraph 2 of the

8    Counterclaim, essentially all of the causes of action stated in the counterclaim, including those for

9    fraud, are pleaded on information and belief.[6]  Where allegations of fraud are made on

10   information and belief, such allegations "must state the factual basis for the belief."  *Neubronner*,

11   6 F.3d at 672.  "Claims made on information and belief are not usually sufficiently particular,

12   unless they accompany a statement of facts on which the belief is founded."  *Shroyer,* 622 F.3d at

13   1042.

14       The Counterclaim offers no such factual basis.  To the contrary, it uses "information and

15   belief" pleading as a crutch to *avoid* pleading any specifics in support of its fraud claims.  *Cf. In*

16   *re Orosco*, 77 B.R. 246, 250–51 (Bankr. N.D. Cal. 1987) ("The major factual allegations of the

17   Claim . . . are made on 'information and belief,' which, in essence, means that [the pleading

18   party] has declined to aver without equivocation that its factual allegations are true.").  The

19   minimal facts provided in paragraph 35 of the Counterclaim neither explain the foundation for

20   TRMC's "information and belief" assertions nor provide the required time, place, and identity

21   details for the alleged misrepresentations.  TRMC has failed to meet its burden to plead fraud

22   with particularity and its third cause of action should therefore be dismissed.

23       In addition to lacking the requisite particularity, TRMC's fraud claim fails for a second

24   reason: it does not allege an actual misrepresentation.  The Counterclaim's third cause of action

---

25   [6] The Counterclaim expressly refers to its reliance on "information and belief" 25 times.  Dkt. No. 9 at  ¶¶ 2, 5-7, 11-
26   12, 15, 17-19, 21, 35, 50, 58, 70, 77, 87d. These references cover large swaths of TRMC's allegations, particularly
     those where TRMC chooses to summarily list its baseless and defamatory accusations.  Moreover, it is often difficult
     to tell where TRMC's reliance on "information and belief" begins and ends.  For instance, in its cause of action for
27   fraud, TRMC expressly relies on information and belief for portions of its allegations.  *See* Dkt. No. 9 at ¶¶ 12-13.
     However, it is clear from other sections of the Counterclaim that in fact all of the allegations upon which its fraud
28   cause of action rest are based on information and belief.  *Compare* Dkt. No. 9 at ¶¶ 2, 18 with ¶¶ 34-40.

1  alleges that HCCA "represented to the District that loans and/or sales proceeds from the sale of

2  District were needed to cover operational expenses for the hospital and related healthcare

3  facilities," and "that any monies obtained from the loans/sales proceeds would be used to satisfy

4  increasing accounts payable and other creditors of the District . . . [and] would be used to pay

5  ongoing operational expenses of the District."  Dkt. No. 9 at ¶ 34.  TRMC then asserts that these

6  representations were false because loan monies and sales proceeds were allegedly used for

7  "HCCA's personal use and benefit . . . [r]ather than providing the sales proceeds to the District,"

8  and "were never made available to the District to cover operational or other expenses."  *Id.* at

9  ¶ 35.

10       But these allegations are contradicted by the express terms of the Management Services

11  Agreement ("MSA") between the parties, which is an exhibit to the Counterclaim.  It permits

12  HCCA to pay itself monies TRMC owed it from such proceeds.  Section 4(g)(v) of the MSA

13  provides: "Manager [HCCA] is hereby authorized to make payment from the Master Account or

14  other accounts of the District, including the Depository Account, to itself and its Affiliates of any

15  amounts due to it or any of them by the District under this Agreement or otherwise […]."  Dkt.

