MARC A. LEVINSON, CSB NO. 57613
CYNTHIA J. LARSEN, CSB NO. 123994
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
400 Capitol Mall, Suite 3000
Sacramento, California 95814-4497
Telephone: (916) 329-4910
Email: malevinson@orrick.com
           clarsen@orrick.com

HAGOP T. BEDOYAN, CSB NO. 131285
LISA HOLDER, CSB NO. 217752
**KLEIN, DENATALE, GOLDNER,**
    **COOPER, ROSENLIEB & KIMBALL LLP**
5260 N. Palm Avenue, Suite 201
Fresno, California 93704
Telephone: (559) 438-4374
Facsimile:  (559) 432-1847
E-mail: hbedoyan@kleinlaw.com
           lholder@kleinlaw.com

Attorneys for HealthCare Conglomerate Associates, LLC

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>TULARE LOCAL HEALTHCARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER,<br><br>Debtor.<br>_____<br><br>HEALTHCARE CONGLOMERATE ASSOCIATES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TULARE LOCAL HEALTHCARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER, and DOES 1 through 20,<br><br>Defendant.<br><br>AND RELATED COUNTER-CLAIM | Case No.: 17-13797-9-B<br><br>Chapter 9<br><br>ADV. PROC. NO.: 17-01095-B<br><br>DC No.: OHS-3<br><br>**HEALTHCARE CONGLOMERATE ASSOCIATES, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE PORTIONS OF ANSWER**<br><br>Date:        March 12, 2018<br>Time:       10:30 a.m.<br>Dept:        Courtroom 13<br>Judge:      Hon. René Lastreto II |

1    **I.      <u>INTRODUCTION</u>**

2           Plaintiff and creditor Healthcare Conglomerate Associates, LLC ("HCCA" or "Plaintiff")

3    hereby submits this memorandum of points and authorities in support of its Motion to Strike

4    Portions Of the Answer of Tulare Local Healthcare District dba Tulare Regional Medical Center

5    (the "Answer", Dkt. No. 9, filed by "TRMC").  The Motion to Strike moves the Court pursuant to

6    Federal Rule of Civil Procedure 12(f)[1] for an order striking portions of the Answer that fail to

7    plead the factual elements of a recognized affirmative defense or assert an affirmative defense

8    that is not recognized as a matter of law.  Fed. R. Civ. P. 12(f).

9           HCCA's objection to the affirmative defenses asserted in the Answer fall primarily into

10   two categories: First, the Answer asserts a number of affirmative defenses in conclusory language

11   only, without any factual support whatsoever to provide the requisite "fair notice" of the core

12   defense. Second, many of the "affirmative defenses" stated in the Answer are not, in fact,

13   affirmative defenses.  As discussed in more detail below, affirmative defenses are properly

14   stricken (1) where they are not supported by sufficient factual basis to allow for "fair notice" to

15   the opposing party, and (2) where they are improperly labeled as affirmative defenses.

16          Plaintiff therefore respectfully requests an order striking the following portions of the

17   Answer:

18       1.   The third, fourth, fifth, sixth, seventh, eighth, eleventh, twelfth, thirteenth, sixteenth, and

19   seventeenth affirmative defenses, as insufficiently pleaded and do not provide fair notice.

20       2.   The first, ninth, tenth, fourteenth, fifteenth, eighteenth, and nineteenth "affirmative

21   defenses", which are not recognized affirmative defenses.

22          Specifically, HCCA requests an order striking Page 7, lines 11-14 and Page 7, line 20

23   through Page 10, line 17 of the Answer (encompassing the affirmative defenses listed above).

24   / / /

25   / / /

26

27   _____

28   [1] Federal Rule of Civil Procedure 12(f) is applicable to adversary proceedings pursuant to Federal Rule of
     Bankruptcy Procedure 7012(b).

## II.  LEGAL ANALYSIS

### A.  A Motion To Strike Is The Appropriate Method For Striking Improper Or Insufficiently Pleaded Affirmative Defenses.

Federal Rule of Civil Procedure 12(f) allows a court to strike any insufficiently pleaded defense, as well as any redundant, immaterial, impertinent, or scandalous matter.  Fed. R. Civ. P. 12(f).  A motion to strike thus "provides an early challenge to the legal sufficiency of a defense." Schwarzer, Tashima, & Wagstaffe, Rutter Group Prac. Guide Fed. Civ. P. Before Trial (Nat. Ed. 2017) Ch. 9-G, § 9:371.  *See also Mifflinburg Tel., Inc. v. Criswell*, 80 F. Supp. 3d 566, 573 (M.D. Pa. 2015) ("a motion to strike under Rule 12(f) is the 'primary procedure' for objecting to an insufficient affirmative defense.").

