WALTER WILHELM LAW GROUP
A Professional Corporation
Riley C. Walter #91839
Kathleen D. DeVaney #156444
Danielle J. Bethel #315945
205 East River Park Circle, Ste. 410
Fresno, CA 93720
Telephone: (559) 435-9800
Facsimile: (559) 435-9868
E-mail: rileywalter@w2lg.com

Chapter 9 Counsel

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re<br><br>TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,<br><br>Debtor.<br><br>HEALTHCARE CONGLOMERATE ASSOCIATES, LLC,<br><br>Plaintiff,<br>v.<br><br>TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER; DOES 1 through 20,<br><br>Defendants. | CASE NO. 17-13797<br><br>Chapter 9<br><br><br><br>Adv. No.: 17-01095-B<br><br>DC NO.: OHS-1<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO MOTION TO REMAND**<br><br>Date: April 12, 2018<br>Time: 9:30 a.m.<br>Place: 2500 Tulare Street<br>      Fresno, CA 93721<br>      Courtroom 13<br>Judge: Honorable René Lastreto II |

///
///
///
///

TO THE HONORABLE RENÉ LASTRETO II AND TO DEFENDANT HEALTHCARE CONGLOMERATE ASSOCIATES, LLC AND ITS ATTORNEYS OF RECORD:

    Debtor Tulare Local Healthcare District (the "District") respectfully requests that the Court take judicial notice of the following pursuant to Federal Rule of Evidence 201:

    1.    The content of the LLC-1 Articles of Organization of a Limited Liability Company of Healthcare Conglomerate Associates, LLC filed on December 6, 2013 with the Office of the Secretary of State of the State of California as document number 201334410011, a true and correct copy of which is attached to the accompanying exhibits as Exhibit 1;

    2.    The content of the Statement of Information of Healthcare Conglomerate Associates, LLC filed with the Office of the Secretary of State of the State of California on January 3, 2014, a true and correct copy of which is attached to the accompanying exhibits as Exhibit 2;

    3.    The content of a printout from the website of Healthcare Conglomerate Associates, LLC, a true and correct copy of which is attached to the accompanying exhibits as Exhibit 3;

    4.    The content of the Statement of Information LLC-12 of Healthcare Conglomerate Associates, LLC filed on February 6, 2017 with the Office of the Secretary of State of the State of California as document number 17-309792, a true and correct copy of which is attached to the accompanying exhibits as Exhibit 4;

    5.    The content of a printout of the website of Premier Business Centers, a true and correct copy of which is attached to the accompanying exhibits as Exhibit 5;

    6.    The content of a Short Form Deed of Trust recorded on September 28, 2017 in the Official Records of the County Recorder of Tulare County as document no. 2017-0059339, a true and correct copy of which is attached to the accompanying exhibits as Exhibit 6;

    7.    The content of the LLC-1 Articles of Organization of a Limited Liability Company of Tulare Asset Management, LLC filed on October 31, 2016 in the office of

the Secretary of State of the State of California as document number 201630910116, a true and correct copy of which is attached to the accompanying exhibits as Exhibit 7;

8.  The content of the Statement of Information LLC-12 of Tulare Asset Management, LLC filed on October 4, 2017 with the Office of the Secretary of State of the State of California as document number 17-A88177, a true and correct copy of which is attached to the accompanying exhibits as Exhibit 8;

9.  The content of the complaint in adversary proceeding no. 18-01005 pending in this Court, a true and correct copy of which is attached to the accompanying exhibits as Exhibit 9; and

10. The content of the complaint in adversary proceeding no. 18-01008 pending in this Court, a true and correct copy of which is attached to the accompanying exhibits as Exhibit 10.

## I. THE COURT MAY TAKE JUDICIAL NOTICE OF PUBLIC RECORDS AND ITS OWN RECORDS

Federal Rule of Evidence 201 governs judicial notice of adjudicative facts. Fed. Rule Evid. 201(a). A court may take judicial notice "at any stage of the proceeding" and on its own without a request. Fed. Rule Evid. 201(c)(1) and (d). If a party requests that the court take judicial notice of an adjudicative fact and supplies the court with the necessary information, then the court must take judicial notice of such fact. Fed. Rule Evid. 201(c)(2). The court may take judicial notice of facts that are not subject to reasonable dispute because: (1) it is generally known within the trial courts territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably disputed. Fed. Rule Evid. 201(b).

A court may take judicial notice of undisputed matters of public record, including "documents on file in federal or state courts." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts "may take judicial notice of court filings and other matters of

public record.").[1] Courts regularly take judicial notice of facts from court documents.

