47

WALTER WILHELM LAW GROUP
A Professional Corporation
Riley C. Walter #91839
Kathleen D. DeVaney #156444
Danielle J. Bethel #315945
205 East River Park Circle, Ste. 410
Fresno, CA 93720
Telephone: (559) 435-9800
Facsimile: (559) 435-9868
E-mail: rileywalter@w2lg.com

Chapter 9 Counsel

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re | CASE NO. 17-13797 |
| TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER, | Chapter 9 |
| Debtor. | |
| ———————————————— | Adv. No.: 17-01095-B |
| HEALTHCARE CONGLOMERATE ASSOCIATES, LLC, | DC NO.: OHS-1 |
| Plaintiff, | **EXHIBITS TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO MOTION TO REMAND** |
| v. | |
| TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER; DOES 1 through 20, | Date: April 12, 2018<br>Time: 9:30 a.m.<br>Place: 2500 Tulare Street<br>Fresno, CA 9<br>Courtroom 13 |
| Defendants. | Judge: Honorable René Lastreto II |

///
///
///
///

| EXHIBIT | DESCRIPTION | PAGES |
|---------|-------------|-------|
| 1 | HCCA Articles of Organization filed 12-6-13 | 1 |
| 2 | HCCA Statement of Information filed 1-3-14 | 1 |
| 3 | Printout from HCCA website | 2 |
| 4 | HCCA Statement of Information filed 2-6-17 | 1 |
| 5 | Printout from Premier Business Centers website | 4 |
| 6 | Short Form Deed of Trust recorded 9-28-17 | 4 |
| 7 | Tulare Asset Management, LLC Articles of Organization filed 10-31-16 | 1 |
| 8 | Tulare Asset Management Statement of Information filed 10-4-17 | 1 |
| 9 | Tulare Local Healthcare District v. Healthcare Conglomerate Associates, LLC Complaint [Adversary Proceeding No. 18-01005 | 9 |
| 10 | Tulare Local Healthcare District v. Celtic Leasing Corp, et al Complaint [Adversary Proceeding No. 18-01008 | 21 |

Dated: March 29, 2018

WALTER WILHELM LAW GROUP,
a Professional Corporation

By: _Riley C. Walter_____

Riley C. Walter, Attorneys for
Tulare Local Healthcare District dba
Tulare Regional Medical Center

| LLC-1 | **Articles of Organization**<br>**of a Limited Liability Company (LLC)** |
|---|---|

To form a limited liability company in California, you can fill out this form, and submit for filing along with:

- A **$70** filing fee.
- A separate, non-refundable **$15** service fee also must be included, if you drop off the completed form or document.

**Important!** LLCs in California may have to pay a minimum **$800** yearly tax to the California Franchise Tax Board. For more information, go to https://www.ftb.ca.gov.

LLCs may not provide "professional services," as defined by California Corporations Code sections 13401(a) and 13401.3.

Note: *Before submitting the completed form*, you should consult with a private attorney for advice about your specific business needs.

**2 0 1 3 3 4 4 1 0 0 1 1**

**FILED**
**Secretary of State**
**State of California**

**DEC 0 6 2013**

ICC · This Space For Office Use Only ·

**For questions about this form, go to** *www.sos.ca.gov/business/be/filing-tips.htm.*

**LLC Name**

①   HealthCare Conglomerate Associates, LLC

     *Proposed LLC Name*      The name must end with: "LLC," "L.L.C.," "Limited Liability Company," "Limited Liability Co.," "Ltd. Liability Co." or "Ltd. Liability Company;" and **may not** include: "bank," "trust," "trustee," "incorporated," "inc.," "corporation," or "corp.," "insurer," or "insurance company." For general entity name requirements and restrictions, go to www.sos.ca.gov/business/be/name-availability.htm.

**Purpose**

②   The purpose of the limited liability company is to engage in any lawful act or activity for which a limited liability company may be organized under the Beverly-Killea Limited Liability Company Act.

**LLC Addresses**

③   a.   12100 Wilshire Blvd., 15th Floor,      Los Angeles      CA   90025
      *Initial Street Address of LLC*      *City (no abbreviations)*    *State*   *Zip*

     b. _____
      *Initial Mailing Address of LLC, if different from 3a*      *City (no abbreviations)*    *State*   *Zip*

**Service of Process** (List a California resident or an active 1505 corporation in California that agrees to be your initial agent to accept service of process in case your LLC is sued. You may list any adult who lives in California. You may **not** list an LLC as the agent. **Do not** list an address if the agent is a 1505 corporation.)

④   a.   Paracorp Incorporated
      *Agent's Name*

     b. _____      **CA**
      *Agent's Street Address (if agent is not a corporation)*      *City (no abbreviations)*    *State*   *Zip*

**Management** (Check only one.)

⑤   The LLC will be managed by:

   [✓] One Manager      [ ] More Than One Manager      [ ] All Limited Liability Company Member(s)

This form must be signed by each organizer. If you need more space, attach extra pages that are 1-sided and on standard letter-sized paper (8 1/2" x 11"). All attachments are made part of these articles of organization.

▶ _____      Bruce R. Greene
   *Organizer · Sign here*           *Print your name here*

| Make check/money order payable to: **Secretary of State**<br>Upon filing, we will return one (1) uncertified copy of your filed document for free, and will certify the copy upon request and payment of a $5 certification fee. | **By Mail**<br>Secretary of State<br>Business Entities, P.O. Box 944228<br>Sacramento, CA 94244-2280 | **Drop-Off**<br>Secretary of State<br>1500 11th Street, 3rd Floor<br>Sacramento, CA 95814 |
|---|---|---|

Corporations Code §§ 17051, 17052, 17375, Revenue and Taxation Code § 17941
LLC-1 (REV 01/2013)

2013 California Secretary of State
www.sos.ca.gov/business/be

EXHIBIT ____
Page ____ Of ____



# State of California
## Secretary of State

**L**

**43/ng**

### STATEMENT OF INFORMATION
(Limited Liability Company)

Filing Fee $20.00. If this is an amendment, see instructions.

**IMPORTANT — READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**



**FILED**
Secretary of State
State of California

**JAN 0 3 2014**

*26/20/cc*
This Space For Filing Use Only

1. LIMITED LIABILITY COMPANY NAME

HealthCare Conglomerate Associates, LLC

---

**File Number and State or Place of Organization**

2. SECRETARY OF STATE FILE NUMBER **201334410011**

3. STATE OR PLACE OF ORGANIZATION (if formed outside of California)

**No Change Statement**

4. If there have been any changes to the information contained in the last Statement of Information filed with the California Secretary of State, or no Statement of Information has been previously filed, this form must be completed in its entirety.

☐ If there has been no change in any of the information contained in the last Statement of Information filed with the California Secretary of State, check the box and proceed to Item 15.

**Complete Addresses for the Following** (Do not abbreviate the name of the city. Items 5 and 7 cannot be P.O. Boxes.)

| | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 5. STREET ADDRESS OF PRINCIPAL OFFICE  810 N. Cherry Street | Tulare | CA | 93274 |
| 6. MAILING ADDRESS OF LLC, IF DIFFERENT THAN ITEM 5 | CITY | STATE | ZIP CODE |
| 7. STREET ADDRESS OF CALIFORNIA OFFICE  810 N. Cherry Street | Tulare | CA | 93274 |

**Name and Complete Address of the Chief Executive Officer, If Any**

| 8. NAME | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| | | | | |

**Name and Complete Address of Any Manager or Managers, or if None Have Been Appointed or Elected, Provide the Name and Address of Each Member** (Attach additional pages, if necessary.)

| | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 9. NAME  Yoral (Benny) Benzeevi, MD | 810 N. Cherry Street | Tulare | CA | 93274 |
| 10. NAME | ADDRESS | CITY | STATE | ZIP CODE |
| 11. NAME | ADDRESS | CITY | STATE | ZIP CODE |

**Agent for Service of Process** If the agent is an individual, the agent must reside in California and Item 13 must be completed with a California address, a P.O. Box is not acceptable. If the agent is a corporation, the agent must have on file with the California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 13 must be left blank.

12. NAME OF AGENT FOR SERVICE OF PROCESS
PARACORP INCORPORATED     *C1082536*

13. STREET ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA IF AN INDIVIDUAL   CITY   STATE  CA   ZIP CODE

**Type of Business**

14. DESCRIBE THE TYPE OF BUSINESS OF THE LIMITED LIABILITY COMPANY
Health care management services

15. THE INFORMATION CONTAINED HEREIN, INCLUDING ANY ATTACHMENTS, IS TRUE AND CORRECT.

| January 3, 2014 | Yoral (Benny) Benzeevi, MD | Manager | |
|---|---|---|---|
| DATE | TYPE OR PRINT NAME OF PERSON COMPLETING THE FORM | TITLE | SIGNATURE |

LLC-12 (REV 01/2014)     APPROVED BY SECRETARY OF STATE

**EXHIBIT 2**
**Page 1 Of 1**

◉ HCCA 869 N. Cherry Street, Tulare CA 93274. (http://maps.google.com/?q=869 N. Cherry Street, Tulare CA 93274)

☎ 559.685.3462 (tel:559.685.3462)   ✉ info@teamhcca.com (http://teamhcca.com/contact/)

(https://www.facebook.com/teamhospital.com/education/UC-DCRspv9MwiWDkR1OkrpGg)

 English   Español   Português

# HCCA (http://teamhcca.com/home/)

# Our Locations

Team HCCA (http://teamhcca.com) / **Our Locations**

## Tulare Regional Medical Center

Learn More (http://teamhcca.com/our-locations/tulare-regional-medical-center/)

## South Inyo Hospital

Learn More (http://teamhcca.com/our-locations/southern-inyo-hospital/)

## HCCA Future Site 3

Learn More (http://teamhcca.com/our-locations/hcca-future-site-3/confidential-development/)

## HCCA Future Site 4

EXHIBIT 3
Page 1 Of 2

Learn More (http://teamhcca.com/our-locations/hcca-future-site-4/confidential-development/)

## About Us

We meet the future of healthcare delivery today by partnering with health systems, hospitals, and health care districts – either through direct purchase, capital infusion, creative mutually beneficial partnerships.

## Pages

Join Our Team (http://teamhcca.com/employment/job-openings/)

Our Locations (http://teamhcca.com/our-locations/)

News (http://teamhcca.com/news/)

What We Do (http://teamhcca.com/what-we-do/)

Leadership (http://teamhcca.com/leadership/)

Contact Us (http://teamhcca.com/contact/)

## Contact Us

Healthcare Conglomerate Associates
869 N. Cherry Street,
Tulare, CA 93274.
(http://maps.google.com/?q=869 N. Cherry Street,Tulare, CA 93274.) 559.685.3462 (tel:559.685.3462)
info@teamhcca.com (mailto:info@teamhcca.com)

---

© 2015 Copyright Healthcare Conglomerate Associates, LLC

EXHIBIT 3
Page 2 Of 2



**Secretary of State
Statement of Information
(Limited Liability Company)**

LLC-12

91 6 6

17-309792

**FILED**
Secretary of State
State of California

FEB 0 6 2017

21/20 /PC

This Space For Office Use Only

**IMPORTANT** — Read instructions before completing this form.

**Filing Fee – $20.00**

**Copy Fees** – First page $1.00; each attachment page $0.50;
Certification Fee - $5.00 plus copy fees

**1. Limited Liability Company Name** (Enter the exact name of the LLC. If you registered in California using an alternate name, see instructions.)

