WALTER WILHELM LAW GROUP
A Professional Corporation
Riley C. Walter #91839
Kathleen D. DeVaney #156444
Danielle J. Bethel #315945
205 East River Park Circle, Ste. 410
Fresno, CA 93720
Telephone: (559) 435-9800
Facsimile: (559) 435-9868
E-mail: *rileywalter@w2lg.com*
*Attorneys for Chapter 9 Counsel*

MCCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP
Todd A. Wynkoop, #308845
  *todd.wynkoop@mccormickbarstow.com*
Ben Nicholson, #239893
  *ben.nicholson@mccormickbarstow.com*
Shane G. Smith, #272630
  *shane.smith@mccormickbarstow.com*
Vanessa M. Cohn, #314619
  *vanessa.cohn@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:   (559) 433-1300
Facsimile:   (559) 433-2300
*Attorneys for District Counsel*

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re<br><br>TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,<br><br>Debtor.<br><br>Tax ID #    94-6002897<br>Address:    869 N. Cherry Street<br>            Tulare, CA 93274 | Case No. 17-13797 (Chapter 9)<br><br>Adv. Proc. No.:  17-01095-B<br><br>DC No.: OHS-2<br><br>**TULARE LOCAL HEALTHCARE DISTRICT DBA TULARE REGIONAL MEDICAL CENTER'S OPPOSITION TO HEALTHCARE CONGLOMERATE ASSOCIATES, LLC'S MOTION TO DISMISS COUNTERCLAIM OR IN THE ALTERNATIVE TO STRIKE PORTIONS THEREOF [ECF 22]** |
| HEALTHCARE CONGLOMERATE ASSOCIATES, LLC,<br><br>            Plaintiff,<br>      v.<br><br>TULARE LOCAL HEALTHCARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER,<br><br>            Defendant. | Date:    April 12, 2018<br>Time:    9:30 a.m.<br>Dept:    Courtroom 13<br>Judge:   Hon. Rene' Lastreto II |

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1
TLHD'S OPPN. TO HCCA'S MOTION TO DISMISS COUNTERCLAIM

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   ARGUMENT ...................................................................................................... 3

    A.    Direct Removal to the Bankruptcy Court Does Not Deprive this Court of Subject Matter Jurisdiction ................................................................................ 3

    B.    Venue is Proper Here in Fresno. ..................................................................... 4

    C.    TRMC Has Stated Its Counterclaims With Particularity Pursuant To Rule 9(b), and TRMC Has Sufficiently Alleged Its Counterclaims In Accordance With Rule 12(b)(6). ................................................................................................... 5

        1.    Standards Applicable to Federal Rule of Civil Procedure Rule 9(b). ........... 5

        2.    Standards Applicable to Federal Rule of Civil Procedure Rule 12(b)(6). .... 5

        3.    TRMC Adequately Pleaded Its Third Cause of Action for Fraud. ................ 6

            a.    TRMC's Fraud Allegations Satisfy Rule 9(b). .................................. 6

            b.    TRMC's Counterclaims State a Fraud Cause of Action On Which Relief May Be Granted. ......................................................... 7

        4.    TRMC Adequately Pleaded Its Fourth Cause of Action for Negligent Misrepresentation. ....................................................................................... 8

            a.    TRMC's Negligent Misrepresentation Allegations Satisfy Rule 9(b) ................................................................................................. 8

            b.    TRMC's Counterclaims State a Cause of Action for Negligent Misrepresentation On Which Relief May Be Granted ...................... 8

        5.    TRMC Adequately Pleaded Its Fifth Cause of Action for Concealment. ...... 9

            a.    TRMC's Concealment Allegations Satisfy Rule 9(b) ....................... 9

        6.    TRMC Adequately Pleaded Its Sixth Cause of Action for Conversion ...... 10

            a.    TRMC's Conversion Allegations Satisfy Rule 9(b) ...................... 10

        7.    TRMC Adequately Pleaded Its Seventh Cause of Action for Breach of Fiduciary Duty. ......................................................................................... 11

            a.    TRMC's Breach of Fiduciary Duty Allegations Satisfy Rule 9(b) ............................................................................................... 11

            b.    TRMC's Counterclaims State a Cause of Action for Breach of Fiduciary Duty On Which Relief May Be Granted ......................... 12

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

i

TLHD'S OPPN. TO HCCA'S MOTION TO DISMISS COUNTERCLAIM

8.    TRMC Adequately Pleaded Its Eighth Cause of Action for Violation of The California False Claims Act. ............................................................... 13

   a.    TRMC's California False Claims Act Allegations Satisfy Rule 9(b) and State a Claim On Which Relief May Be Granted ............. 13

9.    TRMC Adequately Pleaded Its Eleventh Cause of Action for Equitable Subordination. ......................................................................... 14

   a.    TRMC's Equitable Subordination Allegations Satisfy Rule 9(b)... 14

D.    HCCA's Request To Strike Certain Portions Of The Counterclaim Should Be Denied. ............................................................................................... 15

E.    The Court Should Grant TRMC Leave to Amend In the Interests of Justice and to the Extent that It Nonetheless Identifies Pleading Defects in the Counterclaim .................................................................................. 16

III.    CONCLUSION ................................................................................. 17

TLHD'S OPPN. TO HCCA'S MOTION TO DISMISS COUNTERCLAIM

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1

**TABLE OF AUTHORITIES**

2

**Page**

3

**CASES**

4

*Ashcroft v. Iqbal*
556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) ................................................. 5

*Bell Atl. Corp. v. Twombly*
550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007) ................................................. 5

*Bly–Magee v. California*
236 F.3d 1014, 1018 (9th Cir. 2001) .................................................................... 5

*Boschma v. Home Loan Center*
198 Cal.App.4th 230, 248 (2011) .......................................................................... 9

*Cahill v. Liberty Mut. Ins. Co*
80 F.3d 336, 337–338 (9th Cir.1996) ................................................................... 6

*Cambridge Co. v. Cotton (In re Trafficwatch)*
138 B.R. 841 (Bankr. E.D. Tex. 1992) ................................................................. 3

*Caviness v. Horizon Cmty. Learning Ctr*
590 F.3d 806, 811-12 (9th Cir. 2009) .................................................................. 5

*Cohen v. S&S Construction Co.*
151 Cal.App.3d 941, 946 (1983) .......................................................................... 7

*Conte v. Jakks Pac., Inc.*
981 F. Supp. 2d 895, 908 (E.D. Cal. 2013) ........................................................ 17

*Duarte v. Washington*
No. CV–0900205–JLQ, 2009 WL 2450406,*2 (E.D. Wash. Aug. 7, 2009) ...................... 3

