15

1 | WALTER WILHELM LAW GROUP
A Professional Corporation
2 | Riley C. Walter #91839
Kathleen D. DeVaney #156444
3 | Danielle J. Bethel #315945
205 East River Park Circle, Ste. 410
4 | Fresno, CA 93720
Telephone: (559) 435-9800
5 | Facsimile:  (559) 435-9868
E-mail:  *rileywalter@w2lg.com*
6 | *Attorneys for Chapter 9 Counsel*

7 | MCCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP
8 | Todd A. Wynkoop, #308845
  *todd.wynkoop@mccormickbarstow.com*
9 | Ben Nicholson, #239893
  *ben.nicholson@mccormickbarstow.com*
10 | Shane G. Smith, #272630
  *shane.smith@mccormickbarstow.com*
11 | Vanessa M. Cohn, #314619
  *vanessa.cohn@mccormickbarstow.com*
12 | 7647 North Fresno Street
Fresno, California 93720
13 | Telephone:    (559) 433-1300
Facsimile:       (559) 433-2300
14 | *Attorneys for District Counsel*

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re | Case No. 17-13797 (Chapter 9) |
| TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER, | Adv. Proc. No.: 17-01095-B |
|   Debtor. | DC No.: OHS-3 |
| Tax ID #     94-6002897<br>Address:       869 N. Cherry Street<br>                    Tulare, CA 93274 | **TULARE LOCAL HEALTHCARE DISTRICT DBA TULARE REGIONAL MEDICAL CENTER'S OPPOSITION TO HEALTHCARE CONGLOMERATE ASSOCIATES, LLC'S MOTION TO STRIKE PORTIONS OF ANSWER [ECF 26]** |
| HEALTHCARE CONGLOMERATE ASSOCIATES, LLC, | |
|   Plaintiff,<br>   v. | Date:  April 12, 2018<br>Time:  11:30 a.m.<br>Dept:   Courtroom 13<br>Judge:  Hon. Rene' Lastreto II |
| TULARE LOCAL HEALTHCARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER, | |
|   Defendant. | |

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

1

TLHD'S OPPN. TO HCCA'S MOTION TO STRIKE PORTIONS OF ANSWER

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................. 1

II. ARGUMENT ........................................................................................................................ 2

    A. Applicable Legal Standards Strongly Favor TRMC .................................................. 2

        1. HCCA Has Chosen a Disfavored Vehicle For Its Challenge to TRMC's Answer ............................................................................................................. 2

        2. The "Fair Notice" Standard Poses a Minimal Check On the Sufficiency of Pleadings of Affirmative Defenses ........................................................... 3

    B. TRMC Provides Fair Notice of Its Affirmative Defenses on Consideration of All the Pleadings ........................................................................................................ 3

        1. TRMC's Affirmative Defenses of Comparative Fault (Third) and Fault of Third Parties (Fourth) Find Support in the Underlying Pleadings ............ 3

        2. TRMC's Affirmative Defense of Mitigation (Fifth) Finds Support in the Underlying Pleadings ................................................................................ 5

        3. TRMC's Affirmative Defenses of Waiver (Sixth), Estoppel (Seventh), and Laches (Eighth) Find Support in the Underlying Pleadings ................... 5

        4. TRMC's Affirmative Defense of Independent, Intervening or Superseding Cause (Twelfth) Finds Support in the Underlying Pleadings ........................................................................................................... 8

        5. TRMC's Affirmative Defenses of Illegal Contract (Eleventh), Unclean Hands (Thirteenth), and Unconscionable Contract (Sixteenth) Find Support in the Underlying Pleadings ............................................................. 9

        6. TRMC's Affirmative Defense of Unconstitutional Clauses (Seventeenth) Finds Support in the Underlying Pleadings ......................... 11

        7. The Motion to Strike Should Be Denied As To TRMC's Defenses Attacked on Grounds That They Lack Factual Support .............................. 12

    C. HCCA Mischaracterizes TRMC's Defenses As Mere Statements That HCCA Cannot Prove an Element of Its Affirmative Case, and Striking Them Will Only Encourage Further Irrelevant Motions from HCCA ....................................... 12

    D. TRMC Withdraws Certain Defenses In Order to Conserve Judicial Resources ..... 15

III. CONCLUSION ................................................................................................................. 15

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

i

TLHD'S OPPN. TO HCCA'S MOTION TO STRIKE PORTIONS OF ANSWER