WALTER WILHELM LAW GROUP
A Professional Corporation
Riley C. Walter #91839
Kathleen D. DeVaney #156444
Danielle J. Bethel #315945
205 East River Park Circle, Ste. 410
Fresno, CA 93720
Telephone: (559) 435-9800
Facsimile: (559) 435-9868
E-mail: *rileywalter@w2lg.com*
*Attorneys for Chapter 9 Counsel*

MCCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP
Todd A. Wynkoop, #308845
  *todd.wynkoop@mccormickbarstow.com*
Ben T. Nicholson, #239893
  *ben.nicholson@mccormickbarstow.com*
Shane G. Smith, #272630
  *shane.smith@mccormickbarstow.com*
Vanessa M. Cohn, #314619
  *vanessa.cohn@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:    (559) 433-1300
Facsimile:    (559) 433-2300
*Attorneys for District Counsel*

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re | Case No. 17-13797 (Chapter 9) |
| TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER, | Adv. Proc. No.: 17-01095-B |
| Debtor. | DC No.: OHS-3 |
| Tax ID #     94-6002897<br>Address:     869 N. Cherry Street<br>              Tulare, CA 93274 | **TULARE LOCAL HEALTHCARE DISTRICT DBA TULARE REGIONAL MEDICAL CENTER'S REQUEST TO TAKE JUDICIAL NOTICE IN SUPPORT OF ITS OPPOSITION TO HEALTHCARE CONGLOMERATE ASSOCIATES, LLC'S MOTION TO STRIKE PORTIONS OF ANSWER [ECF 26]** |
| HEALTHCARE CONGLOMERATE ASSOCIATES, LLC, | |
| Plaintiff,<br>        v. | Date:    April 12, 2018<br>Time:    9:30 a.m.<br>Dept:    Courtroom 13<br>Judge:   Hon. Rene' Lastreto II |
| TULARE LOCAL HEALTHCARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER, | |
| Defendant. | |

MCCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

REQUEST JUDICIAL NOTICE ISO DEFT. TRMC'S OPPN. MOTION TO STRIKE ANSWER

**TO THIS COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Tulare Local Healthcare District ("TLHD") dba Tulare Regional Medical Center ("TRMC"), pursuant to Rule 201(b)(2) and (d) of the Federal Rules of Evidence, hereby requests that the Court take judicial notice of the following documents, and their contents, submitted in support of *Tulare Local Healthcare District dba Tulare Regional Medical Center's Opposition to Healthcare Conglomerate Associates, LLC's Motion to Strike Portions of Answer [ECF 26]* filed concurrently herewith.

"A matter may be judicially noticed if it is either 'generally known within the trial court's territorial jurisdiction' or 'can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.'" Fed. R. Evid. 201(b). Courts may "take judicial notice of court filings and other matters of public record[, as they] are readily verifiable and therefore, the proper subject of judicial notice." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.9 (9th Cir. 2006).

As stated in the concurrently filed *Declaration of Shane G. Smith in Support of Tulare Local Healthcare District dba Tulare Regional Medical Center's Opposition to Healthcare Conglomerate Associates, LLC's Motion to Strike Portions of Answer [ECF 26]*, TRMC's Exhibits "A" – "C" are each authentic, adjudicative matters of public record, and documents or information of which Plaintiff Healthcare Conglomerate Associates, LLC had prior notice for the reasons that follow:

| Exhibit | Description | Basis for Authenticity and Public Record Status |
|---|---|---|
| A | Order on Plaintiff's F.R.Civ.P. 12(f) Motion to Strike Affirmative Defenses, filed at ECF 29 in *Burton v. Nationstar Mortgage, LLC*, No. 1:13-cv-00307-LJO-JLT (E.D. Cal. Sept. 3, 2013). | Order of this court issued on and accessed by counsel for TRMC through the Eastern District of California's CM/ECF system. |
| B | Answer to the First Amended Complaint of Defendants-Intervenors Westlands Water District, San Luis Water District, and Panoche Water District, filed at ECF 59 in *Pacific Coast Federation of Fisherman's Assoc. v. U.S. Dept. of the Interior*, No. 1:12-cv-01303-LJO-MJS (E.D. Cal.) on April 19, 2013. | Pleading signed by counsel of record for Westlands Water District, San Luis Water District, and Panoche Water District, who are also counsel of record for Plaintiff HCCA here; and filed on and accessed by counsel for TRMC through the Eastern District of California's CM/ECF system. |

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2

REQUEST JUDICIAL NOTICE ISO DEFT. TRMC'S OPPN. MOTION TO STRIKE ANSWER

| | | | |
|---|---|---|---|
| | C | <u>Noll Manufacturing Co., N&NW Manufacturing Holding Co., Inc., and the Employee Ownership Holding Company, Inc.'s Answer to Plaintiffs' Amended Complaint</u>, filed at ECF 245 in *Johnson v. Couturier, Jr.*, No. 2:05-cv-02046-RRB-KJN (E.D. Cal.) on November 16, 2007. | Pleading signed by counsel of record for Noll Manufacturing Co., N&NW Manufacturing Holding Co., Inc., and the Employee Ownership Holding Company, Inc., who are also counsel of record for Plaintiff HCCA here; and filed on and accessed by counsel for TRMC through the Eastern District of California's CM/ECF system. |

Dated: March 29, 2018

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP


By: _____/s/ Shane G. Smith_____
Todd A. Wynkoop
Ben T. Nicholson
Shane G. Smith
Vanessa M. Cohn
*Attorneys for Tulare Local Healthcare District dba*
*Tulare Regional Medical Center*

36894-00000 5057832.1

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

3
REQUEST JUDICIAL NOTICE ISO DEFT. TRMC'S OPPN. MOTION TO STRIKE ANSWER

# EXHIBIT A

1

2

3

4

5              UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF CALIFORNIA

7

8   DENNIS BURTON, on behalf of          CASE NO. CV F 13-0307 LJO GSA
    himself and all others similarly
9   situated,                            **ORDER ON PLAINTIFF'S F.R.Civ.P. 12(f)**
                                         **MOTION TO STRIKE AFFIRMATIVE**
10                                       **DEFENSES**
                    Plaintiff,           (Doc. 24)
11
12          vs.

13  NATIONSTAR MORTGAGE, LLC.,

14                  Defendants.
                                      /
15
16      <u>**PRELIMINARY STATEMENT TO THE PARTIES AND COUNSEL**</u>

17          Judges in the Eastern District of California carry the heaviest caseload in the nation,

18  and this Court is unable to devote inordinate time and resources to individual cases and

19  matters. This Court cannot address all arguments, evidence and matters raised by parties and

20  addresses only the arguments, evidence and matters necessary to reach the decision in this

    order given the shortage of district judges and staff. The parties and counsel are encouraged to
21
    contact United States Senators Diane Feinstein and Barbara Boxer to address this Court's
22
    inability to accommodate the parties and this action. The parties are required to consider, and
23
    if necessary, to reconsider consent to one of the Court's U.S. Magistrate Judges to conduct all
24
    further proceedings in that the Magistrate Judges' availability is far more realistic and
25
    accommodating to parties than that of U.S. District Judge Lawrence J. O'Neill who must
26
    prioritize criminal and older civil cases. A Magistrate Judge consent form is available on this
27
    Court's website.
28

                                      1

1    Judge O'Neill must give criminal cases priority over civil cases and trials and must
2 proceed with criminal trials even if a civil action is older or its trial was set earlier. Civil trials
3 set before Judge O'Neill trail until he becomes available and are subject to suspension mid-trial
4 to accommodate criminal matters. Civil trials are no longer reset to a later date if Judge
5 O'Neill is unavailable on the original date set for trial. If a trial trails, it may proceed with little
6 advance notice, and the parties and counsel may be expected to proceed to trial with less than
7 24 hours notice. Moreover, this Court's Fresno Division randomly and without advance notice
8 reassigns civil actions to U.S. District Judges throughout the nation to serve as visiting judges.
9 In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S.
10 District Judge from outside the Eastern District of California. Case management difficulties,
11 including trial setting and interruption, are avoided if the parties consent to conduct of further
12 proceedings by a U.S. Magistrate Judge.

13 **INTRODUCTION**

14    Plaintiff Dennis Burton seeks to strike as insufficiently pled and barred legally
15 defendant Nationstar Mortgage LLC's ("Nationstar's") 20 affirmative defenses in Nationstar's
16 answer to Mr. Burton's First Amended Class Action Complaint for Damages and Injunctive
17 Relief ("FAC"). Nationstar contends that its affirmative defenses are legally sufficient to
18 render Mr. Burton's motion to strike unwarranted and "an unnecessary expenditure of both the
19 parties and the Court's resources." This Court considered Mr. Burton's F.R.Civ.P. 12(f) motion
20 to strike on the record and VACATES the September 5, 2013 hearing, pursuant to Local Rule
21 230(g). For the reasons discussed below, this Court STRIKES 13 affirmative defenses but
22 GRANTS leave to amend them.

23 **BACKGROUND**

24    Nationstar serviced Mr. Burton's property loan and entered into an agreement with Mr.
25 Burton to modify Mr. Burton's loan under the Home Affordable Modification Program
26 ("HAMP"). Mr. Burton is a current Colorado citizen and formerly resided at the property.
27 Nationstar determined that Mr. Burton's failure to reside on the property rendered the property
28 not owner occupied to invalidate the loan modification. Nationstar foreclosed on the property.

