1  WALTER WILHELM LAW GROUP
   A Professional Corporation
2  Riley C. Walter #91839
   Kathleen D. DeVaney #156444
3  Danielle J. Bethel #315945
   205 East River Park Circle, Ste. 410
4  Fresno, CA 93720
   Telephone: (559) 435-9800
5  Facsimile:  (559) 435-9868
   E-mail:  *rileywalter@w2lg.com*
6  *Attorneys for Chapter 9 Counsel*

7  MCCORMICK, BARSTOW, SHEPPARD,
   WAYTE & CARRUTH LLP
8  Todd A. Wynkoop, #308845
      *todd.wynkoop@mccormickbarstow.com*
9  Ben Nicholson, #239893
      *ben.nicholson@mccormickbarstow.com*
10 Shane G. Smith, #272630
      *shane.smith@mccormickbarstow.com*
11 Vanessa M. Cohn, #314619
      *vanessa.cohn@mccormickbarstow.com*
12 7647 North Fresno Street
   Fresno, California 93720
13 Telephone:    (559) 433-1300
   Facsimile:     (559) 433-2300
14 *Attorneys for District Counsel*

15            UNITED STATES BANKRUPTCY COURT

16        EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| 17  In re | Case No. 17-13797 (Chapter 9) |
| 18  TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER, | Adv. Proc. No.:  17-01095-B |
| 19 | DC No.: OHS-3 |
| 20                 Debtor. | **TULARE   LOCAL   HEALTHCARE DISTRICT DBA TULARE REGIONAL MEDICAL   CENTER'S   CORRECTED OPPOSITION   TO   HEALTHCARE CONGLOMERATE ASSOCIATES, LLC'S MOTION TO STRIKE PORTIONS OF ANSWER [ECF 26]** |
| 21  Tax ID #     94-6002897 Address:      869 N. Cherry Street | |
| 22                   Tulare, CA 93274 | |
| 23 | |
| 24  HEALTHCARE CONGLOMERATE ASSOCIATES, LLC, | Date:      April 12, 2018 Time:      11:30 a.m. Dept:      Courtroom 13 Judge:   Hon. Rene' Lastreto II |
| 25                 Plaintiff, | |
| 26         v. | |
| 27  TULARE LOCAL HEALTHCARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER, | |
| 28 | |

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1
TLHD'S OPPN. TO HCCA'S MOTION TO STRIKE PORTIONS OF ANSWER

1 | Defendant.

TLHD'S OPPN. TO HCCA'S MOTION TO STRIKE PORTIONS OF ANSWER

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................... 1

II. ARGUMENT................................................................................................... 2

    A.     Applicable Legal Standards Strongly Favor TRMC ............................... 2

        1.     HCCA Has Chosen a Disfavored Vehicle For Its Challenge to TRMC's Answer .................................................................... 2

        2.     The "Fair Notice" Standard Poses a Minimal Check On the Sufficiency of Pleadings of Affirmative Defenses .......................... 3

    B.     TRMC Provides Fair Notice of Its Affirmative Defenses on Consideration of All the Pleadings ..................................................... 3

        1.     TRMC's Affirmative Defenses of Comparative Fault (Third) and Fault of Third Parties (Fourth) Find Support in the Underlying Pleadings........... 3

        2.     TRMC's Affirmative Defense of Mitigation (Fifth) Finds Support in the Underlying Pleadings .................................. 5

        3.     TRMC's Affirmative Defenses of Waiver (Sixth), Estoppel (Seventh), and Laches (Eighth) Find Support in the Underlying Pleadings ................. 5

        4.     TRMC's Affirmative Defense of Independent, Intervening or Superseding Cause (Twelfth) Finds Support in the Underlying Pleadings ....................................................... 8

        5.     TRMC's Affirmative Defenses of Illegal Contract (Eleventh), Unclean Hands (Thirteenth), and Unconscionable Contract (Sixteenth) Find Support in the Underlying Pleadings ............................................. 9

        6.     TRMC's Affirmative Defense of Unconstitutional Clauses (Seventeenth) Finds Support in the Underlying Pleadings ....................... 11

        7.     The Motion to Strike Should Be Denied As To TRMC's Defenses Attacked on Grounds That They Lack Factual Support.............................. 12

    C.     HCCA Mischaracterizes TRMC's Defenses As Mere Statements That HCCA Cannot Prove an Element of Its Affirmative Case, and Striking Them Will Only Encourage Further Irrelevant Motions from HCCA .................................... 12

    D.     TRMC Withdraws Certain Defenses In Order to Conserve Judicial Resources..... 15

III. CONCLUSION ................................................................................. 15

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

TLHD'S OPPN. TO HCCA'S MOTION TO STRIKE PORTIONS OF ANSWER

1

**TABLE OF AUTHORITIES**

2

**Page**

3

**CASES**

4

*Allen v. Hussey*
5        225 P.2d 674, 101 Cal.App.2d 457, 474-75 (1950) ........................ 11

6   *American Software, Inc. v. Ali*
         54 Cal.Rptr.2d 477, 46 Cal.App.4th 1386, 1390 (1996) ..................... 10
7
    *Ash v. North American Title Co.*
8        168 Cal.Rptr.3d 499, 223 Cal.App.4th 1258, 1275-76 (2014)............ 8

9   *Bill Finance Co. v. U-States Forwarding Servs. Corp.*
         115 Cal.Rptr.2d 312, 95 Cal.App.4th 111, 126 (2002) ..................... 8
10
    *Bono v. Clark*
11       128 Cal.Rptr.2d 31, 103 Cal.App.4th 1409, 1417 (2002) ................. 7

12  *Brown v. Grimes*
         120 Cal.Rptr.3d 893, 192 Cal.App.4th 265, 277-78 (2011)............... 13
13
    *Burton v. Nationstar Mortgage, LLC.*
14       No. 1:13-cv-00307-LJO-JLT, slip. op. at *8 (E.D. Cal. Sept. 3, 2013) ........... 13

15  *Canupp v. Children's Receiving Home of Sacramento*
         181 F.Supp.3d 767, 797 (E.D. Cal. 2016) ..................................... 10
16
    *Cohn v. Bugas*
17       116 Cal.Rptr. 810, 42 Cal.App.3d 381, 391 (1974) ......................... 14

