MARC A. LEVINSON, CSB NO. 57613
CYNTHIA J. LARSEN, CSB NO. 123994
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
400 Capitol Mall, Suite 3000
Sacramento, California 95814-4497
Telephone: (916) 329-4910
Email: malevinson@orrick.com
         clarsen@orrick.com

HAGOP T. BEDOYAN, CSB NO. 131285
LISA HOLDER, CSB NO. 217752
**KLEIN, DENATALE, GOLDNER,**
  **COOPER, ROSENLIEB & KIMBALL LLP**
5260 N. Palm Avenue, Suite 201
Fresno, California 93704
Telephone: (559) 438-4374
Facsimile: (559) 432-1847
E-mail: hbedoyan@kleinlaw.com
         lholder@kleinlaw.com

Attorneys for HealthCare Conglomerate Associates, LLC

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>TULARE LOCAL HEALTHCARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER,<br><br>Debtor. | Case No.: 17-13797-9-B<br><br>Chapter 9<br><br>ADV. PROC. NO.: 17-01095-B<br><br>DC No.: OHS-1 |
| HEALTHCARE CONGLOMERATE ASSOCIATES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TULARE LOCAL HEALTHCARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER, and DOES 1 through 20,<br><br>Defendant.<br><br>AND RELATED COUNTER-CLAIM | **HEALTHCARE CONGLOMERATE ASSOCIATES, LLC'S REPLY IN SUPPORT OF MOTION FOR REMAND OF LAWSUIT TO STATE COURT PURSUANT TO 28 U.S.C. § 1452(b)**<br><br>Date:    April 12, 2018<br>Time:    9:30 a.m.<br>Dept:    Courtroom 13<br>Judge:   Hon. René Lastreto II |

1  **I.      INTRODUCTION**

2          HealthCare Conglomerate Associates, LLC ("HCCA") moved to remand this case (the

3  "Lawsuit"), which at the time of removal consisted solely of a complaint, to the Los Angeles

4  Superior Court.  The debtor ("TRMC") opposes remand (in the "Opposition") despite having

5  removed the Lawsuit to this Court rather than to the Central District of California as it was

6  required to do by the clear and unequivocal language of  28 U.S.C. § 1452(a) ("§ 1452(a)") and of

7  Rule 9027(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").  As discussed

8  below, there is a split of authority as to whether a deliberate violation of § 1452(a) and of

9  Bankruptcy Rule 9027(a) is jurisdictional or procedural (and, if the latter, within the discretion of

10 the court hearing the remand motion to bless the violation of the statute and the rule).  The Ninth

11 Circuit has not addressed the issue.  HCCA submits that the mandate to file in the same federal

12 district as the one in which the underlying action is pending is jurisdictional.  It further submits

13 that this Court should not approve, and thereby encourage, the intentional violation of the

14 Bankruptcy Code and the Bankruptcy Rules, thus delegating to litigants the power to determine

15 what is and what is not expedient.[1]

16 **II.     EVIDENTIARY OBJECTION**

17         Appended to this Reply is an addendum containing HCCA's objections to portions of the

18 14-page "Statement of Facts and Procedural History" in the Opposition.  Virtually all of the

19 "facts" lack evidentiary support, and many are also hearsay.  Almost all are irrelevant to the

20 Court's decision on the Motion.  Rather than file a separate objection, HCCA includes the

21 attached objections to bring the Opposition's evidentiary shortcomings to the Court's attention.

22 **III.    ARGUMENT**

23         HCCA limits its arguments in this Reply to those regarding the Court's jurisdiction over

24 the Lawsuit.  It does not address the equitable factors discussed in its motion to remand and in the

25

26

27 [1] TRMC's cavalier attitude toward following § 1452(a) and Bankruptcy Rule 9027(a) is underlined by its failure to comply with Local Rule 9014-1(d)(3)(C) by submitting a 29-page pleading that did not include a table of contents or table of authorities, and, as discussed in the next section and in the Addendum, by loading the Opposition with over

28 14 pages of "facts" with virtually no evidentiary support.

1    Opposition.  HCCA submits that it is not necessary to further discuss these factors beyond the

2    discussion in its motion and in the Opposition.

3    A.          **TRMC's Interpretation Of § 1452(a) Would Render Its "Same District"**
                 **Provision Superfluous.**

4

5    TRMC's argument that it can remove the Lawsuit to any district other than the Central

6    District fails as a matter of basic statutory construction.

7    "A statute should be construed so that effect is given to all its provisions, so that no part

8    will be inoperative or superfluous, void or insignificant." *Hibbs v. Winn*, 542 U.S. 88, 101 (2004)

9    (quoting 2A N. Singer, Statutes and Statutory Construction § 46.06, pp. 181–186 (rev. 6th ed.

