MARSHALL GROSSMAN, CSB NO. 35958
MARC A. LEVINSON, CSB NO. 57613
CYNTHIA J. LARSEN, CSB NO. 123994
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
400 Capitol Mall, Suite 3000
Sacramento, California 95814-4497
Telephone: (916) 329-4910
Email: mgrossman@orrick.com
      malevinson@orrick.com
      clarsen@orrick.com

HAGOP T. BEDOYAN, CSB NO. 131285
LISA HOLDER, CSB NO. 217752
**KLEIN, DENATALE, GOLDNER,**
  **COOPER, ROSENLIEB & KIMBALL LLP**
5260 N. Palm Avenue, Suite 201
Fresno, California 93704
Telephone: (559) 438-4374
Facsimile: (559) 432-1847
E-mail: hbedoyan@kleinlaw.com
      lholder@kleinlaw.com

Attorneys for HealthCare Conglomerate Associates, LLC

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>TULARE LOCAL HEALTHCARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER,<br><br>          Debtor.<br><br>HEALTHCARE CONGLOMERATE ASSOCIATES, LLC,<br><br>          Plaintiff,<br><br>v.<br><br>TULARE LOCAL HEALTHCARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER, and DOES 1 through 20,<br><br>          Defendant.<br><br>AND RELATED COUNTER-CLAIM | Case No.: 17-13797-9-B<br><br>Chapter 9<br><br>ADV. PROC. NO.: 17-01095-B<br><br>DC No.: OHS-2<br><br>**HEALTHCARE CONGLOMERATE ASSOCIATES, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM AGAINST HCCA OR IN THE ALTERNATIVE TO STRIKE PORTIONS THEREOF**<br><br>Date: April 12, 2018<br>Time: 9:30 a.m.<br>Dept: Courtroom 13<br>Judge: Hon. René Lastreto II |

**TABLE OF CONTENTS**

                                                                                                             **Page**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ....................................................................................................................... 2

    A. The Court Lacks Jurisdiction and Venue is Improper. ............................................ 2

    B. The Counterclaim Fails To Plead Its Allegations of Fraud With Particularity and Lacks Facts Supporting Its Ubiquitous "Information and Belief" Pleading. ................................................................................................... 2

        1. TRMC's Third Cause of Action (For Fraud) Is Not Adequately Pleaded. ...................................................................................................... 2

            a. TRMC Has Not Pleaded the Alleged Misrepresentations with Particularity. ................................................................................ 2

            b. TRMC's Third Cause of Action Fails to Allege an Actual Misrepresentation. ...................................................................... 4

        2. TRMC's Fourth Cause of Action for Negligent Misrepresentation is Not Adequately Pleaded. ............................................................................. 5

            a. TRMC Has Not Pleaded Any Misrepresentations With Particularity. ................................................................................ 5

            b. TRMC's Fourth Cause of Action Fails to Allege an Actual Misrepresentation. ...................................................................... 6

        3. TRMC's Fifth Cause of Action for Concealment is Not Adequately Pleaded. ...................................................................................................... 6

        4. TRMC's Sixth Cause of Action for Conversion is Not Adequately Pleaded. ...................................................................................................... 7

        5. TRMC's Seventh Cause of Action for Breach of Fiduciary Duty is Not Adequately Pleaded. ........................................................................... 8

        6. TRMC's Eighth Cause of Action for Violation of the California False Claims Act is Not Adequately Pleaded. ........................................... 9

        7. TRMC's Eleventh Cause of Action for Equitable Subordination is Not Adequately Pleaded. ........................................................................... 9

    C. Those Portions of the Counterclaim Pleaded on Information and Belief Without Factual Support Should Be Stricken. ...................................................... 10

    D. TRMC's Request for Leave to Amend Its Counterclaim ...................................... 10

III. CONCLUSION .................................................................................................................. 111

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) .................................................................................................... 1, 9

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007) ......................................................................................................... 1

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
　575 F.3d 1312 (Fed. Cir. 2009) ..................................................................................... 10

*Lazar v. Grant*,
　2017 WL 4805067 (C.D. Cal. June 22, 2017) ................................................................ 7

