1  MARSHALL GROSSMAN, CSB NO. 35958
2  MARC A. LEVINSON, CSB NO. 57613
   CYNTHIA J. LARSEN, CSB NO. 123994
3  **ORRICK, HERRINGTON & SUTCLIFFE LLP**
   400 Capitol Mall, Suite 3000
4  Sacramento, California 95814-4497
   Telephone: (916) 329-4910
5  Email: mgrossman@orrick.com
          malevinson@orrick.com
6         clarsen@orrick.com

7  HAGOP T. BEDOYAN, CSB NO. 131285
   LISA HOLDER, CSB NO. 217752
8  **KLEIN, DENATALE, GOLDNER,**
     **COOPER, ROSENLIEB & KIMBALL LLP**
9  5260 N. Palm Avenue, Suite 201
   Fresno, California 93704
10 Telephone: (559) 438-4374
   Facsimile: (559) 432-1847
11 E-mail: hbedoyan@kleinlaw.com
           lholder@kleinlaw.com
12
   Attorneys for HealthCare Conglomerate Associates, LLC

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>TULARE LOCAL HEALTHCARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER,<br><br>Debtor.<br>_____<br><br>HEALTHCARE CONGLOMERATE ASSOCIATES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TULARE LOCAL HEALTHCARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER, and DOES 1 through 20,<br><br>Defendant.<br><br>AND RELATED COUNTER-CLAIM | Case No.: 17-13797-9-B<br><br>Chapter 9<br><br>ADV. PROC. NO.: 17-01095-B<br><br>DC No.: OHS-3<br><br>**HEALTHCARE CONGLOMERATE ASSOCIATES, LLC'S REPLY IN SUPPORT OF MOTION TO STRIKE PORTIONS OF ANSWER**<br><br>Date:  April 12, 2018<br>Time:  9:30 a.m.<br>Dept:  Courtroom 13<br>Judge: Hon. René Lastreto II |

1　　　　Plaintiff and creditor Healthcare Conglomerate Associates, LLC ("HCCA") submits this
2　Reply in support of its Motion to Strike ("Motion") Portions of the Answer of Tulare Local
3　Healthcare District DBA Tulare Regional Medical Center ("Answer" and "TRMC") and in
4　response to TRMC's Opposition to the Motion ("Opposition[1]").

## I. INTRODUCTION

6　　　　The Answer to the pending HCCA Complaint contains eleven boilerplate affirmative
7　defenses without any factual basis and several more that are not, in fact, affirmative defenses, but
8　rather attacks on the validity of the claims made in the complaint itself. Indeed, no facts are
9　stated in *any* of the affirmative defenses. In desperation, the Opposition reaches outside of the
10　Answer to its own Counterclaim in order to supplement its deficient pleading. There is no legal
11　support for such a detour away from the Answer, and case law from this District makes clear that,
12　though the "fair notice" standard for pleading is a low bar, it does require a party to provide *some*
13　factual basis for its affirmative defenses. *See, e.g.*, *United States v. Gibson Wine Co.*, 2016 WL
14　1626988, at *5 (E.D. Cal. Apr. 25, 2016). Moreover, the Counterclaim from which TRMC tries
15　to import facts is itself rife with a number of defects, numerous unsupported allegations on mere
16　information and belief, and mudslinging attacks on HCCA. Even where it could be argued that
17　the Counterclaim (itself the subject of a motion to dismiss) contains some facts, there is no effort
18　in the Counterclaim or the Answer to tie any facts to any of the stated affirmative defenses. This
19　leaves the Court and counsel with the burden of guessing which facts go where in the hunt to
20　salvage the defective defenses of TRMC's own making.