16  No. 11, Ex. 3 (MSA), pp. 1 (preamble), 4 at § 1(kk), and 15 at § 4(g)(v).  *See Tellabs, Inc. v.*

17  *Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007) (courts ruling on Rule 12(b)(6)

18  motions to dismiss must consider the complaint and "documents incorporated into the complaint

19  by reference"); *see also Amfac Mortg. Corp. v. Arizona Mall of Tempe, Inc.*, 583 F.2d 426, 429-

20  30 (9th Cir. 1978) (documents attached to plaintiff's complaint "are properly a part of the court's

21  review as to whether plaintiff can prove any set of facts in support of its claim").  Thus, even if

22  HCCA made the representations and took the actions that TRMC alleges, which HCCA does not

23  concede, those representations would not have been false.[7]  If HCCA represented that it would

24  use monies to satisfy TRMC's accounts payable, other creditors, or operating expenses, that is

25  exactly what HCCA is alleged to have done and was entitled to do under the MSA. Therefore, no

26  misrepresentation was made.  TRMC thus cannot establish the falsity of the alleged

27

28  [7] TRMC has not provided sufficient time, place, and individual details for HCCA to determine what representations, if any, TRMC references.

representations, that HCCA "knew" the alleged statement was false (because it was not), or that TRMC was harmed by HCCA abiding by the MSA.[8]

TRMC's cause of action for fraud should therefore be dismissed for failure to plead with the required particularity under Rule 9(b) and for failure to state a claim under Rule 12(b)(6).

**2.      The Fourth Cause Of Action (For Negligent Misrepresentation) Should Be Dismissed For Failure To Allege An Actual Misrepresentation And Because It Is Not Pleaded With The Required Particularity.**

The Counterclaim's fourth cause of action (for negligent misrepresentation) expressly relies on the same allegations as its cause of action for fraud. *See* Dkt. No. 9 at ¶¶ 41-47; *Vess*, 317 F.3d at 1108.  As described in section II.C.1 above, these allegations do not allege an actual misrepresentation, because even if true, HCCA was a creditor of TRMC entitled under the MSA between the parties to use the type of monies and sale proceeds referenced to pay amounts owing to HCCA by TRMC.  Thus, TRMC cannot show that the alleged misrepresentations were false, that HCCA had "no reasonable grounds" to believe the statements to be true, or that TRMC was harmed by HCAA's alleged use of the monies pursuant to the MSA.[9]

Furthermore, TRMC's negligent misrepresentation claim suffers from the same lack of particularity in its pleading as its cause of action for fraud, as the same alleged, unspecified representations form the basis for both.  *See Moore*, 885 F.2d at 540-41; *see also Shroyer,* 622 F.3d at 1042.  They do not assert what specific representations were made, who made the representations, or when and where the representations were made.

The Counterclaim's fourth cause of action (for negligent misrepresentation) should therefore be dismissed for failure to plead with the required particularity under Rule 9(b) and for failure to state a claim under Rule 12(b)(6).

---

[8] *See* California Civil Jury Instruction ("CACI") No. 1900 ("Intentional Misrepresentation"; listing as elements that a party represented that a fact was true; that the representation was false; that the speaker knew the representation was false when it was made; that the speaker intended the recipient to rely on the representation; that there was reasonable reliance; that the complaining party was harmed; and that the reliance was a substantial factor in the harm).

[9] *See* CACI No. 1903 ("Negligent Misrepresentation"; listing as elements that a fact was alleged to be true; that the representation was not true; that the speaker had no reasonable grounds to believe it was true; that the speaker intended the listener to rely on the representation; that there was reasonable reliance; that the complaining party was harmed; and that the reliance was a substantial factor in the harm).

3. **The Fifth Cause of Action (For Concealment) Should Be Dismissed Because It Is Not Pleaded With The Required Particularity.**

Concealment is a species of fraud under California law[10] and is subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See Vess*, 317 F.3d at 1108 (where complaint "alleges a unified course of fraudulent conduct … Rule 9(b) applies to the whole of that complaint"). This claim offers no specific factual basis for its allegations of concealment; only conclusions and argument. *See Moore*, 885 F.2d at 540-41; *see also Shroyer*, 622 F.3d at 1042. For instance, the Counterclaim alleges that HCCA wrongfully refused to provide financial records upon demand, provided misleading financial reports, and provided and maintained intentionally false financial records. Dkt. No. 9 at ¶ 50. But these allegations do not identify any *specific* action taken by HCCA showing concealment. They do not include the time or place or content of any alleged demand or the identity of an individual making such demand or engaged in such concealment; nor do they identify any specific financial information or records that were supposedly false or misleading. Similarly, TRMC broadly alleges that HCCA fraudulently mismanaged TRMC's financial information, "artificially inflat[ed] the District's books," and "disguised the improper transfers of money," but offers no specific facts in support of any of these contentions. Dkt. No. 9 at ¶ 50.