### B.  Affirmative Defenses That Are Insufficiently Pleaded Should Be Stricken.

HCCA moves to strike the third, fourth, fifth, sixth, seventh, eighth, eleventh, twelfth, thirteenth, sixteenth, and seventeenth affirmative defenses in the Answer as insufficiently and improperly pleaded.

Affirmative defenses must be pleaded with sufficient specificity to provide "fair notice" of the defense being advanced.  *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010). Although affirmative defenses may be pleaded in "general terms," *see Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015), a defendant still must plead some factual basis for each of its defenses.  *See United States v. Gibson Wine Co.*, 2016 WL 1626988, at *5 (E.D. Cal. Apr. 25, 2016) ("Although 'fair notice' is a low bar that does not require great detail, it does require a defendant to provide 'some factual basis' for its affirmative defenses."); *see also Sherwin-Williams Co. v. Courtesy Oldsmobile- Cadillac, Inc.*, 2016 WL 615335, at *2 (E.D. Cal. Feb. 16, 2016) ("Fair notice" standard "is less demanding than the *Twombly/Iqbal* standard, but still requires a party to plead some factual basis for its allegations.").  In *Gomez v. J. Jacobo Farm Labor Contractor, Inc.*, Judge Ishii held that an affirmative defense that lacks "any alleged factual support" and "does not give fair notice of the grounds for the defense or explain how the defense might apply in this case" should be stricken.  188 F. Supp. 3d 986, 994 (E.D. Cal. 2016) (striking all affirmative defenses that were "devoid of factual allegations").

1     Here, the listed affirmative defenses fail to meet the required standard because they lack any

2  factual basis whatsoever, such that HCCA has not received fair notice of the grounds for these

3  defenses.  Summarized briefly:

4     • The third and fourth affirmative defenses, alleging comparative fault and fault of

5        third parties, offer no facts supporting any finding of fault by any party;

6     • The fifth affirmative defense, alleging failure to mitigate, states no facts showing

7        that any action or inaction on the part of HCCA resulted in a failure to mitigate

8        its damages;

9     • The sixth, seventh, eighth, and thirteenth affirmative defenses, for waiver,

10       estoppel, laches, and unclean hands, respectively, do nothing more than baldly

11       invoke those doctrines in boilerplate and conclusory fashion, without alleging

12       any of the elements required to plead any of these defenses;

13    • The eleventh affirmative defense alleges that the contract between the parties "is

14       unenforceable as contrary to an express provision of law, public policy, or good

15       morals," but does not identify any specific law or policy, much less provide facts

16       showing an agreement in contravention thereof;

17    • The twelfth affirmative defense alleges that Plaintiff's actions and conduct

18       "constituted an unforeseeable, independent, intervening and/or superseding cause

19       of the damages," but does not identify any specific act; and

20    • The sixteenth and seventeenth affirmative defenses assert that the management

21       services contract between the parties is unconscionable and that its provisions

22       violate the California constitution, but fail to identify any specific term of the

23       contract that is allegedly unconscionable or unconstitutional and similarly fail to

24       name any particular constitutional provision that is violated.

25    The Answer's complete lack of any factual support for these affirmative defenses

26  prejudices HCCA, which cannot discern the actual basis, if any, for TRMC's defenses.[2]  Without

27  _____

28  [2] At least one court has suggested that a party need not prove prejudice when seeking to strike an affirmative defense
    as insufficient, as opposed to redundant, immaterial, impertinent, or scandalous.  *See Barnes v. AT & T Pension Ben.*

even the slightest factual basis to go on, Plaintiff cannot properly build its case and would

eventually be forced to undertake additional costly discovery to uncover the purported bases for

TRMC's defenses.

Courts in this district repeatedly have held that a defendant cannot simply assert a defense

without any pleading of its factual support and have stricken such affirmative defenses.  *See*, *e.g.*,

*Neylon v. Cty. of Inyo*, 2017 WL 3670925, at *2 (E.D. Cal. Aug. 25, 2017) ("Fact barren

affirmative defenses or bare references to doctrines or statues are unacceptable because they 'do

not afford fair notice of the nature of the defense pleaded.'"); *Gomez*, 188 F. Supp. 3d at 992

("Simply referring to a doctrine or statute is insufficient to afford fair notice.").  TRMC has done

nothing more than propound a basketful of conclusory assertions that affirmative defenses exist,

without any identifiable facts.  These unsupported defenses are improperly pleaded, and should be

stricken.