One court noted that "the most frequent use of judicial notice of ascertainable facts is in noticing the content of court records." *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989). In fact, in cases where the documents are part of the Court's own docket in the matter, a formal request for judicial notice is unnecessary. *Negrete v. Petsmart, Inc.*, 2013 U.S. Dist. LEXIS 129237 (E.D. Cal. 2013).

In *Wetherbee v. Willow Lane, Inc. (In re Bestway Prods., Inc.)*, 151 B.R. 530 (Bankr. E.D. Cal. 1993), *aff'd mem.*, 165 B.R. 339 (9th Cir. BAP 1994), Judge Klein explained that:

> [i]t has become a commonly-accepted practice to take "judicial notice" of a court's records. 3 J. Weinstein & M. Berger, *Weinstein's Evidence* P 201[03] at 201-35 to -40 (1992). The practice is particularly useful in bankruptcy litigation in which individual adversary proceedings and contested matters, each of which is procedurally distinct and has its own record, all occur within, and are affected by, the context of the parent bankruptcy case.

*Id.* at 540 (citations to numerous case examples omitted).

Here, the District requests that this Court take judicial notice of the complaints filed in two adversary proceedings pending in the District's chapter 9 case (Adv. Pro. Nos. 18-01005 and 18-01008) because they involve the same facts and legal issues related to the District's counterclaims and affirmative defenses to allegations in the

---

[1] *Oregon Natural Desert Ass'n v. BLM*, 625 F.3d 1092, 1109 n. 14 (9th Cir. 2010) (judicial notice taken of public documents, including 2005 BLM Handbook, along with BLM briefs in other courts not in the record); *Oregon Natural Desert Ass'n v. BLM*, 531 F.3d 1114, 1133-1134 (9th Cir. 2008) (taking judicial notice of BLM's Planning Handbook, describing "wilderness characteristics"); *Sierra Club v. United States EPA*, 762 F.3d 971, 975 (9th Cir. 2014) (taking judicial notice of public guidance document issued by Director of EPA's Office of Air Quality Planning and Standards, available online); *Stengel v. Medtronic Inc.*, 676 F.3d 1159, 1167 (9th Cir. 2012) (taking judicial notice of fact that defendant's pain pump received premarket approval as demonstrated by FDA records); *Lyon v. Gila River Indian Cmty.*, 626 F.3d 1059, 1075 (9th Cir. 2010) (district court erred in refusing to take judicial notice of Bureau of Indian Affairs opinion that one access road was not an Indian Reservation Road); *United States v. 14.02 Acres*, 547 F.3d 943, 955 (9th Cir. 2008) (judicial notice is appropriate for records and reports of administrative bodies such as Department of Energy study); *Cody F. v. Falletti*, 92 Cal. App. 4th 1232, 1237 (2001)(articles of incorporation filed with Secretary of State proper subject of judicial notice); *Emmons, Williams, Mires & Leech v. State Bar*, 6 Cal. App. 3d 565, 568 fn. 1 (1970)(taking judicial notice of articles of incorporation of non-profit associates filed with Secretary of State).

lawsuit filed by Healthcare Conglomerate Associates, LLC ("HCCA") against the District in the Los Angeles Superior Court. The District also requests that the Court take judicial notice of the public records on file with the Office of the Secretary of State of California and the Tulare County Recorder's Office because these documents show the corporate entities involved in Yorai Benzeevi's operations and Benzeevi's role in such entities, and the Deed of Trust demonstrates that property of the District is at issue in the claims, counterclaims and affirmative defenses in the Los Angeles Superior Court case. *Cody F. v. Falletti*, 92 Cal. App. 4th 1232, 1237 (2001)(records of Secretary of State are proper subject of judicial notice; *Emmons, Williams, Mires & Leech v. State Bar*, 7 Cal. App. 3d 565, 568, fn. 1 (taking judicial notice of articles of incorporation filed with Secretary of State); *Santa Barbara County Coalition Against Automobile Subsidies v. Santa Barbara County Assn. of Governments*, 167 Cal. App. 4th 1229, 1234, fn. 3 (2008)(taking judicial notice of articles of incorporation and fictitious business name statement).

## II. CONCLUSION

For the foregoing reasons, the District respectfully requests that the Court grant the District's request and take judicial notice of the content of these documents.

Dated: March 29, 2018

WALTER WILHELM LAW GROUP,
a Professional Corporation

By: /s/ Riley C. Walter
Riley C. Walter, Attorneys for
Tulare Local Healthcare District dba
Tulare Regional Medical Center