Healthcare Conglomerate Associates, LLC

| 2. 12-Digit Secretary of State File Number | 3. State, Foreign Country or Place of Organization (only if formed outside of California) |
|---|---|
| 201334410011 | |

**4. Business Addresses**

| a. Street Address of Principal Office - Do not list a P.O. Box | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 10940 Wilshire Blvd., Suite 1600 | Los Angeles | CA | 90024 |
| b. Mailing Address of LLC, if different than item 4a | City (no abbreviations) | State | Zip Code |
| | | | |
| c. Street Address of California Office, if item 4a is not in California - Do not list a P.O. Box | City (no abbreviations) | State | Zip Code |
| | | | |

**5. Manager(s) or Member(s)**   If no managers have been appointed or elected, provide the name and address of each member. At least one name and address must be listed. If the manager/member is an individual, complete Items 5a and 5c (leave Item 5b blank). If the manager/member is an entity, complete Items 5b and 5c (leave Item 5a blank). Note: The LLC cannot serve as its own manager or member. If the LLC has additional managers/members, enter the name(s) and addresses on Form LLC-12A (see instructions).

| a. First Name, if an individual - Do not complete Item 5b | Middle Name | Last Name | Suffix |
|---|---|---|---|
| Yoral | Benny | Benzeevi | |
| b. Entity Name - Do not complete Item 5a | | | |
| | | | |

| c. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 10940 Wilshire Blvd., Suite 1600 | Los Angeles | CA | 90024 |

**6. Service of Process** (Must provide either Individual OR Corporation.)

INDIVIDUAL – Complete Items 6a and 6b only. Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is not a corporation) | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |
| b. Street Address (if agent is not a corporation) - Do not enter a P.O. Box | City (no abbreviations) | State | Zip Code |
| | | CA | |

CORPORATION – Complete Item 6c only. Only include the name of the registered agent Corporation.

| c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 6a or 6b |
|---|
| Paracorp Incorporated   C1082536 |

**7. Type of Business**

| a. Describe the type of business or services of the Limited Liability Company |
|---|
| Health care management services |

**8. Chief Executive Officer, if elected or appointed**

| a. First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |
| b. Address | City (no abbreviations) | State | Zip Code |
| | | | |

**9. The Information contained herein, including any attachments, is true and correct.**

| Feb. 3, 2017 | Yoral Benny Benzeevi | Manager | |
|---|---|---|---|
| Date | Type or Print Name of Person Completing the Form | Title | Signature |

**Return Address (Optional)** (For communication from the Secretary of State related to this document, or if purchasing a copy of the filed document enter the name of a person or company and the mailing address. This information will become public when filed. SEE INSTRUCTIONS BEFORE COMPLETING.)

Name:

Company:

Address:

City/State/Zip:

LLC-12 (REV 01/2017)

2017 California Secretary of State
www.sos.ca.gov/business/be

EXHIBIT 4
Page 1 Of 1



Register (/Registration.aspx) | Login (/Login.aspx)

City or zip code 🔍

**f** (https://www.facebook.com/PremierBusinessCenters)
🐦 (https://twitter.com/PBCenters)
**in** (https://www.linkedin.com/company-beta/41064/?
pathWildcard=41064)
📷 (https://www.instagram.com/pbcenters/)

📞                                  1.877.MY.SUITE
                                    1.877.697.8483

| FULL-TIME | DAY OFFICES | VIRTUAL OFFICES | MEETING ROOMS | MEMBERSHIPS | LOCATIONS |

## THE TOWER




EXHIBIT  5
Page  1  Of- 4

**Full Time Offices starting at $550**

10940 Wilshire Blvd., Suite 1600
Los Angeles, CA 90024
(310) 443-4100

At this location we offer:

- Full-Time Offices
- Furnished or unfurnished offices
- High-speed broadband internet
- Telephone answering and voicemail
- Day Offices
- Meeting Rooms and Conference Rooms
- Virtual Offices
- Professional business address
- Mail collection and distribution
- Part-Time office space memberships
- Professional on-site management
- Reception and secretarial services



FLOOR PLAN

(/premierbusinesscenters/media/FloorPlanPdfs/WIL-Floor-Plan.jpg?ext=.jpg)



SEE INSIDE

(https://www.youtube.com/embed/yJh5UJrPnZo?autoplay=1)



(https://maps.google.com/maps?ll=34.058043,-118.445011&z=14&t=m&hl=en-US&gl=US&mapclient=apiv3)          500 m          Map data ©2018 Google

EXHIBIT  5
Page  2  Of  4

DIRECTIONS

(https://www.google.com/maps/place/10940+Wilshire+Blvd.,Los+Angeles,CA,90024)

| Location Information | Full Time Office | Day Office | Virtual Office | Meeting Rooms | Membership |
|---|---|---|---|---|---|

The Tower is a well known building in the Los Angeles area that provides office space, executive suites, virtual office plans, and meeting rooms for businesses. The close proximity to the Federal Building to the Tower is a draw to businesses, and being in Los Angeles is highly prestigious. If your business is looking for an impressive office location in Los Angeles, Premier Business Centers has the solution.

Positioned between the Wilshire Blvd. and Westwood Blvd., this West Los Angeles building is conveniently located right off the 405 Freeway, just minutes away from the 10 Freeway. The building is an incredible 24-story tower designed by the renowned architect Helmut Jahn. It is constructed out of Verde Antique granite and Brazilian Navy marble separated by bands of Kasota limestone. A 30-high, open-air solarium, featuring a distinct water fountain surrounded by palm trees, leads to a lobby with marble floors and wall panels, and floor-to-ceiling glass.

Not only is the building itself stunning, but the window views are as well, providing views of the ocean, the city skyline, and Bel-Air, just to name a few. There is street parking available, as well as the City Parking lot which is within a few blocks of the Tower. There is also parking in the building, and free and valet parking is available at this location. The Metro Line 20 is less than half a block from the building, and there are bus stops nearby.

An ATM is located in the lobby of the building, as well as a Bank of America, CitiBank, and Wells Fargo all within one block walking distance. There is a Cafe/deli and a Coffee Bean both conveniently located in the lobby of the building. A car wash and auto maintenance are on the premises.

The Westwood Village is within walking distance of the West Los Angeles location, as is LA Fitness and Equinox. The area is surrounded by famous locations including The Fox Theater, UCLA, Westwood Park, The Janss Dome, and much more. The nearest airport is LAX, which is approximately 10 miles from the building, which is about a 15 minute drive.

In addition to both short term and long term office space, Premier Business Centers also offers hourly and day offices to accommodate any business need. Our full time offices include top of the line furnishings, along with high-speed internet, personalized telephone answering service with voice mail, and mail handling and distribution.

For companies in or around Los Angeles that don't need full time office space, but still want to maintain a professional image, Premier Business Centers also offers virtual office plans, which provide a professional business address, mail handling, personalized phone answering, and access to a conference room.

Premier Business Centers offers executive suites and meeting rooms, and we can also provide our incredible team of skilled and positive professionals who are ready to take care of your secretarial, administrative, and information technology needs. You don't have to be a large corporation to enjoy working in a world class corporate environment.

Premier Business Centers is able to offer immediate occupancy, which means that if you sign a contract in the morning you can be sitting behind your new desk getting work done that same afternoon.

Premier Business Centers is one of the largest privately held providers of office space, executive suites and conference rooms in the United States, and has grown from 9 locations to over 80 by providing office space solutions to companies of all sizes, all across the country.

Location benefits of The Tower:
* Easy access to the San Diego Freeway (405) and Santa Monica Freeway (10)
* Fifteen minutes to Los Angeles International Airport
* Five minutes to Beverly Hills, Brentwood, and Santa Monica
* Convenient access to Hollywood and downtown Los Angeles
* Views of the ocean, Westwood, and UCLA
* Post Office and banking within walking distance

EXHIBIT 5
Page 3 Of 4

- Health club, shopping, and restaurants nearby
- Bites Cafe on-site
- Car wash and auto maintenance on premises
- Building is Energy Star Certified

Contact us today to learn more about our office plans and how Premier Business Centers can help your business grow and adapt effectively.

Hope to hear from you today!


# GET STARTED

I'M READY TO BOOK NOW

**OR**

# Request Information

**Office Location***

Los Angeles, 10940 Wilshire Blvd.

**First Name***


**Last Name***


**Email***


**Phone***


**Product of Interest***

Select Product of Interest


**Comments**


EXHIBIT 5
Page 4 Of- 4

2017-0059339

| | |
|---|---|
| Recorded<br>Official Records<br>County of<br>Tulare<br>ROLAND P. HILL<br>Clerk Recorder<br><br>08:01AM 28-Sep-2017 | REC FEE    51.00<br>COPY - RECORDE 6.00<br><br>JD<br>Page 1 of 4 |

**RECORDING REQUESTED BY:**
Chicago Title Company
Order No.:

**When Recorded Mail Document To:**

**Healthcare Conglomerate Associates, LLC**
**10940 Wilshire Boulevard**
**Suite 1600**
**Los Angeles, CA  90024**

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

THIS DEED OF TRUST, is made as of September 27, 2017 by **Tulare Local Healthcare District, d/b/a Tulare Regional Medical Center,** herein called TRUSTOR, whose address is 869 N  Cherry Street, Tulare, California 93274

to Chicago Title Company, a California corporation, herein called TRUSTEE, for the benefit of **Healthcare Conglomerate Associates, LLC,** herein called BENEFICIARY,

WITNESSETH   That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS to TRUSTEE IN TRUST, WITH POWER OF SALE, that property in the County of Tulare, State of California, commonly known as 1425 East Prosperity Avenue, Tulare, California, 93274, as more particularly described as

   SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph ten (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits

For the Purpose of Securing:

1    Performance of each agreement of Trustor incorporated by reference or contained herein

2    Payment of the indebtedness evidenced by those certain Promissory Notes dated as of 7/31/2015, 7/31/2016; 12/21/2016, 12/28/2016, 12/29/2016, 12/30/2016, 12/30/2016 B, 3/31/2017, 7/21/2017, and 7/31/2017, in the total original principal sum of Ten Million Two Hundred Thirty-Three Thousand Nine Hundred and Fifty Dollars And 05/100 Dollars ($10,233,950 05) executed by Trustor in favor of Beneficiary or order

3.   Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured

OHSUSA 767424224 2

EXHIBIT 6
Page  1  Of-4

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS
### (continued)

*To Protect the Security of this Deed of Trust, Trustor Agrees· By the execution and delivery of this Deed of Trust and the note secured hereby, that provisions one (1) to fourteen (14), inclusive, of the fictitious deed of trust recorded in Santa Barbara County and Sonoma County October 18, 1961, and in all other counties October 23, 1961, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz·*