*Ebeid ex rel. United States v. Lungwitz*
616 F.3d 993, 998 (9th Cir. 2010) ........................................................................ 5

*Engalla v. Permanente Medical Grp., Inc.*
15 Cal.4th 951, 974 (1997) .................................................................................... 7

*Epstein v. Washington Energy Co.*
83 F.3d 1136, 1140 (9th Cir. 1996) ...................................................................... 5

*Exergen Corp. v. Wal-Mart Stores, Inc*
575 F.3d 1312, 1330-31 (Fed. Cir. 2009) ........................................................... 16

*Flood v. Miller*
35 Fed. App'x. 701, 703 n.3 (9th Cir. 2002) ................................................... 2, 16

*Foman v. Davis*
371 U.S. 178 (1962) ........................................................................................ 6, 17

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

iii

**TABLE OF AUTHORITIES**
(continued)

*In re Bisno*
        433 B.R. 753 (Bankr. C.D. Cal. 2010) .......................................................... 3, 4

*In re Nat'l Developers Inc.*
        803 F.2d 616 (11th Cir. 1986) ...................................................................... 4

*Martinez v. Allstar Fin. Servs., Inc.*
        No. CV1404661MMMMRWX, 2014 WL 12597333 *1 (C.D. Cal. Oct. 9, 2014) ............ 3

*Moore v. Kayport Package Express, Inc.*
        885 F.2d 531, 540 (9th Cir. 1989) ................................................................ 6

*Neubronner v. Milken*
        6 F.3d 666 (9th Cir. 1993) ......................................................................... 16

*Neubronner v. Milken*
        6 F.3d 666, 672 (9th Cir. 1993) .................................................................. 6

*Osher v. JNI Corp.*
        183 Fed. App'x 604, 605 (9th Cir. 2006) ...................................................... 17

*Perkins v. LinkedIn Corporation*
        53 F.Supp.3d 1190, 1203-04 (N.D. Cal. 2014) .............................................. 14

*Peterson v. BMI Refractories*
        124 F.3d 1386 (11th Cir. 1997) .................................................................. 3

*Peterson v. BMI Refractories*
        124 F.3d 1386 (11th Cir.1997) ................................................................... 3

*Pierce v. Lyman*
        1 Cal.App.4th 1093, 1101 (1991) ............................................................... 13

*Plummer v. Day/Eisenberg, LLP*
        184 Cal.App.4th 38, 50 (2010) ................................................................... 11

*Polizzi v. Cowles Magazines, Inc.*
        345 U.S. 663 (1953) .................................................................................. 3

*Ragland v. U.S. Bank National Assn.*
        209 Cal.App.4th 182, 196 (2012) ............................................................... 9

*Setterland v. Patel*
        No. C 05–04501 WHA, 2006 WL 335285, *1–2 (N.D. Cal. Feb. 14, 2006) ................... 3

*Shroyer v. New Cingular Wireless Srvs*
        622 F.3d 1035 (9th Cir. 2010) .................................................................... 16

*Trone v. Smith*
        642 F.2d 1174, 1177 (9th Cir. 1981) ........................................................... 15

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

iv
TLHD'S OPPN. TO HCCA'S MOTION TO DISMISS COUNTERCLAIM

**TABLE OF AUTHORITIES**
(continued)

*United States v. Sequel Contractors, Inc.*
     402 F. Supp. 2d 1142, 1151 (C.D. Cal. 2005) ................................................. 13

*Vess v. Ciba-Geigy Corp. USA*
     317 F.3d 1097, 1106 (9th Cir. 2003) ........................................................ 5

*Woods v. First American Title, Inc.*
     No. 1:10–CV–01743 OWW SMS, 2011 WL 573826 *1 (E.D. Cal. Feb. 9, 2011) ............. 3

*Wool v. Tandem Computers Inc.*
     818 F.2d 1433, 1439 (9th Cir. 1987) ................................................... 2, 16

**STATUTES**

11 U.S.C. §§ 510(C) and 105(A) ............................................................. 14, 15

28 U.S.C. § 1406 ........................................................................... 3

28 U.S.C. § 1452 ........................................................................... 3

Cal. Gov. Code § 12651(a)(1)-(3) .......................................................... 13

Fed. R. Civ. P. 12(b)(1) ................................................................... 1

Fed. R. Civ. P. 12(b)(3) ................................................................... 1

Fed. R. Civ. P. 12(b)(6) ................................................................... 2

Fed. R. Civ. P. 15 ..................................................................... 6, 17

Fed. R. Civ. P. 8 ........................................................................ 14

Fed. R. Civ. P. 9 ......................................................................... 2

Fed. R. Civ. P. 9(b) ................................................................... 2, 5

Government Code § 12651 .................................................................. 13

MᶜCᴏʀᴍɪᴄᴋ, Bᴀʀsᴛᴏᴡ,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

v
TLHD'S OPPN. TO HCCA'S MOTION TO DISMISS COUNTERCLAIM

Debtor and Defendant Tulare Local Healthcare District ("TLHD" or "District") dba Tulare Regional Medical Center ("TRMC") opposes the Creditor and Plaintiff Healthcare Conglomerate Associates, LLC's ("HCCA") Motion to Dismiss Counterclaim Against HCCA or in the Alternative to Strike Portions Thereof ("Mtn. Dismiss") for the reasons that follow.

## I.    <u>INTRODUCTION</u>

Rather than meet and confer with TRMC about perceived defects in its Counterclaim to HCCA's originating Complaint (ECF 9) — complaints that could have been easily addressed between the parties — HCCA instead filed its unnecessary motion to dismiss and/or strike the majority of those counterclaims. (ECF 22.) In so doing, HCCA will accomplish nothing more than a new stack of paper on the Court's desk and cause TRMC to burn attorney fees it could have spent building a hospital for the people of Tulare County. TRMC respectfully requests that the Court deny HCCA's cumulative motion so that the parties can craft an expeditious path towards a resolution on the merits. At a minimum, TRMC should be afforded leave to amend its pleadings here at the dawn of this case and in the interests of justice.

As to its substance, HCCA's Motion is a laundry list of arguments designed to assert every potential, albeit unsupported, claim it can tack on to this web of pending litigation. *First*, HCCA primarily seeks dismissal for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) due to TRMC's alleged improper removal from California Superior Court. This challenge is without merit. The venue statute does not divest district courts of jurisdiction because the technical requirements of the federal removal statutes are procedural, not jurisdictional. Subject matter jurisdiction is dependent on, *e.g.,* whether there is federal question jurisdiction or diversity jurisdiction. Removal to the geographically "wrong" district is not an issue of subject matter jurisdiction, but rather, one of venue. Venue is not a jurisdictional requirement and cannot divest a federal court of jurisdiction. Accordingly, this Court has jurisdiction to hear this lawsuit.