1  The FAC alleges breach of contract and fraud claims that Nationstar wrongfully refused to

2  modify permanently Mr. Burton's and similarly situated borrowers' loans as required under

3  HAMP although Mr. Burton and the other borrowers were qualified and satisfied HAMP

4  requirements for permanent loan modification.  The FAC seeks to pursue claims for a proposed

5  class of "all homeowners nationwide who had executed permanent modifications agreements

6  ('PMAs') with Nationstar from January 2008 through the present whose PMAs Nationstar

7  refused to honor by permanently modifying the borrowers' loans."

8        Nationstar's Answer to Burton's First Amended Complaint ("answer") alleges 20

9  affirmative defenses summarized as follows:

10       1.      (First) failure to state a cause of action in that the FAC fails to state sufficient

11  facts for a claim;

12       2.      (Second) uncertainty in that the FAC fails to describe claims with sufficient

13  certainty;

14       3.      (Third) failure to mitigate in that Mr. Burton's damages resulted from his failure

15  to mitigate damages;

16       4.      (Fourth) waiver and estoppel in that Mr. Burton's conduct waived his right to

17  seek relief and estopped his recovery;

18       5.      (Fifth) laches in that Mr. Burton's claims are barred by the doctrine of laches;

19       6.      (Sixth) statute of limitations in that Mr. Burton's claims are barred by

20  limitations periods under California Code of Civil Procedure sections 335.1, 337(1), 338(b),

21  338(d), 339(1) and 343;

22       7.      (Seventh) immunity in that Nationstar is immune from Mr. Burton's claims;

23       8.      (Eighth) failure to satisfy conditions precedent to bar Mr. Burton's claims;

24       9.      (Ninth) unclean hands in that Mr. Burton's claims are barred by the doctrine of

25  unclean hands;

26       10.     (Tenth) voluntary payment in that the Mr. Burton voluntarily paid monies he

27  owed to Nationstar;

28       11.     (Eleventh) failure to state a punitive damages claim in that the FAC lacks

1  | sufficient facts to support punitive damages;

2  |  12.  (Twelfth) procedural due process in that seeking punitive damages violates

3  | Nationstar's rights to procedural due process under the Fourteenth Amendment;

4  |  13.  (Thirteenth) consent/ratification in that Mr. Burton consented to Nationstar's

5  | conduct and ratified it;

6  |  14.  (Fourteenth) reasonably available alternatives in that Mr. Burton failed to

7  | exercise alternatives to avoid alleged damages;

8  |  15.  (Fifteen) accord and satisfaction/novation in that by agreements putative class

9  | members waived rights to pursue claims to constitute modification of home loan agreements or

10 | novation or an accord and satisfaction of the agreements;

11 |  16.  (Sixteenth) privilege in that Nationwide's good faith assertion of its economic

12 | interests is privileged;

13 |  17.  (Seventeenth) comparative fault in that Mr. Burton's recovery is barred or

14 | reduced in proportion to his comparative fault;

15 |  18.  (Eighteenth) discharge of obligations in that Nationstar discharged its duties;

16 |  19.  (Nineteenth) compliance with governing law in that Nationstar's compliance

17 | with statutes, rules and regulations governing HAMP preclude Nationstar's liability; and

18 |  20.  (Twentieth) no tender that Mr. Burton lacks standing to challenge the property's

19 | trustee's sale in the absence of his tender or offer to tender his debt.

20 | **DISCUSSION**

21 | **F.R.Civ.P. 12(f) Motion To Strike Standards**

22 |  Mr. Burton seeks to strike all of the answer's affirmative defenses as insufficiently pled

23 | and legally barred.

24 |  F.R.Civ.P. 8(c)(1) addresses affirmative defenses and requires a party responding to a

25 | pleading to "affirmatively state any avoidance or affirmative defense." F.R.Civ.P. 12(f)

26 | empowers a district court to "strike from a pleading an insufficient defense." "The function of

27 | a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from

28 | litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v.*

4

1   *Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993) (quotation marks, citation, and first alteration
2   omitted), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023,
3   127 L.Ed.2d 455 (1994). A motion to strike is properly granted if it will make trial less
4   complicated or else eliminate delay, serious risks of prejudice to the moving party, or
5   confusion of the issues. *Fantasy, Inc.*, 984 F.2d at 1527.

6        F.R.Civ.P. 8(b)(1)(A) requires a party responding to a pleading to "state in short and
7   plain terms its defenses to each claim asserted against it." An affirmative defense may be
8   stricken as insufficient either as a matter of law or as a matter of pleading. *Kohler v. Islands*
9   *Restaurants, LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012). Legal insufficiency means that the
10   affirmative defense lacks merit "under any set of facts the defendant might allege." *McArdle v.*
11   *AT & T Mobility LLC*, 657 F.Supp.2d 1140, 1150 (N.D.Cal.2009), *rev'd on other grounds by*
12   474 Fed. Appx. 515 (2012). Pleading insufficiency means a failure to provide the plaintiff with
13   fair notice. *Kohler*, 280 F.R.D. at 565. "Fair notice generally requires that the defendant state
14   the nature and grounds for the affirmative defense." *Kohler*, 280 F.R.D. at 564. In all
15   averments of fraud, including affirmative defenses, the circumstances constituting the fraud
16   must be stated with particularity. *Multimedia Patent Trust v. Microsoft Corp.*, 525 F.Supp.2d
17   1200, 1210-1211 (S.D. Cal. 2007).

18        The defendant bears the burden of proof on an affirmative defense, in the same way
19   that the plaintiff bears the burden of proof on a claim for relief. *See Kanne v. Conn. Gen. Life*
20   *Ins. Co.*, 867 F.2d 489, 492 n. 4 (9th Cir.1988), *cert denied*, 492 U.S. 906, 109 S.Ct. 3216
21   (1989). "If the court determines that an affirmative defense is insufficiently pled, it may strike
22   the defense and require the defendant to file an amended pleading that includes more specific
23   allegations. Leave to amend will be freely granted so long as no prejudice results to the moving
24   party." *Dodson v. Munirs Co.*, 2013 WL 3146818, at 8 (E.D. Cal. 2013).

25        With these standards in mind, this Court turns to Mr. Burton's challenges to the
26   affirmative defenses.

27                    **Insufficient Pleading**

28        Mr. Burton faults all of the answer's affirmative defenses as insufficiently pled under

F.R.Civ.P. 8.

"Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure. Thus, defenses must set forth a 'short and plain statement,' Fed.R.Civ.P. 8(a), of the defense." *Heller Financial, Inc. v. Midwhey Power Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir.1989). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir.1979). The "Ninth Circuit has continued to recognize the 'fair notice standard' set forth in *Wyshak*, 607 F.2d at 827, in determining the sufficiency of an affirmative defense." *Pickern v. Chico Steakhouse, LP*, 2013 WL 4051640, at *2 (E.D. Cal. 2013) (citing *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir.2010)). A fellow judge of this Court has explained:

> . . . as the court recognized in *Kohler*, 280 F.R.D. at 566, the Supreme Court's analysis in *Twombly*, 550 U.S. at 555, and *Iqbal*, 556 U.S. at 679, was limited to pleadings under Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires that the party stating a claim for relief provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). In contrast, Rule 8(c), which governs affirmative defenses, requires only that the responding party "affirmatively state" its affirmative defenses. Fed. R. Civ. P. 8(c). In making this distinction, the *Kohler* court stated that "[f]actual plausibility—which is the key difference between *Twombly/Iqbal* pleading and 'fair notice' pleading—is particularly suited to claim pleading because Rule 8(a)(2) requires that the party 'show[ ]' that it is entitled to relief." *Kohler*, 280 F.R.D. at 566 (quoting *Iqbal*, 556 U.S. at 679). Thus, "[a]pplying the same standard of pleading to claims and affirmative defenses, despite this clear distinction in the rules' language, would run counter to the Supreme Court's warning in *Twombly* that legislative action, not 'judicial interpretation,' is necessary to 'broaden the scope' of specific federal pleading standards." *Id.* (citing 550 U.S. at 569 n. 14).

*Pickern, LP*, 2013 WL 4051640, at *3

An affirmative defense which "simply states a legal conclusion or theory without the support of facts explaining how it connects to the instant case" is insufficient to provide fair notice. *Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.*, 2011 WL 3809933, at *2 (C.D. Cal. 2011). "[B]are bones conclusory allegations" fail to satisfy requirements to plead affirmative defenses. *Heller Financial, Inc. v. Midwhey Powder Co.,*

*Inc.*, 883 F.2d 1286, 1295 (7th Cir. 1989). The "burden is on the defendant to proffer sufficient facts and law to support an affirmative defense, and not on the plaintiff to gamble on interpreting an insufficient defense in the manner defendant intended." *CTF Development, Inc. v. Penta Hospitality, LLC,* 2009 WL 3517617, at *8 (N.D. Cal. 2009).