18  *Commercializadora Recmaq v. Hollywood Auto Mall, LLC*
         No. 12-cv-0945, 2014 WL 3628272, at *18 (S.D. Cal. July 21, 2014) ........... 13
19
    *Deleon v. Elite Self Storage Mgmt., LLC*
20       No. 2:15-cv-02087-MCE-EFB, 2016 WL 881144, at *3 (E.D. Cal. Mar. 8, 2016)........... 5

21  *Ganley v. Cty. of San Mateo*
         No. C06-3923, 2007 WL 902551, at *6 (N.D. Cal. Mar. 22, 2007) ............ 2
22
    *Gonzalez v. Dept. (Bureau) of Real Estate*
23       No. 2:15-cv-02448-GEB-GGH-PS, at *8 (E.D. Cal. June 7, 2017)................ 14

24  *In re Tamen*
         22 F.3d 199, 204-05 (9th Cir. 1994) ......................................... 10
25
    *Jordan v. Cal. Dep't of Motor Vehicles*
26       123 Cal.Rptr.2d 122, 100 Cal.App.4th 431, 453 (2002) ..................... 11

27  *Kohler v. Flava Enters. Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) ................. 3

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

**TABLE OF AUTHORITIES**
(continued)

<u>Page</u>

*Kohler v. Islands Restaurants, LP*
    280 F.R.D. 560, 564 (S.D. Cal. 2012).................................................................... 3

*Lewis & Queen v. N. M. Ball Sons*
    308 P.2d 713, 48 Cal.App.2d 141, (1957)............................................................ 9

*Lexington Ins. Co. v. Energetic Lath & Plaster, Inc.*
    No. 2:15-cv-00861-KJM, 2015 WL 5436784, at *13 (E.D. Cal. Sept. 15, 2015) .............. 5

*Medina v. Bd. of Retirement, Los Angeles Cty. Employees Retirement Assoc.*
    5 Cal.Rptr.3d 634, 112 Cal.App.4th 864, 868 (2003) ........................................ 7

*Mifflinburg Telegraph, Inc. v. Criswell*
    80 F. Supp. 3d 566, 574 (M.D. Penn. 2015) ...................................................... 3

*Nat'l Farm Workers Service Ctr., Inc. v. M. Caratan, Inc.*
    194 Cal.Rptr. 617, 146 Cal.App.3d 796, 808 (1983) ........................................ 13

*Neilson v. Union Bank of Cal.*
    N.A., 290 F.Supp.2d 1101, 1152 (C.D. Cal. 2003)............................................ 2

*Pacific Tel. & Tel. Co. v. MCI Telecommunications Corp.*
    649 F.2d 1315, 1319 (9th Cir. 1981)................................................................ 9

*Pickern v. Chico Steakhouse, LP*
    No. 12-cv-02586-TLN-CMK, 2013 WL 4051640, at * 4 (E.D. Cal. Aug. 8, 2013)........... 2

*Salas v. Sierra Chemical Co.*
    327 P.3d 797, 59 Cal.4th 407, 432 (2014) ...................................................... 10

*Simmons v. Navajo Cty., Ariz*
    609 F.3d 1011, 1023 (9th Cir. 2010) (cited in Mtn. Strike at 2:15-16)............................ 15

*Springer v. Fair Isaac Corp.*
    No. 14-cv-02238-TLN-AC, 2015 WL 7188234, at *2 (E.D. Cal. Nov. 16, 2015) .............. 1

*Torres v. City of Montebello*
    183 Cal.Rptr.3d 801, 234 Cal.App.4th 382, 401-02 (2015)................................ 10

*Waller v. Truck Ins. Exchange, Inc.*
    900 P.2d 619, 11 Cal.4th 1, 31 (1995) ............................................................ 6

*Whittlestone, Inc. v. Handi-Craft Co.*
    618 F.3d 970, 974-75 (9th Cir. 2010) .............................................................. 2

*Williams Co. v. Courtesy Oldsmobile-Cadillac, Inc.*
    No. 1:15-cv-01137-MJS-HC, 2016 WL 615335, at *3 (E.D. Cal. Feb. 16, 2016) .............. 3

*Wyshak v. City Nat'l Bank*
    607 F.2d 824, 826 (9th Cir. 1979)................................................................... 1

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

TLHD'S OPPN. TO HCCA'S MOTION TO STRIKE PORTIONS OF ANSWER

**TABLE OF AUTHORITIES**
**(continued)**

<u>**Page**</u>

<u>**STATUTES**</u>

Article XVI, § 6 of the California Constitution ..................................................... 11, 12

Cal. Health & Saf. Code, § 32121 ........................................................................ 11

Cal. Health & Saf. Code, §§ 32100 *et. seq* ........................................................ 11

Cal. Health & Saf. code §§ 32300 *et. seq* ......................................................... 11

California Government Code § 1090 ..................................................................... 10

Fed. R. Civ. P. 12(f) .......................................................................................... 1, 2

Fed. R. Civ. P. 15 .............................................................................................. 1, 15

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

iv
TLHD'S OPPN. TO HCCA'S MOTION TO STRIKE PORTIONS OF ANSWER

1    Debtor and Defendant Tulare Local Healthcare District ("TLHD") dba Tulare Regional

2  Medical Center ("TRMC") opposes the Creditor and Plaintiff Healthcare Conglomerate Associates,

3  LLC's ("HCCA") Motion to Strike Portions of Answer (ECF 26) for the reasons that follow.

**I.    INTRODUCTION**

5    A plaintiff's motion to strike under Fed. R. Civ. P. 12(f) is "generally regarded with disfavor

6  because of the limited importance of pleading in federal practice, and because they are often used as a

7  delaying tactic." *Springer v. Fair Isaac Corp.*, No. 14-cv-02238-TLN-AC, 2015 WL 7188234, at *2

8  (E.D. Cal. Nov. 16, 2015) (citation and internal punctuation omitted).  But delay and sharp tactics

9  designed to bleed a rural healthcare district dry are exactly what Plaintiff HCCA pursued by filing a

10  motion to strike, certain of the alleged grounds for which should have been resolved between the

11  parties.  HCCA never met and conferred with TRMC about the trivial complaints raised by its motion,

12  a practice that TRMC respectfully submits this Court should regard with extreme disfavor.

13    HCCA's motion accomplishes little in any event.  TRMC's pleaded affirmative defenses are

14  amply supported by fact allegations in its Answer and Counterclaim that provide fair notice to HCCA.