10   2000)).  This fundamental principle of statutory interpretation mandates that the Court give effect

11   to all of the provisions of § 1452(a).  One provision of § 1452(a) expressly limits the removal of

12   an action "to the district court for the district where such civil action is pending."  28 U.S.C.

13   § 1452(a).  This language is both unambiguous and absolute.  There are no exceptions for parties

14   who feel that removal to another district would be more convenient or would better serve their

15   idea of judicial economy.  Either a party removes the action to the district in which the removed

16   case is pending or it does not remove the action at all.

17   Allowing removal to any district other than "the district where such civil action is

18   pending" would render this provision superfluous and thus violate the "rule against superfluities"

19   articulated in *Hibbs*.  542 U.S. at 101.  If the Court were to honor TRMC's disregard for this

20   requirement, this provision of § 1452(a) would be "inoperative or superfluous, void or

21   insignificant."  *Id.*  The Court thus should give effect to this phrase by rejecting TRMC's attempt

22   to make it meaningless.

23   Remanding the Lawsuit also would prevent making superfluous Rule 9027(a), which

24   provides that a notice of removal "shall be filed with the clerk for the district and division within

25   which is located the state or federal court where the civil action is pending."  Fed. R. Bankr. P.

26   9027(a).  TRMC filed its notice of removal in the Eastern District, which is neither the district nor

27   the division within which the action was pending.  As with § 1452(a), TRMC's illicit removal

28

3

1   procedure would make a provision of Rule 9027(a) inoperative and insignificant and must be

2   corrected.

3        **B.    TRMC Should Not Be Permitted To Usurp The Rights Of The Central**
             **District of California.**

4

5        TRMC predicts that if the Court were to remand the Lawsuit, the Bankruptcy Court for

6   the Central District would "hear the District's motion to transfer the Lawsuit to this Court."

7   Opposition at 29:8-12.   This puts the horse before the cart.  Section 1452(a)—unless it's

8   superfluous—and the first section of 28 U.S.C. § 1452(b) contemplate that the bankruptcy court

9   in the district in which the litigation is pending will decide any motion to remand.  That court also

10  could entertain a motion to transfer venue under 28 U.S.C. § 1412.  By urging the Court not to

11  remand, TRMC thus decides for itself an issue that by statute belongs to the Central District.  The

12  Court should honor the Central District's authority to make the remand and transfer decisions by

13  remanding the Lawsuit and giving the Central District the decisions which the Bankruptcy Code

14  and Rules cede to it.

15       **C.    The Court Lacks Jurisdiction To Hear The Lawsuit.**

16       TRMC argues that a failure to comply with the requirements of § 1452(a) "presents only a

17  procedural issue of venue (not a question of subject matter jurisdiction)."  Opposition at 21:7-12.

18  TRMC is wrong.  Its improper removal creates a lack of jurisdiction and requires remand.

19            **1.    Section 1452(a) Must Be Strictly Construed.**

20       There is a "strong presumption" against removal jurisdiction, which must be rejected "if

21  there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d

22  564, 566 (9th Cir. 1992).  "As such, the removing party bears a heavy burden of establishing

23  proper removal to and original jurisdiction in the district court in order to rebut the strong

24  presumption against removal jurisdiction."  *Id.*  Because removal jurisdiction raises federalism

25  concerns, courts strictly construe removal statutes to preserve the independence of state

26  governments.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *Somlyo v.*

27  *J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1045 (2d Cir. 1991).

28

*Gaus* and *Shamrock* bind this Court and require that it strictly construe § 1452(a). It is beyond cavil that a reading of the phrase "the district where such civil action is pending" can yield only one result: the district embracing the location where the lawsuit was pending. Applied to the Lawsuit, this means that a strict construction of § 1452(a) provides that the Lawsuit may be removed only to the Central District of California, the district embracing Los Angeles County.

### 2. The Better-Reasoned Cases Conclude That Improper Removal Results In Lack Of Jurisdiction.

Both parties agree there is no controlling Ninth Circuit law on this issue. They also agree that courts in other jurisdictions that have considered the issue are split. Simply put, this is an issue that has not been decided by the Ninth Circuit, and none of the cases cited by either party are binding on this Court. But of those cases, HCCA submits that the opinions holding that § 1452(a) is jurisdictional are the better-reasoned and are the only opinions that give full and proper effect to the language of § 1452(a).

TRMC's primary support for its argument that § 1452(a) is a venue rather than a jurisdictional statute is *In re Bisno*, 433 B. R. 753 (Bankr. C.D. Cal. 2010), a case that acknowledges both the split of authority and that the Ninth Circuit has not addressed the issue. As a bankruptcy court decision, *Bisno* is not controlling. Moreover, HCCA submits that *Bisno*'s discussion of the jurisdiction/venue issue is tantamount to dicta: *Bisno*'s pro se debtor acted in bad faith and blatantly attempted to game the system, making remand the only just outcome regardless of the jurisdiction versus venue analysis.