*Moore v. Kayport Package Exp., Inc.*,
　885 F.2d 531 (9th Cir. 1989) ................................................................................. *passim*

*Neubronner v. Milken*,
　6 F.3d 666 (9th Cir. 1993) .......................................................................................... 3, 5

*Shroyer v. New Cingular Wireless Servs.*,
　622 F.3d 1035 (9th Cir. 2010) ................................................................................ 3, 5, 6

*Vess v. Ciba-Geigy Corp. USA*,
　317 F.3d 1097 (9th Cir. 2003) ................................................................................ 7, 8, 9

*Wool v. Tandem Computers Inc.*,
　818 F.2d 1433 (9th Cir. 1987) ............................................................................ 3, 4, 5, 10

**Federal Statutes**

28 U.S.C. § 1452(b) ................................................................................................................ 2

**State Statutes**

Cal. Gov't Code §12651(a)(1) ................................................................................................ 9

Cal. Gov't Code §12651(a)(2) ................................................................................................ 9

Cal. Gov't Code §12651(a)(4) ................................................................................................ 9

Cal. Gov't Code §12651(a)(7) ................................................................................................ 9

California False Claims Act .................................................................................................... 9

**Rules**

Fed. R. Civ. P. § 9(b) ................................................................................................................ *passim*

Fed. R. Civ. P. § 12(f) .....................................................................................................................10

**Other Authorities**

California Civil Jury Instruction No. 1901 ..................................................................................6, 7

Now pending before this Court is the motion by Plaintiff HealthCare Conglomerate Associates, LLC ("HCCA") to dismiss ("Motion") the Counterclaim of Tulare Local Healthcare District dba Tulare Regional Medical Center (the "Counterclaim"[1] filed by "TRMC"), either in its entirety or each inadequately pleaded fraud-based cause of action, or in the alternative to strike portions thereof. TRMC has filed its opposition to HCCA's Motion ("Opposition"), and this is HCCA's reply to that Opposition.

## I.    INTRODUCTION

In responding to HCCA's Motion to dismiss TRMC's fraud-based claims for failure to plead with particularity, TRMC attempts to muddy a straightforward application of Federal Rule of Civil Procedure 9(b)'s particularity requirement by repeatedly misstating or misrepresenting HCCA's arguments and the legal authorities on point, and even outright ignoring relevant precedents cited by HCCA. TRMC also relies repeatedly on general statements from cases such as *Twombly* and *Iqbal*, while purposefully omitting more recent cases contrary to their argument.

In spite of the reckless and off-subject Opposition, nothing in it changes the fact that the allegations of fraud in TRMC's Counterclaim are not pleaded with particularity, do not assert the "the time, place, and specific content" of the alleged misrepresentations they assert, and rely heavily on disfavored "information and belief" allegations which lack the required factual support. Fed. R. Civ. P. 9(b) ("FRCP"); *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540-41 (9th Cir. 1989).

Well cognizant of its own failure to offer a credible defense to the Motion, TRMC's tactic is to attack HCCA for not meeting and conferring with TRMC before filing its Motion. Opposition, at 1. Such an effort is not required under the rules, and TRMC never suggested the parties do so and offers no evidence that it would have cured the deficiencies if there had been such a meeting. TRMC further attacks HCCA's Motion as a mere "laundry list of arguments" that "adopts a shotgun approach," as if the multitude of flaws in TRMC's Counterclaim are HCCA's fault. *Id.*, at 1, 2. Finally, the personal, false scapegoating continues when TRMC

---

[1] Dkt. No. 9.

argues that HCCA's insistence that TRMC be held to well-established pleading standards has cost the citizens of Tulare County their hospital. *Id.*, at 1.

The Counterclaim should be dismissed in its entirety for lack of jurisdiction and improper venue. Further, within the mass of rhetoric and mudslinging there is a consistent lack of pleading the who, where, when, or specific content of the numerous frauds and misrepresentations alleged in the Counterclaim, and it thus violates FRCP 9(b)'s requirement of particularity.

## II. ARGUMENT

### A. The Court Lacks Jurisdiction and Venue is Improper.

The Court lacks jurisdiction over the Counterclaim, and venue is improper, as set forth in the separately filed Reply in Support of Motion for Remand of Lawsuit to State Court Pursuant to 28 U.S.C. § 1452(b), filed concurrently, and in HCCA's Motion.[2] To avoid repetition, HCCA incorporates them herein.