21　　　　TRMC's Answer fails to provide any factual basis whatsoever for most of its affirmative
22　defenses. As a result, TRMC has not provided fair notice of those defenses, and they are properly
23　stricken under Federal Rule of Civil Procedure 12(f). *Barnes v. AT & T Pension Ben. Plan-*
24　*Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010). Similarly, where the
25　Answer asserts arguments that are improperly labeled as "affirmative defenses", such "defenses"
26　are also properly stricken. *Id.* However, HCCA does not oppose the striking of these defenses

---

[1] Tulare Local Healthcare District DBA Tulare Regional Medical Center's Corrected Opposition to Healthcare Conglomerate Associates, LLC's Motion To Strike Portions Of Answer ("Opposition").

1

1　with leave to amend those defenses lacking a factual basis,[2] and only seeks to have TRMC

2　adequately plead its affirmative defenses so that HCCA can properly prepare its case.

3　　　　Unable to mount a credible opposition well-grounded in fact or law, TRMC takes the low

4　road accusing HCCA of "delay and sharp tactics designed to bleed a rural healthcare district dry."

5　Such accusations are overwrought, unnecessary, and clearly a continuation of the low road

6　charges made in the Counterclaim. It is no heavy burden to state the basic factual support for

7　one's affirmative defenses, if there are any; amending its answer (which HCCA does not oppose)

8　to conform with the basic rules of pleading will not cause TRMC any substantial cost or delay.[3]

## II. ARGUMENT

### A. TRMC Does Not Provide Any Factual Basis For Its Affirmative Defenses In Its Answer.

12　　　　The lynchpin premise of TRMC's Opposition is its contention that the Answer need not

13　supply any supporting facts for its affirmative defenses so long as those facts exist in some other

14　pleading. Opposition, at 3. In support of this contention, TRMC ignores the extensive case law

15　requiring that affirmative defenses state some factual basis, and instead misinterprets a non-Ninth

16　Circuit trial court decision in *Mifflinburg Telegraph, Inc. v. Criswell*, 80 F. Supp. 3d 566 (M.D.

17　Pa. 2015). Even then, it stretches the language of that decision beyond recognition. TRMC

18　argues that *Mifflinburg* holds, in TRMC's words, that "courts may look to any parties' pleadings

19　to understand whether there is a logical relationship between the statement of a defense and the

20　events underlying the litigation such that fair notice has been given." Opposition, at 3 (citing to,

21　but not quoting, *Mifflinburg,* at 574).[4] TRMC then implies from this proposition that their

---

[2] Claims that are improperly labeled as "affirmative defenses" cannot be amended so as to make them affirmative defenses, and should therefore be struck without leave to amend. *See Sherwin-Williams Co. v. Courtesy Oldsmobile-Cadillac, Inc.*, 2016 WL 615335, at *2 (E.D. Cal. Feb. 16, 2016) ("[T]he above claims are not affirmative defenses but rather denials of the allegations . . . Those defenses are stricken from Defendants' amended answer without leave to amend.").

[3] TRMC also complains that HCCA "never met and conferred with TRMC" about its objections to the Answer and that the Court should therefore regard HCCA's Motion with "extreme disfavor." There is, of course, no meet and confer requirement for a motion to strike, and TRMC's implication that it would have readily amended its Answer if only HCCA had raised its concerns is belied by the fact that TRMC itself has not attempted any meet and confer on the subject or offered to simply amend its Answer.

[4] The Opposition cites three other cases in the same subsection: *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015); *Springer v. Fair Isaac Corp.*, 2015 WL 7188234, at *2 (E.D. Cal. Nov. 16, 2015); and *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012). These cases each recite the general rule that

Answer may provide "fair notice" of an affirmative defense if the factual basis for that defense is contained anywhere in any parties' pleading – even if that factual basis is nowhere to be found in the Answer. *See* Opposition, at 3.