Moreover, all of TRMC's allegations relating to its cause of action for concealment are again made on "information and belief." As discussed above, "information and belief" pleading imposes an *additional* requirement that the Counterclaim include "a statement of facts on which the belief is founded." *Shroyer*, 622 F.3d at 1042. The Counterclaim, however, offers no factual basis for any of its "information and belief" assertions, and therefore should be dismissed.

4. **The Sixth Cause Of Action (For Conversion) Should Be Dismissed Because It Is Not Pleaded With The Required Particularity.**

TRMC's sixth cause of action (for conversion), like those discussed above, fails to provide a factual basis for its assertions and instead improperly relies on "information and belief"

---

[10] *See* CACI No. 1901 ("Concealment"; listed under the subheading "Series 1900 Fraud or Deceit").

1   pleading. In addition, it is based on alleged fraudulent conduct (including some of the same

2   conduct that forms the basis for TRMC's claims of fraud, negligent misrepresentation, and

3   concealment). *See Vess*, 317 F.3d at 1108. The Counterclaim does not provide any factual basis

4   for its conversion claims, and again relies exclusively on a list of unsupported, summary

5   conclusions and arguments based on information and belief. Dkt. No. 9 at ¶ 58. As discussed

6   above, such summary allegations listed without a factual basis do not satisfy the particularity

7   requirement of Rule 9(b), and should be dismissed.

8           **5.      The Seventh Cause Of Action (For Breach Of Fiduciary Duty) Should
                       Be Dismissed Because It Is Not Pleaded With The Required**
9                      **Particularity And Because It Relies On Deficient Fraud Pleadings.**

10          The Counterclaim's seventh cause of action (for breach of fiduciary duty) reiterates and

11   incorporates TRMC's claims of fraud and conversion (*see* Dkt. No. 9 at ¶ 64, numbers 1, 2, 3, 4,

12   and 6), and adds an additional claim (¶ 64, number 5) that HCCA "intentionally interfer[ed] with

13   the seating of a Board Member". The claims based on fraud and conversion fail for the reasons

14   discussed in sections II.C.1 and II.C.4, *supra* – they are not pleaded with sufficient particularity,

15   are improperly based on information and belief, and, with respect to the fraud claims, fail to assert

16   an actual misrepresentation. Meanwhile, the additional claim related to the seating of a board

17   member suffers from the same lack of particularity as the other claims. That claim, too, is only

18   pleaded on information and belief. S*ee* Dkt. No. 9 at ¶ 2, 15. Respectfully, the seventh cause of

19   action (for breach of fiduciary duty) should therefore be dismissed for failure to state a claim

20   under Rule 12(b)(6) and for failure to plead with the required particularity under Rule 9(b).

21          **6.      The Eighth Cause of Action (For Violation Of The California False
                      Claims Act) Should Be Dismissed Because It Merely Recites Statutory**
22                    **Language And Is Not Pleaded With The Required Particularity.**

23          The Counterclaim's eighth cause of action (for violation of the California False Claims

24   Act) includes no new allegations and does nothing more than recite the False Claims Act statute

25   "on information and belief." *Compare* Dkt. No. 9 at ¶ 70 *with* Cal. Gov't Code § 12651(a)(1),

26   (2), (4), (7). This is plainly insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678

27   (2009) ("A pleading that offers . . . 'a formulaic recitation of the elements of a cause of action

28

1   will not do' . . . Threadbare recitals of a cause of action's elements, supported by mere conclusory

2   statements, do not suffice.").  Further, to the extent this cause of action relies on reference to

3   TRMC's earlier allegations of fraud and conversion, and on pleading on information and belief, it

4   fails for the reasons discussed above.[11]  The eighth cause of action (for breach of fiduciary duty)

5   should therefore be dismissed for failure to state a claim under Rule 12(b)(6) and for failure to

6   plead with the required particularity under Rule 9(b).