**C.      Non-Existent Affirmative Defenses Should Be Stricken**

HCCA moves to strike the first, ninth, tenth, fourteenth, fifteenth, eighteenth, and

nineteenth "affirmative defenses" in the Answer because they are not affirmative defenses.

A defense that attempts to demonstrate that a plaintiff has not met its burden as to a

certain element or elements of its claims is not an affirmative defense.  *Zivkovic v. S. California

Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).  An affirmative defense is not one that seeks to

negate the elements of a claim, but rather one that precludes liability even if all of the elements of

the plaintiff's claim are proven.  *Gonzalez v. Dep't (Bureau) of Real Estate.*, 2017 WL 2464515,

at *8 (E.D. Cal. June 7, 2017), *report and recommendation adopted sub nom. Gonzalez v. Dep't

(Bureau) of Real Estate*, 2017 WL 3953893 (E.D. Cal. Sept. 8, 2017).  Inaccurately labeled

"affirmative defenses" should be stricken as improperly pleaded.[3]  *See, e.g., Barnes v. AT & T

Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010)

*Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172–73 (N.D. Cal. 2010).  Regardless, HCCA is clearly prejudiced, as it would be forced to either guess at the factual basis for TRMC's affirmative defenses or to undertake potentially expensive discovery to uncover those facts.  *Id.*
[3] To the extent any of these inaccurately labeled "affirmative defenses" are repetitive of the denials included elsewhere in the Answer, they also should be stricken as redundant.  Fed. R. Civ. Proc. 12(f).

(striking "non-affirmative defenses" for "failure to state a claim" and "attorney's fees"). The following "non-affirmative defenses" should therefore be stricken:

- The first "affirmative defense", for failure to state a claim, because this defense merely asserts that HCCA has failed to prove one or more elements of its own claims (*see Barnes*);

- The ninth and eighteenth "affirmative defenses", for lack of consideration and inadequate consideration, respectively, because these defenses presumably assert that HCCA cannot prove the enforceability of the management services agreement in its breach of contract claim;

- The tenth "affirmative defense", for "discharge of obligations/performance", because it presumably asserts that HCCA cannot prove the breach element of its breach of contract claim;

- The fourteenth "affirmative defense", for "no damage to Plaintiff", because it asserts that Plaintiff cannot prove the harm/damages element of its claims; and

- The fifteenth affirmative defense for offset, which is not an affirmative defense with elements to be proved, but rather a mechanism by which certain awards may be set off at the end of a case.

Moreover, to the extent any of these defenses can be construed as a proper affirmative defense, they still should be stricken as improperly pleaded on the same basis as the affirmative defenses discussed in section II.B, *supra* (that is, the Answer provides no factual basis for these defenses).

### D. TRMC's Attempt To Reserve All Possible Affirmative Defenses Into The Future Should Be Stricken.

Finally, the nineteenth "affirmative defense", which attempts to reserve Defendant's "right to plead *any* additional defenses in the future," should be stricken. Dkt. No. 9 (Answer) at 10 (emphasis added). Federal Rule of Civil Procedure 8(c)(1)[4] expressly provides that a party

---

[4] Federal Rule of Civil Procedure 8 is applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7008.

must "affirmatively state any avoidance or defense." Fed. R. Civ. P. 8(c)(1). The rule thus squarely places a burden on the responding party to explicitly assert its affirmative defenses. If any later-discovered information is relied on to raise a new defense, such opportunity would be strictly governed by the Rules of Bankruptcy Procedure, and would not be affected or enlarged by TRMC's purported reservation. The Answer's nineteenth "affirmative defense" should therefore be stricken.

### III. <u>CONCLUSION</u>

Based on the foregoing, Plaintiff respectfully requests that the Court issue an order striking the improperly pleaded and/or inaccurately labeled affirmative defenses from the Answer.

Dated: January 29, 2018

MARC A. LEVINSON
CYNTHIA J. LARSEN
ORRICK, HERRINGTON & SUTCLIFFE LLP

HAGOP T. BEDOYAN
LISA HOLDER
KLEIN, DENATALE, GOLDNER, COOPER,
ROSENLIEB & KIMBALL LLP

By: _____ /s/ *Marc A. Levinson* _____
Marc A. Levinson
Attorneys for Plaintiff
HealthCare Conglomerate Associates, LLC

OHSUSA:767951662.1

HCCA'S MPA ISO MOTION TO STRIKE
PORTIONS OF ANSWER