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Kings | 792 | 833 | Placer | 895 | 301 | Sierra | 29 | 335 |
| Alpine | 1 | 250 | Lake | 362 | 39 | Plumas | 151 | 5 | Siskiyou | 468 | 181 |
| Amador | 104 | 348 | Lassen | 171 | 471 | Riverside | 3005 | 523 | Solano | 1105 | 182 |
| Butte | 1145 | 1 | Los Angeles | T2055 | 899 | Sacramento | 4331 | 62 | Sonoma | 1851 | 689 |
| Calaveras | 145 | 152 | Madera | 810 | 170 | San Benito | 271 | 383 | Stanislaus | 1715 | 456 |
| Colusa | 296 | 617 | Marin | 1508 | 339 | San Bernardino | 5567 | 61 | Sutter | 572 | 297 |
| Contra Costa | 3978 | 47 | Mariposa | 77 | 292 | San Francisco | A332 | 905 | Tehama | 401 | 289 |
| Del Norte | 78 | 414 | Mendocino | 579 | 530 | San Joaquin | 2470 | 311 | Trinity | 93 | 366 |
| El Dorado | 568 | 456 | Merced | 1547 | 538 | San Luis Obispo | 1151 | 12 | Tulare | 2294 | 275 |
| Fresno | 4626 | 572 | Modoc | 184 | 851 | San Mateo | 4078 | 420 | Tuolumne | 135 | 47 |
| Glenn | 422 | 184 | Mono | 52 | 429 | Santa Barbara | 1878 | 860 | Ventura | 2062 | 386 |
| Humboldt | 657 | 527 | Monterey | 2194 | 538 | Santa Clara | 5336 | 341 | Yolo | 653 | 245 |
| Imperial | 1091 | 501 | Napa | 639 | 86 | Santa Cruz | 1431 | 494 | Yuba | 334 | 486 |
| Inyo | 147 | 598 | Nevada | 305 | 320 | Shasta | 684 | 528 | | | |
| Kern | 3427 | 60 | Orange | 5889 | 611 | San Diego | Series 2 Book 1961, Page 183887 | | | | |

*which provisions, identical in all counties, (printed on the attached unrecorded pages) are hereby adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that Trustor will observe and perform said provisions, and that the references to property, obligations and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust*

*The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.*

*IN WITNESS WHEREOF, the undersigned has executed this document on the date set forth below*

**Tulare Local Healthcare District, d/b/a Tulare Regional Medical Center**

By· _____ CEO

Dated· _9.22.2017_

OHSUSA 767424224 2

EXHIBIT 6
Page 2 Of 4

**SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS**
(continued)

## EXHIBIT "A"
Legal Description

Real property in the City of Tulare, County of Tulare, State of California, described as follows:

PARCEL 1 AND REMAINDER OF PARCEL MAP NO. 4531, IN THE CITY OF TULARE, COUNTY OF TULARE, STATE OF CALIFORNIA, AS PER MAP RECORDED AUGUST 23, 2002 IN BOOK 46, PAGE 36 OF PARCEL MAPS, TULARE COUNTY RECORDS.

EXCEPTING THEREFROM AN UNDIVIDED ONE-HALF OF ALL THE MINERALS, GAS, OILS, PETROLEUM, NAPHTHA AND OTHER HYDROCARBON SUBSTANCES IN, ON OR UNDER SAID LAND, TOGETHER WITH ALL RIGHTS INCIDENTAL TO THE DEVELOPMENT OF SAME, AS EXCEPTED IN THE DEED FROM SECURITY-FIRST NATIONAL BANK OF LOS ANGELES, A NATIONAL BANKING ASSOCIATION, TO C. E. SWEARINGEN AND CLARA B. SWEARINGEN, HUSBAND AND WIFE, DATED SEPTEMBER 29, 1936, RECORDED NOVEMBER 30, 1936 IN BOOK
704, PAGE 316 OF OFFICIAL RECORDS.

APN:
171-300-015-000 as to Parcel 1 171-300-016-000 as to Remainder

OHSUSA 767424224 2

EXHIBIT 6
Page 3 Of- 4

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS
### (continued)

> A notary public or other officer completing this certificate verifies only the identity
> of the individual who signed the document to which this certificate is attached,
> and not the truthfulness, accuracy or validity of that document

State of California          )
County of Tulare          )

On September 27, 2017 _____ before me, Melissa S. Arend _____, Notary Public (here insert
name and title of the officer), personally appeared Yorai Benny Benzeevi _____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed
to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity
upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph
is true and correct

WITNESS my hand and official seal

Signature _Melissa S Arend_ (Seal)

MELISSA S. AREND
Commission # 2113102
Notary Public - California
Tulare County
My Comm. Expires May 25, 2019

OHSUSA 767424224 2

EXHIBIT 6
Page 4 Of 4

**201630910116**

## Secretary of State
## Articles of Organization
Limited Liability Company (LLC)

**LLC-1**

**FILED**
Secretary of State
State of California

**OCT 3 1 2016**

I C C

This Space For Office Use Only

**IMPORTANT — Read Instructions before completing this form.**

Filing Fee - $70.00

Copy Fees - First plain copy free; Additional copies: First page $1.00 & .50 for each attachment page; Certification Fee - $5.00

*Important!* LLCs may have to pay an annual minimum $800 tax to the California Franchise Tax Board. For more information, go to https://www.ftb.ca.gov.

**1. Limited Liability Company Name** (See Instructions – Must contain an LLC ending such as LLC or L.L.C. "LLC" will be added, if not included.)

TULARE ASSET MANAGEMENT, LLC

**2. Business Addresses**

| a. Initial Street Address of Designated Office in California - Do not list a P.O. Box | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 4924 LAKEWOOD DRIVE | VISALIA | CA | 93291 |

| b. Initial Mailing Address of LLC, if different than Item 2a | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| | | | |

**3. Agent for Service of Process**

Item 3a and 3b: If naming an **individual**, the agent must reside in California and Item 3a and 3b must be completed with the agent's name and complete California street address.

Item 3c: If naming a California Registered **Corporate Agent**, a current agent registration certificate must be on file with the California Secretary of State and Item 3c must be completed (leave Item 3a-3b blank).

| a. California Agent's First Name (if agent is not a corporation) | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |

| b. Street Address (if agent is not a corporation) - Do not list a P.O. Box | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| | | CA | |

c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 3a or 3b

PARACORP INCORPORATED

**4. Management** (Select **only** one box)

The LLC will be managed by:

☐ One Manager          ☐ More than One Manager          ☑ All LLC Member(s)

**5. Purpose Statement** (Do not alter Purpose Statement)

The purpose of the limited liability company is to engage in any lawful act or activity for which a limited liability company may be organized under the California Revised Uniform Limited Liability Company Act.

**6.** The information contained herein, including in any attachments, is true and correct.

Organizer sign here

BRUCE R. GREENE
Print your name here

LLC-1 (REV 06/2016)

EXHIBIT ____
Page ____ Of ____

2016 California Secretary of State
www.sos.ca.gov/business/be



**Secretary of State**
**Statement of Information**
(Limited Liability Company)

| LLC-12 |

17-A88177

# FILED

In the office of the Secretary of State
of the State of California

OCT 04, 2017

**This Space For Office Use Only**

**IMPORTANT** — Read instructions **before completing this form.**

**Filing Fee – $20.00**

**Copy Fees –** First page $1.00; each attachment page $0.50;
Certification Fee - $5.00 plus copy fees

**1. Limited Liability Company Name** (Enter the exact name of the LLC. If you registered in California using an alternate name, see instructions.)

TULARE ASSET MANAGEMENT, LLC

| **2. 12-Digit Secretary of State File Number** | **3. State, Foreign Country or Place of Organization** (only if formed outside of California) |
|---|---|
| 201630910116 | CALIFORNIA |

**4. Business Addresses**

| | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| a. Street Address of Principal Office - Do not list a P.O. Box<br>869 N. Cherry Street | Tulare | CA | 93274 |
| b. Mailing Address of LLC, **if different than Item 4a**<br>4934 Lakewood Drive | Visalia | CA | 93291 |
| c. Street Address of **California Office,** if Item 4a is not in California - Do not list a P.O. Box<br>869 N. Cherry Street | Tulare | CA | 93274 |

**5. Manager(s) or Member(s)** — If no **managers** have been appointed or elected, provide the name and address of each member. At least one name **and** address must be listed. If the manager/member is an individual, complete Items 5a and 5c (leave Item 5b blank). If the manager/member is an entity, complete Items 5b and 5c (leave Item 5a blank). Note: The LLC cannot serve as its own manager or member. If the LLC has additional managers/members, enter the name(s) and addresses on Form LLC-12A (see instructions).

| a. First Name, if an individual - Do not complete Item 5b | Middle Name | Last Name | Suffix |
|---|---|---|---|
| yorai | | benzeevi | |

b. Entity Name - Do not complete Item 5a

| c. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 4924 Lakewood Drive | Visalia | CA | 93291 |

**6. Service of Process** (Must provide either Individual OR Corporation.)

**INDIVIDUAL** – Complete Items 6a and 6b only. Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is not a corporation) | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |

| b. Street Address (if agent is not a corporation) - **Do not enter a P.O. Box** | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| | | CA | |

**CORPORATION** – Complete Item 6c only. Only include the name of the registered agent Corporation.

c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 6a or 6b

PARACORP INCORPORATED (C1082536)

**7. Type of Business**

a. Describe the type of business or services of the Limited Liability Company
Hospital management services

**8. Chief Executive Officer, if elected or appointed**

| a. First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |

| b. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| | | | |

**9. The Information contained herein, including any attachments, is true and correct.**

| 10/04/2017 | yorai benzeevi | Manager | |
|---|---|---|---|
| Date | Type or Print Name of Person Completing the Form | Title | Signature |

**Return Address (Optional)** (For communication from the Secretary of State related to this document, or if purchasing a copy of the filed document enter the name of a person or company and the mailing address. This information will become public when filed. SEE INSTRUCTIONS BEFORE COMPLETING.)

Name: ⌐
Company:
Address:
City/State/Zip: ⌐                        ⌐

LLC-12 (REV 01/2017)                    Page 1 of EXHIBIT 8          2017 California Secretary of State
                                        Page 1 Of-1                  www.sos.ca.gov/business/be

**9**

WALTER WILHELM LAW GROUP
a Professional Corporation
Riley C. Walter #91839
Kathleen D. DeVaney #156444
Danielle J. Bethel #315945
205 E. River Park Circle, Suite 410
Fresno, CA 93720
Telephone:   (559) 435-9800
Facsimile:    (559) 435-9868
E-mail:       rileywalter@w2lg.com

(SPACE BELOW FOR FILING STAMP ONLY)

Attorneys for TULARE LOCAL HEALTHCARE DISTRICT,
dba TULARE REGIONAL MEDICAL CENTER

### IN THE UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| In re<br><br>TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,<br><br>Debtor.<br><br>Tax ID #:   94-6002897<br>Address:   869 N. Cherry Street<br>Tulare, CA 93274 | CASE NO.  17-13797<br><br>Chapter 9 |
| TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,<br><br>    Plaintiff,<br><br>vs.<br><br>HEALTHCARE CONGLOMERATE ASSOCIATES, LLC, a California limited liability company,<br><br>    Defendant. | ADV PROC. NO. _____<br><br>Date:     N/A<br>Time:     N/A<br>Place:    2500 Tulare Street<br>          Fresno, CA 93721<br>          Courtroom 13<br>Judge:    Honorable René Lastreto II |

### COMPLAINT TO AVOID PREFERENTIAL TRANSFERS, FRAUDULENT CONVEYANCE AND FOR DECLARATORY RELIEF
### (Healthcare Conglomerate Associates, LLC)

Complaint to Avoid Preferential Transfers, Fraudulent
Conveyance and for Declaratory Relief

-1-

00168815-gaa-01.23.2018.8:03am

EXHIBIT          9
Page   1   Of-   9

Tulare Local Healthcare District, dba Tulare Regional Medical Center ("Plaintiff" or "the District"), the debtor in the above-captioned adversary proceeding, brings this complaint and alleges as follows:

## JURISDICTION, VENUE AND THE PARTIES

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157(d) and 1334.