*Second*, HCCA seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue. However, if the issue is procedural, which it is here, a federal court may yet hear the case. In the present case, the substantial overlap of the facts and legal issues between this lawsuit and the two adversary proceedings already pending before this Court militate in favor of not dismissing this case

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1

TLHD'S OPPN. TO HCCA'S MOTION TO DISMISS COUNTERCLAIM

1  (as explained in Section III.E of TRMC's concurrently filed Opposition to HCCA's Motion to

2  Remand).  Doing so will only be inefficient; duplicate the time, cost, and expense of litigating the

3  facts and legal issues in a non-bankruptcy forum that has no familiarity with the facts and issues; and

4  risk the possibility of inconsistent factual findings and legal decisions on the same issues in this

5  lawsuit and the two other pending adversary proceedings in the Eastern District.

6     *Third*, HCCA adopts a shotgun approach in seeking dismissal pursuant to Fed. R. Civ. P.

7  12(b)(6) and/or Fed. R. Civ. P. 9(b).  This entire tactic is based on HCCA's feigned need for more

8  particular allegations so that it can defend itself.  HCCA first takes aim at TRMC's Third Cause of

9  Action for its asserted inability to state a fraud claim with the particularity required by Fed. R. Civ. P.

10  9(b).  That challenge cannot stand:  TRMC pleaded ample factual support demonstrating the self-

11  dealing, misrepresentations, and breaches of fiduciary duties by HCCA that underlie TRMC's fraud

12  allegation.

13     HCCA then re-purposes that very same argument to challenge each of six other causes of

14  action in TRMC's Counterclaim regardless of whether the higher Rule 9(b) standards applies at all; in

15  many cases, it does not.  The Court should find that HCCA has no ground to seek dismissal of the

16  Counterclaim under Rule 9(b).

17     Likewise, despite HCCA's boilerplate arguments, TRMC plausibly alleges claims for Fraud,

18  Negligent Misrepresentation, and Violation of California's False Claims Act that surpass Fed. R. Civ.

19  P. 12(b)(6)'s minimal threshold.  In each case, the four corners of TRMC's Counterclaim supply

20  sufficient factual detail reaching each element of the required causes of action, and fairly place these

21  claims at-issue in conformance with the federal pleading guidelines set forth by *Twombly* and *Iqbal*.

22     HCCA's parting shot at certain facts pleaded "on information and belief" is specious at best.

23  Fed. R. Civ. P. 9 permits pleading on "information and belief" when a pleading states the factual basis

24  for the belief.  *See, e.g. Wool v. Tandem Computers Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987),

25  *overruled on other grounds as stated in Flood v. Miller*, 35 Fed. App'x. 701, 703 n.3 (9th Cir. 2002).

26  The subject counterclaims do so.

27     Because HCCA makes no argument by which TRMC may be deprived of its case, this Court

28  should deny the Motion to Dismiss and/or Strike TRMC's Counterclaim in its entirety.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2

TLHD'S OPPN. TO HCCA'S MOTION TO DISMISS COUNTERCLAIM

## II. **ARGUMENT**

### A. **Direct Removal to the Bankruptcy Court Does Not Deprive this Court of Subject Matter Jurisdiction.**

HCCA's initial argument is that TRMC's removal of this action to this Court allegedly violates 28 U.S.C. § 1452 and does not vest the Court with subject matter jurisdiction. (Mtn. Dismiss at 2:21-26.) This is the exact same, incorrect argument advanced by HCCA in its Motion to Remand that is addressed in detail by TRMC in its opposition filed concurrently herewith. While TRMC's position is set forth in more detail there, in short, HCCA's argument is without merit because this situation presents only a procedural issue of venue, and venue is not a jurisdictional requirement. As such, this is not a question of subject matter jurisdiction at all.

While the Ninth Circuit has not yet considered whether removing an action from state court to the incorrect federal district court is a procedural or jurisdictional issue, several district courts in this Circuit have followed the Eleventh Circuit's reasoning in *Peterson v. BMI Refractories*, 124 F.3d 1386 (11th Cir. 1997) to conclude that it is procedural. *See, e.g., In re Bisno*, 433 B.R. 753 (Bankr. C.D. Cal. 2010); *Martinez v. Allstar Fin. Servs., Inc.,* No. CV1404661MMMMRWX, 2014 WL 12597333 *1 (C.D. Cal. Oct. 9, 2014); *Woods v. First American Title, Inc.*, No. 1:10–CV–01743 OWW SMS, 2011 WL 573826 *1 (E.D. Cal. Feb. 9, 2011); *Duarte v. Washington*, No. CV–0900205–JLQ, 2009 WL 2450406,*2 (E.D. Wash. Aug. 7, 2009); *Setterland v. Patel*, No. C 05–04501 WHA, 2006 WL 335285, *1–2 (N.D. Cal. Feb. 14, 2006). Thus, the prevailing view of other Circuits and district courts within this Circuit is that removal to the wrong district is an issue of venue rather than jurisdiction. *See, e.g., Cambridge Co. v. Cotton (In re Trafficwatch)*, 138 B.R. 841 (Bankr. E.D. Tex. 1992). The Court should follow the great weight of authority to so hold here.

In *Peterson v. BMI Refractories*, 124 F.3d 1386 (11th Cir.1997), the Eleventh Circuit reviewed a Supreme Court case, *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663 (1953), and held that "the Supreme Court made plain in *Polizzi* that the geographic component of § 1441(a) is a venue provision . . . [and] that failure to comply with those venue requirements does not deprive the district court of subject matter jurisdiction, because 28 U.S.C. § 1406 permits parties to waive venue problems." *Peterson*, 124 F.3d at 1392.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

3

TLHD'S OPPN. TO HCCA'S MOTION TO DISMISS COUNTERCLAIM

HCCA relies heavily on *In re Nat'l Developers Inc.*, 803 F.2d 616 (11th Cir. 1986) for its argument that direct removal to the bankruptcy court deprives this Court of subject matter jurisdiction. However, *In re Nat'l Developers Inc.* is predicated on a repealed statute. Subsequent decisions by the Eleventh Circuit, including *Peterson*, and a multitude of district courts both outside and within this Circuit, including *Bisno*, establish that HCCA's reliance on *In re Nat'l Developers Inc.* is misplaced.

For these reasons, TRMC's removal of the lawsuit directly to this Court does not deprive the Court of jurisdiction. This Court should deny the Motion to Dismiss with respect to Rule 12(b)(1).