Mr. Burton characterizes the answer's affirmative defenses as "bare bones" and "formula-like" recitations of legal doctrines without facts to render them insufficient. Mr. Burton particularly faults the (fifteenth) accord and satisfaction/novation defense which although based on waiver, estoppel, modification, novation and accord and satisfaction but fails to plead supporting facts and to provide examples of purported agreements to base the defense.

Nationstar urges this Court to apply the "fair notice" standard to its affirmative defenses and argues that its affirmative defenses satisfy such standard. As to the (fifteenth) accord and satisfaction/novation defense, Nationstar contends that it permissibly raises alternative theories to address potential differing agreements between Nationstar and potential class members.

This Court agrees with Mr. Burton that the following affirmative defenses are bare bones conclusions lacking facts to connect them to the FAC's claims: (third) failure to mitigate, (fourth) waiver and estoppel, (fifth) laches, (sixth) statute of limitations, (seventh) immunity, (eighth) failure to satisfy conditions, (ninth) unclean hands, (twelfth) procedural due process, (thirteenth) consent/ratification, (fourteen) reasonably available alternatives, (fifteenth) accord and satisfaction/novation, (sixteenth) privilege, and (nineteenth) compliance with government law. These affirmative defenses are merely legal conclusions or theories lacking reference or facts to explain their application to the FAC's claims. As such, they are subject to striking with leave to amend.

### Improper Affirmative Defenses

Mr. Burton characterizes as improper the following affirmative defenses: (first) failure to state a claim, (second) uncertainty, (eighth) failure to satisfy conditions precedent, (ninth) unclean hands, (eleventh) failure to state punitive damages, (eighteenth) discharge of obligations, and (nineteenth) compliance with governing law (collectively the "denial

1  defenses"). Mr. Burton reasons that the denial defenses are improper because they attack
2  elements of the FAC's claims and the sufficiency of the FAC's pleading.

3      "The affirmative defense is a descendant of the old plea of 'confession and avoidance,'
4  whereby a defendant admits the plaintiff's prima facie case, and then alleges additional material
5  that defeats the plaintiff's cause of action." *Bd. of Trs. of Leland Stanford Junior Univ. v.*
6  *Roche Molecular Sys., Inc.*, 487 F.Supp.2d 1099, 1112 (N.D. Cal. 2007). Affirmative defenses
7  have thus been defined as "matters extraneous to the plaintiff's prima facie case, which deny
8  plaintiff's right to recover, even if the allegations of the complaint are true." *FDIC v. Main*
9  *Hurdman*, 655 F.Supp. 259, 262 (E.D.Cal.1987).

10      Mr. Burton argues that an affirmative defense which "challenges plaintiff's prima facie
11 case" is improperly raised as an affirmative defense to warrant its striking. *See J & J Sports*
12 *Productions, Inc. v. Gidha,* 2012 WL 537494, at * 2 (E.D. Cal. 2012). Mr. Burton argues that
13 the denial defenses fail to accept the FAC's allegations as true and set forth new matter to
14 justify Nationstar's conduct. Mr. Burton attacks the denial defenses as challenging elements of
15 the FAC's claims "without requiring Nationstar to carry the burden of proof, as required for
16 affirmative defenses."

17      Nationstar responds that a "negative" or denial defense labeled as affirmative is not
18 subject to striking "if no prejudice would result from leaving it in the answer." "Denials that
19 are improperly pled as defenses should not be stricken on that basis alone." *Weddle v. Bayer*
20 *AG Corp.,* 2012 WL 1019824, at *4 (S.D. Cal. 2012). Nationstar points to *Kohler,* 280 F.R.D.
21 at 567, where a fellow district judge observed:

22      Negative defenses may also be raised in [defendant's] answer. *See* Fed.R.Civ.P. 8(b). In
        fact, Rule 12(b) permits [defendants'] to assert these exact defenses by motion or in the
23      responsive pleading. The Court fails to see how identifying a defense as "affirmative,"
        when in actuality it is not, makes that defense legally insufficient.
24

25 Nationstar concludes that in the absence of prejudice to Mr. Burton, striking the denial
26 defenses will "serve no purpose other than to encourage the filing of other unnecessary motions
27 like this one that compel the expenditure of time and resources litigating irrelevant issues."

28      This Court above addressed the (eighth) failure to satisfy conditions precedent, (ninth)

8

unclean hands, and (nineteenth) compliance with governing law defenses and need not address them again.  As to the other denial defenses, Mr. Burton demonstrates no prejudice.  Mr. Burton is charged with establishing the FAC's claims.  The denial defenses raise grounds which Nationwide may pursue to challenge elements of the FAC's claims.  Characterizing the denial defenses as other than affirmative does not support their striking.

### Legally Insufficient Defenses

Mr. Burton challenges the (sixth) limitations and (twentieth) no tender defenses as "legally inadequate" in the absence of any set of facts to support them.

An "affirmative defense is legally insufficient only if it clearly lacks merit 'under any set of facts the defendant might allege.'"  *Kohler*, 280 F.R.D. at 564 (quoting *McArdle*, 657 F.Supp.2d at 1149–50).  A defense is legally insufficient if in the absence of factual and legal issues, the defense is unable to succeed under any set of circumstances.   *See Ganley v. County of San Mateo,* 2007 WL 902551, at 1,  (N.D. Cal. 20070.

#### *Limitations Defense*

Mr. Burton argues that the answer cites no applicable limitations defense in that the cited limitations periods refer to an "action for assault, battery, or injury to, of for the death of, an individual caused by the wrongful act or neglect of another" (Cal. Civ. Code, § 335.1), "damages from any person performing or furnishing the design, specifications, surveying, planning, supervision or observation of construction or construction of an improvement to real property" (Cal. Civ. Code, § 337(1)), and an "action for trespass upon or injury to real property" (Cal. Civ. Code, § 338(b)).  Mr. Burton notes that California Civil Procedure section 339(1) does not apply because the FAC's claims rest on a fully executed permanent modification agreement, not an oral contract.  Mr. Burton continues that California Code of Civil Procedure section 338(d)'s limitations period for fraud or mistake does not apply because the FAC relies on Nationstar's termination letter dated March 7, 2010, which is less than three years prior to the March 4, 2013 filing of this action.  Mr. Burton concludes that since this action satisfies a three-year limitations period, it likewise meets the four-year limitations period of California Code of Civil Procedure section 343 for relief not otherwise provided.

Nationstar responds that Mr. Burton seeks resolution of limitations defenses factually

9

1   and legally, which is unavailable at this pleading stage, especially since the FAC alleges class
2   claims.  Nationstar notes that it asserts the four-year limitations period for written agreements
3   under California Civil Code section 337(1), not the four-year limitations period under
4   California Code of Civil Procedure section 337.1, which Mr. Burton confuses.  Nationstar
5   points out that the FAC's promissory estoppel claim entitles it to assert the two-year limitations
6   period of California Code of Civil Procedure section 339 for oral contracts.  Nationstar further
7   notes that it asserts the two-year limitations period under California Code of Civil Procedure
8   section 335.1 given the FAC's allegations of Mr. Burton's emotional distress damages.

9          As discussed above, without supporting facts, the (sixth) statute of limitations defense
10  is a bare bones legal conclusion.  However, contrary to Mr. Burton's contentions, the
11  limitations defense points to applicable limitations periods based on the FAC's claims.
12  Moreover, Mr. Burton, by seeking to strike the limitations defense, seeks resolution of legal
13  and factual issues not available at this pleading stage.  Although the limitations defense is
14  insufficient as a matter of pleading, it is not insufficient as a matter of law and is subject to
15  amendment to clear up application of particular limitations periods to the FAC's claims.

16                              *Failure To Tender Indebtedness*

17          Mr. Burton argues that failure to tender indebtedness does not apply in that the FAC's
18  claims are based on the lack of authority to foreclose on the property given that Nationstar was
19  contractually obligated to provide Mr. Burton a permanent loan modification.

20          The tender requirement applies "when there is an alleged irregularity in the notice or
21  procedure of the sale."  *Menan v. U.S. Bank Nal't Assn.*, 2013 WL 595349, at * 7 (E.D. Cal.
22  2013).  The tender requirement does not apply when "the foreclosure sale itself was wrongful
23  and should not have occurred at all because defendants were contractually obligated not to
24  conduct the sale."  *Menan*, 2013 WL 595349, at * 7.  "The law does not require plaintiff to
25  tender the purchase price to a trustee who has no right to sell the property at all."  *Menan*, 2013
26  WL 595349, at * 7.

27          Mr. Burton challenges his need to tender because the FAC does not challenge
28  irregularities in the foreclosure proceedings.  Mr. Burton contends that in absence of a right to

1    foreclose, he was not required to tender his indebtedness.

2         Nationstar correctly notes that determination whether Mr. Burton has invoked a tender

3    exception is premature.  If Nationstar correctly acted, the foreclosure is not void and subject to

4    the tender requirement.  The propriety of tender is subject to factual and legal evaluation not

5    available at this pleading stage.  Mr. Burton fails to demonstrate that the tender defense lacks

6    merit under any set of facts.