15  Indeed, HCCA's motion would be even more overtly specious had those two pleadings been prepared

16  within the same document so that HCCA could not pretend that the eight-plus pages of factual

17  allegations in TRMC's Counterclaim do not exist.  And should the Court happen to agree that

18  additional factual support would help frame a given defense for later development in discovery,

19  TRMC respectfully requests that the Court grant leave to amend consistent with Fed. R. Civ. P. 15 and

20  Ninth Circuit authority instructing that such leave should be "freely granted" in the absence of

21  prejudice to the plaintiff.  *Id.* (*citing Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979)).

22  No prejudice can befall HCCA given the early stage of this litigation.

23    Moreover, where HCCA aims to strike defenses its says are no more than statements that

24  TRMC cannot prove an element of its affirmative case, TRMC notes that HCCA ironically complains

25  that TRMC has given fair notice of those contentions.  Below TRMC explains how those pleadings

26  are, in fact, proper affirmative defenses supported by factual allegations.

27    And where HCCA complains that TRMC has simply re-stated certain Federal Rules of Civil

28  Procedure in its Answer, TRMC respectfully withdraws those pleadings in order to expend no more

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1
TLHD'S OPPN. TO HCCA'S MOTION TO STRIKE PORTIONS OF ANSWER

1   judicial and party resources than have already been burnt by HCCA's unnecessary motion to strike.

2   The Court should be aware, however, that the same counsel who brought this motion on behalf of

3   HCCA have also raised "failure to state a claim on which relief may be granted" and a "reservation of

4   defenses" as affirmative defenses at least twice in the Eastern District.  One wonders who is the pot

5   and who is the kettle.

6        Taken together, the Court should deny HCCA's motion so that the parties may return their

7   attention to a resolution on the merits.

8   **II.**    **ARGUMENT**

9   **A.**    **Applicable Legal Standards Strongly Favor TRMC**

10      1.    <u>HCCA Has Chosen a Disfavored Vehicle For Its Challenge to TRMC's Answer</u>

11       A court may exercise discretion under Fed. R. Civ. P. 12(f) to "strike from a pleading an

12  insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Springer*, 2015

13  WL 7188234 at *2 (*citing Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp.2d 1101, 1152 (C.D. Cal.

14  2003)).  Courts nonetheless "freely grant leave to amend stricken pleadings" absent prejudice to the

15  opposing party.  *Id.*  And it is well-accepted that no prejudice will be visited on the opponent where,

16  as here, a lawsuit stands early in discovery and the parties retain the opportunity to develop evidence

17  supporting their claims and defenses.  *Pickern v. Chico Steakhouse, LP*, No. 12-cv-02586-TLN-CMK,

18  2013 WL 4051640, at * 4 (E.D. Cal. Aug. 8, 2013); *Ganley v. Cty. of San Mateo*, No. C06-3923, 2007

19  WL 902551, at *6 (N.D. Cal. Mar. 22, 2007) (collecting authority) (quotations omitted).

20       Moreover, "because of the limited importance of pleading in federal practice, and because they

21  are often used as a delaying tactic," Eastern District courts are reluctant to strike allegations at the

22  pleading stage in favor of "adjudication on the merits after proper development of the factual nature of

23  the claims in discovery."  *Springer*, 2015 WL 7188234 at *2 (*citing Whittlestone, Inc. v. Handi-Craft

24  Co.*, 618 F.3d 970, 974-75 (9th Cir. 2010)); *see also Pickern*, 2013 WL 4051640 at * 4.

25       In other words, resorting to Rule 12(f) frequently accomplishes no more than Court-supervised

26  revision of pleadings that the parties could have worked out themselves.  Even that is unnecessary

27  here as explained further below.

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2
TLHD'S OPPN. TO HCCA'S MOTION TO STRIKE PORTIONS OF ANSWER

2.      The "Fair Notice" Standard Poses a Minimal Check On the Sufficiency of Pleadings of Affirmative Defenses

As HCCA points out, courts in this District apply the "fair notice" standard when evaluating whether an affirmative defense has been sufficiently pleaded. Mtn. Strike[1] at 2:15-16; *see Sherwin-Williams Co. v. Courtesy Oldsmobile-Cadillac, Inc.*, No. 1:15-cv-01137-MJS-HC, 2016 WL 615335, at *3 (E.D. Cal. Feb. 16, 2016) (compiling Eastern District authority). That standard requires only that the answering party state its defense in general terms so that the nature and grounds of the defense can be understood from the pleadings. *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015); *Springer*, 2015 WL 7188234 at *2 (*citing Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012)). And when determining whether the statement of a defense provides fair notice under the circumstances, courts may look to any parties' pleadings to understand whether there is a logical relationship between the statement of a defense and events underlying the litigation such that fair notice has been given. *Mifflinburg Telegraph, Inc. v. Criswell*, 80 F. Supp. 3d 566, 574 (M.D. Penn. 2015) (cited by HCCA for its persuasive value at Mtn. Strike at 2:8-10.) TRMC surpasses that modest standard here.

**B.      TRMC Provides Fair Notice of Its Affirmative Defenses on Consideration of All the Pleadings**

Without specific citation to any authority, HCCA complains that TRMC's third, fourth, fifth, sixth, seventh, eighth, eleventh, twelfth, thirteenth, sixteenth, and seventeenth affirmative defenses "lack any factual basis whatsoever, such that HCCA has not received fair notice of the grounds for these defenses." (Mtn. Strike at 3:1-24.) Not so. HCCA's challenge rests on the false premise that TRMC made no factual allegations of any kind in support of its affirmative defenses, and so must be rejected for the reasons that follow.

1.      TRMC's Affirmative Defenses of Comparative Fault (Third) and Fault of Third Parties (Fourth) Find Support in the Underlying Pleadings

TRMC's Third Affirmative Defense states: "*Defendant is informed and believes, and thereon*

---

[1] HCCA's Memorandum of Points and Authorities in Support of Motion to Strike Portions of Answer (ECF 28), hereafter abbreviated as "Mtn. Strike."

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1  *alleges, that any and all damages sustained by Plaintiff, by reason of the conduct, acts, breaches,*

2  *matters, happenings or events referred to in the Complaint, were directly and proximately caused*

3  *and/or contributed to by the negligence, carelessness or fault of Plaintiff, and not by any negligence,*

4  *carelessness or fault on the part of Defendant."* (ECF 8 at 7:20-25.)

5      TRMC's Fourth Affirmative Defense states: *"Defendant is informed and believes, and*

6  *thereon alleges that any and all damages purported to have been sustained by Plaintiff, by reasons of*

7  *the conduct, acts, breaches, matters, happenings or events referred to in the Complaint, were directly*

8  *and proximately caused and/or contributed to by the negligence, conduct, carelessness or fault of*

9  *third parties, other than Defendant."* (*Id.* at 7:26-8:3.)