*Bisno*'s facts are simple: The plaintiff rested after seven weeks of presenting his case to an Alameda County Superior Court jury. On the same day, Bisno filed his individual chapter 11 case in the Central District of California, and on the following day removed the case to the bankruptcy court in Los Angeles. Expressing its displeasure over Bisno's obvious bad faith, the bankruptcy court noted: "The state court can only hold a jury for a few days before releasing it. Once a jury is released, it cannot be reconstituted and the case must be retried before a new jury. Thus, absent an immediate decision, the benefits of seven weeks of jury trial in state court could not be saved." 433 B.R. at 755.

HCCA submits that 100 out of 100 bankruptcy judges would have immediately shipped the case back to the Alameda Superior Court, and thus that Judge Bufford's exposition on the law was unnecessary to the decision. He simply could have exercised the sua sponte power to remand that he indeed chose to exercise, and moved the case back to Oakland without the need to expostulate on the unsettled law in this Circuit. *Bisno* is hardly the "precedent" this Court should use as the basis of any decision authorizing, if not encouraging, the bankruptcy bar to avoid the clear and unequivocal language of § 1452(a) and of Rule 9027(a).

Since *Bisno*'s discussion of the issue is as good as dicta, the Court should disregard it in favor of opinions that actually turned on the issue. Of those opinions, *In re National Developers, Inc.*, 803 F.2d 616 (11th Cir. 1986) is the most well-reasoned. In *National Developers*, the Eleventh Circuit held that removal to the wrong district defeats subject matter jurisdiction and requires remand. *In re Nat'l Developers, Inc.*, 803 F.2d at 620. It acknowledged that removal to the bankruptcy court conducting the bankruptcy court proceedings might be a more efficient procedure, an argument that TRMC advances in the Opposition. However, the Eleventh Circuit recognized that it "was obligated to enforce the procedures selected by the Congress." *Id.* at 620. It therefore reversed the district court's denial of remand, holding that remand was required because the removal was defective and therefore subject matter jurisdiction was lacking in the court to which the case was removed.

In *National Developers*, the Eleventh Circuit reached the only conclusion available in a world that gives effect to all of a statute's provisions, that applies removal statutes narrowly, and that presumes a lack of removal jurisdiction until proven otherwise. Moreover, it reached the only conclusion acceptable in a rule-based system. The Eleventh Circuit did not reward a party's disregard for the rules, and neither should this Court.

TRMC makes much of the Eleventh Circuit's alleged disapproval for *Nat'l Developers* in *Peterson v. BMI Refractories*, 124 F.3d 1386 (11th Cir. 1997). But TRMC cannot avoid the fact that *Peterson* analyzed and applied a non-bankruptcy removal statute, or the fact that *Peterson* recognized that *National Developers* "remains the law of this circuit with respect to the bankruptcy removal statute." *Peterson*, 124 F.3d at 1393-1394 (citing the predecessor to

§ 1452(a)).[2] Whatever *Peterson* had to say about the non-bankruptcy removal statute, *National Developers* is still the law of the circuit with respect to § 1452(a).

### 3. The Placement Of § 1452(a) In Chapter 89 Of Title 28 Is No Coincidence.

In enacting title 28, Congress placed the applicable venue statutes (§§ 1404, 1406, 1408, 1409, 1410 and 1412) in chapter 87 of title 28 and placed the removal statutes (§§ 1441, 1447 and 1452) in chapter 89 of title 28. This demonstrates Congress' intent that these statutes serve different roles.

## IV. CONCLUSION

For the reasons stated above, including not encouraging litigants to ignore the Bankruptcy Code and Bankruptcy Rules in the hope for forgiveness when challenged, HCCA respectfully urges the Court to remand the Lawsuit to the Los Angeles Superior Court.

Dated: April 5, 2018     MARC A. LEVINSON
CYNTHIA J. LARSEN
ORRICK, HERRINGTON & SUTCLIFFE LLP

HAGOP T. BEDOYAN
LISA HOLDER
KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL LLP

By  */s/ Marc A. Levinson*
Marc A. Levinson
Attorneys for Plaintiff
HealthCare Conglomerate Associates, LLC

---

[2] TRMC notes that *Nat'l Developers* applied a "repealed" statute. Opposition at 22:26-23:3. That statute, 28 U.S.C. § 1478(a), was the predecessor to § 1452(a). Its operative language—allowing removal "to the bankruptcy court for the district where such civil action is pending"—is the same as that in § 1452(a).

# EVIDENTIARY ADDENDUM

HRMC objects to the following portions of the Opposition due to a lack of evidentiary support and requests that the Court exclude them from its consideration of the Opposition.