### B. The Counterclaim Fails To Plead Its Allegations of Fraud With Particularity and Lacks Facts Supporting Its Ubiquitous "Information and Belief" Pleading.

#### 1. TRMC's Third Cause of Action For Fraud Is Not Adequately Pleaded.

##### a. TRMC Has Not Pleaded the Alleged Misrepresentations with Particularity.

While charges of fraud are liberally strewn throughout the Counterclaim, they are not pled with the requisite specificity. TRMC's Opposition artfully and intentionally utilizes ambiguity to try to skirt around the rules of pleading. With respect to TRMC's third cause of action, for example, TRMC argues it "identifies with particularity that the fraudulent representations began in 2016 and culminated on or about August 2017." Opposition, at 6. But there is no particularity in claiming that unspecified misrepresentations were made sometime over the course of a year and a half.[3] Similarly, TRMS lists broad categories of alleged misrepresentations that it claims

---

[2] Since the filing of this Motion, the briefing and hearing schedule for HCCA's separate motion to remand has been combined with the briefing and hearing schedule for this Motion.

[3] Moreover, contrary to TRMC's assertion, the Counterclaim does not even assert that the alleged fraudulent representations "culminated on or about August 2017." Paragraph 17 of the Counterclaim merely alleges that "Beginning in 2017, the District became aware that HCCA was undertaking efforts to obtain unauthorized loans . . ." and continues in the present tense. Counterclaim, at 8, ¶ 17.

2
REPLY ISO MTN TO DISMISS COUNTERCLAIM OR IN THE
ALTERNATIVE TO STRIKE PORTIONS THEREOF

the "content and circumstances of the alleged fraud *concern*." Opposition, at 6 (emphasis added). However, Rule 9(b) does not allow parties to allege general conduct that supposedly "concerns" fraud; one must plead the fraud itself and do so with specificity. FRCP 9(b) "requires that the pleader state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Moore*, 885 F.2d at 540-41. Thus, when TRMC insists that it has pleaded what HCCA "particularly represented," (Opposition, at 6) it has done no such thing.

TRMC seeks refuge from its failure to properly plead its claims of fraud with particularity by time and time again making its hollow charges "on information and belief", a failed strategy because those allegations are not tied to or supported with any explanation whatsoever of the factual basis for that belief as required by law. *See Shroyer v. New Cingular Wireless Servs.*, Inc., 622 F.3d 1035, 1042 (9th Cir. 2010) ("Claims made on information and belief are not usually sufficiently particular, unless they accompany a statement of facts on which the belief is founded.").

TRMC fares no better in citing to the general rule that a relaxed standard may be applied to Rule 9(b) "with respect to matters within the opposing party's knowledge." Opposition, at 6 (citing to *Neubronner v. Milken*, *Wool v. Tandem Computers, Inc.*, and *Moore v. Kayport Package Express, Inc.*). As a preliminary matter, the Counterclaim fails to plead with particularity the who, what, when, and where of alleged misrepresentations *to TRMC*. These are not facts purely within an opposing party's knowledge; they are purportedly actions directed at and witnessed by TRMC. TRMC's plea for a lowered standard is thus based on a misapplication of these cases, and TRMC's assertion that "HCCA is withholding financial documents and information," is both untrue and entirely beside the point. *See* Opposition, at 6.

TRMC plays loose with the case law; the cases it cites make clear that, even if there is a relaxed standard of pleading certain issues, an allegation of fraud must still include sufficient specific facts to support a claim. *See Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (stating that "this exception [relaxed standard] does not nullify Rule 9(b); a plaintiff who makes allegations on information and belief must state the factual basis for the belief," and holding that

the claimant had still failed to satisfy the relaxed standard); *Wool v. Tandem Computers Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987) (holding that in cases applying the relaxed standard, "the particularity requirement may be satisfied if the allegations are accompanied by a statement of the facts upon which the belief is founded," and finding the particularity requirement was met because the "the paragraphs [of the complaint] alleging misleading statements, misrepresentations, and specific acts of fraud [were] very precise [and] [e]ach alleged misstatement is identified by content, date, and the document or announcement in which it appeared."); or *Moore*, 885 F.2d 531 at 540 (also requiring "a statement of facts on which the belief is grounded" under the relaxed standard, and holding claimants had failed to satisfy the relaxed standard where the allegedly fraudulent "prospectuses [were] not specifically identified as to content, date or author."). Thus, even the cases cited by TRMC show that its failure to specifically identify the who, what, when, or where of the alleged misrepresentations is fatal to its cause of action for fraud.