This misrepresents the holding in *Mifflinburg*. That case states that "[a] party may satisfy the fair notice requirement by *including a short and plain statement of the grounds for asserting an affirmative defense* that demonstrates a logical relationship to the lawsuit *or refer to general facts elsewhere in any parties' pleadings*." *Mifflinburg*, 80 F. Supp. 3d at 574 (emphasis added). Thus, to meet the "fair notice" requirement, an Answer must contain either a short statement of the facts underlying its affirmative defenses or an express reference to those facts in other pleadings, but either must appear *in the Answer*. *Mifflinburg* does not, as TRMC suggests, allow for an Answer completely devoid of factual support, and TRMC cites to no other cases supporting its misinterpretation of the language from *Mifflinburg* or suggesting that counsel or the Court engage in a hunt through other pleadings for the facts alleged to be supportive of a given defense. In fact, *Mifflinburg* itself is something of an outlier in allowing a mere reference to facts stated in other pleadings to satisfy the fair notice requirement, and TRMC cites no other cases for that proposition either.

Numerous courts recognize that even the relatively gentle "fair notice" standard still requires at least some showing of factual support for an Answer's affirmative defenses. *See United States v. Gibson Wine Co.*, 2016 WL 1626988, at *5 (E.D. Cal. Apr. 25, 2016) ("Although 'fair notice' is a low bar that does not require great detail, it does require a defendant to provide 'some factual basis' for its affirmative defenses."); *Sherwin-Williams Co. v. Courtesy Oldsmobile- Cadillac, Inc.*, 2016 WL 615335, at *2 (E.D. Cal. Feb. 16, 2016) ("Fair notice" standard "is less demanding than the *Twombly*/*Iqbal* standard, but still requires a party to plead some factual basis for its allegations."). *Gomez v. J. Jacobo Farm Labor Contractor, Inc.*, 188 F. Supp. 3d 986, 994 (E.D. Cal. 2016) (striking all affirmative defenses that were "devoid of factual

---

affirmative defenses may be described in "general terms" and that a defendant is "only required to 'state the nature and grounds for the affirmative defense.'" *Springer*, 2015 WL 7188234, at *2. They say nothing regarding whether those grounds can be inferred, without reference, from other pleadings.

3

PORTIONS OF ANSWER

1　allegations"). Moreover, despite TRMC's insistence that such motions are "disfavored," the

2　courts of this District have also made clear that a motion to strike under FRCP 12(f) is "the proper

3　vehicle for a plaintiff to challenge a legally insufficient affirmative defense." *United States v.*

4　*Hempfling*, 2007 WL 1299262, at *4 (E.D. Cal. May 1, 2007) (citing 5C Wright & Miller,

5　Federal Practice and Procedure 1380 (3d ed. 2004) ("A motion to strike under Federal Rule 12(f)

6　. . . is the primary procedure for objecting to an insufficient defense.")); *Hardy v. Indymac Fed.*

7　*Bank*, 263 F.R.D. 586, 595 (E.D. Cal. 2009) (same).

8　　　The nine pages of Opposition TRMC spends collecting allegedly supporting facts for its

9　affirmative defenses are thus for naught. *See* Opposition, at 3-12. TRMC had the burden to

10　identify facts linked to each of its defenses, not HCCA and certainly not the Court. As

11　recognized by numerous courts in this District, TRMC's affirmative defenses required a short

12　statement of supporting facts. At a minimum, even following *Mifflinburg*, TRMC should have

13　included an express reference to facts in other pleadings it intended to rely on. The Answer has

14　neither. As a result, TRMC's affirmative defenses lack any factual support at all and do not

15　satisfy the fair notice standard.[5]

16　　　**B.　TRMC's Pleading of Its Affirmative Defenses of Waiver, Estoppel, Laches,**
17　　　　　**Unclean Hands, and Accord and Satisfaction Also Require Some Factual Basis.**

18　　　TRMC makes an additional argument that certain of its affirmative defenses – including

19　waiver, estoppel, laches, unclean hands, and accord and satisfaction – do not require any factual

20　support because they are so well-established that merely naming them provides fair notice.

21　Opposition, at 6, 10. In support of this contention, TRMC cites cases in which relatively "vague

22　and general" statements of certain of these defenses were not stricken. But this is not the rule in

23　all cases. If it were, lawyers could always reduce an affirmative defense to a bare reference,

24　without any supporting facts, even where the application of a given defense was not clear.