### 7.   The Eleventh Cause Of Action (For Equitable Subordination) Should Be Dismissed To The Extent It Relies On Other Invalid Claims And Causes Of Action.

9       TRMC's eleventh cause of action (for equitable subordination) restates and incorporates

10  its various allegations of fraud and conversion.  Dkt. No. 9 at ¶ 87.  To the extent TRMC's claim

11  of equitable subordination relies on other insufficiently pleaded causes of action, it too should be

12  dismissed for failure to state a claim under Rule 12(b)(6) and for failure to plead with the required

13  particularity under Rule 9(b).

### D.   Portions Of The Counterclaim Pleaded On Information And Belief Without Factual Support Should Be Stricken Pursuant To Fed. R. Civ. P. 12(f) As Immaterial, Impertinent, And Scandalous.

16      To the extent any portion of the Counterclaim is not dismissed for the reasons discussed

17  above, HCCA also moves that the Court strike the following portions of the Counterclaim as

18  improperly pleaded on "information and belief":

19  From the Background Sections:

20  • Page 2, line 28 through page 3, line 21 (paragraph 2);

21  • Page 6, approximately lines 19 through 21 (paragraph 11);

22  • Page 6, approximately line 23 through Page 7, line 2 (paragraph 12);

23  • Page 8, lines 4 through 8 (last sentence of paragraph 15);

24  • Page 8, line 27 through page 9, line 1 (last sentence of paragraph 17);

25  • Page 9, lines 8 through 11 (last sentence of paragraph 18);

26

---

[11] Throughout the Counterclaim, TRMC repeatedly refers back to and "incorporates" the entirety of its run-on accusations rather than properly stating a cause of action with a factual basis.  Such references rely on paragraph upon paragraph of irrelevant (and inaccurate) allegations and provide no meaningful guidance to the Court or other parties as to the basis of a given cause of action.

- Page 9, lines 18-20 (last non-citation sentence of paragraph 19); and
- Page 10, lines 2 through 6 (last two sentences of paragraph 21).

From the Causes of Action:

- Page 12, line 25 through page 13, line 5 (portion of paragraph 35);
- Page 14, line 23 through page 15, line 6 (paragraph 50);
- Page 15, line 24 through page 16, line 4 (paragraph 58);
- Page 17, lines 16 through 24 (paragraph 70);
- Page 18, lines 14 through 18 (last two sentences of paragraph 77); and
- Page 20, lines 19 through 21 (paragraph 87d).

In each of these sections, TRMC uses "information and belief" pleading to level accusations of misconduct against HCCA without any supporting facts. As discussed above, allegations of fraud based on information and belief "must state the factual basis for the belief." *Neubronner*, 6 F.3d at 672; *see also Shroyer,* 622 F.3d at 1042. TRMC fails to offer any such factual basis for its "information and belief" pleadings, and such allegations should therefore be stricken. [12]

///
///
///
///
///
///
///
///
///
///

---

[12] Due to TRMC's uncareful drafting, it is not always clear where TRMC's allegations on "information and belief" begin and end. To the extent the Court identifies any other claims and allegations in the Counterclaim to be improperly based on information and belief, those too should be stricken.

MPA ISO MTN TO DISMISS COUNTERCLAIM AGAINST HCCA
OR IN THE ALTERNATIVE TO STRIKE PORTIONS THEREOF

1

## III.    CONCLUSION

2

Based on the foregoing, HCCA respectfully requests the Court issue an order dismissing

3

the Counterclaim or, in the alternative, dismissing and striking the portions of the Counterclaim

4

identified herein.

5

6

Dated:  January 29, 2018                    MARC A. LEVINSON

7                                           CYNTHIA J. LARSEN
                                            ORRICK, HERRINGTON & SUTCLIFFE LLP

8
                                            HAGOP T. BEDOYAN
9                                           LISA HOLDER
                                            KLEIN, DENATALE, GOLDNER, COOPER,
10                                          ROSENLIEB & KIMBALL LLP

11
                                            By: _____ /s/ *Marc A. Levinson* _____
12                                                    Marc A. Levinson
                                                    Attorneys for Plaintiff
13                                          HealthCare Conglomerate Associates, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

OHSUSA:767952765.1

27

28

-12-