2.      This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F), and (O). This adversary proceeding relates to *In re Tulare Local Healthcare District, dba Tulare Regional Medical Center*, Case No. 17-13797, which was commenced on September 30, 2017 ("Petition Date") by the Tulare Local Healthcare District, dba Tulare Regional Medical Center ("District") by filing a petition under Chapter 9 of title 11 of the United States Code ("Bankruptcy Code") on an emergency basis in the United States Bankruptcy Court for the Eastern District of California - Fresno Division ("Bankruptcy Court").

3.      Venue is proper under 28 U.S.C. § 1409.

4.      Plaintiff Tulare Local Healthcare District is a public local healthcare district organized under the Local Hospital District Law set forth in California's Health and Safety Code. The District is a municipality under Bankruptcy Code § 109(c)(1)(40) and as defined in Bankruptcy Code § 101(40). The District operates a general acute hospital facility known as the Tulare Regional Medical Center, a fitness facility, and other patient services programs. Pursuant to Bankruptcy Code § 904(5), the District is the same as a trustee because the word "trustee" means debtor when used in a section that is made applicable in a Chapter 9 case.

5.      Defendant Healthcare Conglomerate Associates, LLC ("HCCA" or "Defendant") is a limited liability company organized in December 2013 under the laws of the State of California. Plaintiff is informed and believes, and on such information and belief alleges, that at all times relevant herein, Yorai Benzeevi, M.D. ("Benzeevi"), is and was the manager and/or member of HCCA. Plaintiff is also informed and believes,

Complaint to Avoid Preferential Transfers, Fraudulent     -2-     00168815-gaa-01.23.2018.8:03am
Conveyance and for Declaratory Relief

EXHIBIT   9
Page  2  Of  9

1    and on such information and belief alleges, that Benzeevi is the Chief Executive Officer

2    of Defendant HCCA. This Court has personal jurisdiction over the Defendant. At all

3    relevant times, Defendant was an entity for whose benefit the recoverable transfers

4    alleged in this Complaint were made, and/or an immediate or mediate transferee of

5    such recoverable transfers.

6             **ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

7         6.      On May 29, 2014, HCCA and the District entered into a contract involving

8    four agreements consisting of a Management Services Agreement ("MSA"), Interim

9    Joint Operating Agreement, Joint Operating Agreement and Option (collectively taken

10    together, the "Contract"). Copies of the documents that comprised the Contract were

11    filed in the District's Chapter 9 case as Docket Nos. 37, 38, 39 and 40, respectively and

12    also attached as Exhibit 2 to the Declaration of Yorai Benzeevi, M.D., filed on October

13    17, 2017. The Option was recorded on July 3, 2014 in the Official Records of the

14    County of Tulare as Instrument No. 2014-0034007. On October 19, 2017, the

15    Bankruptcy Court granted the District's motion to reject the Contract. Docket No. 174.

16         7.      On September 27, 2017, within ninety days prior to the Petition Date,

17    Benzeevi, claiming to be the Chief Executive Officer of the District, executed a

18    document entitled Short Form Deed of Trust and Assignment of Rents ("Deed of Trust")

19    which purports to irrevocably grant, transfer and assign to a trustee in trust, with power

20    of sale, certain real property commonly known as 1425 East Prosperity Avenue in

21    Tulare, California, as more particularly described in the Deed of Trust, for the benefit of

22    Defendant HCCA. The Deed of Trust was made for the purpose of securing payment of

23    an alleged pre-petition disputed debt referenced in the Deed of Trust as a series of ten

24    promissory notes allegedly executed by the District in favor of the Defendant HCCA. A

25    true and correct copy of the Deed of Trust, which was recorded in the Official Records

26    of the County of Tulare as Instrument No. 2017-0059339 on September 28, 2017, is

27    attached herewith as Exhibit A.

28    ///

8.      Plaintiff is informed and believes, and on such information and belief alleges, that the District never approved a resolution appointing Benzeevi as Chief Executive Officer of the District or entered into a contract of employment with Benzeevi to serve as the Chief Executive Officer of the District.  Plaintiff is further informed and believes, and on such information and belief alleges, that Benzeevi was not authorized by any District resolution, contract or other document to execute the Deed of Trust in any capacity on behalf of the District.

### FIRST CLAIM FOR RELIEF
(Avoidable Preferential Transfers)
(11 U.S.C. § 547(b))

9.      Plaintiff realleges and incorporates by reference paragraphs 1 through 8, inclusive, of this Complaint as though fully set forth herein.

10.      The District owns the property described in the Deed of Trust.  The conveyance of the property to the trustee, together with power of sale, for the benefit of Defendant HCCA as beneficiary of the Deed of Trust, is a pre-petition transfer made to or for the benefit of Defendant HCCA, who was a creditor of the District at the time of the transfer as the term "creditor" is defined by Bankruptcy Code § 101(10).

11.      The pre-petition transfer was a transfer of property of the District to the trustee in trust for the benefit of Defendant HCCA, and thus constitutes a transfer of an interest of the District in property.

12.      Plaintiff is informed and believes, and on that basis alleges, that the pre-petition transfer was made for on or on account of an antecedent disputed debt consisting of the promissory notes referenced in the Deed of Trust, all of which are dated before the Petition Date and before the Deed of Trust was executed, and which disputed debts are allegedly owed by the District to Defendant HCCA.

13.      Plaintiff is informed and believes, and on that basis alleges that the pre-petition transfer was made while the District was insolvent.  Pursuant to 11 U.S.C. § 547(f), the District is presumed to have been insolvent at the time of the pre-petition

EXHIBIT  9
Page  4  Of-  9

transfer.

14.     Plaintiff is informed and believes, and on that basis alleges that the pre-petition transfer enabled Defendant HCCA to receive more than it would have received if (a) the District's bankruptcy case was a case under chapter 7 of Title 11 of the United States Code; (b) the transfer had not been made; and (c) Defendant HCCA received payment of such debt to the extent provided by Title 11 of the United States Code.

15.     Plaintiff is entitled to an order and judgment against Defendant HCCA under 11 U.S.C. § 547(b) that the pre-petition transfer of the District's property be avoided pursuant to 11 U.S.C. § 547(b).

<u>SECOND CLAIM FOR RELIEF</u>
(For Fraudulent Conveyance)
(11 U.S.C. § 548)

16.     Plaintiff realleges and incorporates by reference paragraphs 1 through 7, inclusive, of this Complaint as though fully set forth herein.

17.     Within the two year period prior to the Petition Date, as detailed above, Defendant HCCA received an interest in the District's property as described in the Deed of Trust. Within the two year period prior to the Petition Date, the District also incurred the disputed obligations represented by the series of ten purported promissory notes referenced in the Deed of Trust.

18.     Plaintiff is informed and believes, and on such information and belief alleges, that the transfer of the interest in the District's property described in the Deed of Trust and the obligations referenced in the series of ten purported promissory notes listed in the Deed of Trust (together, the "Fraudulent Transfer and Obligations") were made with actual intent to hinder, delay or defraud entities to which the District was or became, on or after the date that the Fraudulent Transfer and Obligations were made or incurred, indebted.

///
///

EXHIBIT 9
Page 5 Of 9

19.     Plaintiff is further informed and believes, and on such information and belief alleges, that the District received less than a reasonably equivalent value in exchange for the Fraudulent Transfer and Obligations, and the District was insolvent on the dates that such Fraudulent Transfer and Obligations were made or incurred, or became insolvent as a result of such Fraudulent Transfer and Obligations.

20.     Plaintiff is entitled to an order and judgment against Defendant HCCA under 11 U.S.C. § 548(a) that the pre-petition Fraudulent Transfer and Obligations be avoided pursuant to 11 U.S.C. § 548(a).

### THIRD CLAIM FOR RELIEF
(For Recovery of Property)
(11 U.S.C. § 550)

21.     Plaintiff realleges and incorporates by reference paragraphs 1 through 20, inclusive, of this Complaint as though fully set forth herein.

22.     As alleged above, Plaintiff is entitled to avoid the pre-petition transfer under 11 U.S.C. § 547(b) and the Fraudulent Transfer and Obligations under 11 U.S.C. § 548(a).  As Defendant HCCA is the initial transferee of the pre-petition transfer and the Fraudulent Transfer and Obligations, or the individual or entity for whose benefit the pre-petition transfer and Fraudulent Transfer and Obligations was made, or is the immediate or mediate transferee of the initial transferee receiving such pre-petition transfer, or any of them, Plaintiff is entitled to recover the proceeds or value of the pre-petition transfer from Defendant HCCA under 11 U.S.C. § 550.

### FOURTH CLAIM FOR RELIEF
(For Preservation of Avoided Transfer)
(11 U.S.C. § 551)

23.     Plaintiff realleges and incorporates by reference paragraphs 1 through 20, inclusive, of this Complaint as though fully set forth herein.

24.     Pursuant to 11 U.S.C. § 551, Plaintiff is entitled to preserve any transfer avoided under 11 U.S.C § 547(b) and 548(a) for the benefit of the District.

///

///

EXHIBIT 9
Page 6 Of- 9

## FIFTH CLAIM FOR RELIEF
### (Disallowance of Claim)
### (11 U.S.C. § 502(d))

25.　Plaintiff realleges and incorporates by reference paragraphs 1 through 20, inclusive, of this Complaint as though fully set forth herein.

26.　Absent Defendant HCCA returning to the District the full amount of the transfer and reconveying the Deed of Trust, its claim or claims asserted against the District must be disallowed in the entirety.

## SIXTH CLAIM FOR RELIEF
### (Declaratory Relief)
### (28 U.S.C. § 2201)

27.　Plaintiff realleges and incorporates by reference paragraphs 1 through 20, inclusive, of this Complaint as though fully set forth herein.

28.　Plaintiff is informed and believes, and on such information and belief alleges, that Defendant HCCA contends that Benzeevi was authorized to execute the Deed of Trust for the benefit of Defendant HCCA, which Benzeevi also managed, owned and controlled, and to cause the Deed of Trust to be recorded.  The Deed of Trust is an encumbrance on title to the District's property and interferes with the District's ability to use the property to secure funds for the District's operations.  Plaintiff disputes and denies that Benzeevi was authorized to execute the Deed of Trust and cause it to be recorded.

29.　A present and actual controversy between the Plaintiff, on the one hand, and Defendant, on the other hand, with respect to Benzeevi's authority or lack thereof to execute the Deed of Trust on behalf of the District and cause it to be recorded for the benefit of Defendant HCCA, to warrant the issuance of a declaratory judgment under 28 U.S.C. § 2201.  Plaintiff is informed and believes, and thereupon alleges, Benzeevi had no authority under the Contract, the District's Bylaws or any applicable law to execute the Deed of Trust and cause it to be recorded and that the Deed of Trust is void. Plaintiff is informed and believes, and thereupon alleges, that Defendant disputes this contention and maintains that Benzeevi had authority to execute the Deed of Trust for

1  the benefit of Defendant HCCA and that the Deed of Trust is valid.  Plaintiff has

2  requested that Defendant HCCA reconvey the Deed of Trust but Defendant HCCA has

3  failed and refused, and continues to fail and refuse, to do so.  In light of Defendant

4  HCCA's failure and refusal to reconvey the Deed of Trust which continues to encumber

5  the District's property, a prompt judicial determination of the respective rights and duties

6  of the parties is necessary and appropriate.