**B.    <u>Venue is Proper Here in Fresno.</u>**

HCCA next argues that TRMC's removal of this action to this Court is a matter of improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). (Mtn. Dismiss at 4:3-7.) Again, HCCA reiterates the contentions from its Motion to Remand as to improper venue, and the instant Motion includes no new argument. In this regard, TRMC's response is set forth in more detail in TRMC's concurrently filed Opposition to HCCA's Motion to Remand at Section III.C-III.F.

However, and for the purposes of the instant Opposition, TRMC maintains that equitable and efficiency factors militate in favor of this lawsuit staying put. As discussed above, TRMC's counterclaim is a procedural, not jurisdictional issue. A federal court may hear a case before it even if the supposed defect is procedural. *In re Bisno*, 433 B.R. at 757. Accordingly, this Court has the authority to decide to hear this case, and the interests of judicial economy and efficiency weigh in favor of keeping this matter centralized in the Eastern District bankruptcy proceedings. Based on the voluminous pleadings and declarations filed in connection with the District's motion to reject the Contract which dealt extensively with HCCA's management of the Hospital and the terms of the MSA (as well as the multiple hearings on the rejection motion), this Court has gained an extensive understanding of the issues in the lawsuit and is well-positioned to adjudicate HCCA's contract and declaratory relief claims and the District's counterclaims. In contrast, there has been no activity in the Los Angeles Superior Court because this lawsuit was stayed within 15 days after its filing.

In light of the foregoing, efficient administration of this case weighs strongly in favor of keeping it entirely in the hands of this Court. Doing so will also further the primary objective and purpose of the Bankruptcy Code of resolving disputes concerning a debtor's obligations to its

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

4

TLHD'S OPPN. TO HCCA'S MOTION TO DISMISS COUNTERCLAIM

1    creditors in the centralized forum of a bankruptcy court.

2    **C.    TRMC Has Stated Its Counterclaims With Particularity Pursuant To Rule 9(b), and TRMC Has Sufficiently Alleged Its Counterclaims In Accordance With Rule 12(b)(6).**

3

4        **1.    Standards Applicable to Federal Rule of Civil Procedure Rule 9(b).**

5        Under Rule 9(b), a plaintiff "must state with particularity the circumstances constituting

6    fraud." Fed. R. Civ. P. 9(b). This means the plaintiff must allege "the who, what, when, where, and

7    how of the misconduct charged," including what is false or misleading about a statement, and why it is

8    false. *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (*quoting Vess v.

9    Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)). Broad allegations that include "no

10   particularized supporting detail" do not suffice, *Bly–Magee v. California*, 236 F.3d 1014, 1018 (9th

11   Cir. 2001), but "statements of the time, place and nature of the alleged fraudulent activities are

12   sufficient." *Wool*, 818 F.2d at 1439. Allegations of fraud based on information and belief may suffice

13   as to matters peculiarly within the opposing party's knowledge, so long as the allegations are

14   accompanied by a statement of the facts upon which the belief is founded. *See id.*

15       **2.    Standards Applicable to Federal Rule of Civil Procedure Rule 12(b)(6).**

16       A counter-plaintiff's causes of action survive a motion to dismiss if its alleged facts, taken

17   together with any reasonable inferences, merely "state a claim to relief that is plausible on its face."

18   *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v.

19   Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)); *Caviness v. Horizon Cmty. Learning

20   Ctr.*, 590 F.3d 806, 811-12 (9th Cir. 2009) (applying the reasoning in *Iqbal* to a dismissal of a

21   complaint under Rule 12(b)(6)). "A claim has facial plausibility when the plaintiff pleads factual

22   content that allows the court to draw the reasonable inference that the defendant is liable for the

23   misconduct alleged." *Iqbal*, 556 U.S. at 663, 129 S. Ct. at 1949. All factual allegations set forth in

24   the complaint "are taken as true and construed in the light most favorable to [p]laintiffs." *Epstein v.

25   Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

26       Thus, in resolving a Rule 12(b)(6) motion, the court must (1) construe the complaint in the

27   light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and

28   (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

5

TLHD'S OPPN. TO HCCA'S MOTION TO DISMISS COUNTERCLAIM

1  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–338 (9th Cir.1996).  Leave to amend is freely

2  granted where the proponent of a pleading demonstrates that additional facts can be alleged despite

3  any defects uncovered by an initial motion to dismiss.  *Foman v. Davis*, 371 U.S. 178 (1962); *see*

4  Fed. R. Civ. P. 15.

5        **3.    TRMC Adequately Pleaded Its Third Cause of Action for Fraud.**

6            a.    TRMC's Fraud Allegations Satisfy Rule 9(b)

7        HCCA claims that TRMC offers no statement of facts as to the time, place, or individual

8  underlying the fraud allegations. (Mtn. Dismiss at 5:1-22.) However, in paragraphs 17 through 22 of

9  the Counterclaim, TRMC particularly describes the unauthorized transactions made by HCCA through

10  Dr. Yorai Benzeevi for personal gain (according to filings with the California Secretary of State, Dr.

11  Benzeevi is the managing member of HCCA).  Specifically, in paragraphs 34 and 35, TRMC

12  identifies with particularity that the fraudulent representations began in 2016 and culminated on or

13  about August 2017.  TRMC then identifies that the content and circumstances of the alleged fraud

14  concern requests from HCCA to the District's Board of Directors to authorize (1) HCCA to obtain

15  loans/sale proceeds on behalf of the District, and (2) use the District's real and/or personal property as

16  collateral to obtain such loans/sales proceeds.  (Counterclaim ¶¶ 34, 35.)  TRMC further pleads that

17  HCCA particularly represented: (1) that any monies obtained would be used to satisfy increasing

18  accounts payable and other creditors of the District, and (2) that money obtained from the loans/sales

19  proceeds would be used to pay ongoing operational expenses of the District.  (*Id.* ¶¶ 34, 35.)  TRMC

20  also particularly identifies the nature and amount of the loan monies/sale proceeds and the creditor to

21  whom the obligation is owed.  (*Id.* ¶ 35.)

22        Lastly, the Court must recognize that TRMC alleges that HCCA is withholding financial

23  documents and information from TRMC to this very day.  HCCA's fraudulent activities are thus best

24  considered matters peculiarly within the HCCA's knowledge. *Neubronner v. Milken,* 6 F.3d 666, 672

25  (9th Cir. 1993); *Wool*, 818 F.2d at 1439.  This court has held that the general rule that allegations of

26  fraud based on information and belief do not satisfy Rule 9(b) may be relaxed with respect to matters

27  within the opposing party's knowledge. *Neubronner,* 6 F.3d at 672; *Wool,* 818 F.2d at 1439; *Moore v.*

28  *Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).  Thus, TRMC's allegations are

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

6
TLHD'S OPPN. TO HCCA'S MOTION TO DISMISS COUNTERCLAIM

1   sufficient where, as here, they are accompanied by a statement of the facts upon which its allegations

2   and belief are founded.