7                              **CONCLUSION AND ORDER**

8         For the reasons discussed above, this Court:

9         1.    STRIKES as insufficiently pled the (third) failure to mitigate, (fourth) waiver

10   and estoppel, (fifth) laches, (sixth) statute of limitations, (seventh) immunity, (eighth) failure to

11   satisfy conditions precedent, (ninth) unclean hands, (twelfth) procedural due process,

12   (thirteenth) consent/ratification, (fourteenth) reasonably available alternatives, (fifteenth)

13   accord and satisfaction/novation, (sixteenth) privilege, and (nineteenth) compliance with

14   government law defenses but GRANTS Nationstar leave to amend these affirmative defenses

15   to the extent they are supported by fact and law;

16        2.    DENIES striking the answer's other affirmative defenses; and

17        3.    ORDERS Nationstar, no later than September 20, 2013, to file and serve either:

18   (a) an amended answer; or (b) a statement that it elects to proceed on its answer without

19   amendment and without the stricken affirmative defenses.  If Nationstar elects to file an

20   amended answer, Nationstar is admonished to pursue only affirmative defenses based on

21   sufficient supporting facts and law and that this Court will grant Nationstar no further attempt

22   to plead affirmative defenses without a showing of absolute good cause.

23

24

25

26   IT IS SO ORDERED.

27   Dated:    **September 3, 2013**              **/s/ Lawrence J. O'Neill**
                                          UNITED STATES DISTRICT JUDGE
28

11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

1   NORMAN C. HILE (STATE BAR NO. 57299)
    nhile@orrick.com
2   CYNTHIA J. LARSEN (STATE BAR NO. 123994)
    clarsen@orrick.com
3   MARTIN RUANO (STATE BAR NO. 258532)
    mruano@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    400 Capitol Mall, Suite 3000
5   Sacramento, CA 95814-4497
    Telephone:    916-447-9200
6   Facsimile:     916-329-4900

7   Attorneys for Defendants-Intervenors
    Westlands Water District, Panoche Water District and
8   San Luis Water District

9

10                UNITED STATES DISTRICT COURT

11            EASTERN DISTRICT OF CALIFORNIA

12                  FRESNO DIVISION

13

| | |
|---|---|
| 14   PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATION and SAN FRANCISCO CRAB BOAT OWNERS ASSOCIATION, INC., | Case No. 1:12-cv-01303-LJO-MJS |
| 15 | **ANSWER TO THE FIRST AMENDED COMPLAINT OF DEFENDANTS-INTERVENORS WESTLANDS WATER DISTRICT, SAN LUIS WATER DISTRICT, AND PANOCHE WATER DISTRICT** |
| 16          Plaintiffs, | |
| 17      v. | |
| 18   UNITED STATES DEPARTMENT OF THE INTERIOR, and UNITED STATES BUREAU | |
| 19   OF RECLAMATION, | |
| 20         Defendants, | |
| 21   WESTLANDS WATER DISTRICT, SAN LUIS WATER DISTRICT, and PANOCHE | |
| 22   WATER DISTRICT, | |
| 23        Defendants-Intervenors. | |

24

25       Defendants-Intervenors Westlands Water District, San Luis Water District and Panoche

26   Water District (collectively "Intervenors") hereby plead and assert defenses to the First Amended

27   / / /

28   / / /

OHSUSA:753507012.2                              ANSWER TO 1ST AMENDED COMPLAINT OF
                                             DFTS-INTERVENORS
                                             1:12-cv-01303-LJO-MJS

1  Complaint filed herein as follows.[1]  Any allegations, express or implied, that otherwise are not

2  expressly admitted, denied or qualified are hereby denied.

3          1.      The allegations of Paragraph 1 contain Plaintiffs' characterization of this action

4  which constitutes conclusions of law to which no response is required but, to the extent a

5  response is deemed to be required, each and every allegation thereof is denied.

6          2.      The allegations of the first sentence of Paragraph 2 contain Plaintiffs'

7  characterization of this action which constitutes conclusions of law to which no response is

8  required but, to the extent a response is deemed to be required, each and every allegation thereof

9  is denied.  Each and every remaining allegation of Paragraph 2 is denied.

10          3.      Each and every allegation of Paragraph 3 is denied.

11          4.      Each and every allegation of Paragraph 4 is denied.

12          5.      Each and every allegation of Paragraph 5 is denied.

13          6.      The allegations of Paragraph 6 contain conclusions of law to which no response is

14  required but, to the extent a response is deemed to be required, each and every allegation thereof

15  is denied.

16          7.      In response to Paragraph 7, Intervenors admit that a substantial part of the

17  preparation of Reclamation's Environmental Assessment and Finding of No Significant Impacts,

18  Three Delta Division and Five San Luis Unit Water Service Renewal Contracts 2012-2014 claims

19  occurred in this judicial district and that the subject interim water service contracts provide for

20  water deliveries to real property within this judicial district.  The remaining allegations of

21  Paragraph 7 contain conclusions of law to which no response is required but, to the extent a

22  response is deemed to be required, each and every allegation thereof is denied.

23  / / /

24  / / /

25

26  [1]  By Order dated March 7, 2013, the Court dismissed without leave to amend Plaintiffs' allegation that the no action
alternative was unlawful and Plaintiffs' claim that Federal Defendants unlawfully failed to prepare an EIS.  The
27  Court did not require the filing of a further amended complaint consistent with that Order.  Out of an abundance of
caution and to avoid future disputes, Intervenors have formally denied herein all charging allegations of the First
28  Amended Complaint as initially filed.

8.     The allegations of Paragraph 8 contain conclusions of law to which no response is required but, to the extent a response is deemed to be required, each and every allegation thereof is denied.

9.     The allegations of Paragraph 9 contain conclusions of law to which no response is required but, to the extent a response is deemed to be required, each and every allegation thereof is denied.

10.     The allegations of the first sentence of Paragraph 10 contain conclusions of law to which no response is deemed required but, to the extent a response is deemed to be required, each and every allegation thereof is denied. Each and every remaining allegation of paragraph 10 is denied.

11.     The allegations of Paragraph 11 contain conclusions of law to which no response is required but, to the extent a response is deemed to be required, each and every allegation thereof is denied.

12.     The allegations of Paragraph 12 contain conclusions of law to which no response is required but, to the extent a response is deemed to be required, each and every allegation thereof is denied.

13.     Intervenors lack information sufficient to form a belief as to the truth of the allegations contained in the first three sentences of Paragraph 13 and, on that basis, deny each and every allegation thereof. Intervenors deny each and every remaining allegation of Paragraph 13.

14.     Intervenors lack information sufficient to form a belief as to the truth of the allegations contained in the first four sentences of Paragraph 14 and, on that basis, deny each and every allegation thereof. Intervenors deny each and every remaining allegation of Paragraph 14.

15.     Intervenors deny each and every allegation of Paragraph 15.

16.     The first sentence of Paragraph 16 contains conclusions of law to which no response is required but, to the extent a response is deemed to be required, each and every allegation thereof is denied. Intervenors deny each and every remaining allegation of Paragraph 16.

/ / /

17.    The first sentence of Paragraph 17 contains conclusions of law to which no response is required but, to the extent a response is deemed to be required, each and every allegation thereof is denied.  Intervenors deny each and every remaining allegation of Paragraph 17.

18.    Intervenors admit the allegation of Paragraph 18.

19.    The first through seventh sentences of Paragraph 19 contain conclusions of law to which no response is required but, to the extent a response is deemed to be required, each and every allegation thereof is denied.  Intervenors deny each and every remaining allegation of Paragraph 19.

20.    Paragraph 20 contains conclusions of law to which no response is required, but to the extent a response is deemed to be required, Intervenors lack information or belief sufficient to admit or deny the allegations of Paragraph 20 and on that basis deny each and every allegation thereof.

21.    Intervenors lack information or belief sufficient to admit or deny the allegations of the first sentence of Paragraph 21 and on that basis deny each and every allegation thereof.  Each and every remaining allegation of Paragraph 21 is denied.

22.    Each and every allegation of Paragraph 22 is denied.

23.    The first two sentences of Paragraph 23 contain conclusions of law to which no response is required but, to the extent a response is deemed to be required, each and every allegation thereof is denied.  Each and every remaining allegation of Paragraph 23 is denied.

24.    Paragraph 24 contains conclusions of law to which no response is required but, to the extent a response is deemed to be required, each and every allegation thereof is denied.

25.    Intervenors admit that Reclamation issued its Environmental Assessment and Finding of No Significant Impacts, Three Delta Division and Five San Luis Unit Water Service Renewal Contracts 2012-2013; approved the eight interim renewal contracts, including contracts with the City of Tracy, Pajaro Valley Water Management Agency, Santa Clara Valley Water District, Westlands Water District , Westlands Water District Distribution District #1 and

/ / /

1   Westlands Water District Distribution District #2; and commenced water delivery pursuant to

2   those contracts.  Intervenors deny each and every other allegation of Paragraph 25.

3         26.      Each and every allegation of Paragraph 26 is denied.

4         27.      Each and every allegation of Paragraph 27 is denied.