10     These statements adequately put HCCA on notice of TRMC's contention that any damages of

11 which HCCA complains were, in fact, caused by HCCA or a third-party to this litigation and not by

12 TRMC. Such general terms find support in the operative pleadings in this case.

13     For example, HCCA claims that TRMC breached a Management Services Agreement and

14 related agreements ("MSA") executed with HCCA, thereby causing damage to HCCA. (Complaint[2]

15 ¶¶ 3, 44.) Among the claims of breach is TRMC's alleged refusal to pay certain fees owed HCCA

16 exceeding $500,000. (*Id.* ¶ 38.) However, TRMC alleges that no such sums are owed to HCCA, and

17 in any event, it was actions taken by HCCA that left TRMC without sufficient funds to cover its

18 liabilities (Counterclaim[3] ¶ 16), including unauthorized transactions made by HCCA for personal gain.

19 (*Id.* ¶¶ 17-22.) These fact allegations by TRMC sufficiently plead the nature and grounds of its Third

20 Affirmative Defense of Comparative Fault in the context of all of the parties' pleadings.

21     Likewise, factual support for TRMC's Fourth Affirmative Defense of Fault of Third Parties

22 derives, *e.g.,* from its allegation that HCCA's agent, Dr. Yorai Benzeevi, directed at least $10.23

23 million of these unauthorized transfers. (*Id.* ¶¶ 21-22.) To the extent the Court later finds that

24 Dr. Benzeevi did not act as an agent of HCCA when directing that transfer, his actions will

25 ───────────────
[2] HCCA's Complaint for Breach of Contract and Declaratory Relief (hereinafter "Complaint") is
26 attached within Exhibit A to TRMC's Notice of Removal of Lawsuit Pending in State Court to
Bankruptcy Court (28 U.S.C. § 1452). (ECF 1.) The Complaint and its exhibits begin on page 9 of
27 Exhibit A.

[3] Counterclaim Against HCCA (hereinafter "Counterclaim") filed at ECF 9.

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

4
TLHD'S OPPN. TO HCCA'S MOTION TO STRIKE PORTIONS OF ANSWER

1    nonetheless be those of a third-party who robbed TRMC of funds needed to pay HCCA or its

2    creditors.  TRMC's Fourth Affirmative Defense of Fault of Third Parties is also adequately pleaded.

3         2.    TRMC's Affirmative Defense of Mitigation (Fifth) Finds Support in the Underlying
              Pleadings

4

5    TRMC's Fifth Affirmative Defense states: *"Plaintiff has failed to reasonably mitigate their*

6    *damages, if any.  As a result, Plaintiff is barred from recovery on his Complaint."*  (ECF 8 at 8:4-7.)

7         An assertion that HCCA held a duty to mitigate any damages states an affirmative defense.

8    *Deleon v. Elite Self Storage Mgmt., LLC*, No. 2:15-cv-02087-MCE-EFB, 2016 WL 881144, at *3

9    (E.D. Cal. Mar. 8, 2016).  "Courts have held that a generalized statement meets [D]efendant's

10   pleading burden with respect to the affirmative defense of damage mitigation." *Id.* (*citing Lexington*

11   *Ins. Co. v. Energetic Lath & Plaster, Inc.*, No. 2:15-cv-00861-KJM, 2015 WL 5436784, at *13 (E.D.

12   Cal. Sept. 15, 2015)).  That circumstance is particularly so "where discovery has barely begun the

13   failure to mitigate defense is sufficiently pled without additional facts." *Ganley*, 2007 WL 902551 at

14   *6 (collecting authority) (citations omitted).

15        Here, this case stands at the start of discovery and so, as in the authority cited above, TRMC's

16   statement of its mitigation defense need be defined in no more than general terms putting HCCA on

17   notice that this defense will be developed as the case proceeds.  Facts alleged in TRMC's

18   Counterclaim provide sufficient support in any event.  For example, TRMC states that HCCA

19   intentionally engaged in gross, wholesale mismanagement of TRMC's finances that exacerbated, if

20   not outright created, the poor financial state in which TRMC finds itself.  (Counterclaim ¶ 2; *see also*

21   *id.* ¶ 26 (HCCA intentionally inflates employee staffing and payroll).)  These facts sufficiently show

22   how HCCA might have behaved differently in order to mitigate any alleged injury to itself.

23        3.    TRMC's Affirmative Defenses of Waiver (Sixth), Estoppel (Seventh), and Laches
              (Eighth) Find Support in the Underlying Pleadings

24

25   TRMC's Sixth Affirmative Defense states: *"As to the cause of action allegedly set forth in the*

26   *Complaint, Plaintiff waived its right, if any, to assert such a cause of action against Defendant."* (ECF

27   8 at 8:8-11.)

28        TRMC's Seventh Affirmative Defense states: *"Based on the conduct of Plaintiff, and on*

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

5
TLHD'S OPPN. TO HCCA'S MOTION TO STRIKE PORTIONS OF ANSWER

1   *information and belief, Plaintiff is estopped from asserting any of the alleged causes of action as set*

2   *forth in the Complaint."* (*Id.* at 8:12-15.)

3          TRMC's Eighth Affirmative Defense states: *"Plaintiff is barred from maintaining the alleged*

4   *causes of action by the doctrines of laches, accord and satisfaction."* (*Id.* at 8:16-19.)

5          Because an affirmative defense has been sufficiently pleaded where the plaintiff simply has

6   fair notice of the defense, courts recognize that "[f]or well-established defenses, merely naming them

7   may be sufficient." *Springer*, 2015 WL 7188234 at *4 (declining to dismiss waiver, estoppel, and

8   laches defenses despite finding them "vague and general"); *see also Deleon*, 2016 WL 881144 at *2

9   (declining to dismiss waiver and laches defenses on same grounds); *Ganley*, 2007 WL 902551 at *2

10  (collecting authority) and *6 (declining to dismiss waiver defense stated in a single sentence).  The

11  Court should so hold here as well given that TRMC has spelled out the application of the well-known

12  defenses of waiver, estoppel, laches, and accord and satisfaction in the concurrently-filed

13  Counterclaim.  Those defenses find support in the underlying pleadings in any event for the reasons

14  that follow:

15         (a) *Waiver.*  A party intentionally relinquishes a known right where it fails to exercise it, either

16  expressly or by conduct inconsistent with an intent to enforce that right.  *Waller v. Truck Ins.*