### A. **TRMC Alleges Facts Without Evidentiary Support.**

The Opposition purports to state just over 14 pages of facts, while attempting to offer support for only approximately 12 statements.   For example, it begins with a statement of facts regarding the parties to the Lawsuit.  However, Section II.A.1. thereof fails to offer even one citation to support any of the stated "facts" regarding TRMC's own operations.  *See* Opposition at 3:1-17.

In Section II.B., which spans approximately ten pages (*see* Opposition at 4:4-14:15), TRMC offers a single cite to two declarations previously submitted by Kevin Northcraft in support of another pleading.  *See* Opposition at 4:14 (citing Docket Nos. 34 and 104, (the "Northcraft Declarations")).[3]  The Northcraft Declarations citation is offered to support the statement that the relationship between TRMC and HCCA seriously deteriorated as questions and issues allegedly surfaced concerning HCCA's performance of its obligations under the parties' Management Services Agreement (the "MSA").  *See* Opposition at 4:9-14 (citing Docket Nos. 34 and 104).  However, even if every statement that follows that one citation to the Northcraft Declarations was supported by the content of those declarations—and none is—HCCA and its counsel, as well as this Court, should not be forced to review the combined 28 pages of those declarations in order to determine where such support exists.  Nor has TRMC offered any indication that it intended to rely on the Northcraft Declarations as support for the subsequent statements because there are no citations to the relevant paragraphs of those declarations.[4]

---

[3] The only exception to this is a citation in footnote 8 to TRMC's Request for Judicial Notice in Support of Opposition to Motion to Remand (the "RJN"), at Exhibit 7, which references Tulare Asset Management, LLC's Articles of Organization.  *See* Opposition at p. 6, n. 8.

[4] The Northcraft Declarations suffer from the fatal defect of failing to state that the foregoing statements are "true and correct" under the laws of the United States of America, as required by 28 U.S.C. § 1746, and should be disregarded in their entirety, anyway. They conclude with the following statement: "I am over the age of 18 and if I were called as a witness in connection with this proceeding I would and could testify as is set out in this declaration. I so declare under penalty of perjury this [] day of October [], 2017 at Tulare, California." *See* Docket Nos. 34 (at 12:19-22) and 104 (at 16:23-25).  Should the Court be willing to consider the Northcraft Declarations, HCCA requests that the rulings on HCCA's evidentiary objections to such declarations be considered as well.  *See* Docket No. 83 (in the case rather than in this adversary).

In Section II.C., TRMC discusses the reasons it filed the bankruptcy petition, offering a single cite to Docket No. 174, the brief order rejecting the MSA on November 2, 2017, though HCCA was not required to turn over possession until November 22, 2017.  *See* Opposition at 14:17-15:14.

Over ten pages of the Opposition are devoted to argumentative statements based on hearsay that can only be construed as allegations based on the lack of any evidentiary support.  *See* Fed. R. Evid. 602, 701 & 802.  The statements further lack any foundation as they are made by counsel for TRMC, who lacks personal knowledge regarding most of the statements, particularly those relating to the events leading up to the filing of the bankruptcy petition.  *See* Fed. R. Evid. 602.

As such, the purported "statements of facts" in Section II.A.1, II.B, and II.C (with the above noted exceptions) should not be considered by the Court in ruling on the motion to remand.

**B. HCCA Objects To TRMC's Reliance On Pleadings Where They Are Introduced To Prove The Truth Of The Matter Asserted.**

The Opposition cites to various pleadings filed in this adversary, and even asks that the Court take judicial notice of two adversary proceeding complaints.  *See* Opposition at 16:6-11[5]; RJN at ¶¶ 9-10.  To the extent that these pleadings are being offered for the truth of the matter asserted, HCCA objects on the grounds of hearsay.  *See* Fed. R. Evid. 802.

Moreover, HCCA objects to the Court taking judicial notice of the contents of the complaints in adversary proceedings 18-01005 and 18-01008 pending in this Court, as they are heavily disputed.  *See* RJN at Exs. 9-10.  A court "may judicially notice a fact that is **not subject to reasonable dispute** because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  28 U.S.C. § 201 (b) (emphasis added).  Where a fact is subject to dispute, such matters of controversy are not appropriate subjects for judicial notice.  *See Del*

---

[5] While TRMC cites to the docket in the main bankruptcy matter, it is clear it intended to cite to the adversary docket in case 18-01005.  HCCA similarly objects to the reliance on these adversary proceeding pleadings as well, where they are offered for the truth of the matter asserted.  *See* Opposition at p. 20, n. 17.

*Puerto Water Dist. v. U.S. Bureau of Reclamation*, 271 F.Supp.2d 1224, 1234 (E.D. Cal. 2003). Given the dispute of the **content** of the pleadings, the documents are not appropriate subjects for judicial notice, and in no event should be considered for the truth of the matters asserted.

4162-6128-8467.5                                                   REPLY ISO MOTION FOR REMAND