      b. <u>TRMC's Third Cause of Action Fails to Allege an Actual Misrepresentation.</u>

  TRMC attempts to make up for its failure to allege any actual misrepresentation on HCCA's part by arguing, incorrectly, that as for one of its charges HCCA represented that certain monies would be used for one purpose, but were kept by HCCA for another. Opposition, at 7. The distinction TRMC draws is an illusory one. TRMC alleges in general terms that HCCA represented that these monies would be used "satisfying the accounts payable and other creditors of TRMC and paying ongoing operational expenses of TRMC" but then kept such monies for itself. *Id.* That there is no inconsistency is made clear from the Management Services Agreement ("MSA"). *See* Dkt. No. 11, Ex. 3 (MSA), pp. 1 (preamble), 4 at § 1 (kk), and 15 at § 4(g)(v). Under the terms of the MSA, there is no contradiction between the alleged statements and alleged actions. TRMC's allegations cannot establish the existence of a misrepresentation or knowledge of falsity[4]

---

[4] Nor can TRMC show any "resulting damage", see Opposition at 7, because there is no misrepresentation from which a harm could result. TRMC's assertion that it has pleaded damages in excess of $80,000 a month ignores that

4

1  **2.  TRMC's Fourth Cause of Action for Negligent Misrepresentation is Not Adequately Pleaded.**

        a.   <u>TRMC Has Not Pleaded Any Misrepresentations With Particularity.</u>

TRMC's fourth cause of action for negligent misrepresentation is merely a rehash of its intentional fraud claims; only here alleged as mere negligence.  Yet again, these allegations lack any specific facts relating to the "time, place, and specific content" of the alleged misrepresentations. *Moore*, 885 F.2d at 540-41.  As with its fraud cause of action, TRMC argues that it has "specifically identified" misrepresentations by HCCA, but does not provide any details of any particular misrepresentation and asserts only that these misrepresentations occurred sometime over a range of 20 months (sometime in 2016 to August 2017).  Moreover, TRMC again relies on allegations made on information and belief.  As made clear in *Moore, Shroyer*, *Neubronner*, *Wool*, and numerous other cases, allegations of misrepresentations that do not include descriptions of the individual, date, place/means, and *specific* content of a representation (i.e. what exactly was stated, not just a general description of the representation) are not pleaded with the particularity required by Rule 9(b).

TRMC also tells the Court that its Counterclaim, at paragraphs 22 and 42, "pleads that Dr. Yorai Benzeevi, acting as HCCA's agent, represented to the District that the loans and/or sale proceeds were needed to cover operational expenses for hospital and healthcare facilities." Opposition, at 8.  The Counterclaim says no such thing – paragraph 22 alleges Dr. Benzeevi executed the Evolutions Deed of Trust without authorization, but makes no mention of any alleged representations by him, while paragraph 42 alleges representations made generally by *HCCA* (without identifying any individual speaker).  TRMC's attempt to conflate these separate allegations underscores the failure to allege this cause of action with particularity (and without bending the truth).

---

it has not adequately pleaded a causal connection between that harm and a (non-existent) misrepresentation. *See* Opposition, at 7.

b. **TRMC's Fourth Cause of Action Fails to Allege an Actual Misrepresentation.**

TRMC again sidesteps its failure to allege an actual misrepresentation, this time by mislabeling it a "non-sequitur". Opposition, at 8. The elements of negligent misrepresentation require allegations that a representation was false and that the speaker had no reasonable grounds to believe it was true. As amply demonstrated in section II.C.1 of the Motion (at pp. 5-7) and in section II.B.1.b of this Reply, TRMC's broad allegations, even if taken as true, fail to describe a false representation. That is not a non-sequitur, it is a fatal flaw in TRMC's pleadings.