25

---

26　[5] TRMC makes the bizarre assertion that HCCA's contention that TRMC's affirmative defenses lack any factual
27　basis is made "[w]ithout specific citation to any authority." Opposition, at 3. This statement is false and ignores the
　　Motion itself. Note that TRMC's related citation (to the Motion at 3:1-24) is *immediately preceded* by a paragraph in
　　which HCCA cites to *five* separate cases establishing the requirement that affirmative defenses must be pleaded with
28　some factual basis to provide fair notice.

4

Rather, the cases cited by TRMC illustrate that courts consider affirmative defenses on a case-by-case basis, and determine whether the application of a given affirmative defense is really so straightforward that a general or vague statement will suffice. As explained in *Ganley* (on which TRMC relies), "[w]hile in some cases, merely naming a particular defense will be sufficient to satisfy the notice pleading standard, other affirmative defenses require greater specificity, including additional factual allegations, in order to be properly pleaded . . . [T]he mere assertion of a broad category of legal theories, such as estoppel, with numerous possible applications requires additional specificity to satisfy the notice pleading standard." *Ganley*, 2007 WL 902551, at *2. There is no shortage of cases in which courts have stricken vaguely stated affirmative defenses lacking factual support. *See e.g., Gomez v. J. Jacobo Farm Labor Contractor, Inc.*, 188 F. Supp. 3d 986, 994 (E.D. Cal. 2016) (striking all affirmative defenses that were "devoid of factual allegations", including estoppel, unclean hands, laches, and waiver); *O'Sullivan v. AMN Servs., Inc.*, 2012 WL 2912061, at *8 (N.D. Cal. July 16, 2012) (striking all affirmative defenses, including waiver and estoppel, where answering party did not "allege any specific facts"); *Qarbon.comInc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1049 (N.D.Cal.2004) (striking affirmative defenses of waiver, estoppel, and unclean hands in part because defendant "fail[ed] to allege the factual basis"); *see also Gibson Wine Co.*, 2016 WL 1626988, at *5 (noting the holdings in *Springer*, *Ganley*, and *Deleon* – the cases cited by TRMC – but then stating that "[t]his Court will not accept fact-barren affirmative defenses or bare references to doctrines or statutes because such pleadings do not afford fair notice of the nature of the defense pleaded.").

Examining TRMC's post hoc explanation of these affirmative defenses (which goes on for two pages, *see* Opposition at 6-8), there is no way that HCCA could have divined the particular factual grounds for and application of each defense intended by TRMC from the fact-barren, single-sentence assertions in its Answer. As such, the mere naming of these affirmative defenses was insufficient to provide fair notice.

**C.	Improperly Labeled "Affirmative Defenses" Should Be Stricken.**

As TRMC acknowledges, an affirmative defense is one that "precludes liability even if all of the elements of the plaintiff's claim are proven." *Gonzalez v. Dep't (Bureau) of Real Estate.*,

5

2017 WL 2464515, at *8 (E.D. Cal. June 7, 2017), *report and recommendation adopted sub nom. Gonzalez v. Dep't (Bureau) of Real Estate*, 2017 WL 3953893 (E.D. Cal. Sept. 8, 2017); *see also* Opposition, at 12 (citing *Deleon*, 2016 WL 881144, at *1 for the same rule). It follows that defenses that instead attack the elements of a plaintiff's claim are not properly labeled as affirmative defenses. *See Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Such mislabeled affirmative defenses are properly stricken under FRCP 12(f). *Sherwin-Williams Co.*, 2016 WL 615335, at *2 ("[I]f an affirmative defense is a negative defense and should instead be included as a denial in the answer, the motion to strike will be granted.")[6]

    1.    <u>TRMC's First and Nineteenth Affirmative Defense (for Failure to State a Claim and Reservation of Defenses).</u>

TRMC has agreed to withdraw these affirmative defenses.[7]

    2.    <u>TRMC's Ninth Affirmative Defense (for Lack of Consideration).</u>

TRMC correctly cites to *Nat'l Farm Workers Service Ctr., Inc. v. M. Caratan, Inc.*, 146 Cal.App.3d 796, 808 (1983) for the proposition that lack of consideration must be pleaded as an affirmative defense. HCCA withdraws its challenge to this affirmative defense.