7                                    **PRAYER**

8          WHEREFORE, Plaintiff requests judgment as follows:

9          A.      On the First Claim for Relief for judgment in favor of the District and

10  against Defendant HCCA avoiding the transfer as a preference pursuant to 11 U.S.C. §

11  547;

12          B.      On the Second Claim for Relief for judgment in favor of the District and

13  against Defendant HCCA avoiding the transfer and obligations incurred as fraudulent

14  conveyances pursuant to 11 U.S.C. § 548;

15          C.      On the Third Claim for Relief for a judgment that the District is entitled to

16  recover the pre-petition transfer under 11 U.S.C. § 550;

17          D.      On the Fourth Claim for Relief for a judgment that the District is entitled to

18  preserve any transfer avoided under 11 U.S.C. § 547(b), including the pre-petition

19  transfer, for the benefit of the District;

20          E.      On the Fifth Claim for Relief, an order denying and disallowing the

21  Defendant HCCA's claims against the District until such time as any judgment rendered

22  by this Court has been fully satisfied;

23          F.      On the Sixth Claim for Relief, a declaration that Benzeevi had no authority

24  to execute the Deed of Trust on behalf of the District and had no authority to cause the

25  Deed of Trust to be recorded, and that the Deed of Trust is void.

26          G.      On all Claims for Relief for cost of suit incurred herein, including, without

27  limitation, attorney's fees; and

28  ///

EXHIBIT 9
Page 8 Of 9

1    H.    Such other and further relief as this Court deems just and appropriate.

2    Dated: January 23, 2018    WALTER & WILHELM LAW GROUP,
3    a Professional Corporation

4
    By:
5    Riley C. Walter, Attorneys for Plaintiff
6    Tulare Local Healthcare District dba
    Tulare Regional Medical Center
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint to Avoid Preferential Transfers, Fraudulent    -9-    00168815-gaa-01.23.2018.8:03am
Conveyance and for Declaratory Relief

EXHIBIT
Page 9 Of 9

1 | 11
WALTER WILHELM LAW GROUP
a Professional Corporation
Riley C. Walter #91839
Kathleen D. DeVaney #156444
Danielle J. Bethel #315945
205 E. River Park Circle, Suite 410
Fresno, CA 93720
Telephone: (559) 435-9800
Facsimile: (559) 435-9868
E-mail: rileywalter@w2lg.com

(SPACE BELOW FOR FILING STAMP ONLY)

Attorneys for Debtor and Plaintiff
TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL
CENTER

## IN THE UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| In re<br><br>**TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,**<br><br>Debtor.<br><br>Tax ID #: 94-6002897<br>Address: 869 N. Cherry Street<br>           Tulare, CA 93274 | CASE NO. 17-13797<br><br>Chapter 9 |
| **TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,**<br><br>     Plaintiff,<br><br>vs.<br><br>**CELTIC LEASING CORP., a California corporation; MB FINANCIAL BANK, N.A.**<br><br>     Defendants. | ADV PROC. NO. _____<br><br>Date:     N/A<br>Time:     N/A<br>Place:    2500 Tulare Street<br>           Fresno, CA 93721<br>           Courtroom 13<br>Judge:   Honorable René Lastreto II |

**COMPLAINT TO AVOID PREFERENTIAL AND FRAUDULENT TRANSFERS**
**(Defendants Celtic Leasing Corp. and MB Financial Bank, N.A.)**

COMPLAINT TO AVOID PREFERENTIAL TRANSFER
(Defendants Celtic Leasing Corp. and MB Financial Bank,
N.A.)

-1-

00170218-kdd-02.05.2018

EXHIBIT 10
Page 1 Of 21

1    Tulare Local Healthcare District, dba Tulare Regional Medical Center, the debtor

2  in the above-captioned adversary proceeding, brings this complaint and alleges as

3  follows:

4                    <u>**JURISDICTION, VENUE AND THE PARTIES**</u>

5         1.      This Court has jurisdiction over this adversary proceeding pursuant to

6  28 U.S.C. § 157(d) and 1334.

7         2.      This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §

8  157(b)(2)(A), (F), and (O).  This adversary proceeding relates to *In re Tulare Local*

9  *Healthcare District, dba Tulare Regional Medical Center*, Case No. 17-13797, which

10 was commenced on September 30, 2017 ("Petition Date") by the Tulare Local

11 Healthcare District, dba Tulare Regional Medical Center (the "District") by filing a

12 petition under Chapter 9 of title 11 of the United States Code ("Bankruptcy Code") on an

13 emergency basis in the United States Bankruptcy Court for the Eastern District of

14 California - Fresno Division ("Bankruptcy Court").

15        3.      Venue is proper under 28 U.S.C. § 1409.

16        4.      Plaintiff Tulare Local Healthcare District is a public local healthcare district

17 organized under the Local Hospital District Law set forth in California's Health and

18 Safety Code. The District is a municipality under Bankruptcy Code § 109(c)(1)(40) and

19 as defined in Bankruptcy Code § 101(40). The District operates a general acute hospital

20 facility known as the Tulare Regional Medical Center (the "Hospital"), clinics, a fitness

21 facility, and other patient services programs.  The District serves residents of Tulare

22 County which has one of the highest percentages of people living in poverty and the

23 lowest amounts of per capita income in the State of California.  Pursuant to Bankruptcy

24 Code § 904(5), the District is the same as a trustee because the word "trustee" means

25 debtor when used in a section that is made applicable in a Chapter 9 case.

26        5.      Defendant Celtic Leasing Corp. ("Celtic Leasing") is a California

27 corporation organized under the laws of the State of California with its principal place of

28 business located in Irvine, California. This Court has personal jurisdiction over the Celtic

COMPLAINT TO AVOID PREFERENTIAL TRANSFER           -2-                    00170218-kdd-02.05.2018
(Defendants Celtic Leasing Corp. and MB Financial Bank,
N.A.)

EXHIBIT 10
Page 2 Of 21

1  Leasing.  Plaintiff is informed and believes, and on such information and belief alleges,

2  that Celtic Leasing is a wholly owned subsidiary of defendant MB Financial Bank, N.A.,

3  a national bank, and also does business as Celtic Commercial Finance.  At all relevant

4  times, Celtic Leasing was an entity for whose benefit the recoverable transfers alleged

5  in this Complaint were made, and/or an immediate or mediate transferee of such

6  recoverable transfers.

7         6.    Plaintiff is informed and believes, and on such information and belief

8  alleges, that defendant MB Financial Bank, NA ("MB Financial") is a national bank and

9  financial institution based in Chicago, Illinois. This Court has personal jurisdiction over

10 MB Financial.  At all relevant times, MB Financial was an entity for whose benefit the

11 avoidable transfers alleged in this Complaint were made, and/or an immediate or

12 mediate transferee of such avoidable transfers.

<strong>BACKGROUND FACTS</strong>

14        7.    This Complaint arises from an unauthorized and fraudulent and/or

15 preferential transfer of the District's assets orchestrated by Yorai "Benny" Benzeevi, MD

16 ("Benzeevi"), Alan W. Germany ("Germany") and others not long before the District was

17 forced to file an emergency petition for relief under chapter 9 of the Bankruptcy Code.  A

18 summary of certain events preceding the transaction with Celtic Leasing and MB

19 Financial are set forth in this Complaint to provide the context of the unauthorized and

20 fraudulent and/or preferential transfer of the District's assets.

21        8.    The District is informed and believes, and on such information and belief

22 alleges, that Benzeevi is and/or was the manager and a member of Healthcare

23 Conglomerate Associates, LLC, a California limited liability company ("HCCA") at all

24 times relevant to the allegations of this Complaint.  The District is also  informed and

25 believes, and on such information and belief alleges, that Benzeevi is and/or was the

26 Chairman and Chief Executive Officer of HCCA at all times relevant to the allegations of

27 this Complaint.  The District is further informed and believes, and on such information

28

COMPLAINT TO AVOID PREFERENTIAL TRANSFER                    -3-                    00170218-kdd-02.05.2018
(Defendants Celtic Leasing Corp. and MB Financial Bank,
N.A.)

EXHIBIT  10
Page  3  OF  21

1   and belief alleges, that Germany was and/or is the Chief Financial Officer and Chief

2   Operating Officer of HCCA at all times relevant to the allegations of this Complaint.

3         9.       The District is governed by a Board of Directors consisting of five elected

4   or appointed persons residing in specific electoral zones of the District (the "Board").

5   Pursuant to the District's Bylaws, the officers of the District shall be the members of the

6   Board of Directors who are elected by the Board members.  The duties and

7   responsibilities of the officers of the District are set forth in Article IV of the District's

8   Bylaws.

9         10.      Plaintiff is informed and believes, and on such information and belief

10  alleges, that the District never approved a resolution appointing Benzeevi as Chief

11  Executive Officer of the District, or entered into a contract of employment with Benzeevi

12  to serve as the Chief Executive Officer of the District.  Plaintiff is informed and believes,

13  and on such information and belief alleges, that the District never approved a resolution

14  appointing Germany as the Chief Financial Officer and/or Chief Operator Officer of the

15  District, or entered into a contract of employment with Germany to serve as the Chief

16  Financial Officer and/or Chief Operating Officer of the District.

17        11.      On May 29, 2014, HCCA and the District entered into a contract involving

18  four interrelated agreements consisting of a Management Services Agreement ("MSA"),

19  Interim Joint Operating Agreement, Joint Operating Agreement and Option (collectively,

20  the "Contract"). Copies of the documents that comprised the Contract were filed in the

21  District's Chapter 9 case as Docket Nos. 37, 38, 39 and 40, respectively, and as Exhibit

22  2 to the Declaration of Yorai Benzeevi filed on October 17, 2017.  Pursuant to the MSA,

23  HCCA was retained as the manager of the District.

24        12.      Paragraph 4(j)(i) of the MSA entitled "Pledge of Credit" provides, *inter*

25  *alia*, that "Manager shall not engage in any financial lending, financing or banking

26  actions that result in liens, mortgages, lines of credit, security interest or financial

27  obligations in the name of the District without the prior written consent of the Governing

28  Body.  Prior to requesting consent for approval, Manager shall provide a detailed

COMPLAINT TO AVOID PREFERENTIAL TRANSFER            -4-
(Defendants Celtic Leasing Corp. and MB Financial Bank,                     00170218-kdd-02.05.2018
N.A.)

EXHIBIT 10
Page 4 Of 21

1  proposal to the Governing Body describing the amount of required funding, the purpose

2  of the financing, the strategic plan to generate sufficient revenue to pay such financing

3  and all other alternatives evaluated to obtain sufficient funding."

4      13.    Paragraph 4(j)(ii) of the MSA provides "Except as provided in Section

5  4(j)(ii), Manager shall not, under any circumstances, in the name of, or on behalf of, the

6  District borrow any money or execute any promissory note, bill of exchange or other

7  obligation, dispose of any asset of the District not in the ordinary course of business,

8  without the consent of the Governing Body; and only to the extent allowed by all

9  applicable Law."

10     14.    In or around September 2016, citizens of the District began collecting

11  signatures on a petition to recall then District board member Parmod Kumar ("Kumar").

12  Kumar had served on the District board since in or around 1994. The petition to recall

13  Kumar was filed in or around late September 2016.  Plaintiff is informed and believes,

14  and on such information and belief alleges, that Kumar was perceived to be a close ally

15  and staunch supporter of Benzeevi, Germany and HCCA. Plaintiff is informed and

16  believes, and on such information and belief alleges, that the proponents of the recall

17  petition were dissatisfied with Kumar's vote to hire HCCA as manager and Kumar's

18  oversight of the use of $85 million in general obligation bond proceeds[1] approved by

19  voters in 2005 (the "Bond Proceeds") intended to construct a new medical tower at the

20  Hospital (the "Tower Project") and purchase equipment. Plaintiff is informed and

21  believes, and on such information and belief alleges, that HCCA, Benzeevi  and

22  Germany perceived the petition to recall Kumar to be adverse to their economic

23  interests under the Contract.