3        HCCA attempts to miscast TRMC's pleadings as a mere effort to discover unknown wrongs.

4   (Mtn. Dismiss at 1.)   Not so.   TRMC details HCCA's fraud with statements of specific facts and

5   allegations properly based on information and belief when drawn from those specific facts.  For the

6   foregoing reasons, the Motion to Dismiss should be denied with respect to TRMC's Third Cause of

7   Action for Fraud.

8        b.    <u>TRMC's Counterclaims State a Fraud Cause of Action On Which Relief May
          Be Granted.</u>

9

10   HCCA seeks dismissal of TRMC's fraud counterclaim on the additional ground that TRMC

11   cannot plead the elements of this claim in light of the terms of the Management Services Agreement

     and its related agreements ("MSA").  (Mtn. Dismiss at 5:22-23.)

12
         The elements of fraud giving rise to a tort action for deceit are: " '(a) misrepresentation (false
13
     representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to
14
     defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.' " *Engalla v.*
15
     *Permanente Medical Grp., Inc.*, 15 Cal.4th 951, 974 (1997).
16
         HCCA argues that the TRMC's Fraud Counterclaim falls short of alleging a misrepresentation
17
     because the MSA permitted HCCA to pay itself certain funds.  (Mtn. Dismiss at 5:23-24; 6:1-26.)
18
     This argument is a red herring given the allegations of self-dealing and breaches of fiduciary duties by
19
     HCCA and its agents discussed above.  The Court need look no further than TRMC's allegations that
20
     HCCA represented the money would be used for one purpose, *i.e.,* satisfying the accounts payable and
21
     other creditors of TRMC and paying ongoing operational expenses of TRMC, and yet was kept by
22
     HCCA for its personal use and benefit and not for satisfying the accounts payable or ongoing
23
     operational expenses.  (Counterclaim ¶ 35.)  When taken as true and construed in the light most
24
     favorable to TRMC, these pleadings set out a direct contradiction of an affirmation of fact known to
25
     HCCA, thereby making it false.  *See Cohen v. S&S Construction Co.*, 151 Cal.App.3d 941, 946
26
     (1983).
27
         Finally, HCCA argues that TRMC cannot allege that TRMC was harmed by HCCA abiding by
28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

7

TLHD'S OPPN. TO HCCA'S MOTION TO DISMISS COUNTERCLAIM

the MSA. (Mtn. Dismiss 7:1-2.) However, the alleged misrepresentation stands separate and apart from the MSA, a key circumstance that HCCA fails to appreciate in its Motion. Indeed, the Counterclaim clearly alleges that, as a proximate result of HCCA's fraudulent conduct, TRMC is now obligated to pay in excess of $80,000 per month or risk forfeiture, directly evidencing harm. (Counterclaim ¶ 35.) The Motion to Dismiss TRMC's Third Cause of Action under Rule 12(b)(6) should be denied.

**4. <u>TRMC Adequately Pleaded Its Fourth Cause of Action for Negligent Misrepresentation.</u>**

a. <u>TRMC's Negligent Misrepresentation Allegations Satisfy Rule 9(b)</u>

HCCA argues that TRMC's Fourth Cause of Action for Negligent Misrepresentation lacks the particularity required by Rule 9(b). (Mtn. Dismiss at 7:16-20.) However, as detailed above, TRMC pleads that Dr. Yorai Benzeevi, acting as HCCA's agent, represented to the District that the loans and/or sale proceeds were needed to cover operational expenses for hospital and healthcare facilities in Tulare County. (Counterclaim ¶¶ 22, 42.) TRMC then specifically identifies HCCA's two misrepresentations listed above, *i.e.,* that the loans and/or sale proceeds would be used to (i) satisfy accounts payable and other District creditors, and (ii) pay ongoing operational expenses of the District. (*Id.* ¶ 42.) Lastly, TRMC specifies that such representations were actually made to the Board of Directors beginning in 2016 and culminating on or about August 2017. (*Id.* ¶¶ 42, 35.) Accordingly, HCCA's negligent misrepresentations have been stated with particularity. The Motion to Dismiss TRMC's Fourth Cause of Action under Rule 9(b) should be denied.

b. <u>TRMC's Counterclaims State a Cause of Action for Negligent Misrepresentation On Which Relief May Be Granted</u>

HCCA recycles its call for dismissal on the purported grounds that TRMC cannot plead the elements of this cause of action in light of the terms of the MSA (Mtn. Dismiss at 7:10-15), and HCCA's partisan observation that TRMC supposedly does not allege an actual misrepresentation. (Mtn. Dismiss at 7:10-11.) That argument is a non-sequitur given the allegations discussed above.

The elements of negligent misrepresentation above and beyond a fraud allegation are: (1) that the misrepresentation was made without reasonable ground for believing it to be true, (2) with the intent to induce another's reliance on the fact misrepresented, (3) justifiable reliance on the

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

8

TLHD'S OPPN. TO HCCA'S MOTION TO DISMISS COUNTERCLAIM

misrepresentation, and (4) resulting damage. *Ragland v. U.S. Bank National Assn.*, 209 Cal.App.4th 182, 196 (2012).

Here, as discussed above, TRMC's counterclaims allege that HCCA had no reason to believe the misrepresentations were true and that HCCA induced the District to rely on its representations based on HCCA's control over the District's financial information and assets. (Counterclaim ¶¶ 43-47.) In turn, the District reasonably relied on the affirmations of fact of the firm hired to provide financial management, HCCA, thereby causing the damages outlined above. (*Id.*) The Motion to Dismiss TRMC's Fourth Cause of Action for Negligent Misrepresentation should be denied.

**5.      <u>TRMC Adequately Pleaded Its Fifth Cause of Action for Concealment.</u>**

     a.      <u>TRMC's Concealment Allegations Satisfy Rule 9(b)</u>

HCCA argues that TRMC fails to offer the specific action(s) taken by HCCA to show concealment as alleged in TRMC's Fifth Counterclaim. (Mtn. Dismiss at 8:3-17.) Notably, HCCA requests dismissal only on Rule 9(b) grounds, indicating that Concealment is a cause of action under which the Court may grant relief. (Mtn. Dismiss at 8:1-4.)

"[T]he elements of an action for fraud and deceit based on a concealment are: (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." *Boschma v. Home Loan Center*, 198 Cal.App.4th 230, 248 (2011).