5         IV.      Section IV, and each unnumbered paragraph thereof, contain conclusions of law to

6   which no response is deemed required but, to the extent a response is deemed to be required, each

7   and every allegation thereof is denied, except that Intervenors admit that Reclamation completed

8   a Programmatic Environmental Impact Statement ("PEIS") in October 1999 and that in

9   September 2005, Reclamation released a draft EIS for long-term renewal for the West San

10  Joaquin and San Luis Unit Contractors.

11        28.      Intervenors reallege and reassert their responses to all preceding paragraphs of the

12  First Amended Complaint as if fully set forth herein.

13        29.      Paragraph 29 contains conclusions of law to which no response is required but, to

14  the extent a response is deemed to be required, each and every allegation of Paragraph 29 is

15  denied.

16        30.      Paragraph 30 contains conclusions of law to which no response is required but, to

17  the extent a response is deemed to be required, each and every allegation of Paragraph 30 is

18  denied.

19        31.      Each and every allegation of Paragraph 31 is denied.

20        32.      Each and every allegation of Paragraph 32 is denied.

21        33.      Each and every allegation of Paragraph 33 is denied.

22        34.      Each and every allegation of Paragraph 34 is denied.

23        35.      Intervenors reallege and reassert their responses to all preceding paragraphs of the

24  First Amended Complaint as if fully set forth herein.

25        36.      Each and every allegation of Paragraph 36 is denied.

26        37.      Each and every allegation of Paragraph 37 (Prayer for Relief) is denied and

27  Intervenors allege that Plaintiffs are entitled to no relief whatsoever.

28  ///

OHSUSA:753507012.2                                    ANSWER TO 1ST AMENDED COMPLAINT OF
                            - 5 -                              DFTS-INTERVENORS
                                                              1:12-cv-01303-LJO-MJS

**AFFIRMATIVE AND OTHER DEFENSES**

Intervenors allege the following defenses as applicable to any and all of Plaintiffs' claims for relief. Intervenors do not assume the burden of proof on any issues for which the burden of proof is on the Plaintiffs.

1.    The Court lacks subject matter jurisdiction over this action.

2.    Plaintiffs have failed to state a claim on which relief can be granted.

3.    Plaintiffs lack standing to pursue their claims.

4.    Plaintiffs' claims are not ripe.

5.    Plaintiffs' claims are moot.

6.    Plaintiffs have failed to exhaust their administrative remedies.

7.    Plaintiffs, by their acts and omissions and otherwise, are estopped from asserting the matters alleged in the First Amended Complaint.

8.    Federal law does not authorize a private right of action against Federal Defendants in this matter.

9.    Plaintiffs' claims would result in an impairment of Intervenors' contracts.

10.    Plaintiffs' claims for relief as pled in the First Amended Complaint are vague and uncertain.

11.    Plaintiffs failed to properly join indispensable parties as required under Federal Rules of Civil Procedure Rule 19.

12.    Plaintiffs' claims are barred by the doctrine of res judicata.

13.    Plaintiffs' claims are barred by the doctrine of collateral estoppel.

14.    Plaintiffs' claims are barred by principles of waiver.

15.    Plaintiffs' claims are barred under the doctrine of laches as a result of Plaintiff's failure to seek judicial relief within a reasonable time and such delay has caused detriment and prejudice to Intervenors, Federal Defendants, and the general public.

16.    Plaintiffs' claims are barred by applicable statutes of limitations.

17.    Intervenors reserve the right to allege additional defenses as they become known, and to amend their Answer accordingly.

1         WHEREFORE, Intervenors respectfully request that the Court deny all of Plaintiffs'

2   requests for relief, dismiss the First Amended Complaint with prejudice, award Intervenors their

3   costs and attorneys' fees to the extent provided for by law, and grant Intervenors such other relief

4   as the Court deems appropriate.

5

6   Dated: April 19, 2013                 NORMAN C. HILE

                                     CYNTHIA J. LARSEN

7                                     MARTIN RUANO

                                     ORRICK, HERRINGTON & SUTCLIFFE LLP

8

9

10                       By: */s/ Cynthia J. Larsen*

                                       Cynthia J. Larsen

11                            Attorneys for Defendants-Intervenors

                           Westlands Water District, Panoche Water

12                              District and San Luis Water District

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT C

1  CYNTHIA J. LARSEN (SBN 123994)
   STACY E. DON (SBN 226737)
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   400 Capitol Mall, Suite 3000
3  Sacramento, CA  95814-4497
   Telephone:    916-447-9200
4  Facsimile:    916-329-4900
   E-Mail:       clarsen@orrick.com
5                sdon@orrick.com

6  Attorneys for Nominal Defendants
   Noll Manufacturing Company, N&NW Manufacturing
7  Holding Company, Inc. and The Employee Ownership
   Holding Company, Inc.

8

9               UNITED STATES DISTRICT COURT

10             EASTERN DISTRICT OF CALIFORNIA

11                 SACRAMENTO DIVISION

12

13  GREGORY JOHNSON, WILLIAM              Case No.  2:05-cv-02046 RRB KJM
    RODWELL, EDWARD RANGEL and                     (Lead Case-Consolidated)
14  KELLY MORRELL,
                                          NOLL MANUFACTURING
15            Plaintiffs,                 COMPANY, N&NW
                                          MANUFACTURING HOLDING
16       v.                               COMPANY, INC. AND THE
                                          EMPLOYEE OWNERSHIP
17  CLAIR R. COUTURIER, JR., DAVID R.     HOLDING COMPANY, INC.'S
    JOHANSON, ROBERT E. EDDY,             ANSWER TO PLAINTIFFS'
18  JOHANSON BERENSON LLP, and            AMENDED COMPLAINT
    PENSCO, INC.,
19
              Defendants.
20
    And
21
    THE EMPLOYEE OWNERSHIP HOLDING
22  COMPANY, INC. EMPLOYEE STOCK
    OWNERSHIP PLAN, NOLL
23  MANUFACTURING COMPANY, N&NW
    MANUFACTURING HOLDING
24  COMPANY, INC. AND THE EMPLOYEE
    OWNERSHIP HOLDING COMPANY, INC.
25
              Nominal Defendants.
26

27

28

    OHS West:260333923.2                         NOMINAL DEFENDANTS ANSWER TO
                                                 PLAINTIFFS' AMENDED COMPLAINT
                                                    2:05-cv-02046 RRB KJM

1    Nominal defendants Noll Manufacturing Company ("Noll"), N&NW

2    Manufacturing Holding Company, Inc. ("N&NW") and The Employee Ownership Holding

3    Company, Inc. ("TEOHC") (collectively "Nominal Defendants") hereby respond to Plaintiffs'

4    Amended Complaint as follows:

5                1.      In response to paragraph 1, Nominal Defendants admit that Plaintiff

6    Gregory Johnson was an employee of Noll.  The third sentence of paragraph 1 contains legal

7    conclusions to which no response is required, however, to the extent a response is deemed

8    required, those allegations are denied.  The Nominal Defendants deny the remaining allegations

9    in paragraph 1 for lack of sufficient information, knowledge, or belief.

10               2.      In response to paragraph 2, Nominal Defendants admit that Plaintiff

11   William Rodwell was an employee of Noll.  Nominal Defendants deny the remaining allegations

12   in paragraph 2 for lack of sufficient information, knowledge, or belief.

13               3.      In response to paragraph 3, Nominal Defendants admit that Plaintiff

14   Edward Rangel was an employee of Noll.  Nominal Defendants deny the remaining allegations in

15   paragraph 3 for lack of sufficient information, knowledge, or belief.

16               4.      In response to paragraph 4, Nominal Defendants admit that Plaintiff Kelly

17   Morrell is a participant in the TEOHC ESOP.  Nominal Defendants deny the remaining

18   allegations in paragraph 4 for lack of sufficient information, knowledge, or belief.

19               5.      In response to paragraph 5, Nominal Defendants admit that Defendant

20   Clair R. Couturier, Jr. was, at times, a member of the Board of Directors of Noll and TEOHC.

21   Nominal Defendants deny the remaining allegations in paragraph 5 for lack of sufficient

22   information, knowledge, or belief.

23               6.      In response to paragraph 6, Nominal Defendants admit that David R.

24   Johanson was, at times, the Secretary of Noll and TEOHC and a member of the Noll Board of

25   Directors.  The second sentence of paragraph 6 contains legal conclusions to which no response is

26   required, however, to the extent a response is deemed required, those allegations are denied.

27   Nominal Defendants deny the remaining allegations in paragraph 6 for lack of sufficient

28   information, knowledge, or belief.

1    7.    In response to paragraph 7, Nominal Defendants admit that Robert E. Eddy

2    has served and continues to serve as a trustee to the ESOP, and as a member of the Board of

3    Directors of TEOHC.  Nominal Defendants deny the remaining allegations in paragraph 7 for

4    lack of sufficient information, knowledge, or belief.

5    8.    In response to paragraph 8, Nominal Defendants respond that paragraph 8

6    contains legal conclusions to which no response is required, however, to the extent a response is

7    deemed required, those allegations are denied.  Nominal Defendants deny the remaining

8    allegations in paragraph 8 for lack of sufficient information, knowledge, or belief.

9    9.    In response to paragraph 9, Nominal Defendants respond that paragraph 9

10   contains legal conclusions to which no response is required, however, to the extent a response is

11   deemed required, those allegations are denied.  Nominal Defendants deny the remaining

12   allegations in paragraph 8 for lack of sufficient information, knowledge, or belief.