17  *Exchange, Inc.*, 900 P.2d 619, 11 Cal.4th 1, 31 (1995).  Here, HCCA claims that TRMC failed to pay

18  sums owed HCCA under the parties' Management Services Agreement ("MSA").  (*See, e.g.,*

19  Complaint ¶¶ 3, 28, 44.)  TRMC responds by alleging that actions taken by HCCA left TRMC without

20  sufficient funds to cover its liabilities (Counterclaim ¶ 16), including unauthorized transactions made

21  by HCCA for personal gain.  (*Id.* ¶¶ 17-22.)  The defense of waiver applies because HCCA was

22  undeniably aware of the MSA's payment terms at the time of its execution in May 2014 (*id.* ¶ 1), and

23  yet HCCA intentionally failed to keep the TRMC board of directors apprised of significant financial

24  losses reflected in TRMC's balance sheet until three-and-a-half years later in September 2017.  (*Id.* ¶

25  16.)  HCCA's alleged conduct demonstrates conduct inconsistent with an intent to enforce the

26  payment terms of the MSA, and thus puts HCCA on fair notice of the grounds of TRMC's affirmative

27  defense of waiver.

28         (b) *Estoppel.*  Equitable estoppel bars a plaintiff from asserting a cause of action where (1) the

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

6
TLHD'S OPPN. TO HCCA'S MOTION TO STRIKE PORTIONS OF ANSWER

party to be estopped was apprised of the facts, (2) the party to be estopped intended by conduct to induce reliance by the other party, or acted so as to cause the other party reasonably to believe reliance was intended, (3) the party asserting estoppel was ignorant of the facts, and (4) the party asserting estoppel suffered injury in reliance on the conduct. *Medina v. Bd. of Retirement, Los Angeles Cty. Employees Retirement Assoc.*, 5 Cal.Rptr.3d 634, 112 Cal.App.4th 864, 868 (2003). Here, as with waiver, TRMC alleges that HCCA intentionally refused to convey the fact of TRMC's financial situation to HCCA and that "the first time" the board became aware of those facts was long after damage had been done to TRMC. (Counterclaim ¶ 16.) TRMC further alleges that HCCA intended for the TRMC board to rely on an appearance of financial calm in order to permit HCCA and its agents time to bilk millions from TRMC coffers, all to the detriment of TRMC. (*Id.* ¶ 15 (alleging that HCCA's "delay tactics . . . made it impossible for the current Board to fulfill the responsibilities as Directors of a public hospital district."); *see also id.* ¶¶ 15-22 (alleging damage done to TRMC while HCCA stood silent).) These pleadings put HCCA on fair notice of TRMC's estoppel defense.

(c) *Laches*. The doctrine of laches applies as a bar when a party unreasonably delays in asserting a right, thereby causing prejudice to the adverse party as a result of the delay. *Bono v. Clark*, 128 Cal.Rptr.2d 31, 103 Cal.App.4th 1409, 1417 (2002). The "defense of laches requires unreasonable delay ***plus*** either acquiescence in the act about which plaintiff complains ***or*** prejudice to the defendant resulting from the delay." *Id.* at 1418 (emphasis added). Here, TRMC alleges that HCCA intentionally waited up to three-and-a-half years before alerting the TRMC board of directors to the truth of TRMC's financial situation, resulting in significant prejudice to TRMC as its coffers had been depleted beyond repair. (*See, e.g.,* Counterclaim ¶¶ 15-16; *see also id.* ¶ 18 (contrary to TRMC's belief at the time, HCCA has redirected $3 million in hospital operating funds to itself).) In other words, TRMC's pleadings establish that HCCA's long period of delay in providing necessary information to TRMC caused resulting prejudice to TRMC in the form of significant financial losses, making that delay unreasonable on its face. TRMC may thus properly defend that HCCA's demand in this Court for payment under the terms of the MSA is barred by the doctrine of laches.

(d) *Accord and Satisfaction*. The affirmative defense of accord and satisfaction posits that the parties formed a substitute contract for the settlement of a debt by some alternative other than the full

1    payment contemplated by an original contract, and where consideration for an accord can be the

2    resolution of the disputed claim. *Bill Finance Co. v. U-States Forwarding Servs. Corp.*, 115

3    Cal.Rptr.2d 312, 95 Cal.App.4th 111, 126 (2002). A defendant asserting the defense of accord and

4    satisfaction must establish (1) that there was a *bona fide* dispute between the parties, (2) that the

5    debtor made it clear that acceptance of what he tendered was subject to the condition that it was to be

6    in full satisfaction of the creditor's unliquidated claim, and (3) that the creditor clearly understood

7    when accepting what was tendered that the debtor intended such remittance to constitute payment in

8    full of the particular claim in issue. *Id.* (citation and internal quotation omitted). TRMC submits that,

9    to the extent that the Court will not sustain the accord and satisfaction defense under *Springer* and

10   cases cited above, TRMC be granted leave to amend its statement of this defense. *See* 2015 WL

11   7188234 at *2 (declining to dismiss well-established defenses despite finding them "vague and

12   general").

13         4.    TRMC's Affirmative Defense of Independent, Intervening or Superseding Cause
                 (Twelfth) Finds Support in the Underlying Pleadings

14

15         TRMC's Twelfth Affirmative Defense states: *"As to the cause of action allegedly set forth in*

16   *the Complaint, Plaintiff is barred from any recovery against Defendant by reason of Plaintiff's actions*

17   *and conduct which constituted an unforeseeable, independent, intervening and/or superseding cause*

18   *of the damages, if any, which resulted to Plaintiff herein."* (ECF 8 at 9:8-13.)

19         HCCA purports to allege causes of action for breach of the MSA and for a declaration that a

20   provision of that contract has been triggered, thus entitling HCCA to monetary relief. (Complaint

21   ¶¶ 1-4 and ¶¶ 45-49.) HCCA further alleges, without elaboration, that it is entitled to "all lawful

22   damages flowing" from the purported contract breaches alleged in the Complaint. (*Id.* ¶ 44.) The face

23   of HCCA's pleadings thus do not specify whether HCCA will only seek actual damages or if it will

24   also pursue some form of special or punitive damages.