### 3. TRMC's Fifth Cause of Action for Concealment is Not Adequately Pleaded.

The Opposition rehashes the Counterclaim's conclusory allegations of concealment, but fails to show the claim "particularly states the factual circumstances underlying" its claims, as TRMC now claims. Opposition, at 9-10. Because concealment is a species of fraud, it must be pleaded with particularity.[5] Contrary to its assertion in the Opposition, TRMC's Counterclaim fails to identify any specific action by HCCA constituting concealment, any specific demand (including time, place, or content) for financial information or refusal of such demand, or any specific financial information or records that were allegedly false or misleading. To add defect upon defect, essentially all of TRMC's allegations are made on "information and belief" without any accompanying facts to establish the basis for such belief. *See Shroyer*, 622 F.3d at 1042 (imposing an additional requirement that pleadings on information and belief include "a statement of facts on which the belief is founded."). The heightened standard of Rule 9(b) is not satisfied by vague and unsupported claims, on information and belief, that a party withheld (unspecified) information and documents or falsified (unspecified) records.[6] *Moore*, 885 F.2d at 540-41

---

[5] *See* California Civil Jury Instruction No. 1901 ("Concealment"; listed under the subheading "Series 1900 Fraud or Deceit").

[6] TRMC once again struggles to stretch the contents of its Counterclaim when it asserts, at page 10 of its Opposition, that it alleged "that HCCA's wrongful conduct began in 2014 when HCCA failed to disclose certain facts, including financial accounting and records" in paragraph 50 of the Counterclaim. Opposition, at 10. This appears to be a reference to TRMC's allegation in paragraph 50 that the misconduct occurred "throughout the parties' relationship" (paragraph 50 makes no specific reference to 2014). This strained attempt to add details retroactively only highlights the lack of particularity in the Counterclaim, which alleges, in conclusory fashion, that unspecified misconduct occurred at unknown times over multiple years.

1 ("conclusory allegations . . . are insufficient."). TRMC's cause of action for concealment should
2 therefore be dismissed.

3     TRMC again misleads by arguing that because HCCA requests dismissal only on Rule
4 9(b) grounds it may be inferred that it has otherwise pleaded a good cause of action for
5 concealment. Opposition, at 9. Obviously no such inference can be drawn. To the contrary,
6 because TRMC has not provided any particularized allegations of concealment, it is not yet
7 possible to know what other defects might negate its claims.

8     **4.    TRMC's Sixth Cause of Action for Conversion is Not Adequately Pleaded.**

9     TRMC's cause of action for conversion arises out of (and at times repeats) the same broad
10 allegations of fraud that pervade its other causes of action, and as such it is subject to the same
11 heightened pleading requirements. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir.
12 2003) (where an entire complaint "alleges a unified course of fraudulent conduct, it is "'grounded
13 in fraud,' and Rule 9(b) applies to the *whole* of that complaint.") (emphasis added). In light of
14 *Vess*, it is unclear how TRMC can tenably assert that "HCCA provides no authority or
15 argument…that a conversion cause of action must be pleaded with particularity," Opposition, at
16 10, particularly given that HCCA cites to *Vess* in its discussion of TRMC's conversion claim, *see*
17 MPA,[7] at 9 (line 3), as well as in its discussion of the two preceding causes of action, and its
18 introduction (and elsewhere). The import of *Vess* – which TRMC makes no attempt to address or
19 distinguish – is that a party cannot circumvent the requirement of pleading fraud with
20 particularity by presenting claims of fraud under another name. This includes averments of fraud
21 asserted as a cause of action for conversion. *See, e.g., Lazar v. Grant*, 2017 WL 4805067, at *3
22 (C.D. Cal. June 22, 2017) ("Plaintiffs' conversion claim is based on averments of fraudulent
23 conduct by Defendants . . . [b]ecause the underlying allegation of this claim is based in fraud, it
24 must satisfy the required particularity standard of Rule 9(b)").[8]