    3.    <u>TRMC's Tenth Affirmative Defense (for Discharge of Obligations).</u>

TRMC asserts a completely different defense of discharge in its Opposition than it alleges in its Answer. TRMC's tenth affirmative defense, as stated in its Answer, reads: "By satisfying all of the terms, conditions, covenants and requirements of the agreement between Plaintiff and Defendant, Defendants has *fully performed its obligations* under the terms of the Agreement." Answer, at 8-9 (emphasis added). By contrast, TRMC's Opposition cites cases discussing the

---

[6] TRMC quotes a reference to a litigants' argument (and not any holding of the Court) in *Burton v. Nationstar Mortgage, LLC.* when it argues that striking improperly labeled defenses "will serve no purpose other than to encourage the filing of other unnecessary motions." Opposition, at 13 (quoting *Burton v. Nationstar Mortgage, LLC.*, No. 1:13-cv-00307-LJO-JLT, slip. Op. at *8). In fact, the Court in *Burton* ultimately struck numerous affirmative defenses as insufficiently pled, including failure to mitigate, waiver and estoppel, laches, unclean hands, and accord and satisfaction. *See Burton*, slip Op. at *7. Also telling is the Court's warning to the defense that it is admonished to pursue only affirmative defenses based on sufficient supporting facts and law and that this Court will grant Nationstar no further attempt to plead affirmative defenses without a showing of absolute good cause." *Burton*, 2013 WL 4736838, at *7.

[7] In doing so, TRMC cannot resist taking a swipe at counsel for Plaintiff by referencing Answers from 2007 and 2013 in unrelated cases. Ironically, defense counsel's own past experience should have made it aware of the inadequacy of numerous of its affirmative defenses, having had the same purported defenses struck as counsel of record in *Sherwin-Williams Co.,* 2016 WL 615335.

assertion of a defense that "plaintiff's contract claim is barred by material breaches of its own" (that is, that *HCCA itself* allegedly breached the contract). Opposition, at 13. These are fundamentally distinct arguments.

The assertion of a discharge due to the fulfillment of one's *own* obligations (which is the argument that appears in the Answer), is not a proper affirmative defense and merely contends that the plaintiff cannot prove the breach element of its contract claims. The assertion of a discharge of obligations due to the material breach of another party (which TRMC only now raises in its Opposition), on the other hand, would be an affirmative defense. As the Answer only contains an improperly labeled defense, such "defense" should be stricken.

Moreover, the fact that TRMC asserts a completely different defense in its Opposition from the one stated in its Answer could not be clearer evidence that the Answer fails to provide fair notice of the intended defense. HCCA did not initially include TRMC's tenth affirmative defense amongst those it challenged for failure to provide fair notice, because it appeared (misleadingly so) to at least lay out the basics of its defense. In light of TRMC's sudden change in argument, the Court should also strike this affirmative defense on the ground that it does not provide fair notice, and require TRMC to amend its Answer to clarify its position.

4. <u>TRMC's Fourteenth and Fifteenth Affirmative Defenses (for No Damage to Plaintiff and Offset).</u>

TRMC states in its Opposition that its fourteenth and fifteenth affirmative defenses are derivative of its already-asserted affirmative defense for comparative fault, and offers no explanation as to why they are improperly included or why they are mislabeled as affirmative defenses. Opposition, at 14. Essentially, TRMC argues that these defenses are nothing more than repeats of another affirmative defense. They should therefore be stricken as redundant pursuant to FRCP 12(f), in addition to being improperly labeled. Fed. R. Civ. P. 12(f) (allowing courts to strike "redundant" items from a pleading).