24     15.    In November of 2016, the District conducted an election ("Election") for

25  two seats on the Board.  At that time, Kevin Northcraft ("Northcraft") and Michael

26  Jamaica ("Jamaica") were elected by the voters of the District to serve on the Board.

27

28  [1]  The Joint Legislative Audit Committee, at the request of State Senator Jean Fuller (R-Bakersfield),
recently unanimously voted to audit the use and expenditure of the Bond Proceeds.

COMPLAINT TO AVOID PREFERENTIAL TRANSFER          -5-                    00170218-kdd-02.05.2018
(Defendants Celtic Leasing Corp. and MB Financial Bank,
N.A.)

EXHIBIT 10
Page 5 Of 21

1   Northcraft and Jamaica ran on a campaign platform insisting on transparency,

2   accountability and close scrutiny of HCCA's management of the Hospital. Plaintiff is

3   informed and believes, and on such information and belief alleges, that HCCA,

4   Benzeevi and Germany perceived the campaign platform and subsequent election of

5   Northcraft and Jamaica to be adverse to their economic interests under the Contract.

6        16.    Plaintiff is informed and believes, and on such information and belief

7   alleges, that HCCA, Benzeevi and Germany also believed that if the District's voters

8   voted to recall Kumar and a new Board member was elected, a majority of the District's

9   Board would insist on transparency and accountability and closely scrutinize HCCA's

10   management of the District's Hospital and related patient service programs.

11        17.    Plaintiff is informed and believes, and on such information and belief

12   alleges, that a few weeks after the petition to recall Kumar was filed and just prior to the

13   November 2016 Election, Bruce R. Greene, an attorney with the law firm of Baker &

14   Hostetler LLP ("BakerHostetler"), executed Articles of Organization of a limited liability

15   company named Tulare Asset Management, LLC ("Tulare Asset Management"). Tulare

16   Asset Management's Articles of Organization were filed on October 31, 2016 in the

17   office of the Secretary of State of the State of California as document number

18   201630910116. The business address of Tulare Asset Management listed in such

19   Articles of Organization is a single family residence on Lakewood Drive in Visalia,

20   California. Plaintiff is informed and believes, and on such information and belief alleges,

21   that the single family residence on Lakewood Drive was and/or is Benzeevi's residence

22   at all times relevant to the allegations of this Complaint. Thus, Benzeevi conducted the

23   business of Tulare Asset Management from his residence.

24        18.    After the November 2016 Election, the District's Board consisted of

25   Kumar, Jamaica, Northcraft, Linda Wilbourn ("Wilbourn"), and Richard Torrez ("Torrez").

26   Wilbourn served as President of the Board. Plaintiff is informed and believes, and on

27   such information and belief alleges, that Kumar, Wilbourn and Torrez were perceived to

28   be close allies and supporters of Benzeevi and HCCA.

COMPLAINT TO AVOID PREFERENTIAL TRANSFER     -6-
(Defendants Celtic Leasing Corp. and MB Financial Bank,
N.A.)

00170218-kdd-02.05.2018



19. The petition to recall Kumar was successful and an election was scheduled to take place on July 11, 2017 as set forth in Board Resolution No. 852 dated April 10, 2017.

20. A few weeks before the July 11, 2017 recall election, HCCA convened a special meeting of the District's Board and proposed that HCCA be authorized to borrow up to $22 million to fund operational expenses (including costs relating to the Tower Project, repayment of indebtedness, and for other hospital purposes). A special board meeting was held on June 20, 2017 to consider HCCA's request, and the Board voted 3-2[2] to approve the request. The resolution approving the motion was given the same number as Resolution No. 852 dated April 10, 2017.

21. A special election was held on July 11, 2017, and the District's voters recalled Kumar with roughly 81% of the votes cast in favor of recall. In that same special election, Senovia Gutierrez ("Gutierrez") was voted to replace Kumar by winning roughly 76% of the votes cast.

22. On July 20, 2017, the Tulare County Elections Office certified the results of the July 11, 2017 special election. Notwithstanding the overwhelming percentage of votes in favor of his recall, Kumar requested that a recount take place but then failed to timely deliver payment for the vote recount on the day it was scheduled to take place. A recount eventually did take place which confirmed the fact that Kumar was recalled by a landslide.

23. On July 25, 2017, Gutierrez took the Oath of Office to serve as a member of the District's Board.

24. On or about July 26, 2017, Michael Allan, an attorney representing Kumar, sent a letter to the District's Board asserting that the Board would commit a violation of the Ralph M. Brown Act ("Brown Act") if the Board recognized Gutierrez as a District Board member and demanded that the Board cease and desist from recognizing her.

---

[2] Northcraft and Jamaica voted against the proposed resolution.

COMPLAINT TO AVOID PREFERENTIAL TRANSFER
(Defendants Celtic Leasing Corp. and MB Financial Bank,
N.A.)

-7-

00170218-kdd-02.05.2018

EXHIBIT 10
Page 7 of 21

1         25.     On July 26, 2017, at the Board's regularly scheduled meeting, Wilbourn,

2 acting in her capacity as the District Board's President and in contravention of the will of

3 the voters of the District, refused to recognize Gutierrez as a member of the District's

4 Board. Wilbourn relied on the opinion expressed by HCCA's counsel, Bruce Greene of

5 BakerHostetler who, at that time, was also counsel for the District, to justify her refusal

6 to recognize Gutierrez as a member of the District Board notwithstanding the fact that

7 (a) the Tulare County Elections Office had certified the result of the special election on

8 July 20, 2017; (b) such certification was made available to the District Board; and (c)

9 Gutierrez had taken the oath of office on July 25, 2017. Wilbourn then unilaterally

10 canceled the July 26, 2017 District Board meeting. Notwithstanding Wilbourn's decision

11 to unilaterally cancel the July 26, 2017 District Board meeting, Board members

12 Northcraft, Jamaica and Gutierrez conducted a meeting and scheduled a special

13 meeting to be held on July 27, 2017.

14         26.     Late in the evening of July 26, 2017, Bruce Greene, acting as counsel for

15 HCCA and the District, stated that the District would not recognize any action taken at

16 the July 27 Board meeting.

17         27.     On July 27, 2017, the District conducted a special meeting of the District's

18 Board. At the July 27, 2017 special meeting of the District's Board, the Board approved

19 the following motions to, among other things: (a) rescind Resolution No. 844 pursuant to

20 which HCCA had the authority to engage legal counsel; (b) rescind Resolution No. 851

21 and Resolution No. 852 regarding HCCA's authority to seek loans; (c) terminate

22 BakerHostetler as counsel for the District; (d) retain the law firm of McCormick Barstow

23 as counsel for the District; and (e) scheduled a special meeting to be held on August 9,

24 2017. Board members Wilbourn and Torrez did not attend that meeting.

25         28.     On the late evening of July 28, 2017, in an email sent to Northcraft, Bruce

26 Greene stated that, as counsel for the District's Board, it was his opinion that the special

27 meeting held on July 27 was invalid and that Gutierrez was not a member of the District

28 Board. He further asserted that Northcraft, Gutierrez and Jamaica were "risking

COMPLAINT TO AVOID PREFERENTIAL TRANSFER     -8-
(Defendants Celtic Leasing Corp. and MB Financial Bank,                        00170218-kdd-02.05.2018
N.A.)

EXHIBIT 10
Page 8 Of 21



1  personal liability" for conducting such District Board meetings and that "there will be no

2  insurance coverage or indemnification rights under the District's Bylaws" in the event of

3  litigation.  On Sunday, July 30, 2017, Greene reiterated these positions in another email

4  to Northcraft sent from a Bakerlaw mobile device.

5        29.    On August 9, 2017, the District conducted a special meeting of the

6  District's Board. At the August 9, 2017 special meeting, the Board approved the

7  following motions to, among other things: (a) declare the July 11, 2017 recall election

8  results; (b) appoint certain Board members as officers; and (c) remove all Hospital

9  board officers. Board members Wilbourn and Torrez did not attend that meeting.

10        30.    On August 9, 2017, Marshall Grossman, an attorney with the law firm of

11  Orrick, Herrington & Sutcliffe ("Orrick"), transmitted a letter to District Board members

12  Northcraft, Jamaica and Gutierrez on behalf of his clients, Benzeevi and HCCA.[3]  In the

13  August 9, 2017 letter, Orrick asserted, *inter alia*, that the District Board meetings were

14  "falsely billed" as official District Board meetings. Orrick demanded, among other things,

15  that Northcraft, Jamaica and Gutierrez "cease and desist" from conducting the Board

16  meetings "given the potential for litigation to which you may be a party."

17        31.    On August 23, 2017, a regular meeting of the District's Board was

18  scheduled to take place.  That very same day, Wilbourn chose to transmit a letter to

19  Bruce Greene resigning from her position as the Board member of Zone 5 of the District

20  as of noon that day.  In an email to Northcraft transmitted late in the afternoon of August

21  23, Greene stated that Wilbourn and Torrez were not available to attend the District

22  Board meeting and it would be canceled.  Despite Greene's efforts to stop the District

23  Board from conducting a meeting, the Board met on August 23, 2017 to conduct the

24  District's business.

25        32.    On August 24, 2017, the law firm of McCormick Barstow LLP

26  ("McCormick"), acting as counsel for the District, transmitted a letter to Greene and

27  _____

28  [3] As the law firm of BakerHostetler firm also represented HCCA, HCCA was
~~represented by both Orrick and BakerHostetler.~~

EXHIBIT 10
Page  9  Of- 21

1 | John Cermack, Jr. of BakerHostetler that, among other things, reiterated the fact that
2 | the District had previously terminated BakerHostetler as counsel for the District and
3 | reminded them of a request made on August 3, 2017 that BakerHostetler turnover the
4 | District's files and electronic records as required by Rule 3-700 of the Rules of
5 | Professional Conduct.  On August 28, 2017, Peter James of BakerHostetler responded
6 | to the August 24, 2017 letter and refused to comply with the District's request based on
7 | BakerHostetler's position that Gutierrez was not a member of the District Board.

8 |     33.    On September 15, 2017, HCCA sent the District a notice stating that it
9 | deemed itself "insecure" and demanded that the District provide it with an irrevocable
10 | Letter of Credit from a U.S. banking institution acceptable to HCCA ("HCCA Notice").
11 | That same day, HCCA filed a lawsuit against the District in the Superior Court for the
12 | County of Los Angeles alleging claims for breach of contract and declaratory relief (the
13 | "HCCA Lawsuit").

14 |     34.    It was not until on or about September 26, 2017, that HCCA and Benzeevi
15 | abandoned their efforts, by and through their attorneys, to unsuccessfully block and
16 | prevent Gutierrez from serving on the District's Board.

17 |     35.    By and through the events and acts of the individuals described in the
18 | paragraphs above, Plaintiff is informed and believes, and on such information and belief
19 | alleges, that HCCA, Benzeevi, and Germany attempted to obstruct and block Gutierrez
20 | from assuming her duly elected position on the District's Board in order to allow time for
21 | HCCA, Benzeevi and Germany to: (a) close a deal whereby HCCA sold District's assets
22 | for $3 million and then obligated the District to lease those assets back from Celtic
23 | Leasing and MB Financial in the "sale and leaseback" transaction described below; (b)
24 | direct Celtic Leasing and MB Financial to wire transfer the $3 million in proceeds from
25 | the sale of the District's assets to Tulare Asset Management's bank account over which
26 | the District had no authority, power, control or knowledge; and (c) disburse the entire $3
27 | million proceeds of the sale of the District's assets to other parties and/or accounts other
28 | than the District or the District's accounts.