As discussed above, TRMC particularly states the factual circumstances underlying TRMC's request for financial records, HCCA's misleading financial reports, and HCCA's false financial records. (Counterclaim ¶¶ 2, 16-22.) Specifically, the Counterclaim TRMC alleges that HCCA refused to provide financial and other information requested by the District's Board of Directors, provided false financial and other information to the District's Board of Directors, and acted through Yorai Benzeevi to divert District money into accounts owed by HCCA and/or its related entities. (*Id.* ¶¶ 2, 16-22, 50.) TRMC specifically pleads that HCCA was under a duty to disclose such facts, yet

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

9

TLHD'S OPPN. TO HCCA'S MOTION TO DISMISS COUNTERCLAIM

1    HCCA's tactics culminated on September 8, 2017, when HCCA provided the District with notice of

2    default, thereby causing damage to TRMC.  (*Id.* ¶¶ 16, 49.)

3        Moreover, TRMC alleges that HCCA's wrongful conduct began in 2014 when HCCA failed to

4    disclose certain facts, including financial accounting and records.  (*Id.* ¶ 50.)  TRMC further alleges

5    that HCCA not only included balances for bank accounts belonging to other entities, but also inflated

6    the District's books to reflect funds no longer held in the District's accounts.  (*Id.* ¶ 16.)  TRMC's

7    counterclaims also allege that HCCA's tactics in concealing and suppressing facts were intentional

8    and that TRMC was unaware of the facts and would not have acted in reliance on HCCA if it had

9    known of the concealed and suppressed facts.  (*Id.* ¶¶ 51-56.)

10        Thus, pleaded statements supporting the Fifth Counterclaim establish with particularity the

11   basis for HCCA's alleged (1) failure to disclose facts; (2) disclosure of some facts to TRMC but

12   intentional failure to disclosure other facts, making the disclosure deceptive; (3) intentional failure to

13   disclose facts known only to HCCA; and (4) prevention of TRMC from discovering facts otherwise all

14   to the detriment of TRMC.   The Motion to Dismiss TRMC's Fifth Cause of Action for Concealment

15   should be denied.

16       **6.      TRMC Adequately Pleaded Its Sixth Cause of Action for Conversion.**

17           a.      TRMC's Conversion Allegations Satisfy Rule 9(b)

18        HCCA argues that TRMC's conversion claim is a species of fraud that fails to satisfy the

19   particularity requirement.  (Mtn. Dismiss at 8:18-22.)  Notably, HCCA requests dismissal only on

20   Rule 9(b) grounds.  (Mtn. Dismiss at 8:23-24; 9:5-7.)

21        As a preliminary matter, HCCA provides no authority or argument to support its proposition

22   that a conversion cause of action must be pleaded with particularity.  Indeed, California law does not

23   impose such a requirement[1] and instead simply provides that "any act of dominion wrongfully exerted

24   over the personal property of another inconsistent with the owner's rights thereto constitutes

25   _____

26   [1] *See* California Civil Jury Instructions (CACI) 2100: Conversion—Essential Factual Elements.
     HCCA's argument that CACI No. 1901 somehow imputes a heightened pleading requirement into any

27   conversion allegation (Mtn. Dismiss at 8, n. 10) is unsupported by case law or argument, and should

28   be rejected.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

conversion." *Plummer v. Day/Eisenberg, LLP*, 184 Cal.App.4th 38, 50 (2010). Here, in accordance with California law, TRMC has alleged an ownership right in the District's money and personal property, HCCA's wrongful assumption of control or ownership over the property, and TRMC's resulting damages. (Counterclaim ¶¶ 58-61.) This Court may summarily deny HCCA's Motion on that basis.

However, in the event the Court finds that additional pleadings are necessary for TRMC's conversion claim, it need look no further than paragraph 58 of the Counterclaim for the factual allegation that HCCA converted the District's property. Specifically, TRMC alleges that, after signing the MSA in 2014, HCCA misappropriated loans/sale proceeds in the amount of $3,000,000; misappropriated the District's medical supplies and equipment; and sold the District's assets to Celtic Leasing without authorization. (*Id.* ¶ 58.)

Such allegations are further detailed in paragraphs 16 through 22 of the Counterclaim that are specifically incorporated into TRMC's Conversion Cause of Action. (*Id.* ¶¶ 16-22.) Accordingly, even if Rule 9(b) applies, HCCA's acts of conversion have been sufficiently identified with particularity so that HCCA can prepare an adequate answer to the allegations. The Motion to Dismiss TRMC's Sixth Cause of Action for Conversion should be denied.

### 7. TRMC Adequately Pleaded Its Seventh Cause of Action for Breach of Fiduciary Duty.

#### a. TRMC's Breach of Fiduciary Duty Allegations Satisfy Rule 9(b)

Regarding TRMC's Seventh Cause of Action for Breach of Fiduciary Duty, HCCA rehashes its concern that TRMC's claim is yet another a species of fraud that again fails to satisfy the particularity requirement. (Mtn. Dismiss at 9:10-20.) In recycling arguments already made, HCCA appears to avoid reading the Counterclaims under attack.[2] That is because the Counterclaim's

---

[2] In fact, HCCA's feigned need for more particular information related to allegations that it intentionally interfered with the seating of a Board Member underscores the true purpose of this motion: obstruction and delay. (Mtn. to Dismiss at 9:16-18.) HCCA is well-acquainted with these allegations as it was informed and made aware of a separate proceeding for Declaratory Relief and Injunctive Relief in Tulare County Superior Court filed by Senovia Gutierrez for this same interference. (*See* HCCA's Preliminary Opposition to Ex Parte Application for Temporary Restraining Order and Order to Show Cause re Preliminary Injunction filed Sept. 14, 2017 in Case No.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

11

TLHD'S OPPN. TO HCCA'S MOTION TO DISMISS COUNTERCLAIM

paragraphs 12 through 22 particularly state the factual circumstances underlying the allegation that HCCA breached its fiduciary duties owed to the District. (Counterclaim ¶¶ 12-22.) Specifically, that HCCA was duty bound to act with the utmost good faith for the benefit of TRMC in managing and operating the District's hospital and related clinics. (*Id.*) Yet HCCA and its agents breached this duty by failing to provide accurate and complete financial information and with findings in the District's audits; undertaking targeted efforts to interfere with the seating of Senovia Gutierrez; misrepresenting over several months that the hospital was operating at a significant profit; obtaining unauthorized loans in the name of the District; transferring funds between Southern Inyo Healthcare District and Tulare; and executing the unauthorized Evolutions Deed of Trust. (*Id.* ¶¶ 12-22.)