13   10.    In response to paragraph 10, Nominal Defendants respond that paragraph

14   10 contains legal conclusions to which no response is required, however, to the extent a response

15   is deemed required, those allegations are denied.  Nominal Defendants deny the remaining

16   allegations in paragraph 8 for lack of sufficient information, knowledge, or belief.

17   11.    In response to paragraph 11, Nominal Defendants respond that paragraph

18   11 contains legal conclusions to which no response is required, however, to the extent a response

19   is deemed required, those allegations are denied.  Nominal Defendants deny the remaining

20   allegations in paragraph 11 for lack of sufficient information, knowledge, or belief.

21   12.    In response to paragraph 12, Nominal Defendants respond that paragraph

22   12 contains legal conclusions to which no response is required, however, to the extent a response

23   is deemed required, those allegations are denied.  Nominal Defendants deny the remaining

24   allegations in paragraph 12 for lack of sufficient information, knowledge, or belief.

25   13.    In response to paragraph 13, Nominal Defendants admit that TEOHC is a

26   Delaware corporation headquartered in California.  Paragraph 13 contains legal conclusions to

27   which no response is required, however, to the extent a response is deemed required, those

28   ///

OHS West:260333923.2                              - 2 -                        NOMINAL DEFENDANTS ANSWER TO
                                                                                PLAINTIFFS' AMENDED COMPLAINT
                                                                                   2:05-cv-02046 RRB KJM

1    allegations are denied. Nominal Defendants deny the remaining allegations in paragraph 13 for

2    lack of sufficient information, knowledge, or belief.

3             14.     The allegations contained in paragraphs 14 through 19 contain Plaintiffs'

4    jurisdictional and venue allegations which are legal conclusions to which no response is required,

5    however, to the extent a response is deemed required, the allegations of paragraphs 14, 15, 16, 17,

6    18 and 19 are denied.

7             15.     In response to paragraph 20, the Nominal Defendants admit the allegations

8    of the first sentence of paragraph 20. Nominal Defendants deny the remaining allegations in

9    paragraph 20 for lack of sufficient information, knowledge, or belief.

10            16.     In response to paragraph 21, Nominal Defendants respond that paragraph

11    21 contains legal conclusions to which no response is required, however, to the extent a response

12    is deemed required, those allegations are denied. Nominal Defendants deny the remaining

13    allegations in paragraph 21 for lack of sufficient information, knowledge, or belief.

14            17.     In response to paragraph 22, Nominal Defendants respond that paragraph

15    22 contains legal conclusions to which no response is required, however, to the extent a response

16    is deemed required, those allegations are denied. Nominal Defendants deny the remaining

17    allegations in paragraph 22 for lack of sufficient information, knowledge, or belief.

18            18.     In response to paragraph 23, Nominal Defendants admit that Robert E. Noll

19    died and the Robert E. Noll Trust became the successor to certain of his shares, that Patricia R.

20    Noll became the controlling shareholder of Noll, and that Barry K. Miller was, at certain points in

21    time, a member of the Noll Board of Directors and company President. Nominal Defendants

22    deny the remaining allegations of paragraph 23 for lack of sufficient information, knowledge, or

23    belief..

24            19.     In response to paragraph 24, Nominal Defendants admit that Noll acquired

25    part or all of Northwest Metal Products Company and General Metal Craft Co. Nominal

26    Defendants deny the remaining allegations of paragraph 24 for lack of sufficient information,

27    knowledge, or belief.

28    ///

1　　　　　　　20.　　In response to paragraph 25, Nominal Defendants admit that Couturier was

2　employed by Noll and served as manager for certain of its operations. Nominal Defendants deny

3　the remaining allegations of paragraph 25 for lack of sufficient information, knowledge, or belief.

4　　　　　　　21.　　In response to paragraph 26, Nominal Defendants admit that Noll

5　maintained a manufacturing facility in Richmond and subsequently maintained a manufacturing

6　facility in Stockton, California. Nominal Defendants deny the remaining allegations of paragraph

7　26 for lack of sufficient information, knowledge, or belief.

8　　　　　　　22.　　In response to paragraph 27, Nominal Defendants deny the allegations of

9　paragraph 27 for lack of sufficient information, knowledge, or belief.

10　　　　　　　23.　　In response to paragraph 28, Nominal Defendants deny the allegations of

11　paragraph 28 for lack of sufficient information, knowledge, or belief.

12　　　　　　　24.　　In response to paragraph 29, Nominal Defendants deny the allegations of

13　paragraph 29 for lack of sufficient information, knowledge, or belief.

14　　　　　　　25.　　In response to paragraph 30, Nominal Defendants respond that paragraph

15　30 contains legal conclusions to which no response is required, however, to the extent a response

16　is deemed required, those allegations are denied. Nominal Defendants deny the remaining

17　allegations in paragraph 30 for lack of sufficient information, knowledge, or belief.

18　　　　　　　26.　　In response to paragraph 31, Nominal Defendants deny the allegations of

19　paragraph 31 for lack of sufficient information, knowledge, or belief.

20　　　　　　　27.　　In response to paragraph 32, Nominal Defendants deny the allegations of

21　paragraph 32 for lack of sufficient information, knowledge, or belief.

22　　　　　　　28.　　In response to paragraph 33, Nominal Defendants admit that at some time

23　in 2001, Patricia R. Noll, Thomas J. McIntosh and Couturier were on the board of directors for

24　Noll. Nominal Defendants deny the remaining allegations of paragraph 33 for lack of sufficient

25　information, knowledge, or belief.

26　　　　　　　29.　　In response to paragraphs 34 through 37, Nominal Defendants deny the

27　allegations of paragraphs 34, 35, 36 and 37 for lack of sufficient information, knowledge, or

28　belief.

1          30.    In response to paragraph 38, Nominal Defendants deny the allegations of

2    paragraph 38 for lack of sufficient information, knowledge, or belief.

3          31.    In response to paragraph 39, Nominal Defendants deny the allegations of

4    paragraph 39 for lack of sufficient information, knowledge, or belief.

5          32.    In response to paragraph 40, Nominal Defendants deny the allegations of

6    paragraph 40 for lack of sufficient information, knowledge, or belief.

7          33.    In response to paragraph 41, Nominal Defendants deny the allegations of

8    paragraph 41 for lack of sufficient information, knowledge, or belief.

9          34.    In response to paragraph 42, Nominal Defendants respond that paragraph

10   42 contains legal conclusions to which no response is required, however, to the extent a response

11   is deemed required, those allegations are denied.  The allegations of paragraph 42 are denied for

12   lack of sufficient information, knowledge, or belief.

13         35.    In response to paragraph 43, Nominal Defendants deny the allegations of

14   paragraph 43 for lack of sufficient information, knowledge, or belief.

15         36.    In response to paragraph 44, Nominal Defendants admit that at some point

16   in 2001, Johanson was legal counsel for the ESOP; McIntosh was legal counsel for Noll, Patricia

17   R. Noll, The Noll Foundation, Inc. and the Robert E. Noll Trust; Mrs. Noll resigned from the

18   board of directors; the board was composed of Couturier, Johanson and McIntosh; and McIntosh

19   resigned as Secretary and legal counsel for Noll.  Nominal Defendants deny the remaining

20   allegations of paragraph 44 for lack of sufficient information, knowledge, or belief.

21         37.    In response to paragraph 45, Nominal Defendants deny the allegations of

22   paragraph 45 for lack of sufficient information, knowledge, or belief.

23         38.    In response to paragraph 46, Nominal Defendants respond that paragraph

24   46 contains legal conclusions to which no response is required, however, to the extent a response

25   is deemed required, those allegations are denied.  Nominal Defendants deny the allegations of

26   paragraph 46 for lack of sufficient information, knowledge, or belief.

27         39.    In response to paragraph 47, Nominal Defendants respond that paragraph

28   47 contains legal conclusions to which no response is required, however, to the extent a response

1  is deemed required, those allegations are denied.  Nominal Defendants deny the allegations of

2  paragraph 47 for lack of sufficient information, knowledge, or belief.

3          40.     In response to paragraphs 48 and 49, Nominal Defendants deny the

4  allegations of paragraphs 48 and 49 for lack of sufficient information, knowledge, or belief.

5          41.     In response to paragraph 50, Nominal Defendants respond that paragraph

6  50 contains legal conclusions to which no response is required, however, to the extent a response

7  is deemed required, those allegations are denied.  Nominal Defendants deny the allegations of

8  paragraph 50 for lack of sufficient information, knowledge, or belief.

9          42.     In response to paragraph 51, Nominal Defendants deny the allegations of

10  paragraph 51 for lack of sufficient information, knowledge, or belief.

11          43.     In response to paragraphs 52 through 54, Nominal Defendants deny the

12  allegations of paragraphs 52, 53, and 54 for lack of sufficient information, knowledge, or belief.

13          44.     Paragraph 55 contains legal conclusions to which no response is required,

14  however, to the extent a response is deemed required, those allegations are denied.  Nominal

15  Defendants deny the remaining allegations of paragraph 55 for lack of sufficient information,

16  knowledge, or belief.

17          45.     Paragraph 56 contains legal conclusions to which no response is required,

18  however, to the extent a response is deemed required, those allegations are denied.  Nominal

19  Defendants deny the remaining allegations of paragraph 56 for lack of sufficient information,

20  knowledge, or belief.