25         In the event that HCCA clarifies during discovery that it seeks special damages, TRMC has

26   asserted that any such damages are not recoverable because they were not foreseeable and not

27   proximately caused by the alleged contract breaches. *Ash v. North American Title Co.*, 168

28   Cal.Rptr.3d 499, 223 Cal.App.4th 1258, 1275-76 (2014) (recognizing that the tort principle of an

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

8

TLHD'S OPPN. TO HCCA'S MOTION TO STRIKE PORTIONS OF ANSWER

1  intervening or superseding cause applies to special damages in a contract action).  Factual support for

2  the allegation that HCCA or a third-party, in fact, caused any damage to HCCA is outlined in Section

3  II.B.1 above (detailing factual allegations supporting TRMC's defenses of comparative fault and fault

4  of third-parties).  It was likewise not foreseeable that special damages might flow out of HCCA's

5  contractual relationship with TRMC at least because HCCA stood in a fiduciary relationship to

6  TRMC, yet breached its duties by secretly defrauding TRMC through acts of misrepresentation and

7  concealment, among other acts unknown to TRMC at the time they were committed.  (*See, e.g.,*

8  Counterclaim ¶¶ 34-37, 49-52, 63-65.)

9　　　　5.　　<u>TRMC's Affirmative Defenses of Illegal Contract (Eleventh), Unclean Hands</u>
   　　　　　<u>(Thirteenth), and Unconscionable Contract (Sixteenth) Find Support in the Underlying</u>
10 　　　　　<u>Pleadings</u>

11　　　　TRMC's Eleventh Affirmative Defense states:  *"As to the causes of action allegedly set forth*

12 *in the Complaint, Plaintiff is barred from any recovery against Defendant by reason that the alleged*

13 *agreement, if any, is unenforceable as contrary to an express provision of law, public policy or good*

14 *morals."*  (ECF 8 at 9:3-7.)

15　　　　TRMC's Thirteenth Affirmative Defense states:  *"As to the cause of action allegedly set forth*

16 *in the Complaint, Plaintiff is barred from asserting such causes of action against Defendant by the*

17 *equitable doctrine of unclean hands on the part of Plaintiff and its agents."*  (*Id.* at 9:14-18.)

18　　　　TRMC's Sixteenth Affirmative Defense states:  *"As to the cause of action allegedly set forth*

19 *in the Complaint, Plaintiff is barred from any recovery against Defendant by reason that the contracts*

20 *at issue are unconscionable and void based on public policy."*  (*Id.* at 9:27-10:3.)

21　　　　TRMC's Eleventh, Thirteenth, and Sixteenth Affirmative Defenses each find support in factual

22 allegations outlining the misdeeds of HCCA.  To wit:

23　　　　(a) *Illegal Contract.*  California courts will not enforce a contract tainted with illegality or

24 permit recovery for illegal acts.  *Pacific Tel. & Tel. Co. v. MCI Telecommunications Corp.*, 649 F.2d

25 1315, 1319 (9th Cir. 1981) (*citing Lewis & Queen v. N. M. Ball Sons*, 308 P.2d 713, 48 Cal.App.2d

26 141, (1957)).  Here, the totality of facts alleged by TRMC points to former TRMC leadership entering

27 into grossly unfavorable agreements with HCCA (including the MSA at-issue here) that all-but-

28 assured the fleecing of TRMC assets by HCCA.  (*See, e.g.,* Counterclaim ¶¶ 9-11 and ¶¶ 17-22.)  And

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

9

TLHD'S OPPN. TO HCCA'S MOTION TO STRIKE PORTIONS OF ANSWER

after the public ousted two former TRMC board members, HCCA allegedly interfered with the confirmation of replacements newly-elected to their board seats. (*Id.* ¶¶ 13-16.) Those circumstances alleged by TRMC foreshadow former TRMC officers or employees making agreements with HCCA in which they were financially interested. If borne out in discovery, such facts would make the MSA void and unenforceable as a violation of California Government Code § 1090. *Torres v. City of Montebello*, 183 Cal.Rptr.3d 801, 234 Cal.App.4th 382, 401-02 (2015).

Moreover, California law allows a party to raise the issue of a contract's illegality at any time. *In re Tamen*, 22 F.3d 199, 204-05 (9th Cir. 1994) (citation omitted). HCCA's motion thus oddly complains that TRMC gave more notice of its illegal contract defense than is required.

(b) *Unclean Hands*. The doctrine of unclean hands can operate as a defense where the plaintiff "acted unconscionably, in bad faith, or inequitably in the matter in which the plaintiff seeks relief." *Canupp v. Children's Receiving Home of Sacramento*, 181 F.Supp.3d 767, 797 (E.D. Cal. 2016) (*citing Salas v. Sierra Chemical Co.*, 327 P.3d 797, 59 Cal.4th 407, 432 (2014)). Here, TRMC alleges that HCCA engineered TRMC's acceptance of the unconscionable contract terms in the MSA at-issue in this lawsuit (Counterclaim ¶¶ 9-11) and then engaged in a pattern of self-dealing despite contractual obligations to faithfully tend to TRMC's finances. (*Id.* ¶¶ 17-22.) Those facts provide fair notice of the basis of TRMC's unclean hands affirmative defense.

Moreover, as with the other well-established defenses discussed above (*see* Section II.B.3), courts recognize that merely naming an unclean hands defense can suffice. *Deleon*, 2016 WL 881144 at *2; *Springer*, 2015 WL 7188234 at *4. TRMC's pleadings surpass that standard in any event.

(c) *Unconscionability*. Unconscionability has both a "procedural" element focused on the manner in which a contract was negotiated and the relative bargaining strength of the parties; and a "substantive" element focused on the actual terms of the subject contract. *American Software, Inc. v. Ali*, 54 Cal.Rptr.2d 477, 46 Cal.App.4th 1386, 1390 (1996). The prevailing view holds that both elements must be present for a court to refuse to enforce a contract on unconscionability grounds, although those elements need not be present to the same degree. *Id.*

As to the procedural component of its unconscionability defense, TRMC has alleged that the agreements at the heart of this dispute were "presented to [TRMC] on short notice and were executed

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

10
TLHD'S OPPN. TO HCCA'S MOTION TO STRIKE PORTIONS OF ANSWER

1    under duress due to threats that the District would become bankrupt and would be forced to close

2    absent execution of the Agreements." (Counterclaim ¶ 11.)  As to the substantive element, TRMC

3    alleges that such inequality of bargaining position facilitated a host of unconscionable contract terms

4    overwhelmingly drawn to the benefit of HCCA (*id.* ¶ 1), including the fee provisions that buttress

5    HCCA's contract claims in this case.  (*Id.* ¶ 10 (specifically identifying allegedly unconscionable

6    contract terms).)    Together, these pleadings adequately supply fair notice of TRMC's

7    unconscionability defense.