---

[7] Healthcare Conglomerate Associates, LLC's Memorandum of Points and Authorities In Support Of Motion to Dismiss Counterclaim Against HCCA or In the Alternative To Strike Portions Thereof ("MPA")
[8] TRMC appears to have mistakenly transposed HCCA's arguments on concealment with those for conversion when it incorrectly states that "HCCA argues that TRMC's conversion claim is a species of fraud," and references HCCA's cite to CACI No. 1901 (the jury instruction for <u>concealment</u>, not conversion). Opposition, at 10 and n. 1. HCCA's Motion does not assert conversion is a species of fraud (as with concealment), but rather (i) that TRMC's claims for

1   TRMC's claims of conversion are clearly based on "averments of fraud," as TRMC cites
2   to the same general allegations that purportedly support its causes of action for fraud. Opposition
3   at 6, 11 (both citing to Counterclaim, ¶¶ 17-22). For the reasons discussed above, these
4   allegations lack the particularity required by Rule 9(b). Further, and yet again, TRMC's
5   conversion allegations are made on information and belief, *see* Counterclaim, ¶ 58, but the
6   Counterclaim offers no specific factual basis for such belief. TRMC's cause of action for
7   conversion should therefore be dismissed.

### 5. TRMC's Seventh Cause of Action for Breach of Fiduciary Duty is Not Adequately Pleaded.

TRMC's cause of action for breach of fiduciary duty is also grounded in its allegations of fraud, and therefore is also subject to the heightened pleading standard of FRCP 9(b). *Vess*, 317 F.3d at 1108 (9th Cir. 2003).[9] Of the six bases[10] enumerated in that cause of action, two expressly refer to allegations of fraudulent conduct, three relate to TRMC's allegations of (fraudulent) conversion, and one relates to allegations that HCCA "intentionally interefer[ed]" with the seating of a Board Member, which also relies on averments of fraud. Counterclaim, ¶ 64. Thus, as TRMC acknowledges, all of these rely on the same allegations as those underlying its claims of fraud. As discussed above, those claims lack the requisite particularity, are improperly made on information and belief, and (as to its fraud claims) fail to allege an actual misrepresentation. TRMC reiterates its general allegations and repeatedly cites to wide swaths of its Counterclaim to cover its lack of particularity, but the fact remains that TRMC's averments of fraud, on which this cause of action depends, omit the specific "time, place, and specific content" that Rule 9(b) requires. TRMC's assertion that HCCA is "well acquainted" with issues pertaining

---

conversion are based on averments of fraud and (ii) that the Counterclaim broadly alleges a unified course of fraudulent conduct (*see Vess*, 317 F.3d at 1108). MPA, at 8-9.

[9] TRMC implies HCCA did not incorporate the holding from *Vess* (that any averment of fraud must be pleaded with particularity) into its discussion of this cause of action, and completely ignores this point of law. S*ee* Opposition at 12-13. However, HCCA expressly referred to this argument (from section II.C.4 of the MPA) in its discussion of the seventh cause of action, as well as throughout its MPA. *See* MPA, at 9. In any case, *Vess* clearly applies to all of TRMC's causes of action that depend, in part or in their entirety, on averments of fraud.

[10] TRMC asserts it "alleges with particularity that HCAA undertook [these] six specific actions." Opposition, at 12 (citing Counterclaim ¶ 64). But TRMC's description of these actions is neither "particular" nor "specific", and includes vague assertions such as "engaging in acts of fraud against the District" and "converting the District's property for HCCA's benefit," neither of which provides any detail whatsoever.

1　to the seating of a board member is both untrue and unavailing. HCCA is not required to

2　speculate about what specific conduct TRMC asserts is actionable. Rather, TRMC is required to

3　comply with the specificity requirements imposed by Rule 9(b).[11]

### 6.　TRMC's Eighth Cause of Action for Violation of the California False Claims Act is Not Adequately Pleaded.

TRMC's eighth cause of action does nothing more than recite (on information and belief) that HCCA violated each element of the California False Claims Act. *Ashcroft v. Iqbal*, on which TRMC relies, clearly states that "[a] pleading that offers . . . 'a formulaic recitation of the elements of a cause of action will not do," and "[t]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements, do not suffice." 556 U.S. 662, 678 (2009). The Counterclaim contains just such a threadbare recital, and TRMC's retreat to broad statements that "technical forms of pleading are not required," and that it may rely on reference "to any allegations within the four corners of its pleadings" do nothing to change this.