5. <u>TRMC's Eighteenth Affirmative Defense (for Inadequate Consideration)</u>

TRMC's response to the challenge to its Eighteenth Affirmative Defense is to argue that (a) the defense is derivative of its sixteenth affirmative defense (for unconscionable contract), and

(b) the "defense amounts to a fraud allegation that must be proven by the party making it." Opposition, at 14. As to the former, if this affirmative defense is merely a "species" of another already asserted, then it should be stricken as redundant pursuant to FRCP 12(f). As to the latter, if this "defense" is actually an allegation of fraud, then it must be pleaded with heightened particularity according to FRCP 9(b), and it should be dismissed due to its lack of any factual support. *See California Brewing Co. v. 3 Daughters Brewing LLC*, 2016 WL 4001133, at *1 (E.D. Cal. July 26, 2016) ("In alleging fraud, including in an affirmative defense, 'a party must state with particularity the circumstances constituting fraud.') (citing Fed. R. Civ. P. 9(b)))

### D. Affirmative Defenses That Are Actually Assertions of Fraud Must Be Pleaded With Heightened Particularity.

To the extent any affirmative defense is a claim of fraud, as TRMC asserts its eighteenth affirmative defense to be, any such affirmative defense must be pleaded with particularity pursuant to FRCP 9(b). *See California Brewing Co.*, 2016 WL 4001133, at *1; Opposition, at 14 ("The defense amounts to a fraud allegation that must be proven by the party making it."). Requiring specific pleading of fraud claims serves the additional policy purposes of providing defendants with adequate notice of a fraud cause of action, preventing the pretextual assertion of fraud claims for discovery purposes, protecting the reputation of accused parties, and prohibiting claimants from imposing significant costs on the court and other parties absent a factual basis for their fraud allegations. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

### E. HCCA is Prejudiced by TRMC's Improper Pleading.

TRMC lastly asserts that any failings in its pleadings should simply be ignored because they do not prejudice HCCA. This is not the case. To the contrary, TRMC's repeated clarifications and supplementation of facts in the Opposition make clear that TRMC's Answer not only lacks sufficient facts to provide fair notice, but is at times even affirmatively misleading. Take, for instance, TRMC's tenth affirmative defense for discharge of obligations – had HCCA not brought its Motion to strike, it would be preparing for one type of defense, while TRMC was intending another. Similarly, if not for its Motion, HCCA would not know the specific constitutional and statutory bases of TRMC's seventeenth affirmative defense for unconstitutional

8

clauses. Despite its complaints to the contrary, the burden on TRMC of properly pleading its affirmative defenses is minimal, while the value of avoiding the prejudice to HCCA of having to guess at TRMC's intended arguments is high.

## III. CONCLUSION

HCCA respectfully requests that the portions of the Answer identified in its Motion be stricken pursuant to Rule 12(f). HCCA does not oppose TRMC's request for leave to amend its Answer in order to add the factual bases for those affirmative defenses stricken as insufficiently pled. Those "affirmative defenses" which are improperly labeled as such should be struck without leave to amend. *See Sherwin-Williams Co.*, 2016 WL 615335, at *2 ("[T]he above claims are not affirmative defenses but rather denials of the allegations . . . Those defenses are stricken from Defendants' amended answer without leave to amend.")

Dated: April 5, 2018

MARSHALL GROSSMAN
MARC A. LEVINSON
CYNTHIA J. LARSEN
ORRICK, HERRINGTON & SUTCLIFFE LLP

HAGOP T. BEDOYAN
LISA HOLDER
KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL LLP

By:       /s/ *Cynthia J. Larsen*
Cynthia J. Larsen
Attorneys for Plaintiff
HealthCare Conglomerate Associates, LLC

4151-8767-5923.1

9

HCCA'S REPLY ISO MOTION TO STRIKE
PORTIONS OF ANSWER