COMPLAINT TO AVOID PREFERENTIAL TRANSFER          -10-          00170218-kdd-02.05.2018
(Defendants Celtic Leasing Corp. and MB Financial Bank,
N.A.)

EXHIBIT 10
Page 10 Of- 21

1        36.     Given HCCA's control over all aspects of the District's financial

2   information, HCCA knew and understood that the District was in severe fiscal distress

3   but failed to inform the District's Board of the actual scope and extent of the District's

4   financial condition until September 28, 2017.

5        37.     On September 28, 2017, HCCA requested in writing that the District's

6   Board conduct an emergency meeting on Sunday, October 1, 2017 (the "Benzeevi

7   Letter"). Docket No. 115 at pp. 160-61. In the Benzeevi Letter, HCCA advised for the

8   first time that the District had a "CRITICAL liquidity crisis," was "COMPLETELY out of

9   cash," that many vendors were threatening to cease providing goods and services, and

10  that the District lacked "sufficient cash to fund the entire gross payroll." HCCA also

11  alleged it was owed $7 million and would not extend further credit to the District. HCCA

12  further stated that it had notified the California Department of Public Health that day of

13  "the District's inability to fund payroll." Finally, Benzeevi wrote "[w]ithout immediate

14  approval for the District to obtain prompt funding, the only alternative will be for HCCA

15  to move immediately to cease operations at the Hospital and to consider immediately a

16  plan over the next several days to cease operations at the Hospital."

17       38.     Given the District's dire fiscal emergency, the District filed its petition

18  under chapter 9 of the Bankruptcy Code on September 30, 3017.

19       39.     On October 4, 2017, four days after the District filed its chapter 9 petition,

20  Benzeevi, acting in his capacity as the manager of Tulare Asset Management, filed an

21  LLC-12 Statement of Information with the office of the Secretary of State of the State of

22  California changing the street address of Tulare Asset Management, LLC from the

23  single family residence on Lakewood Drive in Visalia, California, to 869 N. Cherry

24  Street, Tulare, CA (the address of the Hospital). However, the aforementioned LLC-12

25  Statement of Information form did not change the mailing address of Tulare Asset

26  Management. At no time was Benzeevi authorized to utilize the address of the Hospital

27  and the District as the business address of Tulare Asset Management, nor was

28

COMPLAINT TO AVOID PREFERENTIAL TRANSFER            -11-
(Defendants Celtic Leasing Corp. and MB Financial Bank,                    00170218-kdd-02.05.2018
N.A.)

EXHIBIT  10
Page   11  Of-  21

1  Benzeevi authorized to conduct any business of Tulare Asset Management at that
2  address at any time.

**THE UNAUTHORIZED SALE AND LEASEBACK OF THE**

**DISTRICT'S PERSONAL PROPERTY**

5        40.      HCCA managed the District pursuant to the MSA from in or around May
6  29, 2014 until on or around November 2, 2017, the date the Bankruptcy Court entered
7  the order granting the District's motion to reject the Contract in the above-captioned
8  Chapter 9 case (Docket No. 174).

9        41.      Plaintiff is informed and believes, and on such information and belief
10  alleges, that beginning in or around late July of 2017, Germany, acting in his capacity as
11  the CFO/COO of HCCA, began discussions with Celtic Leasing to obtain a loan or
12  financing in an amount as high as $20 million. Germany pursued a loan or financing
13  with Celtic Leasing despite his knowledge that on July 27, 2017, the District's Board had
14  voted to rescind Resolution No. 851 and Resolution No. 852 regarding HCCA's authority
15  to seek loans on behalf of the District.

16        42.      In fact, on or about July 28, 2017, in pursuit of a loan or financing
17  arrangement, Germany transmitted an email to Timothy Ong of Celtic Leasing which
18  stated: "The critical factor for me is time. I would like to get this funded very quickly.
19  Thank you." Plaintiff is informed and believes, and on such information and belief
20  alleges, that HCCA was desperate to close a financing transaction as fast as possible
21  because HCCA believed and understood that:(a) the District Board had rescinded
22  Resolution No. 852 dated June 20, 2017; and (b) HCCA and Benzeevi's efforts, by and
23  through their attorneys, to obstruct Gutierrez as the duly elected Board member in the
24  recall election from serving on the District Board would not be successful.

25        43.      HCCA had no authority under Resolution No. 852 or any other resolution
26  or document to obtain any loans or pledge the District's real or personal property as
27  collateral for any loans. Similarly, HCCA did not have authority to sell any real or

28

COMPLAINT TO AVOID PREFERENTIAL TRANSFER          -12-                    00170218-kdd-02.05.2018
(Defendants Celtic Leasing Corp. and MB Financial Bank,
N.A.)

EXHIBIT 10
Page 12 Of 21

1  personal property assets of the District or enter into any sale and leaseback transaction

2  of District assets.

3      44.    Despite the lack of any authority to sell any District assets, pledge District

4  assets as collateral for any loan or enter into any other type of agreement for the sale

5  and leaseback of District assets, Benzeevi and Germany orchestrated a transaction with

6  defendants Celtic Leasing and MB Financial to (a) sell certain personal property assets

7  of the District to Celtic Leasing for the sum of $3,000,000; (b) obligate the District to

8  lease that personal property back from Celtic Leasing for the sum of $82,026.00 per

9  month over a base term of 36 months; and (c) direct Celtic Leasing to wire transfer the

10 $3,000,000 proceeds of the sale of District assets to the bank account of Tulare Asset

11 Management, LLC, a California limited liability company, which was owned and

12 controlled exclusively by Benzeevi and operated out of his residence.

13     45.    On August 23, 2017, Benzeevi and Germany executed a document

14 entitled "Master Lease Number CML-3826A" (the "Master Lease") allegedly on behalf of

15 the District. On the signature page, Germany executed the Master Lease and

16 represented that he was the CFO/COO of the District. Germany was never appointed,

17 elected or authorized to be or represent himself to be the CFO/COO of the District. On

18 the signature page, Benzeevi executed the Master Lease and represented that he was

19 the CEO of the District. Benzeevi was never appointed, elected or authorized to be or

20 represent himself to be the CEO of the District. Celtic Leasing executed the Master

21 Lease on August 24, 2017. A copy of the Master Lease is attached hereto as Exhibit A.

22     46.    In connection with the Master Lease, on August 30, 2017, Benzeevi and

23 Germany also executed a document entitled "Organization Certificate." By their

24 signatures on such Organization Certificate, Benzeevi and Germany certified that they

25 were (a) officers of Tulare Local Health Care District; and (b) Benzeevi was duly

26 qualified and authorized to execute on behalf of the District any and all documents and

27 instruments in connection with the lease, purchase and sale or other disposition of the

28 District's personal property to Celtic Leasing, including but not limited to, the Master

COMPLAINT TO AVOID PREFERENTIAL TRANSFER
(Defendants Celtic Leasing Corp. and MB Financial Bank,
N.A.)

-13-

00170218-kdd-02.05.2018

EXHIBIT 10
Page 13 Of 21

1  Lease, Lease Schedules and other documents.  In actuality, neither Benzeevi nor

2  Germany was authorized to execute the Master Lease or was an officer of the District.

3  A copy of the Organization Certificate is attached hereto as Exhibit B.

4          47.      In connection with the Master Lease, Germany and Benzeevi also

5  executed: (a) an "Insurance Authorization" dated August 23, 2017; (b) a Lease

6  Schedule No. 3826A01 dated August 23, 2017; and (c) an Addendum "A" to the Lease

7  Schedule No. 3826A01 and Master Lease dated August 23, 2017. On each of the

8  aforementioned documents, Germany misrepresented that he was the CFO/COO of the

9  Tulare Local Health Care District and Benzeevi misrepresented that he was the CEO of

10  the Tulare Local Health Care District.  In actuality, neither Benzeevi nor Germany was

11  authorized to execute any of these documents in any capacity on behalf of the Tulare

12  Local Health Care District.  Celtic Leasing executed the Lease Schedule No. 3826A01

13  and Addendum "A" to Lease Schedule No. 3826A01 on August 24, 2017.  Copies of the

14  Insurance Authorization, Lease Schedule No. 3826A01 and Addendum "A" to Lease

15  Schedule No. 3826A01 are attached hereto as Exhibits C, D, and E and, respectively.

16          48.      On August 30, 2017, in connection with the Master Lease, Benzeevi also

17  executed a Letter Agreement, Acceptance Certificate, and Purchase/Leaseback

18  Agreement and Bill of Sale.  On each of the aforementioned documents, Benzeevi

19  misrepresented that he was the CEO of the Tulare Local Health Care District.  In

20  actuality, Benzeevi was not authorized to execute any of these documents in any

21  capacity on behalf of the Tulare Local Health Care District.  The purchase price for the

22  equipment identified on Exhibit A to the Purchase/Leaseback Agreement and Bill of

23  Sale was $3,000,000.  Copies of the Letter Agreement, Acceptance Certificate, and

24  Purchase/Leaseback Agreement and Bill of Sale are attached hereto as Exhibits F, G,

25  and H, respectively.

26          49.      Plaintiff is informed and believes, and on such information and belief

27  alleges, that in connection with the Master Lease, on August 21, 2017, defendant MB

28  Financial Bank, N.A., caused a UCC Financing Statement to be recorded with the office

COMPLAINT TO AVOID PREFERENTIAL TRANSFER          -14-                    00170218-kdd-02.05.2018
(Defendants Celtic Leasing Corp. and MB Financial Bank,
N.A.)

EXHIBIT 10
Page 14 Of 21

1 | of the Secretary of State of California as document no. 17-7601983921 (the "UCC1"). A

2 | true and correct copy of the UCC1 is attached hereto as Exhibit I.

3 |      50.      The Master Lease, Lease Schedule No. 3826A01 dated August 23, 2017,

4 | Addendum to Lease Schedule No. 3826A01 dated August 23, 2017, Letter Agreement,

5 | Acceptance Certificate, Purchase/Leaseback Agreement and Bill of Sale, and UCC1 are

6 | collectively referred to as the "Sale and Leaseback Documents."

7 |      51.      Plaintiff is informed and believes, and on such information and belief

8 | alleges, that at some point in time in August 2017 and prior to the date of the closing of

9 | the unauthorized sale of the District's assets to Celtic Leasing, Celtic Leasing became

10 | aware of results of the July 11, 2017 special election to recall Kumar and HCCA's efforts

11 | to prevent Gutierrez from serving as a District Board member.

12 |      52.      Plaintiff is informed and believes, and on such information and belief

13 | alleges, that on August 28, 2017, BakerHostetler, acting as special counsel to HCCA,

14 | provided Celtic Leasing with an opinion letter with respect to the sale and leaseback of

15 | the District's assets to Celtic Leasing.

16 |      53.      Plaintiff is further informed and believes, and on such information and

17 | belief alleges, that on August 25, 2017, Michael Allan, the same attorney that

18 | represented Kumar and sent a "cease and desist" letter to the District's Board

19 | threatening the Board if it recognized Gutierrez as a duly elected Board member,

20 | provided BakerHostetler with an opinion letter respecting Gutierrez's qualifications and

21 | service as a member of the District's Board. Plaintiff is informed and believes, and on

22 | such information and belief alleges, that Celtic Leasing relied on the BakerHostetler

23 | opinion letter in order to proceed with the sale and leaseback transaction.