TRMC further alleges with particularity that HCCA undertook six specific actions in violation of the duties it owed to the District under the MSA. (*Id.* ¶ 64.) Such acts included, among others identified: (1) selling the District's assets without authorization in order to secure sales proceeds of $3,000,000; and (2) recording a fraudulent deed of trust against the District's real property. (*Id.*) Thus, a plain reading of the Counterclaims reveals specific statements of fiduciary duties owed by HCCA to TRMC and the resulting breach of those duties to the detriment of TRMC. (*Id.* ¶¶ 12-22.) The Motion to Dismiss TRMC's Seventh Cause of Action for Breach of Fiduciary Duty should be denied.

  b. <u>TRMC's Counterclaims State a Cause of Action for Breach of Fiduciary Duty On Which Relief May Be Granted</u>

Invoking Rule 12(b)(6) with but a wave of its hand, HCCA opines that TRMC inadequately pleads an actual misrepresentation by HCCA resulting in a breach of its fiduciary duty to TRMC. (Mtn. Dismiss at 9:13-16 and 19-20.) Such a threadbare argument finds no basis in law.

As a preliminary matter, HCCA provides no authority or argument to support the proposition that a breach of fiduciary duty cause of action must be pleaded with particularity. Indeed, California law does not impose such a requirement[3] and instead requires that a party establish the following

271265.) Moreover, for HCCA to now pretend that it needs more specificity on a topic it litigated in a separate matters reveals its true intention in bringing this motion.

[3] *See* California Civil Jury Instructions (CACI) 4101: Failure to Use Reasonable Care—Essential

1  elements for a cause of action: (1) existence of a fiduciary duty; (2) breach of that fiduciary duty; and

2  (3) damage proximately caused by the breach.  *Pierce v. Lyman*, 1 Cal.App.4th 1093, 1101 (1991).

3        More specifically, California law recognizes three fiduciary obligations whose breach will

4  establish a cause of action for breach of fiduciary duty.  These include failure to use reasonable care

5  (California Civil Jury Instructions (CACI) 4101), duty of undivided loyalty (California Civil Jury

6  Instructions (CACI) 4102), and duty of confidentiality (California Civil Jury Instructions (CACI)

7  4103).  Here, TRMC's counterclaims encompass all three fiduciary obligations.  (*See* Counterclaim ¶¶

8  63, 64.)  Specifically, in accordance with California law, TRMC has alleged that HCCA owed the

9  District fiduciary duties, and that HCCA breached those duties by causing injury to the District and/or

10  depriving the District of profit and economic advantage, causing TRMC damages.  (*See id.* ¶¶ 63, 64.)

11        Moreover, TRMC further alleges that HCCA undertook six specific actions in violation of the

12  duties it owed to the District under the MSA.  (*Id.* ¶ 64.)  Those allegations contain statements of the

13  time, place, and nature of the alleged fraudulent activities demonstrating how they occurred, and thus

14  are ripe for adjudication by this Court.  The Motion to Dismiss TRMC's Seventh Cause of Action for

15  Breach of Fiduciary should be denied.

16      **8.**    **TRMC Adequately Pleaded Its Eighth Cause of Action for Violation of The California False Claims Act.**

17

18          a.    TRMC's California False Claims Act Allegations Satisfy Rule 9(b) and State a Claim On Which Relief May Be Granted

19        HCCA argues that the Counterclaim is insufficient because it includes no new allegations and

20  simply recites the False Claims Act statute on information and belief.  (Mtn. Dismiss at 9:23-26.)

21        The California False Claims Act imposes liability on anyone who knowingly presents, or

22  causes to be presented, a false claim to the state or a political subdivision of the state, knowingly uses

23  a false record to get a false claim paid, or conspires to defraud the state or subdivision by getting a

24  false claim paid.  *See* Cal. Gov. Code § 12651(a)(1)-(3).  California law requires that a party establish

25  certain enumerated acts provided within the Government Code § 12651.  *United States v. Sequel*

26  *Contractors, Inc.*, 402 F. Supp. 2d 1142, 1151 (C.D. Cal. 2005).

27

    Factual Elements; 4102: Duty of Undivided Loyalty—Essential Factual Elements; and 4103: Duty of

28  Confidentiality—Essential Factual Elements.

Here, in accordance with California law, TRMC's Counterclaim alleges that HCCA took those acts enumerated and specified by the statute to constitute a violation of Section 12651. Specifically, TRMC alleges that HCCA misappropriated loans/sale proceeds in the amount of $3,000,000, misappropriated the District's medical supplies and equipment, and sold the District's assets to Celtic Leasing without authorization. (Counterclaim ¶ 58.) Technical forms of pleading are not required, pleadings are to be construed liberally so as to do substantial justice, and, above all else, all that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8. No more.

In any event, TRMC may satisfy *Twombly* and *Iqbal's* requirements under Rule 12(b)(6) by reference to any allegations within the four corners of its pleadings. *Perkins v. LinkedIn Corporation*, 53 F.Supp.3d 1190, 1203-04 (N.D. Cal. 2014). To that end, TRMC directs the Court to paragraph 70 of its Counterclaim where TRMC alleges with particularity four actions that HCCA took in violation of California's False Claims Act at Government Code section 12651 *et seq.* TRMC pleads that HCCA presented a false or fraudulent claim for payment to the District; made and used a false record or statement material to a false or fraudulent claim; had possession, custody, or control of public property or money used or to be used by the District yet diverted by HCCA; and made and used false record material to an obligation to pay the District. (Counterclaim ¶ 70.) TRMC also pleads the factual circumstances underlying its allegation that HCCA violated Section 12651 *et seq.* by highlighting HCCA's fraudulent actions, concealment of information and records, and conversion of the District's property. (*Id.* ¶¶ 12-22.)

Taken together, the four corners of TRMC's counterclaims adequately plead a cause of action under California's False Claims Act on which relief may be granted. The Motion to Dismiss its Eighth Cause of Action should be denied.

### 9. **TRMC Adequately Pleaded Its Eleventh Cause of Action for Equitable Subordination.**

a.     TRMC's Equitable Subordination Allegations Satisfy Rule 9(b)

HCCA devotes all of five lines to support its position that TRMC's Equitable Subordination cause of action pursuant to 11 U.S.C. §§ 510(C) and 105(A) is inadequately pleaded. (Mtn. Dismiss

1    at 10:9-13.)  This argument has no merit.