21          46.     Paragraph 57 contains legal conclusions to which no response is required,

22  however, to the extent a response is deemed required, those allegations are denied.  Nominal

23  Defendants deny the remaining allegations of paragraph 57 for lack of sufficient information,

24  knowledge, or belief.

25          47.     In response to paragraph 58, Nominal Defendants deny the allegations of

26  paragraph 58 for lack of sufficient information, knowledge, or belief.

27          48.     In response to paragraph 59, Nominal Defendants deny the allegations of

28  paragraph 59 for lack of sufficient information, knowledge, or belief.

1          49.     In response to paragraph 60, Nominal Defendants respond that

2    paragraph 60 contains legal conclusions to which no response is required, however, to the extent a

3    response is deemed required, those allegations are denied.  Nominal Defendants deny the

4    remaining allegations of paragraph 60 for lack of sufficient information, knowledge or belief.

5          50.     In response to paragraph 61, Nominal Defendants respond that

6    paragraph 61 contains legal conclusions to which no response is required, however, to the extent a

7    response is deemed required, those allegations are denied.  Nominal Defendants deny the

8    remaining allegations of paragraph 61 for lack of sufficient information, knowledge, or belief.

9          51.     In response to paragraph 62, Nominal Defendants respond that

10   paragraph 62 contains legal conclusions to which no response is required, however, to the extent a

11   response is deemed required, those allegations are denied.  Nominal Defendants deny the

12   remaining allegations of paragraph 62 for lack of sufficient information, knowledge, or belief.

13         52.     In response to paragraph 63, Nominal Defendants deny the allegations of

14   paragraph 63 for lack of sufficient information, knowledge, or belief.

15         53.     In response to paragraph 64, Nominal Defendants respond that Couturier's

16   Employment Agreement and its amendments are the best evidence of their contents.  The

17   remainder of the allegations in paragraph 64 contains legal conclusions to which no response is

18   required, however, to the extent a response is deemed required, those allegations are denied.

19   Nominal Defendants deny the remaining allegations of paragraph 64 for lack of sufficient

20   information, knowledge, or belief.

21         54.     In response to paragraph 65, Nominal Defendants deny the allegations of

22   paragraph 65 for lack of sufficient information, knowledge, or belief.

23         55.     In response to paragraph 66, Nominal Defendants deny the allegations of

24   paragraph 66 for lack of sufficient information, knowledge, or belief.

25         56.     Paragraph 67 contains legal conclusions to which no response is required,

26   however, to the extent a response is deemed required, those allegations are denied.  Nominal

27   Defendants deny the remaining allegations of paragraph 67 for lack of sufficient information,

28   knowledge, or belief.

OHS West:260333923.2                              - 7 -                    NOMINAL DEFENDANTS ANSWER TO
                                                                           PLAINTIFFS' AMENDED COMPLAINT
                                                                           2:05-CV-02046 RRB KJM

1         57.    Paragraph 68 contains legal conclusions to which no response is required,

2    however, to the extent a response is deemed required, those allegations are denied. Nominal

3    Defendants deny the remaining allegations of paragraph 68 for lack of sufficient information,

4    knowledge, or belief.

5         58.    In response to paragraphs 69 through 73, Nominal Defendants deny the

6    allegations of paragraphs 69, 70, 71, 72, and 73 for lack of sufficient information, knowledge, or

7    belief.

8         59.    In response to paragraph 74, Nominal Defendants admit that Johanson was

9    counsel for the company for some matters at this time. Nominal Defendants deny the remaining

10   allegations of paragraph 74 for lack of sufficient information, knowledge, or belief.

11        60.    In response to paragraph 75, Nominal Defendants deny the allegations of

12   paragraph 75 for lack of sufficient information, knowledge, or belief.

13        61.    In response to paragraph 76, Nominal Defendants deny the allegations of

14   paragraph 76 for lack of sufficient information, knowledge, or belief.

15        62.    In response to paragraph 77, Nominal Defendants admit they received

16   letters of intent from various entities. Nominal Defendants deny the remainder of the allegations

17   of paragraph 77 for lack of sufficient information, knowledge, or belief.

18        63.    Paragraph 78 contains legal conclusions to which no response is required,

19   however, to the extent a response is deemed required, those allegations are denied. Nominal

20   Defendants deny the allegations of paragraph 73 for lack of sufficient information, knowledge, or

21   belief.

22        64.    Paragraph 79 contains legal conclusions to which no response is required,

23   however, to the extent a response is deemed required, those allegations are denied. Nominal

24   Defendants deny the allegations of paragraph 79 for lack of sufficient information, knowledge, or

25   belief.

26        65.    In response to paragraph 80, Nominal Defendants admit that the Noll

27   Board of Directors retained Eddy as Special Trustee for the Noll ESOP. Nominal Defendants

28   ///

1   deny the remainder of the allegations of paragraph 80 for lack of sufficient information,

2   knowledge, or belief.

3           66.     In response to paragraph 81 through 88, Nominal Defendants deny the

4   allegations of paragraphs 81, 82, 83, 84, 85, 86, 87, and 88 for lack of sufficient information,

5   knowledge, or belief.

6           67.     In response to paragraph 89, Nominal Defendants admit that Noll

7   purchased the Palm Desert Property. Nominal Defendants deny the remainder of the allegations

8   of paragraph 89 for lack of sufficient information, knowledge, or belief.

9           68.     In response to paragraph 90, Nominal Defendants deny the allegations of

10   paragraph 90 for lack of sufficient information, knowledge, or belief.

11           69.     In response to paragraph 91, Nominal Defendants admit that TEOHC was

12   incorporated as a Delaware corporation. Nominal Defendants deny the remainder of the

13   allegations of paragraph 91 for lack of sufficient information, knowledge, or belief.

14           70.     Nominal Defendants deny the allegations of paragraph 92 for lack of

15   sufficient information, knowledge, or belief..

16           71.     In response to paragraph 93, Nominal Defendants responds that the

17   transactions in January 2004 were documented, and that the terms of the documents are the best

18   evidence of their contents. Additionally, paragraph 93 contains legal conclusions to which no

19   response is required, however, to the extent a response is deemed required, those allegations are

20   denied. Nominal Defendants deny the remaining allegations in paragraph 93 for lack of sufficient

21   information, knowledge, or belief.

22           72.     In response to paragraph 94, Nominal Defendants respond that paragraph

23   94 contains conclusions of law to which no response is required, however, to the extent a

24   response is deemed required, those allegations are denied. Nominal Defendants deny the

25   remaining allegations in paragraph 94 for lack of sufficient information, knowledge, or belief.

26           73.     In response to paragraph 95 through 97, Nominal Defendants deny the

27   allegations in paragraphs 95, 96, and 97 for lack of sufficient information, knowledge, or belief.

28   / / /

74.      In response to paragraph 98, Nominal Defendants admit that Eddy was appointed trustee of the TEOHC ESOP in or around June 2004. Nominal Defendants deny the remaining allegations in paragraph 98 for lack of sufficient information, knowledge, or belief..

75.      In response to paragraph 99, Nominal Defendants deny the allegations in paragraph 99 for lack of sufficient information, knowledge, or belief.

76.      In response to paragraph 100, Nominal Defendants admit that Roorda resigned as a director of TEOHC. Nominal Defendants deny the remaining allegations in paragraph 100 for lack of sufficient information, knowledge, or belief.

77.      In response to paragraph 101, the addenda to the letters of intent are the best evidence of their content. Nominal Defendants deny the remaining allegations in paragraph 101 for lack of sufficient information, knowledge, or belief.

78.      In response to paragraph 102, Nominal Defendants deny the allegations in paragraph 102 for lack of sufficient information, knowledge, or belief.

79.      In response to paragraph 103, Nominal Defendants deny the allegations in paragraph 103 for lack of sufficient information, knowledge, or belief.

80.      In response to paragraph 104, Nominal Defendants deny the remaining allegations in said paragraph for lack of sufficient information, knowledge, or belief.

81.      In response to paragraph 105, Nominal Defendants deny the allegations in paragraph 105 for lack of sufficient information, knowledge, or belief.

82.      In response to paragraph 106, Nominal Defendants deny the allegations of paragraph 106 for lack of sufficient information, knowledge, or belief.

83.      In response to paragraph 107, Nominal Defendants deny paragraph 107 for lack of sufficient information, knowledge, or belief.

84.      In response to paragraph 108, Nominal Defendants deny paragraph 108 for lack of sufficient information, knowledge, or belief.

85.      In response to paragraphs 109 through 114, Nominal Defendants deny paragraphs 109, 110, 111, 112, 113 and 114 for lack of sufficient information, knowledge, or belief.

1           86.    In response to paragraph 115, Nominal Defendants deny the allegations of

2   paragraph 115 for lack of sufficient information, knowledge, or belief.

3           87.    In response to paragraph 116, Nominal Defendants admit that TEOHC

4   entered into a Loan and Security Agreement with UBOC of California.  Nominal Defendants

5   deny the remainder of the allegations for lack of sufficient information, knowledge, or belief.

6           88.    In response to paragraphs 117 through 120, Nominal Defendants deny

7   paragraphs 117, 118, 119, and 120 for lack of sufficient information, knowledge, or belief.