8         6.    TRMC's Affirmative Defense of Unconstitutional Clauses (Seventeenth) Finds
               Support in the Underlying Pleadings
9

10        TRMC's Seventeenth Affirmative Defense states:  *"The Complaint, and the causes of action*

11   *allegedly stated therein, is barred because the provisions contained in the contract violate the*

12   *California Constitution."*  (ECF 8 at 10:4-7.)

13        The California Constitution prohibits the "gift of public funds" in order "to ensure that public

14   funds are spent only on public purposes." *Jordan v. Cal. Dep't of Motor Vehicles*, 123 Cal.Rptr.2d

15   122, 100 Cal.App.4th 431, 453 (2002).  The prohibition on "gifts of public funds" appears in Article

16   XVI, § 6 of the California Constitution, which states: "The Legislature shall have no power to . . .

17   make any gift or authorize the making of any gift, of any public money or thing of value to any

18   individual, municipal or other corporation whatever . . . ."  Courts have invoked Article XVI, § 6 to,

19   *e.g.,* strike excessive fees paid without a public purpose, *Jordan*, 100 Cal.App.4th at 451, and reverse

20   the lease of a public airport and associated facilities for $1 per year.  *Allen v. Hussey*, 225 P.2d 674,

21   101 Cal.App.2d 457, 474-75 (1950).

22        Those principles apply in this case.  TRMC is a statutorily authorized corporation of the state,

23   Cal. Health & Saf. Code, §§ 32100 *et. seq.*, and its powers are statutorily granted by the legislature.

24   *See* Cal. Health & Saf. Code, § 32121 and. §§ 32300 *et. seq.*  As such, TRMC is subject to the

25   constitutional prohibition against gifts of public funds set forth in Article XVI, § 6 of the state charter.

26        As detailed above in Section II.B.5 and elsewhere, TRMC alleges that multiple provisions in

27   the parties' MSA set out an arrangement that is wholly one-sided and favorable to HCCA.  For

28   example, TRMC points to a mandatory "Management Fee" payable to HCCA at the tune of $225,000

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

11
TLHD'S OPPN. TO HCCA'S MOTION TO STRIKE PORTIONS OF ANSWER

per month (*i.e.,* $2.7 million per year).  (Counterclaim ¶ 10.)  TRMC also highlights a "Termination Fee" payable to HCCA within 5 days of HCCA terminating the MSA for any "default" in the judgment of HCCA "or any other reason[.]"  (*Id.*)  The face of the MSA thus states that, if triggered, the Termination Fee TRMC "shall" pay amounts to $70,000 "first increased by CPI and then multiplied by the remaining number of months in the term (not to exceed 120 months), discounted to present value using the discount rate of the Federal Reserve Bank of San Francisco at the time of termination plus 1%."  (*Id.*)  In other words, if HCCA decides to terminate the MSA after bilking the people of Tulare, TRMC still owes a base payment of up to $8.4 million as enhanced through modifiers specified in the MSA.  TRMC contends that these and other provisions amount to gifts of public funds with no public purpose, and so are unconstitutional under Article XVI, § 6.

These pleadings adequately supply fair notice of TRMC's unconstitutional contract defense.

> 7.    <u>The Motion to Strike Should Be Denied As To TRMC's Defenses Attacked on Grounds That They Lack Factual Support</u>

Taken together, The Motion to Strike should be denied with respect to TRMC's third, fourth, fifth, sixth, seventh, eighth, eleventh, twelfth, thirteenth, sixteenth, and seventeenth affirmative defenses.  At minimum, leave to amend should be granted as TRMC has made a showing that it can state additional facts supporting these defenses.

**C.    <u>HCCA Mischaracterizes TRMC's Defenses As Mere Statements That HCCA Cannot Prove an Element of Its Affirmative Case, and Striking Them Will Only Encourage Further Irrelevant Motions from HCCA</u>**

It is hornbook law that "[a]n affirmative defense is an 'assertion of facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all the allegations in the complaint are true.'"  *Deleon*, 2016 WL 881144 at * 1 (*quoting* Black's Law Dictionary (10th ed. 2014)).  Nonetheless, without citation to any case law specific to the legal doctrines in question, HCCA charges that TRMC's ninth, tenth, fourteenth, fifteenth, and eighteenth affirmative defenses are not affirmative defenses, but rather, statements that HCCA cannot meet its burden on one or more elements of a cause of action.  (Mtn. Strike at 4:14-17.)  In some cases, that position is belied by ample authority establishing the challenged doctrines as affirmative defenses that must be pleaded in answer to a

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

12

TLHD'S OPPN. TO HCCA'S MOTION TO STRIKE PORTIONS OF ANSWER

complaint. In other cases, striking a "negative defense" simply because it was labeled as affirmative "will serve no purpose other than to encourage the filing of other unnecessary motions like this one that compel the expenditure of time and resources litigating irrelevant issues." *Burton v. Nationstar Mortgage, LLC.*, No. 1:13-cv-00307-LJO-JLT, slip. op. at *8 (E.D. Cal. Sept. 3, 2013) (citation and internal quotation marks omitted).[4]

The Court should deny HCCA's Motion to Strike with respect to the following defenses:

(a) *Lack of Consideration (Ninth).*[5] Lack of consideration is an affirmative defense that must be alleged in an answer. *Nat'l Farm Workers Service Ctr., Inc. v. M. Caratan, Inc.*, 194 Cal.Rptr. 617, 146 Cal.App.3d 796, 808 (1983). TRMC's assertion of this defense puts HCCA on notice that it will take discovery probing whether promises supposedly made by TRMC under one or more of the agreements underlying HCCA's contract claims were gratuitous, unsupported by consideration, or purportedly exchanged for past efforts. TRMC has already called the formation of the MSA into question by alleging that it was executed under duress. (Counterclaim ¶ 11.)

(b) *Discharge of Obligations (Tenth).*[6] "When a party's failure to perform a contractual obligation constitutes a material breach of the contract, the other party may be discharged from its duty to perform under the contract." *Brown v. Grimes*, 120 Cal.Rptr.3d 893, 192 Cal.App.4th 265, 277-78 (2011). A defendant's contention that the plaintiff's contract claim is barred by material breaches of its own must be pleaded as an affirmative defense. *Deleon*, 2016 WL 881144 at *4 (*citing Commercializadora Recmaq v. Hollywood Auto Mall, LLC*, No. 12-cv-0945, 2014 WL 3628272, at *18 (S.D. Cal. July 21, 2014)). Here, as discussed in Section II.B above, TRMC alleges that HCCA's fraudulent and self-dealing acts in violation of its contractual and fiduciary duties to TRMC amount to

---

[4] *See* Declaration of Shane G. Smith ("Smith Decl.") filed concurrently herewith at Ex. A.