TRMC resorts to reiterating the elements of a False Claims Act claim *again* in its Opposition, while falsely casting them as four actions "allege[d] with particularity." Opposition, at 14 (citing Counterclaim, ¶ 70); *see* Cal. Gov't Code §12651(a)(1), (2), (4), (7). TRMC then cites generally to the majority of its allegations of fraud, concealment, and conversion, without any suggestion of which claims purportedly support this cause of action. This is clearly insufficient under *Iqbal*, and, in any case, the allegations TRMC cites are not pleaded with the requisite particularity. *Moore*, 885 F.2d at 540-41; *Vess*, 317 F.3d at 1108.

### 7.　TRMC's Eleventh Cause of Action for Equitable Subordination is Not Adequately Pleaded.

The Counterclaim's eleventh cause of action merely restates TRMC's allegations of fraudulent conduct as "inequitable" conduct. As this cause of action necessarily depends on

---

[11] TRMC accuses HCCA of a "feigned need for more particular information" regarding TRMC's allegations relating to the seating of a Board Member. Opposition, at 11 n. 2. Needless to say, the purpose of the Motion is to hold TRMC to its obligations as a party pleading fraudulent conduct. TRMC is not absolved of those obligations by the existence of a separate proceeding, and its attempt to paint HCCA as acting nefariously by requesting particularity in its pleadings only proves TRMC's failure to plead its claims properly.

9

1　TRMC's other averments of fraud and its pleading of allegations on information and belief, it

2　fails for the same reasons as TRMC's other causes of action based in fraud.[12]

### C. Those Portions of the Counterclaim Pleaded on Information and Belief Without Factual Support Should Be Stricken.

TRMC argues that its information and belief pleadings cannot be stricken from the Counterclaim under FRCP 12(f), because the rule that information and belief pleadings be accompanied by supporting facts arises from FRCP 9(b) and (TRMC asserts) these rules have "distinct procedural and policy differences". Of course FRCP 9(b) and the cases applying it require that pleadings on information and belief "must state the factual basis for the belief."[13] That does not preclude separate relief under FRCP 12(f).

The result of TRMC's extensive reliance on information and belief allegations is a pleading devoid of the requisite specified, factual allegations and instead rife with baseless accusations of bad conduct by HCCA. Such allegations, in addition to violating FRCP 9(b), are also immaterial, impertinent, and scandalous, and should be struck under FRCP 12(f).

### D. TRMC's Request for Leave to Amend Its Counterclaim

HCCA does not oppose the filing of an amended counterclaim. However, as the defectively pleaded claims appear on virtually every page of the current Counterclaim, such amendment may be futile without a significant change in TRMC's approach.

///
///
///
///
///

---

[12] TRMC takes umbrage with HCCA's decision to "devote[] all of five lines" to its discussion of TRMC's cause of action for equitable subordination. Opposition, at 14. Five lines says it all, because this cause of action relies on the same allegations of fraudulent conduct as the others.

[13] TRMC argues that information and belief pleading are technically "permitted under Rule 9's heightened pleading requirements for fraud." But it fails to include language from the cases it cites that "[a]llegations of fraud based on information and belief usually do not satisfy the degree of particularity required under Rule 9(b) (*Wool*, 818 F.2d at 1439), and that such pleading is *only* permitted "if the pleading sets forth the *specific* facts upon which the belief is reasonably based," *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1330 (Fed. Cir. 2009) (emphasis added)).

**III. CONCLUSION**

For the foregoing reasons, HCCA respectfully requests that its Motion be granted.

Dated: April 5, 2018

MARSHALL GROSSMAN
MARC A. LEVINSON
CYNTHIA J. LARSEN
ORRICK, HERRINGTON & SUTCLIFFE LLP

HAGOP T. BEDOYAN
LISA HOLDER
KLEIN, DENATALE, GOLDNER, COOPER,
ROSENLIEB & KIMBALL LLP

By: /s/ *Cynthia J. Larsen*
Cynthia J. Larsen
Attorneys for Plaintiff
HealthCare Conglomerate Associates, LLC

4152-5445-7107.1