24 | **CELTIC'S PAYMENT OF THE PROCEEDS OF THE UNAUTHORIZED SALE OF THE**

25 | **DISTRICT'S ASSETS TO BENZEEVI'S COMPANY, TULARE ASSET**

26 | **MANAGEMENT, LLC**

27 |      54.      Plaintiff is informed and believes, and on such information and belief

28 | alleges, that HCCA provided Celtic Leasing with wire transfer instructions to wire the

COMPLAINT TO AVOID PREFERENTIAL TRANSFER     -15-     00170218-kdd-02.05.2018
(Defendants Celtic Leasing Corp. and MB Financial Bank,
N.A.)

EXHIBIT 10
Page 15 Of 21

1   sum of $3,000,000 to the account of Tulare Asset Management, LLC, Attn: Accounts

2   Receivable, which Benzeevi operated out of his residence in Visalia California.

3         55.     On August 31, 2017 and prior to the wire being sent, Plaintiff is informed

4   and believes, and on such information and belief alleges, that Celtic Leasing requested

5   that Germany confirm that the address "for the Tulare Asset Management Account" was

6   the same address as the District's Hospital address at 869 N. Cherry Street, Tulare, CA

7   93274.  Plaintiff is informed and believes, and on such information and belief alleges,

8   that Germany represented that the address of Tulare Asset Management was the same

9   as the District's address by stating to Celtic Leasing in a written communication that

10  "Yes, this is the same address."

11        56.     Plaintiff is informed and believes, and on such information and belief

12  alleges, that Germany knew that Tulare Asset Management did not do business at 869

13  N. Cherry Street, Tulare, CA and was not authorized to use the District's Hospital

14  address in any manner whatsoever.  Plaintiff is further informed and believes, and on

15  such information and belief alleges, that if Germany had provided Celtic Leasing with

16  the registered address of Tulare Asset Management on Lakewood Drive on file with the

17  California's Office of the Secretary of State, Celtic Leasing might be suspicious of the

18  wire transfer instructions and not wire the $3,000,000 in proceeds from the unauthorized

19  sale of the District's assets to Tulare Asset Management.

20        57.     Plaintiff is informed and believes, and on such information and belief

21  alleges, that on August 31, 2017, MB Financial wire transferred the $3,000,000 in

22  proceeds from the unauthorized sale of the District's assets into the account of Tulare

23  Asset Management.

24        58.     At no time did Plaintiff have any relationship with, contract with or control

25  over Tulare Asset Management.  At no time, did Plaintiff have any access to, authority

26  over or control of any bank account of Tulare Asset Management.

27        59.     Plaintiff is informed and believes, and on such information and belief

28  alleges, that by no later than September 13, 2017, roughly two weeks after receiving the

COMPLAINT TO AVOID PREFERENTIAL TRANSFER        -16-              00170218-kdd-02.05.2018
(Defendants Celtic Leasing Corp. and MB Financial Bank,
N.A.)

EXHIBIT  10
Page  16  Of  21

1  $3,000,000 in proceeds of the unauthorized sale of the District's assets to Celtic

2  Leasing, Benzeevi caused the $3,000,000 to be withdrawn and transferred from the

3  Tulare Asset Management bank account.

4       60.   On September 15, 2017, two days after completing the transfer of the $3

5  million in funds out of Tulare Asset Management's account, HCCA sent the District the

6  HCCA Notice deeming itself "insecure" and sued the District for breach of contract and

7  declaratory relief alleging that the District owed it over $7 million.

8       61.   On October 4, 2017, four days after the District filed its Chapter 9 petition,

9  Benzeevi, acting in his capacity as the manager of Tulare Asset Management, LLC,

10  filed an LLC-12 Statement of Information with the office of the Secretary of State of the

11  State of California changing the street address of Tulare Asset Management, LLC from

12  Benzeevi's residence on Lakewood Drive in Visalia, California, to 869 N. Cherry Street,

13  Tulare, CA (the address of the District's Hospital). However, the LLC-12 Statement of

14  Information filed by Benzeevi did not change the mailing address of Tulare Asset

15  Management, which remained at the address of Benzeevi's residence on Lakewood

16  Drive in Visalia, CA. A true and correct copy of the LCC-12 form filed as document no.

17  17-A88177 and the Tulare Asset Management LLC1 form, are attached hereto as

18  Exhibits J and K.

19                    **FIRST CLAIM FOR RELIEF**
20              (Avoidable Preferential Transfers)
                 (11 U.S.C. § 547(b))

21

22       62.   Plaintiff realleges and incorporates by reference paragraphs 1 through 61,

23  inclusive, of this Complaint as though fully set forth herein.

24       63.   The unauthorized sale of the District's assets and lien created by the

25  UCC-1 as set forth in the Sale and Leaseback Documents is a pre-petition transfer

26  made to or for the benefit of the Defendants, who were creditors of the District at the

27  time of the transfer as the term "creditor" is defined by Bankruptcy Code § 101(10).

28

COMPLAINT TO AVOID PREFERENTIAL TRANSFER    -17-
(Defendants Celtic Leasing Corp. and MB Financial Bank,
N.A.)                               00170218-kdd-02.05.2018

EXHIBIT   10
Page   17  Of-  21

64.     The pre-petition transfers constitute transfers of property of the District to or for the benefit of Defendants, and thus constitute transfers of an interest of the District in property.

65.     Plaintiff is informed and believes, and on that basis alleges, that the pre-petition transfers were made for on or on account of an antecedent disputed debt as set forth in the Sale and Leaseback Documents, all of which are dated before the Petition Date, and that Defendants allege that they are owed such debt (which the District disputes).

66.     Plaintiff is informed and believes, and on that basis alleges that the pre-petition transfers were made while the District was insolvent. Pursuant to 11 U.S.C. § 547(f), the District is presumed to have been insolvent at the time of the pre-petition transfer.

67.     Plaintiff is informed and believes, and on that basis alleges, that the pre-petition transfers enabled Defendants to receive more than they would have received if (a) the District's bankruptcy case was a case under chapter 7 of Title 11 of the United States Code; (b) the transfers had not been made; and (c) Defendants received payment of such debt to the extent provided by Title 11 of the United States Code.

68.     Plaintiff is entitled to an order and judgment against Defendants under 11 U.S.C. § 547(b) that the pre-petition transfer of the District's property be avoided pursuant to 11 U.S.C. § 547(b).

**SECOND CLAIM FOR RELIEF**
(For Fraudulent Conveyance)
(11 U.S.C. § 548)

69.     Plaintiff realleges and incorporates by reference paragraphs 1 through 61, inclusive, of this Complaint as though fully set forth herein.

70.     Within the two year period prior to the Petition Date, as detailed above, Defendants Celtic Leasing and MB Financial received an interest in the Debtor's property as described in the Sale and Leaseback Documents.

EXHIBIT 10
Page 18 Of 21

71.     Plaintiff is informed and believes, and on such information and belief alleges, that the transfer of the interest in the Debtor's property described in the Sale and Leaseback Documents were made with actual intent to hinder, delay or defraud entities to which the Debtor was or became indebted, on or after the date that the Sale and Leaseback Documents were made or incurred.

72.     Plaintiff is further informed and believes, and on such information and belief alleges, that the Debtor received less than a reasonably equivalent value in exchange for the obligations set forth in the Sale and Leaseback Documents, and the Debtor was insolvent on the dates that such obligations were made or incurred, or became insolvent as a result of such obligations.

73.     Plaintiff is entitled to an order and judgment under 11 U.S.C. § 548(a) that the pre-petition sale of the District's assets and the obligation to lease those assets back as set forth in the Sale and Leaseback Documents be avoided pursuant to 11 U.S.C. § 548(a).

### THIRD CLAIM FOR RELIEF
(For Recovery of Property)
(11 U.S.C. § 550)

74.     Plaintiff realleges and incorporates by reference paragraphs 1 through 73 inclusive, of this Complaint as though fully set forth herein.

75.     As alleged above, Plaintiff is entitled to avoid the pre-petition transfer under 11 U.S.C. §§ 547 and 548(a). As the Defendants are the initial transferees or the entities for whose benefit the pre-petition transfers and obligations were made, or the immediate or mediate transferees of the initial transferee receiving such pre-petition transfers, or any of them, Plaintiff is entitled to recover the proceeds or value of the pre-petition transfers under 11 U.S.C. § 550.

### FOURTH CLAIM FOR RELIEF
(For Preservation of Avoided Transfer)
(11 U.S.C. § 551)

76.     Plaintiff realleges and incorporates by reference paragraphs 1 through 73 inclusive, of this Complaint as though fully set forth herein.

COMPLAINT TO AVOID PREFERENTIAL TRANSFER
(Defendants Celtic Leasing Corp. and MB Financial Bank, N.A.)      -19-      00170218-kdd-02.05.2018

EXHIBIT 10
Page 19 Of 21

77.     Pursuant to 11 U.S.C. § 551, Plaintiff is entitled to preserve any transfer avoided under 11 U.S.C §§ 547 and 548(a), including the pre-petition transfers, for the benefit of the Debtor.

### FIFTH CLAIM FOR RELIEF
#### (Disallowance of Claim)
#### (11 U.S.C. § 502(d))

78.     Plaintiff realleges and incorporates by reference paragraphs 1 through 73 inclusive, of this Complaint as though fully set forth herein.

79.     Absent the Defendants returning to the Debtor the equipment sold pursuant to the Sale and Leaseback Documents and releasing the lien created by the UCC1, their claim or claims asserted against the Debtor must be disallowed in the entirety.

### PRAYER

WHEREFORE, Plaintiff requests judgment as follows:

A.     On the First Claim for Relief, for judgment in favor of the District and against Defendants avoiding the transfer as a preference pursuant to 11 U.S.C. § 547;

B.     On the Second Claim for Relief, for judgment in favor of the Debtor and against the Defendants avoiding the transfer, sale and obligations incurred as fraudulent conveyances pursuant to 11 U.S.C. § 548;

C.     On the Third Claim for Relief, for a judgment that the Debtor is entitled to recover the pre-petition transfers under 11 U.S.C. § 550;

D.     On the Fourth Claim for Relief, for a judgment that the Debtor is entitled to preserve any transfer avoided under 11 U.S.C. §§ 547 and 548(a), including the pre-petition transfer, for the benefit of the Debtor;

E.     On the Fifth Claim for Relief, an order denying and disallowing the Defendants' claims against the Debtor until such time as any judgment rendered by this Court has been fully satisfied;

F.     On all Claims for Relief for cost of suit incurred herein, including, without limitation, attorney's fees; and

COMPLAINT TO AVOID PREFERENTIAL TRANSFER          -20-
(Defendants Celtic Leasing Corp. and MB Financial Bank,                    00170218-kdd-02.05.2018
N.A.)

EXHIBIT 10
Page 20 of 21

1    G.    Such other and further relief as this Court deems just and appropriate.

2    Dated: February 6, 2018          WALTER WILHELM LAW GROUP,
3                                     a Professional Corporation

4
5                                     By: _____
                                         Riley C. Walter, Attorneys for Plaintiff
6                                        Tulare Local Healthcare District dba
                                         Tulare Regional Medical Center
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT TO AVOID PREFERENTIAL TRANSFER          -21-                    00170218-kdd-02.05.2018
(Defendants Celtic Leasing Corp. and MB Financial Bank,
N.A.)

EXHIBIT 10
Page 21 Of 21