2         Equitable subordination exists to offset an inequality in the claim position of a creditor like

3    HCCA that will produce injustice or unfairness to other creditors in terms of bankruptcy results.

4    *Trone v. Smith*, 642 F.2d 1174, 1177 (9th Cir. 1981).  Under this subsection, a secured creditor who

5    has a valid claim that has been allowed may nonetheless have its claim subordinated to another

6    creditor's claim, even if it is not secured.  *Id.*

7         TRMC sufficiently invokes this Court's equitable powers under 11 U.S.C. §§ 510(C) and

8    105(A) by detailing HCCA's unclean acts in paragraphs 87-88 of its Counterclaim.  Specifically,

9    TRMC pleads that HCCA fraudulently obtained loans and/or sale proceeds; wrongfully diverted sales

10   proceeds; wrongfully obligated the District to pay Celtic Leasing; improperly obtained $3,000,000 in

11   sales proceeds; wrongfully disposed of the District's assets; fraudulently recorded the Evolutions

12   Deed of Trust; and converted the District's personal property and money.  (Counterclaim ¶¶ 87-88.)

13   These misdeeds demonstrate that HCCA's behavior towards TRMC disserves equity, and so this

14   Court is authorized to subordinate the claims of HCCA and other creditors.  (*Id.* ¶ 89.)  Those

15   pleadings are both particular and adequately stated so that the Court may grant the relief by way of

16   equitable subordination sought by HCCA.  The Motion to Dismiss HCCA's Eleventh Cause of Action

17   should be denied.

18   **D.    HCCA's Request To Strike Certain Portions Of The Counterclaim Should Be Denied.**

19        At the close of its Motion to Dismiss, HCCA moves pursuant to Federal Rule of Civil

20   Procedure 12(f) for an order striking portions of the Counterclaim as improperly pleaded on

21   information or belief.  (Mtn. Dismiss at 10:14-11:15.)  HCCA's apparent difficulty with allegations

22   pleaded "on information and belief" is belied by their own pleadings in this case.[4]  It further shows

23   HCCA's motivation to delay this proceeding and grind TRMC with motion practice rather than

---

[4] *See e.g.* HCCA's  Complaint filed in Los Angeles Superior Court Case No. BC676133 at 3:21-23; 3:23-27; 3:28-4:2; 10:8-10; and 10:27-28.  HCCA's Complaint for Breach of Contract and Declaratory Relief (hereinafter "Complaint") is attached within Exhibit A to TRMC's Notice of Removal of Lawsuit Pending in State Court to Bankruptcy Court (28 U.S.C. § 1452).  (ECF 1.)  The Complaint and its exhibits begin on page 9 of Exhibit A.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

15
TLHD'S OPPN. TO HCCA'S MOTION TO DISMISS COUNTERCLAIM

1   permitting this case to efficiently proceed to resolution on the merits.

2          Plaintiff cites *Neubronner v. Milken*, 6 F.3d 666 (9th Cir. 1993) and *Shroyer v. New Cingular*

3   *Wireless Srvs.*, 622 F.3d 1035 (9th Cir. 2010) for the proposition that a court may strike pleadings

4   based on information and belief under Rule 12(f).  Those cases, however, do not discuss this

5   proposition.  *Neubronner* and *Shroyer* are limited to the context of pleading requirements under Rule

6   9(b).  *Neubronner* and *Shroyer* instead hold that a plaintiff who makes allegations on information and

7   belief must state the factual basis for the belief.  TRMC's Counterclaims satisfy that requirement as

8   detailed extensively above.  (*See, e.g.,* Sections 3.A, 4.A, 5.A, 6.A, 7.A, 8.A, and 9.A.)   To allow

9   HCCA to argue otherwise would dilute the distinct procedural and policy differences between Rules

10  9(b) and 12(f).

11         Moreover, pleading on "information and belief" is permitted under the Rule 9's heightened

12  pleading requirements for fraud.  *See, e.g. Wool v. Tandem Computers Inc.*, 818 F.2d 1433,1439 (9th

13  Cir. 1987) *overruled on other grounds as stated in Flood v. Miller,* 35 Fed. App'x. 701, 703 n.3 (9th

14  Cir. 2002); *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1330-31 (Fed. Cir. 2009).

15  *Neubronner* and *Shroyer* do not state otherwise, and HCCA fails to provide any relevant authority to

16  the contrary.

17         Lastly, HCCA argues that certain portions of the Counterclaim should be stricken because

18  TRMC allegedly fails to state "any supporting facts," thereby making the allegations immaterial,

19  impertinent, and scandalous.  (Mtn. Dismiss at 11:10-11.)  Yet the particularity requirement is the

20  standard under Rule 9(b), not Rule 12(f).[5]

21         Accordingly, HCCA's request to strike certain portions of the Counterclaim should be denied

22  in its entirety.

23  **E.     The Court Should Grant TRMC Leave to Amend In the Interests of Justice and to the
        Extent that It Nonetheless Identifies Pleading Defects in the Counterclaim**

24

25         The causes of action stated in TRMC's Counterclaim surpass the Rule 9(b) and Rule 12(b)(6)

26

27  _____

[5] Fed. R. Civ. P. 12(f) states in pertinent part:  "The court may strike from a pleading an insufficient
defense or any redundant, immaterial, impertinent, or scandalous matter."  Nowhere does the Rule

28  discuss particularity or heightened standards of pleading.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

1  pleading standards.   Nonetheless, to the extent that the Court prefers that TRMC extend its allegations

2  with additional statements of material fact, TRMC requests leave to so amend its Counterclaim.

3  Leave to amend is freely granted where the proponent of a pleading demonstrates that additional facts

4  can be alleged.  *Foman v. Davis*, 371 U.S. 178 (1962); *Osher v. JNI Corp.*, 183 Fed. App'x 604, 605

5  (9th Cir. 2006); *Conte v. Jakks Pac., Inc.*, 981 F. Supp. 2d 895, 908 (E.D. Cal. 2013), *aff'd*, 563 F.

6  App'x 777 (Fed. Cir. 2014); *see* Fed. R. Civ. P. 15.  Moreover, TRMC has engaged HCCA before this

7  Court so that it may achieve something for the people of Tulare County that HCCA failed to deliver:

8  a rural hospital where there currently is none.  The interests of justice overwhelmingly favor extending

9  TRMC an opportunity to correct any technical defects in its Counterclaim.

10  **III.    CONCLUSION**

11        For the foregoing reasons, TRMC respectfully requests that this Court deny HCCA's Motion

12  to Dismiss the Counterclaim Or In The Alternative to Strike Portions Thereof.

13

14  Dated:  March 29, 2018                    McCORMICK, BARSTOW, SHEPPARD,
                                               WAYTE & CARRUTH LLP

15

16

17                                      By:_____/s/ Ben Nicholson_____
                                               Todd A. Wynkoop

18                                             Ben Nicholson
                                               Shane G. Smith

19                                             Vanessa M. Cohn
                                         *Attorneys for Tulare Local Healthcare District dba*

20                                         *Tulare Regional Medical Center*

21  36894-00000 5042258.5

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720
                                    17
              TLHD'S OPPN. TO HCCA'S MOTION TO DISMISS COUNTERCLAIM