8           89.    In response to paragraph 121, Nominal Defendants incorporate their

9   responses to paragraphs 1-7, 9-10, 14-17, 19 and 20-120 above as if fully set forth herein.

10          90.    In response to paragraphs 122 and 123, the allegations contained in said

11  paragraphs state legal conclusions to which no response is required, however, to the extent a

12  response is required, those allegations are denied.  Nominal Defendants deny the remainder of the

13  allegations for lack of sufficient information, knowledge, or belief.

14          91.    Nominal Defendants deny paragraph 124 for lack of sufficient

15  information, knowledge, or belief.

16          92.    In response to paragraphs 125, 126, 127, 128, 129, 130, 131, 132, 133, 134,

17  135, 136, 137, 138, 139, 140, 141, and 142, the allegations contained in said paragraphs state

18  legal conclusions to which no response is required, however, to the extent a response is required,

19  Nominal Defendants deny the allegations for lack of sufficient information, knowledge, or belief.

20          93.    In response to paragraph 143, Nominal Defendants incorporate their

21  responses to paragraphs 1, 5-7, 11-13, 18-19 and 20-120 above as if fully set forth herein.

22          94.    In response to paragraphs 144, Nominal Defendants admit that they are

23  named as nominal defendants.  Nominal Defendants deny the remaining allegations for lack of

24  sufficient information, knowledge, or belief.

25          95.    In response to paragraph 145, the allegations contained in said paragraph

26  145 states legal conclusions to which no response is required.  To the extent a response is

27  required, Nominal Defendants deny the remainder of the allegations for lack of sufficient

28  information, knowledge, or belief.

NOMINAL DEFENDANTS ANSWER TO
PLAINTIFFS' AMENDED COMPLAINT
2:05-cv-02046 RRB KJM

1           96.     In response to paragraphs 146, 147, 148, 149, and 150, the allegations

2   contained in said paragraphs state legal conclusions to which no response is required.  To the

3   extent a response is required, Nominal Defendants deny the allegations for lack of sufficient

4   information, knowledge, or belief.

5           97.     In response to paragraph 151, Nominal Defendants admit that Couturier,

6   Johanson and Eddy were at some time directors of TEOHC.  Nominal Defendants deny the

7   remainder of the allegations in paragraph 151 for lack of sufficient information, knowledge, or

8   belief.

9           98.     In response to paragraphs 152, 153, 154 and 155, the allegations contained

10   in said paragraphs state legal conclusions to which no response is required, however, to the extent

11   a response is required, those allegations are denied.  Nominal Defendants deny the remaining

12   allegations for lack of sufficient information, knowledge, or belief.

13           99.     In response to paragraph 156, Nominal Defendants incorporate their

14   responses to paragraphs 1, 6, 8, 11-13, 18-19 and 20-120 above as if fully set forth herein.

15          100.    In response to paragraphs 157, Nominal Defendants admit that they are

16   named as nominal defendants.  Nominal Defendants deny the allegations for lack of sufficient

17   information, knowledge, or belief.

18          101.    In response to paragraphs 158, Nominal Defendants admit that Johanson

19   and JBLLP acted as counsel for Noll, N&NW and TEOHC at some times for some transactions.

20   Nominal Defendants deny the remainder of the allegations for lack of sufficient information,

21   knowledge, or belief.

22          102.    In response to paragraphs 159, 160 and 161, the allegations contained in

23   said paragraphs state a legal conclusion to which no response is required, however, to the extent a

24   response is required, those allegations are denied.  Nominal Defendants deny the remaining

25   allegations for lack of sufficient information, knowledge, or belief.

26          103.    Nominal Defendants deny each and every allegation of Plaintiffs'

27   Amended Complaint not specifically admitted herein.

28   ///

1  ### AFFIRMATIVE DEFENSES

2  ### FIRST AFFIRMATIVE DEFENSE

3  **(Failure To State A Claim)**

4      104.    The Amended Complaint fails to state facts sufficient to constitute a claim

5  upon which relief maybe granted against Nominal Defendants.

6  ### SECOND AFFIRMATIVE DEFENSE

7  **(Right To Assert Claims)**

8      105.    Should it be determined that Plaintiff Kelly Morrell lacks standing to bring

9  the Second and Third Claims for Relief in the Amended Complaint on behalf of Nominal

10  Defendants, Nominal Defendants reserve their right to assert the claims themselves.

11  ### THIRD AFFIRMATIVE DEFENSE

12  **(Reservation Of Right To Supplement Affirmative Defenses)**

13      106.    Nominal Defendants reserve the right to amend their Answer to the

14  Amended Complaint to assert such additional defenses as may become apparent during the

15  continuing course of discovery in this action.

16          WHEREFORE, the Nominal Defendants pray for judgment against Plaintiffs as

17  follows:

18      1.    That Plaintiffs take nothing against the Nominal Defendants by reason of

19  their Amended Complaint on file herein;

20      2.    For attorneys' fees and costs of suit; and

21      3.    For such other and further relief as the Court may deem just and proper.

22

23  Dated: November 16, 2007          CYNTHIA J. LARSEN
                                      STACY E. DON
24                                    ORRICK, HERRINGTON & SUTCLIFFE LLP

25                                    /s/ Cynthia J. Larsen
                                      _____
26                                    CYNTHIA J. LARSEN
                                      Attorneys for Nominal Defendants
27                                    Noll Manufacturing Company, N&NW
                                      Manufacturing Holding Company, Inc. and The
28                                    Employee Ownership Holding Company, Inc.

1 | WALTER WILHELM LAW GROUP
A Professional Corporation
2 | Riley C. Walter #91839
Kathleen D. DeVaney #156444
3 | Danielle J. Bethel #315945
205 East River Park Circle, Ste. 410
4 | Fresno, CA 93720
Telephone: (559) 435-9800
5 | Facsimile: (559) 435-9868
E-mail: *rileywalter@w2lg.com*
6 | *Attorneys for Chapter 9 Counsel*

7 | MCCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP
8 | Todd A. Wynkoop, #308845
*todd.wynkoop@mccormickbarstow.com*
9 | Ben T. Nicholson, #239893
*ben.nicholson@mccormickbarstow.com*
10 | Shane G. Smith, #272630
*shane.smith@mccormickbarstow.com*
11 | Vanessa M. Cohn, #314619
*vanessa.cohn@mccormickbarstow.com*
12 | 7647 North Fresno Street
Fresno, California 93720
13 | Telephone:    (559) 433-1300
Facsimile:    (559) 433-2300
14 | *Attorneys for District Counsel*

15 | UNITED STATES BANKRUPTCY COURT

16 | EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re | Case No. 17-13797 (Chapter 9) |
| TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER, | Adv. Proc. No.: 17-01095-B |
| | DC No.: OHS-3 |
| Debtor. | **EXHIBITS TO THE DECLARATION OF SHANE G. SMITH IN SUPPORT OF TULARE LOCAL HEALTHCARE DISTRICT DBA TULARE REGIONAL MEDICAL CENTER'S OPPOSITION TO** |
| Tax ID #    94-6002897 Address:    869 N. Cherry Street    Tulare, CA 93274 | |
| HEALTHCARE CONGLOMERATE ASSOCIATES, LLC, | **HEALTHCARE CONGLOMERATE ASSOCIATES, LLC'S MOTION TO STRIKE PORTIONS OF ANSWER [ECF 26]** |
| Plaintiff, v. | Date:    April 5, 2018 Time:    11:30 a.m. Dept:    Courtroom 13 Judge:    Hon. Rene' Lastreto II |
| TULARE LOCAL HEALTHCARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER, | |
| Defendant. | |

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

EXHIBITS TO SMITH DECLARATION ISO DEFT. TRMC'S OPPN. MOTION TO STRIKE ANSWER

| EXHIBIT | DESCRIPTION | PAGES |
|---|---|---|
| A | Order on Plaintiff's F.R. Civ.P. 12(f) Motion to Strike Affirmative Defenses, filed at ECF 29 in *Burton v. Nationstar Mortgage, LLC*, No. 1:13-cv-00307-LJO-JLT (E.D. Cal. Sept. 3, 2013) | 12 |
| B | Answer to the First Amended Complaint of Defendants-Intervenors Westlands Water District, San Luis Water District, and Panoche Water District, filed at ECF 59 in *Pacific Coast Federation of Fisherman's Assoc. v. U.S. Dept. of the Interior*, No. 1:12-cv-01303-LJO-MJS (E.D. Cal.) | 7 |
| C | Noll Manufacturing Co., N&NW Manufacturing Holding Co., Inc., and the Employee Ownership Holding Company, Inc.'s Answer to Plaintiffs' Amended Complaint, filed at ECF 245 in *Johnson v. Couturier, Jr.*, No. 2:05-cv-02046-RRB-KJN (E.D. Cal.) on November 16, 2007 | 14 |

Dated: March 29, 2018

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: _____ /s/ Ben Nicholson _____

Todd A. Wynkoop
Ben Nicholson
Shane G. Smith
Vanessa M. Cohn
*Attorneys for Tulare Local Healthcare District dba Tulare Regional Medical Center*

36894-00000 5059652.1