[5] TRMC's Ninth Affirmative Defense states: "As to the causes of action allegedly set forth in the Complaint, Plaintiff is barred from any recovery against Defendant by reason that certain purported agreements, if any, were not supported by consideration." (ECF 8 at 8:20-24.)

[6] TRMC's Tenth Affirmative Defense states: "By satisfying all of the terms, conditions, covenants and requirements of the agreement between Plaintiff and Defendant, Defendant has fully performed its obligations under the terms of the agreement. By virtue of said performance, Defendant have discharged any and all express or implied obligations purportedly owed to Plaintiff by virtue of or pursuant to the agreement." (ECF 8 at 8:25-9:2.)

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

13
TLHD'S OPPN. TO HCCA'S MOTION TO STRIKE PORTIONS OF ANSWER

1   a material breaches of the MSA by HCCA. (*See, e.g.,* Counterclaim ¶¶ 17-22.) As such, HCCA has

2   fair notice that TRMC will contend that those breaches by HCCA discharge or excuse any dependent

3   obligation for TRMC to perform under the MSA.

4              (c) *No Damage to Plaintiff (Fourteenth)[7] and Offset (Fifteenth).[8]* TRMC's "no damage" and

5   "offset" defenses are species of its affirmative defense of comparative fault discussed in Section II.B.1

6   above. Here, TRMC simply specifies that HCCA is responsible for all or part of any damages HCCA

7   purportedly incurred. TRMC will advance this theory to counter HCCA's contract damages claims

8   whether or not it is affirmatively pleaded in its Answer.

9              (d) *Inadequate Consideration (Eighteenth).[9]* TRMC's "inadequate consideration" defense is a

10   species of its affirmative defense of unconscionability discussed in Section II.B.5 above. Here,

11   TRMC specifies that HCCA may recover nothing because any alleged consideration supporting the

12   MSA is unconscionably inadequate. The defense amounts to a fraud allegation that must be proven by

13   the party making it. *Cohn v. Bugas*, 116 Cal.Rptr. 810, 42 Cal.App.3d 381, 391 (1974). HCCA has

14   fair notice of the basis for this defense for the reasons outlined above.

15         Finally, even if the Court is inclined to strike any of the above defenses as mere statements that

16   HCCA will fail to meet its burden of persuasion, HCCA's own authority confirms that TRMC "will be

17   able to directly negate [HCCA's] claims by law or fact in any event." *Gonzalez v. Dept. (Bureau) of*

18   *Real Estate*, No. 2:15-cv-02448-GEB-GGH-PS, at *8 (E.D. Cal. June 7, 2017) (cited in Mtn. Strike at

19   4:18-22). Indeed, TRMC may re-raise any stricken defense in a subsequent stage of the case in the

20   absence of prejudice to HCCA. *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010)

21

---

22   [7] TRMC's Fourteenth Affirmative Defense states: "The Complaint, and the cause of action allegedly

23   stated therein, is barred because Plaintiff has not suffered any actual damages and merely created all of the damages at issue in the Complaint." (ECF 8 at 9:19-22.)

24   [8] TRMC's Fifteenth Affirmative Defense states: "The amount of damages, if any, due from Defendant to Plaintiff must be reduced or offset by the amount of damages owed from Plaintiff to

25   Defendant." (ECF 8 at 9:23-26.)

26   [9] TRMC's Eighteenth Affirmative Defense states: "Defendant is informed and believes and thereon

27   alleges that the consideration for the alleged agreement is inadequate and not fair and reasonable under the circumstances and by virtue thereof, Plaintiff is barred from any recovery herein." (ECF 8

28   at 10:8-12.)

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

14

TLHD'S OPPN. TO HCCA'S MOTION TO STRIKE PORTIONS OF ANSWER

1 (cited in Mtn. Strike at 2:15-16). It is difficult to see how HCCA might be prejudiced in the future

2 given that TRMC's Answer and Counterclaim provide notice of these attack points that TRMC will

3 pursue.

4 　　　　For all these reasons, the Court should deny HCCA's Motion to Strike with respect to TRMC's

5 ninth, tenth, fourteenth, fifteenth, and eighteenth affirmative defenses. At minimum, leave to amend

6 should be granted as TRMC has made a showing that it can state additional facts supporting these

7 defenses.

8 **D.　　TRMC Withdraws Certain Defenses In Order to Conserve Judicial Resources**

9 　　　　In light of the availability of Fed. R. Civ. P. 15 and 56, TRMC withdraws its first (failure to

10 state a claim) and nineteenth (reservation of defenses) affirmative defenses. It is unclear, however,

11 what purpose has been served by HCCA's motion to strike these statements from TRMC's Answer.

12 Twice before has HCCA's counsel signed answers that plead these very defenses.[10] That HCCA

13 would now take issue with them shows again the thoughtless and aggressive nature of their tactics

14 against TRMC in this case.

15 **III.　　CONCLUSION**

16 　　　　For all of the foregoing reasons, TRMC respectfully requests that HCCA's Motion to Strike be

17 denied.

18

19 Dated: March 29, 2018　　　　　　　　　McCORMICK, BARSTOW, SHEPPARD,
　　　　　　　　　　　　　　　　　　　　　　　　WAYTE & CARRUTH LLP

20

21

22 　　　　　　　　　　　　　　　　By:＿＿＿＿＿＿＿/s/ Ben Nicholson＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　　Todd A. Wynkoop

23 　　　　　　　　　　　　　　　　　　　　　　Ben Nicholson

24 　　　　　　　　　　　　　　　　　　　　　　Shane G. Smith
　　　　　　　　　　　　　　　　　　　　　　Vanessa M. Cohn

25 　　　　　　　　　　　　　　*Attorneys for Tulare Local Healthcare District dba*
　　　　　　　　　　　　　　　　*Tulare Regional Medical Center*

26 36894-00000 4981165.3

27 ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

28 [10] *See* Smith Decl., ¶ 5, Ex. B at 6 ¶¶ 2 and 17, and ¶ 6, Ex. C at 13 ¶¶ 104 and 106.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

15
TLHD'S OPPN. TO HCCA'S MOTION TO STRIKE PORTIONS OF ANSWER